UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISHA CREATIONS, LTD.

VS. CIVIL ACTION NO. 06-499S

TL TOYS HK, LTD.

**MEMORANDUM OF THE PLAINTIFF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Thomas C. Plunkett #1662
KIERNAN, PLUNKETT &
REDIHAN 91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel
(401) 331-7123 - Fax
e-mail: tplunkett@kprlaw.com

## I. PROCEDURAL BACKGROUND:

Chrisha filed the within action on November 16, 2006. See Docket entry No. 1. TL Toys HK, Ltd. ("TL Toys") was served with the summons and complaint in this matter on January 16, 2007. Docket entry No. 10. The affidavit of service detailing the manner of service was duly filed with the Court on January 21, 2007. Docket entry No. 10. TL Toys filed no appearance or any response to the complaint or any other submission in this matter. Consequently on March 7, 2007, the Clerk of the Court entered default as to TL Toys HK, Ltd. Docket entry No. 11. Defendant has knowledge of this action but has chosen to ignore the proceedings in this Court.

## II. ARGUMENT:

### 1. Defendant, TL Toys, Has Failed To Appear In This Action.

As the docket report in this matter makes clear, defendant has completely ignored the proceedings in this Court and has failed to appear in this action. Indeed, plaintiff is aware of this action and instead has chosen to ignore it. Rather than appear and respond to this action, defendant instead, over one month after it was served with the summons and complaint in this action, filed an action in the United States District Court of New York with respect to exact same transactions that are the subject of the within action. *See* Exhibit A attached hereto. Defendant's failure to appear herein requires the default judgment requested by plaintiff. *Katahdin Paper v. U&R Systems,* 231 F.R.D. 110 (D. Me.

2005); *Libertad v. Sanchez*, 215 F.3d 206 (1st Cir. 2000); *Wells Fargo V. Ovalles*, 2005 U.S. Dist. Lexis 29042 * 5 (D. RI. 2005)

**2. The Allegations In Chrisha's Complaint Are Deemed Established As A Matter of Law**

A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability. *Banco Balboa v. Family Rests. Inc.,* 285 F.3d 111, 114 (1st Cir. 2002). "... [T] here is no question that... the allegations of fact [in the complaint] must be taken as true and each of the claims...[in the complaint] must be considered established as a matter of law. *Brockton Savings Bank v. Peat, Marwick*, 771 F.2d 5, 25 (1st Cir. 1985). Thus, Chrisha's allegations of fact against TL Toys are taken as true and its claims for relief in the complaint are considered established as a matter of law. *Id. Katahdin Paper,* 231 F.R.D. at 111 quoting *Libertad v. Sanchez,* 215 F.3d 206, 208; *Wells Fargo v. Ovalles*, 2005 U.S. Dist. Lexis 29042 * 2 (D. RI 2005).

The allegations in the complaint that are deemed true and established as a matter of law include but are not limited to the following: The plaintiff is a Corporation with its principal place of business is in Smithfield, Rhode Island. *See* Exhibit B attached hereto, complaint at paragraph 2. The defendant is a manufacturer with a principal office in Hong Kong. *Id.* at Paragraph 3. The defendant is a business

entity and therefore is not an infant, an incompetent or a member of the military services. *Id*. The plaintiff entered into certain contracts with the defendant for the purchase of certain goods, to be manufactured by the defendant. *Id.* at paragraph 7. The plaintiff Chrisha also entered into contracts with its retail customers to supply these goods to its retail customers. *Id.* at paragraph 8. The products manufactured by the defendant and delivered to Chrisha's customers were defective and did not conform to the terms of the contract entered into between Chrisha and TL Toys in breach of the contracts entered into between Chrisha and TL Toys. *Id*. at paragraphs 9-15. In addition, the goods were not delivered timely by TL Toys HK, Ltd. (TL Toys) to Chrisha and its customers pursuant to the contract terms. *Id.* at para. 12. As a result of this conduct in breach of the contracts by TL Toys, the plaintiff rejected the toys and retained its rights under the Uniform Commercial Code, R.I.G.L. 6A-2-101 *et. seq*. *Id.* at para. 13,14.Due to the defects and nonconformity of the goods, Chrisha is not obligated to make payment to TL Toys for any of the goods under the provisions of the Uniform Commercial Code. *Id* at Paragraph 15. Further, customers of Chrisha who experienced delays in shipping or who received defective goods have made claims against Chrisha for damages and refunds and Chrisha has lost profits, paid numerous claims and incurred damages and expenses in responding to those claims. *Id*. at para. 22-25. Chrisha expects that additional claims will be made by customers to which it will have to respond. Further Chrisha was forced to

incur various additional costs, including but not limited to freight and shipping charges, inspection of the defective products and other costs all due to TL Toys breach of its contracts with Chrisha. *Id.* at para. 27. These facts are deemed true and established. The full extent and detail of damages suffered by Chrisha Creations as a result of TL Toys breach of contract is contained in the accompanying affidavit of William Machala and the exhibits attached thereto.

