**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD. | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| VS. | : | |
| | : | |
| TL TOYS HK, LTD. | : | |
| | : | |
| Defendant. | : | APRIL 11, 2007 |

**MOTION TO SET ASIDE DEFAULT**

Pursuant to Fed. R. Civ. Pro. 55(c), Defendant TL Toys HK, Ltd. ("TL Toys") respectfully moves this Court to set aside the Fed. R. Civ. Pro. 55(a) default entered by the clerk on March 7, 2007.[1] This Court should exercise its broad discretion to vacate the clerk's entry of default because good cause exists to set aside the entry of default. Specifically, Chrisha Creations, Ltd. ("Chrisha") failed to effectuate proper service of process on TL Toys. Rather than comply with an international treaty on service abroad, Chrisha chose to have a "law clerk" in Hong Kong (Mr. Poon Ming Hang) deliver the Complaint to an unidentified employee of TL Toys in TL Toys' Hong Kong office. This was not in compliance with the Hague convention, which requires that the Complaint be translated into the official language of the foreign country and that service be effected through the Central Authority of the foreign country and that service be pursuant to "internal law."

[1] TL Toys' appearance in this matter is for the limited purposes of setting aside the clerk's entry of default. TL Toys continues to contest that service of process in this matter was proper and further contests this Court's exercise of *in personam* jurisdiction.

## I. BACKGROUND

Chrisha filed a Complaint in this action on November 16, 2006 (“Rhode Island Action”), but, to date, Chrisha has not properly served TL Toys despite its representations to the contrary. As a result of a customary Pacer search, TL Toys’ New York counsel became aware of the filing of this action and, in January 2007, accepted Chrisha’s invitation that the parties engage in settlement discussions in New York. New York counsel for TL Toys agreed to discuss the matter but notified Chrisha’s attorney, prior to meeting in New York, that counsel was not authorized to accept service of process of the Complaint filed in Rhode Island. As detailed below in Section III.B.1, New York counsel notified Chrisha, in correspondence dated December 14, 2006, that “[w]e understand that your local attorney filed, but has not served, a Complaint . . . .[W]e are not authorized to accept service of process in that matter[.]” (attached hereto as Exhibit 1). On December 21, New York counsel notified Chrisha that, “[w]e are all meeting under the assumption that anything said or done on December 27th, including our clients’ attendance, is without waiving any service/jurisdictional defenses.” (attached hereto as Exhibit 2).

On February 23, 2007, TL Toys’ New York counsel filed a Complaint in the United States District Court for the Southern District of New York (“New York Action”). TL Toys properly served its Complaint on February 26, 2007.

On March 6, 2007, Chrisha filed an Application for Entry of Default in this Court, which the clerk entered on March 7, 2007. The clerk relied on an affidavit submitted by Chrisha’s attorney that made it appear as if service was proper. Chrisha chose not to serve TL Toys with a copy of the application for entry of default or even notify its New York counsel.

Meanwhile, in the New York Action, Chrisha first requested (and TL Toys' New York counsel agreed to) two extensions of time to file an Answer and then filed a March 29, 2007 motion to dismiss under the "first filed" rule. On April 5, 2007, TL Toys opposed that motion and notified the court, among other things, that Chrisha never properly effectuated service of the Complaint in the Rhode Island Action. Four days later, and after being provided with a brief detailing the factual and legal basis for TL Toys' contention that it was not properly served, Chrisha filed an April 9, 2007 Motion for Entry of Default Judgment under Rule 55(b)(2) in this Court. Chrisha again represented to this Court that service was proper.

As is discussed below, Chrisha failed to comply with virtually every applicable provision of the Hague Convention and, to date, TL Toys has not been served with the Complaint in the Rhode Island Action in accordance with the Federal Rules of Civil Procedure. The rules do not recognize partial performance when it comes to service of a Complaint especially when a litigant alleges $10 million in "damages"

## II. LEGAL STANDARD

This Court has broad discretion in deciding whether to set aside an entry of default. Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989). Rule 55(c) of the Federal Rules of Civil Procedure provides as follows:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed. R. Civ. P. 55(c); see also KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) ("a court may set aside an entry of default 'for good cause shown.'").

