UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TL TOYS, LTD., Plaintiff, -v.- CHRISHA CREATIONS, LTD., Defendant. | : | Civ. No. 07 CV 1366 (DAB) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Jeffrey S. Mandel, Esq.
DAY PITNEY LLP
7 Times Square
New York, NY 10036
Attorneys for TL Toys HK, Ltd.
(212) 297-5800
(212) 682-3485 fax

**PRELIMINARY STATEMENT**

Plaintiff, TL Toys HK, Ltd. ("TL Toys"), submits this memorandum of law in opposition to a motion by Defendant, Chrisha Creations, Ltd. ("Chrisha"), to dismiss TL Toys' Complaint under the guise of *Fed. R. Civ. P.* 12(b)(6) and the "first-filed rule". Chrisha seeks to dismiss this lawsuit based on Chrisha's unrelated Complaint in Rhode Island. The "first-filed rule" is inapplicable because the lawsuits at issue fall outside the reach of the "first-filed rule".

This lawsuit addresses:

- Unrelated outstanding invoices for *different* services that *pre-date* the allegations in the Rhode Island lawsuit (see First Cause of Action);
- Unrelated outstanding invoices for *different* products sold during *different* times that *post-date* the allegations in the Rhode Island lawsuit (see Third Cause of Action for over $6.0 million in unrelated goods); and
- Three additional causes of action that are unrelated to the allegations in the Rhode Island lawsuit.

Even the legal theories differ, as discussed *infra*. At best, one count in Chrisha's Rhode Island lawsuit overlaps with one of the six counts being asserted by TL Toys in this action. Aside from the one overlapping count, the lawsuits are not similar (and certainly not "identical" as required under Rhode Island's "first-filed" rule). TL Toys' lawsuit should not be dismissed due to the fortuity of Chrisha having filed, but not properly served, *also discussed infra*, a different lawsuit in Rhode Island based on unrelated goods, received during different times, involving different prices, different shipments, and which were allegedly defective (unlike the products here where there is no such allegation).

## ARGUMENT

### I. IF RHODE ISLAND HAS JURISDICTION OVER TL TOYS, AND IF THE FIRST-FILED RULE IS APPLICABLE, THEN CHRISHA'S MOTION SHOULD HAVE BEEN FILED IN RHODE ISLAND, NOT NEW YORK.

Chrisha filed a Complaint in the United States District Court for the District of Rhode Island ("Rhode Island Action"), but, to date, Chrisha has not properly served the Rhode Island Action and, per Court Order, the Rhode Island Action is currently subject to dismissal for want of prosecution. On February 23, 2007, TL Toys filed a Complaint in the United States District Court for the Southern District of New York ("this District"). TL Toys properly served its Complaint on February 26, 2007. The Complaint in this District is the only one with jurisdiction over the parties, *see Point III infra.*

Assuming that Chrisha properly served TL Toys with the Rhode Island Action, "[t]his District has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case." *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp.2d 505, 511 (S.D.N.Y. 2004); *see also Ontel Prods. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) ("[c]ase law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.").

Therefore, if jurisdiction over TL Toys is proper under the Rhode Island Action, *discussed in Point III*, then Chrisha's motion should be dismissed as being improvidently filed in this District. It should also result in the application of Rhode Island law, which is absent from Chrisha's moving papers and which applies a stricter standard for invoking the first-filed rule.

## II. THE FIRST-FILED RULE IS INAPPLICABLE BECAUSE THE RHODE ISLAND ACTION AND THE ACTION FILED IN THIS DISTRICT ARE FACTUALLY AND LEGALLY DISSIMILAR.

### A. CHRISHA'S MOTION FAILS UNDER RHODE ISLAND LAW.

Under Rhode Island law, the first-filed rule applies only "[w]here **identical actions** are proceeding concurrently in two federal courts." *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) (emphasis added); *see also Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) ("Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision."). "[W]here two suits involve **the same issues**, and prosecution of both would entail duplicative litigation and a waste of judicial resources, the first filed suit is generally preferred, [but the] preference for the first-filed action is not a per se rule." *SW Industries, Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987) (emphasis added; internal citations omitted).