The claims in the plaintiff's complaint are deemed established as a matter of law. The First Prayer for Relief in the complaint asserts that and requests the court to declare that Chrisha's rejection of the defective and non-conforming goods was proper under R.I.G.L. 6A-2-601 et. seq. The second claim for relief asserts that and requests the court to enter judgment against the defendant for full indemnification for all claims asserted by Chrisha's customers against it and for any damages, lost profits, and/or costs and expenses suffered by Chrisha and/ or paid by Chrisha to those customers including costs and attorney's fees for defense. The third claim for relief is for an award of damages suffered by the Chrisha because of the defendant's breach of contract. Exh. 1, paras. 16-29. These claims are deemed established as a matter of law.

The defendant was defaulted on March 7, 2007. Federal Rule of Civil Procedure 55 (b) (2) provides that judgment by default may be entered by application to the

court. The rule further provides that if it is necessary to take an account or to determine the amount of damages, the court may conduct such hearings as are necessary. *See* e.g. *Katahdin Paper Company LLC* v. *U & R Systems Inc.,* 231 F.R.D. 110 (D. Me. 2005 )

The plaintiff seeks both declaratory relief and damages. Specifically, the plaintiff requests this court to enter default judgment as follows:

1.) that the rotating inflatable products numbered 89004, 88886, 89005, 89011, 88996m and 89004m and the inflatable Halloween archway tunnels numbered 89017 referred to in the complaint and manufactured by the defendant and sold to the plaintiff were defective and non-conforming goods.

2.) that the shipments of these goods by the defendants was not timely and, therefore, the shipments did not conform to the contract terms.

3.) the plaintiff properly rejected these goods under R.I.G.L. 6A-2-601 et. seq., and that is not obligated to pay TL Toys for any of the goods and

4.) That the defendant shall indemnify the plaintiff for all damages and expenses including attorneys' fees incurred or which may be incurred by the plaintiff as a result of claims made by Customers against the plaintiff as a result of these

defective goods, and defendant's breach of its contracts with Chrisha.

5.) That the Court enter judgment against TL Toys and award Chrisha its damages as outlined in the affidavit of William Machala and supported by the exhibits attached to the affidavit of William Machala in the amount of $10,776,835.00. Plaintiff requests that the Court enter Judgment against TL Toys in the amount of $10,776,835.00 based on the accompanying affidavit of William Machala and exhibits or set a hearing to hear and determine the amount of damages suffered by Chrisha as a result of TL Toys' breach of its contracts with Chrisha.

**3. Personal and Subject Matter jurisdiction exists.**

**A. Plaintiff Chrisha Creations properly served the Summons and Complaint upon defendant T.L. Toys in this action.**

Federal Rules of Civil Procedure 4(h) provides that service upon a corporation outside the United States is conducted essentially the same as prescribed for individuals. Under Federal Rules of Civil Procedure 4(f)(2)(A), service can be made upon a corporation outside the United States "in the manner prescribed by the law of the foreign county for service in that country in an action in any of its courts of general jurisdiction", provided that the service is reasonably calculated to give notice. Service of process in this manner has been

routinely allowed by several courts. *See Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) ("[C]ourts have applied Rule 4(f)(2)(A) to approve personal service carried out in accordance with foreign law."); *Cosmetech International, LLC v. Der Kwei Enterprise and Co.*, 943 F. Supp. 311, 316 (S.D.N.Y 1996); (holding service of complaint was proper under Taiwan law). Plaintiff Chrisha Creations has correctly followed this section of the federal rules in its service of the Summons and Complaint upon TL Toys in this action.

Chrisha Creations has served defendant T.L. Toys in the manner prescribed for personal service by the law of Hong Kong. According to the Hong Kong local rule of service, service is effectuated by leaving the Summons and Complaint at the registered office of T.L. Toys. After service is completed, local counsel then prepares an affidavit of service to confirm the service and signs the affidavit of service in the presence of a notary public. *See* Exhibit C attached hereto.

This method was followed exactly by Chrisha Creations. Wilkinson & Grist, local counsel for Chrisha Creations, completed service on T.L. Toys on January 16, 2007. Poon Ming Hang, the service clerk for Wilkinson & Grist, served TL Toys with a sealed copy of the Summons and Complaint, together with a January 16, 2007 letter, by hand delivering such documents to the address of the registered office of T.L. Toys, located at 13/F., Portion A, Peninsula

Center, 67 Mody Road, Tsimshatsui, Kowloon, Hong Kong. Thereafter, Poon Ming Hang prepared an affirmation documenting the service and executed the affirmation on January 22, 2007 in the presence of a notary public. *See* a copy of the Affirmation of Poon Ming Hang is annexed hereto as Exhibit C. Furthermore, T.L. Toys acknowledged receipt of the documents by affixing its "company chop" on a copy of the documents kept by local counsel. A copy of the January 16, 2007 letter with the "company chop" of defendant T.L. Toys is annexed hereto as Exhibit "C". Chrisha Creations' proof of service was also timely filed on January 29, 2007, and included, in addition to the return of service, the affirmation of Poon Ming Hang and the January 16, 2007 letter with the "company chop" of defendant T.L. Toys. A copy of the proof of service of the Summons and Complaint is annexed hereto as Exhibit "C".

**B. Subject matter jurisdiction also exists .**

This action was filed pursuant to section 28 U.S. C. 1332 and there is no question that Chrisha and TL Toys are parties of diverse citizenship and the amount in controversy exceeds $75,000.