In considering whether good cause exists, the First Circuit has stated that it could not "set forth any precise formula [for the good cause analysis], because we recognize that each case must necessarily turn on its own unique circumstances." Coon, 867 F.2d at 76. In McKinnon v.

Kwong Wah Restaurant, 83 F.3d 498 (1st Cir. 1996), the First Circuit set forth non-exhaustive factors that a court may consider:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside entry of default].

Id. at 503.

"Thus, Rule 55(c), as an expression of the traditional inherent equity power of the federal courts, permits the consideration of a panoply of relevant equitable factors." KPS & Assocs., 318 F.3d at 12 (internal citations and quotations omitted). This Court is afforded great latitude to set aside the entry of default, including the goal of "resolving cases on the merits," Key Bank of Me. v. Tablecloth Textile Co., 74 F.3d 349, 356 (1st Cir. 1996), and avoiding "harsh or unfair results." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Here, this Court should set aside default because the clerk's entry of default as being defective and based upon an affidavit that contained incorrect information.

## III. GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT UNDER FED. R. CIV. P. 55(c) BECAUSE SERVICE OF PROCESS VIOLATED AN INTERNATIONAL TREATY.

### A. Service of Process Failed to Comply with Fed. R. Civ. P. 4 and the Hague Convention.

TL Toys did not file an Answer because Chrisha never served the Complaint in accordance with the Federal Rules of Civil Procedure. In a diversity case, service of process is governed by the Federal Rules of Civil Procedure. Hanna v. Plumer, 380 U.S. 460 (1965).

TL Toys is a foreign corporation based in Hong Kong, China, with no facilities or employees located in Rhode Island or anywhere in the United States. As such, service of process is governed by Rule 4(h), "Service upon Corporations and Associations", which states:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: . . .
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(c)(i) thereof.

Rule 4(f), in turn, provides, with respect to service on a foreign corporation, that it may be effected only:

> (1) by any internationally agreed means reasonably calculated to give service, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or if the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> > (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; . . .

Fed. R. Civ. P. 4(f).

Chrisha cannot rely on sub-paragraph 4(f)(2) for service of process, which applies only if "there is no internationally agreed means", because both the United States and Hong Kong are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").[2] M&R Marking Systems,

[2] Hong Kong became a Special Administrative Region (SAR) of the People's Republic of China on July 1, 1997 in accordance with the 1984 Sino-British Joint Declaration. The People's Republic of China has advised the United States that the Hague Service Convention, the Hague Evidence Convention and the Hague Legalization Convention remain in effect for Hong Kong and that the Hong Kong Central Authorities continue to be located in Hong Kong. See Judicial Assistance in Hong Kong, United States Department of State Bulletin (accessed 1/16/07); see generally, Denlinger v. Chinadotcom Corp., 110 Cal.App.4th 1396, 2 Cal.Rptr.3d 530 (Cal.App. 6 Dist., 2003) (People's Republic of China appears to have taken reservations to Articles 10(b) and 10(c) of the Hague Convention); see also 112 ALR Fed. 241, "Service Of Process By Mail In International Civil Action As Permissible Under Hague Convention."

Inc. v. Top Stamp, Inc., 1996 WL 805485 (D.N.J. 1996); Hague Convention, fn. 3. The Hague Convention "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applied." Volkswagenwerk Aktiengesell-schaft v. Schlunk, 486 U.S. 694 (1988). It applies whenever service must be effectuated abroad. Id.

The Hague Convention requires documents to be served abroad to be forwarded directly by the litigant (here, Chrisha) to the Central Authority designated by the receiving country. See Hague Convention, Art. 2-5. The Central Authority for Hong Kong is the "Secretary of the Commonwealth", not Mr. Poon Ming Hang who is an employee of a private Hong Kong law firm. The Central Authority must also be provided with a Form USM-94 (prior to Chrisha even moving for default judgment, TL Toys' New York counsel notified Chrisha's attorney that Chrisha failed to, among other things, serve TL Toys with a Form USM-94).