Stated differently, "[w]here the **overlap between the two suits is nearly complete**, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." *TPM Holdings, Inc. v. Intra-Gold Industries, Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) (emphasis added; citation omitted). The reviewing court should consider, among other factors, the extent of overlap in prosecuting the two actions in the parties' respective chosen form, the likelihood of conflict, and the comparative advantage and the forum's interest. *Id.*

Here, the lawsuit in this District and the lawsuit in the Rhode Island Action are different. The Rhode Island Action is limited to two types of products manufactured by TL Toys for Chrisha: six invoices for "rotating inflatable products" and one invoice for "inflatable Halloween archway tunnels". *Poe Certif.*, Ex. 1, ¶7. The Rhode Island Action identifies these products – and only these products – as being untimely delivered and

defective. *Id.*, at ¶10-11. The Rhode Island Action is for (1) declaratory judgment that these limited products were rejected by Chrisha on a timely basis; (2) declaratory judgment rendering TL Toys "responsible for indemnifying" Chrisha with respect to these limited products; and (3) breach of contract, also expressly limited to the few defective goods identified in the lawsuit. *Id.*

The lawsuit in this District, on the other hand, relates to other services and to many other products shipped by TL Toys (over 100,000 other products from other shipments worth over $6.0 million not at issue in the Rhode Island Action), different contracts, different dates of shipment, different dates of purchase, different dates of receipt, different prices, and different legal theories. *Poe Certif.*, Ex. 5. The legal theory asserted in this District, for the different products, is a simple breach of contract claim for unpaid goods and services with no need for TL Toys to address the legal argument raised in the Rhode Island Action - product defect. Here, the First Cause of Action is for "debit notes" incurred prior to any of the allegations in the Rhode Island Action. Compare *Poe Certif.*, Ex. 1 and 5. The Rhode Island Action makes no reference to these "debit notes" and adjudication of the Rhode Island Action will not resolve the First Cause of Action. The Second Cause of Action is for breach of contract and references to the invoices identified in the Rhode Island Action. *Poe Certif.*, Ex. 5. Arguably, at best, this one cause of action could be stayed pending the Rhode Island Action. *But see Point I and III.* The Third Cause of Action addresses over $6.0 million in merchandise unrelated to the Rhode Island Action. Compare *Poe Certif.*, Ex. 1 and 5; *see also Moving Brief*, pg 5 (describing the Third Case of Action as relating to "payment for **other** claimed outstanding balances for merchandise[.]") (emphasis added). The Rhode Island Action makes no reference to these $6.0+ million in products and adjudication of the

Rhode Island Action will not resolve the Third Cause of Action. The Fourth Cause of Action is for unjust enrichment, the Fifth Cause of Action for book account, and the Sixth Cause of Action for breach of duty of good faith and fair dealing in unreasonably holding money due and owing are independent of the Rhode Island Action. Compare *Poe Certif.*, Ex. 1 and 5. These causes of action will not be adjudicated in the Rhode Island Action and involve goods not even referenced in the Rhode Island Action.

Equity should not be called upon to effectuate a dismissal of TL Toys' Complaint in this District. Adjudication of the Rhode Island Action, if and when they obtain jurisdiction, would resolve only a fraction of the claims pending in this District.

If one were to accept Chrisha's argument, then Chrisha's mere act of filing a Complaint in Rhode Island would bestow a monopoly of forum selection upon Chrisha for all disputes arising between the parties. TL Toys would be forced to litigate in Rhode Island whenever the parties encountered a dispute, even if the dispute (as here) relates to products dissimilar to last year's collection of Halloween products (the Rhode Island Action). Perpetual forum selection in Rhode Island would be unjust and inequitable, especially because Rhode Island does not even have jurisdiction over both parties.

In sum, the judge entertaining the Rhode Island Action will be considering vastly different legal and factual issues. Legally, the Rhode Island Action is limited to a product defect claim for a small, specifically-enumerated class of toys. Factually, the Rhode Island Action will involve a battle of product-defective experts for a limited number of toys. In practice, the Rhode Island Action touches upon a small set of products unrelated to Chrisha and TL Toys' dealings. The lawsuit in this District, on the other hand, is primarily a simple collection action for other services and goods delivered by TL Toys and not paid for by

Chrisha. It should not involve a single expert. Chrisha accepted goods and services (unrelated to the Rhode Island Action) and the proofs in this District will be different than those required in the Rhode Island Action. For the reasons set forth above, Chrisha's motion to dismiss the lawsuit filed in this District should be denied.

### B. CHRISHA'S MOTION ALSO FAILS UNDER NEW YORK LAW.

In the case cited by Chrisha in support of its first-filed rule argument, the court observed (unlike here) that the two lawsuits were "parallel" and the parties stipulated that pursuing both cases would be inefficient. *Citigroup Inc. v. City Holding Co.*, 97 F. Supp.2d 549, 556 (S.D.N.Y. 2000). In another case relied upon by Chrisha, the court observed that application of the first-filed rule was permitted because the two lawsuits "clearly involve the same issues, the same parties and the same subject matter. Both lawsuits arose out of the **exact same set of facts**[.]" *Kellen Co., Inc. v. Calphalon Corp.*, 54 F. Supp.2d 218, 222 (S.D.N.Y. 1999) (emphasis added); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992) ("This rule usually applies when **identical or substantially similar** parties and claims are present in both courts.") (emphasis added).

The Second Circuit recently observed:

> A court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance . . ., the claims asserted in both suits are also the same. Here they are not entirely duplicative. Thus, dismissal in whole was inappropriate and we must remand this case.

*Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000).

For the reasons set forth above and in Point II.A., Chrisha's motion should be denied because the two lawsuits are factually and legally dissimilar.

## III. RHODE ISLAND LACKS JURISDICTION OVER TL TOYS, THEREBY RENDERING CHRISHA'S FIRST-FILED MOTION PREMATURE.

Even if the competing cases were identical, Chrisha's motion to dismiss and transfer the lawsuit filed in this District to Rhode Island is premature because it is based upon a hypothetical scenario. It assumes that Rhode Island has jurisdiction over the parties, which is not the case. Chrisha's motion should therefore be denied because it seeks an advisory opinion if and when Rhode Island obtains jurisdiction over TL Toys at some later date.

It is axiomatic that valid service of process is a prerequisite to a court's assertion of personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 103 (1987). Absent personal jurisdiction, the court lacks the authority to act against the party. This District has jurisdiction over both parties, but in the Rhode Island Action, the court lacks personal jurisdiction over TL Toys.

In a diversity case, service of process is governed by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460 (1965). *Fed. R. Civ. P.* 4(h) provides:

> Unless otherwise provided by federal law, service upon a . . . foreign corporation . . . shall be effected in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(c)(i) thereof.

*Fed. R. Civ. P.* 4(f), "Service Upon Individuals In A Foreign Country", provides the following methods of service on individuals in a foreign country:

> (1) by any internationally agreed means reasonably calculated to give service, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]

The internationally-agreed means of service to Hong Kong is in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters ("Hague Convention"). 20 *U.S.T.* 361, *T.I.A.S. No.* 6638, 658 *U.N.T.S.* 163. The Hague Convention "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applied." *Volkswagenwerk Aktiengesell-schaft v. Schlunk*, 486 U.S. 694 (1988). It applies whenever service must be effectuated abroad. *Id.*

Both the United States and Hong Kong are signatories to the Hague Convention. *M&R Marking Systems, Inc. v. Top Stamp, Inc.*, 1996 WL 805485, at *5 (D.N.J. Nov. 20, 1996); *Hague Convention*, fn. 3. The Hague Convention provides that documents to be served must be forwarded directly by the litigant (here, Chrisha) to the central authority designated by the receiving country. Those seeking service through the central authority must complete a Form USM-94. We are unaware of the Form USM-94 being filed by Chrisha. The service of process on a foreign corporation should be made on an officer, managing or general agent, or another authorized to accept service on behalf of the corporation. *Fed. R. Civ. P.* 4(h); *M&R Marking Systems,* 1996 WL 805485 at *2.

Exhibit 2 to the Poe Certification proves that Rhode Island lacks jurisdiction over TL Toys. Exhibit 2 contains a Summons "Return of Service" representing that "Poon Ming Hang" personally served TL Toys in Hong Kong. The accompanying "Affirmation" reveals that Poon Ming Hang is a "clerk" for a law firm with no affiliation with the central authority. There is nothing to indicate that Chrisha even attempted to satisfy the Hague Convention by forwarding the materials to the central authority. Nor is there proof that Mr. Hang served the correct person at TL Toys.

In Exhibit 3 of the Poe Certification, Chrisha's attorney signed an affidavit in support of a clerk's entry of default in Rhode Island representing that TL Toys was "duly served".

The affidavit is clearly mistaken because Chrisha violated virtually every applicable provision of the Hague Convention and, under no circumstances, was service proper.

Lastly, assuming that Poon Ming Hang was permitted to serve the pleadings, and assuming that he served the proper person, documents to be served under the Hague Convention must be accompanied by a translation into the official language of the foreign country. *See Ristau, International Judicial Assistance (Civil and Commercial), International Law Institute*, 1995, Vol. 1, Section 4-2-3(5), pp. 133-138; *see Teknekron Mgmt., Inc. v. Quante Fernmeldtechnik Gmbh*, 115 F.R.D. 175 (D. Nev. 1987); *Vornees v. Fischer & Krecke*, 697 F. 2d 574, 575 (4th Cir. 1983). This, too, did not occur.

Due to the fact that Rhode Island lacks jurisdiction over TL Toys because service has not been properly effectuated, or even attempted, by Chrisha since filing its Complaint in 2006, it is respectfully requested that Chrisha's motion be denied.

**CONCLUSION**

Based upon the foregoing, Plaintiff, TL Toys HK, Ltd., respectfully requests that this Court deny the motion of Defendant, Chrisha Creations, Ltd., to dismiss the Complaint on grounds of the first-filed rule.

Dated: New York, New York
April 5, 2007

DAY PITNEY LLP

By: ______________________
Jeffrey S. Mandel (JM8435)

7 Times Square
New York, NY 10036
Attorneys for TL Toys HK, Ltd.
(212) 297-5800
(212) 682-3485 fax