## III. CONCLUSION

For all the foregoing reasons, a default judgment as to liability and damages should be entered against TL Toys and Chrisha respectfully requests that the Court grant its motion for entry of default judgment against defendant TL Toys.

/s/ Thomas C. Plunkett
Thomas C. Plunkett #1662
KIERNAN, PLUNKETT &
REDIHAN 91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel
(401) 331-7123 - Fax
e-mail: tplunkett@kprlaw.com

2030066 v1

# Exhibit A

COPY

DAY PITNEY LLP
Jeffrey S. Mandel (JM8435)
7 Times Square
New York, New York 10036
(212) 297-5800

Attorneys for Plaintiff
TL Toys HK Ltd.

RECEIVED
2007
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK** JUDGE BATTS

| | |
|---|---|
| TL TOYS HK, LTD.,<br>Plaintiff,<br>v.<br>CHRISHA CREATIONS, LTD.,<br>Defendant. | 07 CV 1366<br>**COMPLAINT** |

Plaintiff, TL Toys HK, Ltd. ("TL Toys"), by its attorneys Day Pitney LLP, for their Complaint against Chrisha Creations, Ltd. ("Chrisha") in this action allege:

**PARTIES AND JURISDICTION**

1. Plaintiff, TL Toys, is a corporation organized and existing under the laws of Hong Kong.

2. Defendant, Chrisha, is a New York corporation with its principle place of business in Rhode Island.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, exclusive of costs and fees, exceeds $75,000.

4. This Court has personal jurisdiction over the Defendant.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON AS TO ALL COUNTS

6. This is a breach of contract action arising out of Chrisha's receipt of merchandise from TL Toys, and Chrisha's failure to pay.

7. TL Toys shipped the merchandise to several locations as agreed with Chrisha, including to New York.

8. TL Toys performed under the contract by supplying the merchandise ordered by Chrisha.

9. Chrisha accepted the merchandise and failed to timely and/or properly reject the merchandise.

10. Chrisha also agreed to pay to TL Toys upfront costs incurred by TL Toys, including but not limited to product development costs.

11. The upfront costs were designated as debit notes and were payable to TL Toys by Chrisha.

12. Chrisha made payments on some of the merchandise, but then stopped making payments.

13. Chrisha belatedly returned a small portion of the merchandise asserting that the merchandise was non-confirming.

## FIRST CAUSE OF ACTION
(Breach of Contract)

14. TL Toys repeats and re-alleges paragraphs 1 through 13 as if set forth herein.

15. Chrisha agreed to pay TL Toys for upfront costs so that TL Toys could manufacture certain merchandise for Chrisha.

16. The following debit notes were issued:

| INVOICE | AMT DUE | INVOICE | AMT DUE |
|---|---|---|---|
| DN074/2005 | $77.00 | DN006/2006 | $387.10 |
| DN004/2006 | $16,000.00 | DN013/2006 | $14,050.00 |
| DN005/2006 | $11,548.00 | DN014/2006 | $66.00 |

| | | | |
|---|---|---|---|
| DN015/2006 | $2,914.00 | DN033/2006 | $8,000.00 |
| DN024/2006 | $147.50 | DN040/2006 | $90.30 |
| DN025/2006 | $671.00 | DN041/2006 | $180.65 |
| DN026/2006 | $120.00 | DN042/2006 | $220.00 |
| DN027/2006 | $49,250.00 | DN043/2006 | $1,124.54 |
| DN031/2006 | $114.00 | DN044/2006 | $903.23 |
| DN032/2006 | $176.00 | DN050/2006 | $606.40 |

17. Despite demand for payment, Chrisha has failed to pay the remaining balance.

18. An outstanding balance of $106,645.72, plus interest, remains due and owing from Chrisha to TL Toys for the debit notes.

**SECOND CAUSE OF ACTION**
(Breach of Contract)

19. TL Toys repeats and re-alleges paragraphs 1 through 18 as if set forth herein.

20. On or around November 11, 2006, Chrisha filed a Complaint against TL Toys in the United States District Court for the District of Rhode Island (1:06-cv-499-S-LDA), which alleged that a small portion of the merchandise manufactured by TL Toys was allegedly non-conforming (the "Rhode Island Complaint").

21. Chrisha has not properly served TL Toys with the Rhode Island Complaint.

22. The Rhode Island Complaint identifies, and alleges as being non-conforming, TL Toys' product numbers 89004, 88886, 89005, 89011, 88996m, 89004m, and 89017.

23. The TL Toys' product numbers identified by Chrisha in the Rhode Island Complaint correspond to Chrisha invoices as follows:

| PRODUCT # | INVOICE | AMT |
|---|---|---|
| 89004 | CHRS6046 | $299,040.00 |
| 88886 | CHRS6031 | $365,844.00 |
| 88886 | CHRS6051 | $26,230.00 |
| 89005 | CHRS6031 | $469,810.00 |
| 89011 | CHRS6029 | $215,000.00 |
| 88996m | CHRS6029 | $215,000.00 |
| 89004m | CHRS6050 | $179,224.00 |
| 89017 | CHRS6027 | $21,945.00 |

24. The total amount of all of the invoices set forth in the Rhode Island Complaint by Chrisha is $1,792,093.00.

25. Chrisha accepted the merchandise identified in the Rhode Island Complaint and/or failed to timely and/or properly reject the merchandise.