Formal service pursuant to Article 5(a) of the Hague Convention is then effectuated by the Central Authority of Hong Kong who employs "a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." See Playboy Enterprises, Inc. v. Asiafocus International, Inc., 1998 WL 724000 at *4 (E.D. Va. 1998) (service appropriate when papers served on the Secretary of the Commonwealth who subsequently forwarded the Summons and Complaint to the Chief Secretary of Hong Kong at the Central Government Offices).

As demonstrated by Chrisha's return of service and other filings in this matter, Chrisha has not complied with the procedures set forth under the Hague Convention. In its filings, Chrisha claims that it effectuated service on TL Toys by leaving the Summons and Complaint at

the registered office of TL Toys in Hong Kong.[3] The method of service chosen by Chrisha in this action involved the service of pleadings abroad, thereby implicating the Hague Convention. Failing to comply with the Hague Convention is fatal to entry of default.

In sum, Chrisha did not file a Form USM-94, as required under the Hague Convention. Chrisha did not serve process through the Hong Kong Central Authority, as required under the Hague Convention (rather, a "law clerk" for a private Hong Kong law firm – Mr. Poon Ming Hang – handed the Complaint to an unknown TL Toys' employee). Lastly, Chrisha's motion reveals that Chrisha served an English-only version of its Complaint. Case law and the Hague Convention are clear that, unless a party accepts service voluntarily, the documents to be served must be accompanied by a translation into the official language of the foreign country, *i.e.*, Chinese. See Ristau, *International Judicial Assistance (Civil and Commercial)*, International Law Institute, Vol. 1, Section 4-2-3(5), pp. 133-138 (1995); see also Teknekron Management Inc. v. Quante Fernmeldtechnik Gmbh, 115 F.R.D. 175 (D. Nev. 1987); Vornees v. Fischer & Krecke, 697 F.2d 574, 575 (4th Cir. 1983).

For the foregoing reasons, this Court should set aside clerk's entry of default. It is axiomatic that valid service of process is a prerequisite to a court's assertion of personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 103 (1987). Absent personal jurisdiction, the court lacks the authority to act against the party—including the authority to enter default.

[3] Chrisha claims that this method of service comports with the law of Hong Kong. Chrisha fails to provide the Court with any legal citation or other evidence from which the Court could reach such a conclusion. In any event, regardless of whether such service meets the requirement of Hong Kong law, it does not comport with the requirements of United States law under the Hague Convention

**B. The Balance of Equities Favors Setting Aside the Entry of Default In This Matter.**

Even if this Court were to decide that service was proper, it is clear under McKinnon that the equities favor setting aside the clerk's entry of default:

1. Shortly after becoming aware of this action, TL Toys engaged in settlement discussions with Chrisha in New York. Chrisha was aware that TL Toys did not believe that it had been properly served with the Complaint. TL Toys' New York counsel notified Chrisha in correspondence dated December 14, 2006:

> We understand that your local attorney filed, but has not served, a Complaint on behalf of Chrisha Creations, Ltd. ("Chrisha") against TL Toys in the United States District Court for the District of Rhode Island. While we are not authorized to accept service of process in that matter, we wish to notify you that your client owes TL Toys a significant amount of money with respect to other unrelated transactions.

TL Toys again notified Chrisha of its defect in correspondence dated December 21, 2006, in which TL Toys notified Chrisha prior to the settlement discussions in New York that, "We are all meeting under the assumption that anything said or done on December 27th, including our clients' attendance, is without waiving any service/jurisdictional defenses."