26. Despite demand for payment on same, Chrisha has refused to make payment to TL Toys for the merchandise identified by Chrisha in the Rhode Island Complaint.

27. An outstanding balance of $1,792,093.00, plus interest, remains due and owing from Chrisha to TL Toys on product numbers 89004, 88886, 89005, 89011, 88996m, 89004m, and 89017.

**THIRD CAUSE OF ACTION**
(Breach of Contract)

28. TL Toys repeats and re-alleges paragraphs 1 through 27 as if set forth herein.

29. TL Toys manufactured merchandise for Chrisha pursuant to the parties' agreement in addition to the merchandise identified by Chrisha in the Rhode Island Complaint..

30. Below are the invoices for all of the merchandise manufactured by TL Toys for Chrisha:

| INVOICE | AMT DUE | INVOICE | AMT DUE | INVOICE | AMT DUE |
|---|---|---|---|---|---|
| CHRS6031 | $1,081,526.30 | CHRS6013 | $86,072.00 | CHRS6032 | $33,631.20 |
| CHRS6017 | $45,948.00 | CHRS6013 | $44,576.00 | CHRS6032 | $34,470.00 |
| CHRS6017 | $25,620.00 | CHRS6013 | $86,240.00 | CHRS6032 | $34,885.20 |
| CHRS6017 | $33,600.00 | CHRS6013 | $60,760.00 | CHRS6032 | $34,470.00 |
| CHRS6025 | $15,945.60 | CHRS6013 | $104,664.00 | CHRS6032 | $33,631.20 |
| CHRS6025 | $9,530.40 | CHRS6032 | $9,342.00 | CHRS6032 | $34,470.00 |
| CHRS6011 | $192,405.40 | CHRS6032 | $44,841.60 | CHRS6032 | $34,470.00 |
| CHRS6011 | $37,093.20 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6013 | $41,955.20 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6045 | $4,554.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6031 | $6,364.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6031 | $5,390.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6031 | $1,540.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6029 | $3,710.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,792.80 |
| CHRS6029 | $618.00 | CHRS6032 | $34,470.00 | CHRS6032 | $41,935.20 |
| CHRS6013 | $99,736.00 | CHRS6032 | $34,470.00 | CHRS6032 | $14,947.20 |
| CHRS6013 | $149,184.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6013 | $88,256.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6013 | $109,592.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 |
| CHRS6013 | $150,920.00 | CHRS6032 | $33,003.60 | CHRS6032 | $34,470.00 |

| | | | | | |
|---|---|---|---|---|---|
| CHRS6032 | $34,662.00 | CHRS6032 | $34,470.00 | CHRS6046 | $40,797.60 |
| CHRS6032 | $33,631.20 | CHRS6032 | $33,588.00 | CHRS6046 | $40,797.60 |
| CHRS6032 | $33,631.20 | CHRS6032 | $33,631.20 | CHRS6013 | $46,088.00 |
| CHRS6032 | $34,470.00 | CHRS6032 | $40,897.20 | CHRS6049 | $35,310.00 |
| CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 | CHRS6031 | $92,730.00 |
| CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 | CHRS6032 | $18,000.00 |
| CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 | CHRS6032 | $19,622.40 |
| CHRS6032 | $34,470.00 | CHRS6032 | $34,470.00 | CHRS6032 | $34,054.80 |
| CHRS6032 | $34,470.00 | CHRS6032 | $33,847.20 | CHRS6032 | $20,058.00 |
| CHRS6032 | $34,470.00 | CHRS6031 | $7,617.60 | CHRS6032 | $19,056.00 |
| CHRS6032 | $34,470.00 | CHRS6031 | $3,385.60 | CHRS6032 | $19,586.40 |
| CHRS6032 | $34,470.00 | CHRS6017 | $15,708.00 | CHRS6032 | $19,830.00 |
| CHRS6032 | $43,803.60 | CHRS6032 | $34,470.00 | CHRS6032 | $18,207.60 |
| CHRS6032 | $40,761.60 | CHRS6032 | $34,470.00 | CHRS6029 | $164,491.20 |
| CHRS6029 | $32,076.00 | CHRS6032 | $26,608.80 | CHRS6029 | $120,610.80 |
| CHRS6049 | $27,000.00 | CHRS6032 | $34,470.00 | CHRS6029 | $137,663.60 |
| CHRS6046 | $50,760.00 | CHRS6032 | $34,470.00 | CHRS6032 | $48,902.40 |
| CHRS6031 | $55,110.00 | CHRS6032 | $34,470.00 | CHRS6032 | $38,035.20 |
| CHRS6024 | $57,072.00 | CHRS6032 | $34,470.00 | CHRS6032 | $17,131.20 |
| CHRS6024 | $43,994.00 | CHRS6032 | $34,470.00 | CHRS6032 | $48,902.40 |
| CHRS6024 | $44,848.00 | CHRS6032 | $33,610.80 | CHRS6032 | $18,792.00 |
| CHRS6024 | $16,956.00 | CHRS6032 | $12,456.00 | CHRS6032 | $1,245.60 |
| CHRS6024 | $10,698.00 | CHRS6050 | $71,724.00 | CHRS6032 | $8,926.80 |
| CHRS6024 | $26,996.00 | CHRS6050 | $35,862.00 | CHRS6032 | $1,868.40 |
| CHRS6024 | $16,584.00 | CHRS6046 | $50,760.00 | CHRS6050 | $71,638.00 |
| CHRS6024 | $51,452.00 | CHRS6046 | $50,760.00 | CHRS6029 | $73,132.00 |
| CHRS6032 | $34,470.00 | CHRS6046 | $50,760.00 | CHRS6029 | $180,200.60 |
| CHRS6032 | $34,470.00 | CHRS6046 | $50,760.00 | CHRS6029 | $55,097.20 |
| CHRS6032 | $34,470.00 | CHRS6046 | $50,760.00 | CHRS6051 | $23,656.20 |
| CHRS6032 | $33,346.80 | CHRS6046 | $50,760.00 | CHRS6008/09 | $70,500.00 |
| CHRS6032 | $35,092.80 | CHRS6046 | $50,760.00 | CHRS6031 | $33,505.00 |
| CHRS6032 | $34,470.00 | CHRS6046 | $50,760.00 | CHRS6019 | $27,023.00 |
| CHRS6011 | $22,962.00 | CHRS6046 | $40,797.60 | CHRS6031 | $1,775.00 |
| CHRS6031 | $28,441.20 | CHRS6046 | $40,797.60 | CHRS6004 | $34,720.00 |
| CHRS6032 | $34,470.00 | CHRS6046 | $40,797.60 | CHRS6020 | $17,011.00 |
| CHRS6032 | $34,470.00 | CHRS6046 | $40,797.60 | CHRS6020 | $12,760.00 |
| CHRS6032 | $34,470.00 | CHRS6046 | $20,398.80 | CHRS6020 | $65,419.20 |
| CHRS6032 | $34,470.00 | CHRS6046 | $40,797.60 | CHRS6020 | $66,178.80 |