2. Vacating the clerk's entry of default would not prejudice Chrisha. Chrisha filed its Complaint on November 16, 2006. As explained above, Chrisha failed to serve the Complaint in accordance with the Hague Convention. Assuming one were to ignore the Hague Convention, one cannot ignore the fact that Chrisha waited until January 21, 2007 to file its return of service. Chrisha waited several months before filing its return of service and now seeks immediate entry of a $10 million judgment. TL Toys' delay in responding to "service" is modest in light of Chrisha's dilatory tactics and Chrisha should therefore not be heard to complain that vacating default will result in prejudice. "[I]n the context of a Rule 55(c) motion, delay in and of itself

does not constitute prejudice." KPS & Assocs., 318 F.3d at 15 (1st Cir. 2003). "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." FDIC v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989).

3. TL Toys has meritorious defenses to the claims asserted by Chrisha. This action involves the sale of inflatable holiday decorations which Chrisha alleges were defective causing it to suffer $10 million in "lost profits" and "damages". Although Chrisha alleges that the products were defective, Chrisha failed to reject the products in a timely manner and, as a consequence, deprived TL Toys of an opportunity to cure the alleged defects, as is required under controlling law. The evidence will demonstrate that TL Toys manufactured the products in accordance with the requested design. In addition, Chrisha's claimed damages have no basis in law or fact because it failed to mitigate its alleged damages.

4. TL Toys' explanation for not responding to the Complaint supports setting aside the entry of default. As detailed above, Chrisha failed to make proper service of process on TL Toys. TL Toys advised Chrisha of this legal fact, repeatedly. Indeed, in the action filed by TL Toys in the Southern District of New York, Chrisha moved to dismiss under the "first-filed" rule. In response to that (pending) motion, TL Toys advanced the same points made in this motion—*i.e.*, Chrisha failed to make proper service under the Hague Convention and, accordingly, the District of Rhode Island could not exercise jurisdiction over TL Toys. See Memorandum of Law In Opposition to Defendant's Motion to Dismiss, Civ. No. 07 CV 1366 (DAB) (April 5, 2007) (attached hereto as Exhibit 3).

5. The conduct of the parties also militate in favor of setting aside the entry of default. TL Toys has acted in good faith. As demonstrated in its correspondence to Chrisha's

attorney and its filings in the New York action, TL Toys consistently has taken the position that it has never been properly served. Chrisha, on the other hand, filed an application for entry of default without serving TL Toys with a copy of that application.[4] Rather than take the steps necessary to effectuate proper service, Chrisha repeatedly represents to this Court that service was proper despite the clear provisions of the Federal Rules of Civil Procedure and the requirements of the Hague Convention. Indeed, Chrisha filed its motion for entry of default under Rule 55(b)(2) even after TL Toys filed the attached Memorandum in New York which explains (with references to case law and provisions of the Hague Convention) why service was improper.

6. The amount in controversy in this matter clearly underscores the importance of scrutinizing Chrisha's "service" of the Complaint and furthers TL Toys argument for setting aside the entry of default. Chrisha is seeking approximately $10 million in alleged damages.

7. TL Toys has not unduly delayed its filing of this motion. Chrisha's application for default was filed in March 2007. This motion is being filed the day after TL Toys learned that Chrisha moved for entry of final judgment by default.

Accordingly, TL Toys has demonstrated good cause to justify setting aside the entry of default. Chrisha never effectuated proper service of the Complaint under the Hague Convention and, even if this Court had fleeting doubts about service, the equities weigh heavily in favor of setting aside the clerk's entry of default so that TL Toys has an opportunity to defend against Chrisha's substantive claims. See Coon, 867 F.2d at 79 ("doubts should be resolved in favor of adjudicating contested claims on the merits").

---

[4] Although Rule 55(a) does not require Chrisha to serve its application, one would have expected it to do so given that Chrisha was well aware that TL Toys did not believe service was proper.

## CONCLUSION

For all the foregoing reasons, TL Toys respectfully requests that the Court grant this motion and set aside the entry of default against TL Toys.

DEFENDANT, TL TOYS HK LTD.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Its Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on April 11, 2007 a copy of foregoing **Motion to Set Aside Entry of Default** was filed electronically [and served by mail on anyone unable to accept electronic filing.]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.] Parties may access this filing through the Court's system.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)