31. The total amount of the invoices for merchandise manufactured by TL Toys for Chrisha is $8,145,265.70.

32. An outstanding balance of $8,145,265.70, plus interest, remains due and owing from Chrisha to TL Toys from all of the merchandise manufactured by TL Toys for Chrisha.

33. Despite demand for payment, Chrisha has failed to pay the remaining balance.

34. Accepting as true the allegations in the Rhode Island Complaint, and accepting that Chrisha is not liable for $1,792,093.00 on product numbers 89004, 88886, 89005, 89011, 88996m, 89004m, and 89017, then an outstanding balance of $6,353,172.70, plus interest, remains.

35. Chrisha has accepted merchandise manufactured by TL Toys for Chrisha as confirming, without payment for same, totaling $6,353,172.70, plus interest.

36. Despite demand for payment, Chrisha has failed to pay the remaining balance.

37. An outstanding balance of $6,353,172.70, plus interest, remains due and owing from Chrisha to TL Toys from the merchandise manufactured by TL Toys for Chrisha that is not identified in the Rhode Island Complaint as being non-confirming.

**FOURTH CAUSE OF ACTION**
(Unjust Enrichment)

38. TL Toys repeats and re-alleges paragraphs 1 through 37 as if set forth herein.

39. Chrisha had use and possession of TL Toy's merchandise without making payments to TL Toys.

40. Chrisha was unjustly enriched in an amount equal to the contract price of the merchandise plus interest, plus any other income Chrisha realized or received due to its possession, use and/or sale of TL Toy's products.

41. Accordingly, TL Toys is entitled to judgment against Chrisha in an amount to be determined by the value of the merchandise, the amounts due under the parties' contracts plus any other income that Chrisha received due to the possession and/or sale of the products.

**FIFTH CAUSE OF ACTION**
(Book Account)

42. TL Toys repeats and re-alleges paragraphs 1 through 41 as if set forth herein.

43. The agreements between TL Toys and Chrisha are evidenced by invoices.

44. Chrisha has failed and refused to pay said sum in full, despite due demand, which said amount remains due and owing.

45. TL Toys' invoices were rendered in the regular course of business and Chrisha did not timely object to the amount contained therein.

46. Accordingly, Chrisha is liable to TL Toys for an account stated in the amount of $8,251,911.42 plus interest.

**SIXTH CAUSE OF ACTION**
(Breach of Duty of Good Faith and Fair Dealing)

47. TL Toys repeats and re-alleges paragraphs 1 through 46 as if set forth herein.

48. Chrisha has arbitrarily and unreasonably withheld money due and owing to TL Toys under the parties' agreement.

49. Chrisha's conduct has deprive TL Toys of the benefits of the parties' agreement.

50. Chrisha has acted with bad motive and/or intention in failing to honor the agreement.

51. Chrisha's conduct constituted a breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff, TL Toys HK Ltd., seeks judgment against Defendant, Chrisha Creations Ltd., as follows:

(a) Declaring Defendant, Chrisha Creations Ltd., in breach of contract;

(b) Awarding Plaintiff, TL Toys HK Ltd., an amount of $8,251,911.42 plus interest;

(c) Awarding Plaintiff, TL Toys HK Ltd., an amount equal to that which Defendant, Chrisha Creations Ltd., has been unjustly enriched; and

(d) Awarding Plaintiff, TL Toys HK Ltd., such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: Jeff Mandel
Jeffrey S. Mandel (JM8435)

DAY PITNEY LLP
7 Times Square
New York, New York 10036
(212) 297-5800

Attorneys for Plaintiff
TL Toys HK Ltd.

Dated: 2/21/07

AO 440 (Rev. 5/85) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SUMMONS IN A CIVIL ACTION

TL TOYS HK, LTD.,

Plaintiff,

V.

CHRISHA CREATIONS, LTD.,

Defendant.

CASE NUMBER: 07 CV 1366

JUDGE BATTS

TO: SPIEGEL & UTRERA, P.A. P.C.
45 JOHN STREET
SUITE 711
NEW YORK, NEW YORK, 10038
(registered agent)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Jeffrey S. Mandel, Esq.
Day Pitney LLP
P.O. Box 1945
Morristown, NJ 07962-1945

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

FEB 2 3 2007
DATE

Marcos Quintero
BY DEPUTY CLERK

1503875A01022107

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of Process on: | DATE |
|---|---|
| Name of Server: | TITLE |
| Place of Service: | |

Documents served:

Method of Service:

[ ] Served personally upon the defendant

[ ] Left copies at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

[ ] Unable to effect service.

Description of Person Receiving Documents:

[ ] Sex _____; Hair Color _________; Age (prox.) ____; Height (prox.) ______;

[ ] Weight (prox.) _______; Skin Color __________; Facial Hair ________.

[ ] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ____________________
*Date*

______________________________
*Signature of Server*

______________________________
*Address of Server*

# Exhibit B

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CHRISHA CREATIONS, LTD.

V.

TL TOYS HK, LTD.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-499 S

TO: (Name and address of Defendant)

TL TOYS HK, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas C. Plunkett, Esq.
KIERNAN PLUNKETT & REDIHAN
91 Friendship Street
Providence, Rhode Island 02903

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE: December 20, 2006

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CHRISHA CREATIONS, LTD.

V.

TL TOYS HK, LTD.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-499 S

TO: (Name and address of Defendant)

TL TOYS HK, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas C. Plunkett, Esq.
KIERNAN PLUNKETT & REDIHAN
91 Friendship Street
Providence, Rhode Island 02903

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE December 20, 2006

(By) DEPUTY CLERK

FILED
NOV 16 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

---

CHRISHA CREATIONS, LTD.

PLAINTIFF

CA 06 499S

VS.

CIVIL ACTION NO.

TL TOYS HK, LTD.

DEFENDANT.

---

COMPLAINT

Plaintiff, CHRISHA CREATIONS, LTD. ("Chrisha"), by and through its attorneys, KIERNAN PLUNKETT & REDIHAN, hereby states its claims for relief against Defendant, TL TOYS HK, LTD. (hereinafter "TL Toys") and alleges as follows:

NATURE AND STATUTORY BASES OF ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202, and damages as a result of a breach of contract by TL Toys. Chrisha seeks a declaration that it properly rejected defective goods received from defendant TL Toys under the Uniform Commercial Code, U.C.C. § 2-601, *et. seq.* (R.I. Gen. Laws § 6A-2-601, *et. seq.*). Chrisha seeks a declaration that it is entitled to indemnification from TL Toys

for any claims against Chrisha by third-parties arising out of the delivery and rejection of defective goods from TL Toys. Chrisha also seeks damages as a result of the breach of sales orders by TL Toys.

PARTIES

2. Chrisha is a corporation formed under the laws of the State of Rhode Island with its principal place of business in Smithfield, Rhode Island.

3. Upon information and belief, TL Toys is a corporation formed under the laws of Hong Kong with its principal place of business in Hong Kong.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and fees is in excess of $75,000.

5. This Court has personal jurisdiction over TL Toys, as TL Toys has transacted and does transact business within the District of Rhode Island, and TL Toys has purposefully directed its conduct toward Chrisha in this District.

6. Venue is proper in the District of Rhode Island under 28 U.S.C. § 1391(a) and (c), as Chrisha resides in this District and TL Toys conducts business in this District.

GENERAL ALLEGATIONS

7. Chrisha entered into certain contracts with TL Toys for the purchase by Chrisha of certain goods manufactured by TL Toys. Specifically, Chrisha purchased

from TL Toys "rotating inflatable products", product numbers 89004, 88886, 89005, 89011, 88996m and 89004m, and "inflatable Halloween archway tunnels", product number 89017 (collectively referred to as "the TL Toys products").

8. The TL Toys products purchased by Chrisha were to be distributed by Chrisha to its customers. In many cases, the TL Toys products were shipped directly from TL Toys to Chrisha's customers in the United States and Canada.

9. Upon inspection of the TL Toys products received from TL Toys, various defects were discovered and, as a result, such products do not conform to the terms of the contracts entered into between Chrisha and TL Toys.

10. The total number of currently known non-conforming "Rotating inflatable products" is approximately 40,000 pieces and the defects currently known to be contained in the "Rotating inflatable products" include the following: (1) the Rotating module fails to rotate; (2) the Snow circulation tubes do not properly circulate snow and do not function as required; (3) the Center inflatable is not inflating; (4) the support string inside the inflatable is breaking and fails to support the figure upright as necessary; and (5) there are stained and otherwise non-conforming materials that were used in the products.

11. The total number of non-conforming "Halloween Archway Tunnels" is approximately 1,000 pieces and the defects currently known to be contained in the "Halloween Archway Tunnels" include the following: (1) the fan is not up to contract

standards; and (2) the products fail to inflate.

12. The TL Toys products also were not timely delivered by TL Toys as required by the terms of the contracts.

13. As a result of the non-conformity of the TL Toys products, Chrisha rejected the TL Toys products pursuant to the contracts between TL Toys and Chrisha and the Uniform Commercial Code.

14. Chrisha also retained and reserved all of its rights and remedies, including the right to seek all damages available to it under the Uniform Commercial Code and based on any other law or fact.

15. As a result of the non-conformity of the TL Toys products, Chrisha has no obligation to make payment to TL Toys for any of the TL Toys products in accordance with the terms and conditions of the Uniform Commercial Code.

FIRST CLAIM FOR RELIEF

(Proper Rejection Under UCC)

16. Chrisha hereby incorporates Paragraphs 1 through 15 as if fully stated herein.

17. The TL Toys products provided by TL Toys pursuant to the contracts entered into between TL Toys and Chrisha were defective and did not conform to the terms of the contracts.

18. Pursuant to U.C.C. § 2-601 *et. seq.* (R.I. Gen. Laws § 6A-2-601, *et. seq.*), Chrisha properly rejected the TL Toys products as they failed to conform to the contracts.

19. Chrisha's rejection of the TL Toys products was within a reasonable time after their delivery by TL Toys.

20. Chrisha is thus entitled to a judicial declaration that its rejection of the TL Toys products was proper under the Uniform Commercial Code.

SECOND CLAIM FOR RELIEF

(Indemnification of Third-Party Claims)

21. Chrisha hereby incorporates Paragraphs 1 through 20 as if fully stated herein.

22. Chrisha entered into contracts with certain of its customers to supply such customers with rotating inflatable products and inflatable Halloween archway tunnels.

23. As a result of TL Toys' breach of the contracts concerning its sale of the TL Toys products to Chrisha, Chrisha was unable to fulfill its obligations to its customers under its contracts with its customers.

24. TL Toys is responsible for indemnifying Chrisha against any and all third-party claims by Chrisha's customers arising out of TL Toys' breach of its contracts with Chrisha for the TL Toys products, including TL Toys' reimbursement of the purchase price paid by Chrisha' s customers for the TL Toys products and the profit that

Chrisha's customers would have derived from the sale of the TL Toys products.

25. Chrisha is thus entitled to a judicial declaration that TL Toys is responsible for indemnifying Chrisha against any and all third-party claims by Chrisha's customers arising out of TL Toys' breach of its contracts with Chrisha for the TL Toys products.

THIRD CLAIM FOR RELIEF

(Breach of Contract)

26. Chrisha hereby incorporates Paragraphs 1 through 25 as if fully stated herein.

27. As a result of TL Toys' breach of contract, Chrisha was forced to incur various costs, including but not limited to, freight and shipping charges, inspection of the defective products and other costs.

28. The full extent of Chrisha's damages has not yet been ascertained.

29. Chrisha seeks to recover damages against TL Toys for all amounts and costs that Chrisha has sustained or will sustain as a result of the breach of contract by TL Toys.

WHEREFORE, Chrisha requests that this Court enter judgment against TL Toys as follows:

a. On Chrisha's First Claim for Relief, a judicial declaration that its rejection of the TL Toys products was proper under the Uniform

Commercial Code;

b. On Chrisha's Second Claim for Relief, a judicial declaration that TL Toys is responsible for indemnifying Chrisha against any and all third-party claims by Chrisha's customers arising out of TL Toys' breach of its contracts with Chrisha for the TL Toys products;

c. On Chrisha's Third Claim for Relief, damages in an amount to be determined by this Court representing all amounts and costs that were incurred and will be incurred by Chrisha as a result of the breach of contract by TL Toys;

d. Awarding Chrisha its costs in this action; and

e. Awarding Chrisha such other and further relief as this Court deems just and proper.

Thomas C. Plunkett #1662
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
TEL (401) 831-2900
FAX (401) 331-7123
Attorney for Plaintiff
CHRISHA CREATIONS, LTD.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims for relief to which it is entitled to a jury.

Thomas C. Plunkett

Thomas C. Plunkett #1662
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
TEL (401) 831-2900
FAX (401) 331-7123
Attorney for Plaintiff
CHRISHA CREATIONS, LTD.

Dated: November 16, 2006

# Exhibit C

TL TOYS HK LIMITED

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CHRISHA CREATIONS, LTD.

V.

TL TOYS HK, LTD.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-499 S

TO: (Name and address of Defendant)

TL TOYS HK, LTD.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas C. Plunkett, Esq.
KIERNAN PLUNKETT & REDIHAN
91 Friendship Street
Providence, Rhode Island 02903

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE December 20, 2006

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CHRISHA CREATIONS LTD

V.

TL TOYS HK LTD

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-499 S

TO: (Name and address of Defendant)

TL TOYS HK LTD

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas C. Plunkett, Esq.
KIERNAN PLUNKETT & REDIHAN
91 Friendship Street
Providence, Rhode Island 02903

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 06

(By) DEPUTY CLERK

d25

*Holder of Hong Kong Identity Card No. K896741 (5)

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE [redacted] |
| NAME OF SERVER (PRINT) * POON MING HANG | TITLE [redacted] |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the third-party defendant. Place where served: 13/F., Portion A, Peninsula Centre, 67 Mody Road, Tsimshatsui, Kowloon, Hong Kong.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on [redacted]
Date

Signature of Server

[redacted]
Address of Server

Central, Hong Kong.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COUT

District of Rhode Island

CHRISHA CREATIONS, LTD. **SUMMONS IN A CIVIL CASE**

V.

TL TOYS HK, LTD.

CASE NUMBER: 06-499 S

**AFFIRMATION OF POON MING HANG**

I, Poon Ming Hang, holder of Hong Kong Identity Card No. K896741(5) of 6th Floor, Prince's Building, 10 Chater Road, Central, Hong Kong, clerk to Messrs Wilkinson & Grist, Solicitors for the Plaintiff, do solemnly, sincerely and truly affirm and say as that on Tuesday, 16th January 2007 I served the above-named Defendant TL TOYS HK, LTD. with a sealed copy of the Summons and the Complaint in Civil Case No.06-499 S together with a letter dated 16 January 2007 by delivering to the address of the registered office of the Defendant TL TOYS HK, LTD. at 13/F., Portion A, Peninsula Centre, 67 Mody Road, Tsimshatsui, Kowloon, Hong Kong. There is now produced and shown to me marked "PMH-1" a copy of the Letter and the Summons with the Complaint attached. The Defendant TL TOYS HK, LTD. has acknowledged receipt of the documents by affixing its company chop on the documents.

AFFIRMED at Room 1225, )
Prince's Building, Central, Hong Kong )
on 22nd day of January 2007. )

Before me,

Notary Public

LAI HIN WING, HENRY
Notary Public, Hong Kong SAR
Room 1225, 12/F., Prince's Building,
10 Chater Road, Central, Hong Kong.

# UNITED STATES DISTRICT COUT

District of Rhode Island

CHRISHA CREATIONS, LTD.

V.

TL TOYS HK, LTD.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-499 S

## AFFIRMATION OF POON MING HANG

Filed on January, 2007
at

1/25

THIS IS THE EXHIBIT MARKED "PMH-1"
REFERRED TO IN THE STATUTORY DECLARATION
OF POON MING HANG DELCARED ON
THE 22nd DAY OF JANUARY, 2007.

Before me,

Notary Public
LAI HIN WING, HENRY
Notary Public, Hong Kong SAR
Room 1225, 12/F, Prince's Building,
10 Chater Road, Central, Hong Kong.

| DATE | EXHIBIT MARKED | DESCRIPTION | NO. OF PAGE(S) |
|---|---|---|---|
| 16/01/2007 | "PMH-1" | a copy of the Letter and the Summons with the Complaint attached | 11 |

W&G

Wilkinson & Grist

SOLICITORS & NOTARIES • AGENTS FOR TRADEMARKS & PATENTS

*Our Ref:* KH:ic:R801L0001
*Your Ref:*

6th Floor, Prince's Building,
10 Chater Road, Hong Kong.
General Line: (852) 2524 6011
General Fax: (852) 2520 2090
Interchange: DX-009004 Central 1

Direct Line: (852) 2905 4729
Direct Fax : (852) 2840 0692
Direct E-mail: kho@wilgrist.com

高露雲律師行

**TL Toys HK Limited**
13/F., Portion A,
Peninsula Centre,
67 Mody Road,
Tsimshatsui,
Kowloon,
Hong Kong

*Date: 16 January 2007*

BY HAND

**Attn: Mr. Sun Li, Director**

Dear Sirs,

Re: **Chrisha Creation, Ltd. vs. TL Toys HK Ltd.**
**Summons in a Civil Case – Case No. 06-499 S issued by United States District Court, District of Rhode Island**

We are the Hong Kong solicitors representing Chrisha Creations, Ltd. in the subject matter.

* We enclose by way of service the Summons in Civil Case dated December 20, 2006.

Yours faithfully,

WILKINSON & GRIST

Encl.(*)

16 01 07
3:45.

Partners:
L.O. Leung*
Catherine Y.N. Chong*†
Michael W.T. Chan
Anne C.Y. Choi*
Yvonne Chua*
John R. Budge*
Claresa P.Y. Wong†
Keith M.K. Ho*
Andrea S.Y. Fong
Jeffrey H. Lane
Howard H.L. Tsang
Raymond C.K. Chan†
Kenneth W.K. Fok
Esther W.L. Ho
Hannah M.W. Chow
Mena S.M. Lo
Winnie W.N. Chiu
Selene S.L. Ng

Associates:
Evelyn Y.L. Chan
Florence Y.Y. Chan
Janet S. Chan
Lawrence K.M. Chan
Thomas P.H. Chan
Lily Cheung
Loretta W.K. Lau
Rebecca K.P. Lau
Shellie S.L. Lee
Venus K.P. Lee
Margaret Y.Y. Leung
Paul P.Y. Liu
Thomas C.S. Tsang
Albert T.S. Tsui
Antony C.K. Wong
Cyril C.H. Yeung
Rosalind C.Y. Yung

Consultants:
Peter C. Brown
Grace S.Y. Fung*

* Notary Public
† China-Appointed Attesting