UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, Ltd.<br><br>Defendant. | Civil Action No.: 06-0499S |

**MEMORANDUM OF PLAINTIFF IN OPPOSITION**
**<u>TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT</u>**

Thomas C. Plunkett #1662
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel
(401) 331-7123 - Fax
e-mail: tplunkett@kprlaw.com

Stephen J. Smirti, Jr.
Celeste M. Butera
Jason B. Gurdus
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000 - Tel
(516) 357-3333 - Fax

## SUMMARY OF THE ARGUMENT

Plaintiff Chrisha Creations, Ltd. ("Chrisha") respectfully submits this opposition to defendant's motion to set aside the default entered against defendant TL Toys HK, Ltd. ("TL"). TL fails to demonstrate "good cause", the required standard under Federal Rules of Civil Procedure 55(c), to set aside the default against it. Furthermore, TL's reason for its default in this action is not valid. TL was properly served with the summons and complaint in this action under Federal Rules of Civil Procedure 4(f) and 4(h), as well as under both the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and under Hong Kong law. Accordingly, the Court should deny defendant TL's motion to set aside the default.

## STATEMENT OF FACTS

On November 16, 2006, Chrisha filed this action in the United States District Court for the District of Rhode Island. In this action, Chrisha seeks a declaration that it properly rejected defective goods received from TL under Uniform Commercial Code § 2-601 *et seq.* and Rhode Island General Laws 6A-2-601 *et seq.*; a declaration that it is entitled to indemnification from TL for claims against Chrisha by third-parties arising out of the delivery and rejection of defective goods from TL; and damages as a result of TL's breach of the governing sales orders. A copy of the summons and complaint in this action is annexed hereto as Exhibit "A". Chrisha asserted three claims for relief against TL, including Proper Rejection Under the UCC (First Cause of Action), Indemnification of Third-Party Claims (Second Cause of Action), and Breach of Contract (Third Cause of Action). *See* Complaint, Exhibit A.

Chrisha is a Rhode Island corporation with its principal place of business in Smithfield, Rhode Island. *See* Complaint at ¶ 2, Exhibit A. TL is a Hong Kong corporation with its principal place of business in Hong Kong. *See* Complaint at ¶ 3, Exhibit A; Complaint in New York action at ¶ 1, Exhibit C.

Chrisha and TL entered into contracts for the purchase by Chrisha of certain goods manufactured by TL, namely, "rotating inflatable products" and "inflatable Halloween archway tunnels" ("the TL products"). *See* Complaint at ¶ 7, Exhibit A. Following delivery of the TL products, Chrisha determined that various defects existed and, therefore, the TL products did not conform to the terms of the contracts between Chrisha and TL. *See* Complaint at ¶¶ 9-11, Exhibit A. Moreover, TL had not timely delivered the TL products as required by the terms of the contracts. *See* Complaint at ¶ 12, Exhibit A. Accordingly, due to the non-conformity of the TL products, Chrisha rejected the TL products. *See* Complaint at ¶ 13, Exhibit A. As a result of the non-conformity of the TL products, under the terms and conditions of the Uniform Commercial Code, Chrisha has no obligation to make payment to TL for any of the TL products. *See* Complaint at ¶ 15, Exhibit A.

TL's counsel was aware of this action soon after its filing and the parties entered into settlement negotiations in December 2006, not in January 2007 as counsel for TL wrongly states in its motion papers. *See* Butera Declaration at ¶ 3. At the settlement meeting on December 27, 2006, counsel for Chrisha provided TL and its counsel with courtesy copies of the summons and complaint in this action and requested that counsel for TL advise Chrisha's counsel whether counsel would accept service of the summons and complaint. *See* Butera Declaration at ¶ 3. Settlement discussions were unsuccessful and counsel for TL never responded to Chrisha's request that they accept service of the summons and complaint. *See* Butera Declaration at ¶ 4. Consequently, Chrisha served TL with the summons and complaint in this action on January 16, 2007. *See* Proof of Service, Exhibit B; Butera Declaration at ¶ 4. Chrisha then immediately filed the return of service with the Court on January 29, 2007, less than two weeks after service on TL was completed. *See* Proof of Service, Exhibit B. TL did not answer or otherwise respond to the

complaint within the time required by Federal Rules of Civil Procedure 12. Instead, on February 23, 2007, TL filed an action against Chrisha in the United States District Court for the Southern District of New York, Civil Action No.: 07-CV-1366 (DAB), in which it admitted that it had knowledge of this action. *See* Complaint in New York Action at ¶ 20, Exhibit C. Thus, rather than respond to this action, TL chose to ignore it and, instead, filed an action in New York.

After receiving the lawsuit in the New York action, counsel for Chrisha contacted counsel for TL by telephone and requested that TL withdraw the complaint in the New York action or Chrisha would move to dismiss the New York action. Counsel for Chrisha also informed counsel for TL that it was going forward with default proceedings against TL in this action. *See* Butera Declaration at ¶ 5. On March 6, 2007, Chrisha sought the entry of a default against TL in this action. A copy of the Application to Clerk for Entry of Default in this action, dated March 6, 2007, is annexed hereto as Exhibit "D". On March 7, 2007, the Clerk of the Court entered a default against TL in this action. A copy of the Entry of Default entered in this action, dated March 7, 2007, is annexed hereto as Exhibit "E". Thereafter, Chrisha filed its motion for a default judgment against TL in this action on April 9, 2007. Only after Chrisha filed its motion for a default judgment against TL did TL file the within motion to set aside the default entered against it.

## ARGUMENT

### I. TL TOYS HAS FAILED TO DEMONSTRATE GOOD CAUSE TO JUSTIFY SETTING ASIDE THE DEFAULT

TL fails to meet the "good cause" standard under Federal Rules of Civil Procedure 55(c) to set aside the default against it. "Rule 55(c) provides that a court may set aside an entry of default 'for good cause shown'." *KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). The burden of demonstrating good cause for the removal of a default rests

with the moving party. *See id.* at 14; *Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *4 (D.R.I. 2006) (attached hereto as Appendix "1"). The court considers several factors in deciding whether to vacate the default. However, there is no precise formula in the good cause analysis, as each case must necessarily turn on its own unique circumstances. *See KPS & Associates, Inc.*, 318 F.3d at 12. On the other hand, the good cause analysis is "not so elastic as to be devoid of substance." *Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *4. The three main factors to be considered by the court in determining whether there is good cause are (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant has a meritorious defense. *See KPS & Associates, Inc.*, 318 F.3d at 12; *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). In addition, several other factors are examined, including the nature of the defendant's explanation for the default, the good faith of the parties, the amount of money involved and the timing of the motion to set aside the default. *See KPS & Associates, Inc.*, 318 F.3d at 12; Coon, 867 F.2d at 76; *Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *4-5.

**A. <u>TL's Default Was Willful</u>**

Here, the factors clearly weigh against setting aside the default against TL. First, and foremost, TL willfully did not respond to the summons and complaint by Chrisha. TL does not dispute that it was fully aware of this lawsuit. In fact, after learning of this lawsuit, counsel for TL contacted counsel for Chrisha and the parties engaged in unsuccessful settlement negotiations on December 27, 2006. *See* Butera Declaration at ¶ 3. Moreover, TL does not deny that the summons and complaint in this action were served on TL on January 16, 2007. TL acknowledged receipt of the summons and complaint by affixing its "company chop" on a copy of the documents kept by Chrisha. *See* Proof of Service, Exhibit B. Instead, TL argues that such service of the summons and complaint on TL was "technically" not proper. However, TL fails to

provide any reason for failing to respond to the complaint in this action. Certainly, if TL thought that service was not properly made, TL should have responded to the complaint in this action by raising improper service in a pre-answer motion or in its answer to the complaint in this action.

Courts in the First Circuit have routinely found that a defendant who has willfully failed to respond to a complaint against it should not be granted a motion to set aside a default. "A district court can find a lack of "good cause" where the party 'misplaced' the papers and negligently ignored filing deadlines, or where the party ignored the case in the hope it 'would all go away'." *Conetta v. National Hair Care Centers, Inc.*, 186 F.R.D. 262, 269 (D.R.I. 1999). "[T]he First Circuit allows vacation of the default where the responsible party has done nothing intentional to cause the default." *Id.* Here, it is unmistakable that TL intentionally defaulted.

In *Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *12, the court found that the defendants had an unreasonable belief that an attorney was managing the deadlines with respect to the responses to the complaint. The court found that the default was willful because the defendants "were plainly on notice that they could be defaulted if they failed to answer or otherwise respond to the Complaint within the time specified in the notices which they received." *Id.* at 12-13.

Likewise, in *Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67 (1st Cir. 2001), the court found that the critical factor in the "good cause" analysis was that the defendant's president knew in a timely fashion that the amended complaint had been filed and chose for improper reasons not to defend the case. The court, in refusing to set aside the default, found that the defendant's president had decided to ignore the lawsuit against the company, hoping to avoid dealing with it. *See also Perry v. Warner*, 247 B.R. 24, 26 (1st Cir. Bankr. 2000) (holding that defendant failed to show good cause to set aside default where she willfully failed to answer the

complaint based on a lack of money to hire an attorney and hoping that the matter might go away).

Furthermore, even the courts in the cases cited by TL have found that the defendants' defaults were willful and have denied the motions to set aside the defaults. In *KPS & Associates, Inc.*, 318 F.3d at 14, the First Circuit agreed with the district court's finding that defendant's explanation for the default was properly rejected, and therefore, the argument that the default was not willful lacked any factual predicate. In *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 504 (1st Cir. 1996), the First Circuit affirmed the denial of the motion to lift the default and agreed with the district court's finding that defendants defaulted willfully where they were aware of the pending legal problem, but hoped that it would go away.

Here, TL has failed to provide a reason for its failure to answer or otherwise respond to the complaint in this action. Its belief that the summons and complaint were not properly served on TL is not a proper basis for TL to ignore this lawsuit. If TL believed that the summons and complaint were improperly served, it should have timely proceeded with a motion to dismiss against Chrisha under Federal Rules of Civil Procedure 12(b)(5). *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1403-04 (7th Cir. 1993) (upholding default against defendant and finding that the court was not compelled to relieve the defendant of the consequences of its improvident tactical decision where, in reliance on its belief that the lawsuit had not been served, the defendant sat tight and hoped that the plaintiff would not pursue the suit, as opposed to filing a motion to determine whether it actually had been served); *Bucholz v. Hutton*, 153 F. Supp. 62, 69 (D. Mont. 1957) (holding that a motion to dismiss for insufficiency of service of process is the proper procedure to contest service). Instead, TL chose to do nothing and, just as in several of the cases discussed above, hoped that this Rhode Island action would "go away" in favor of

the action filed by TL against Chrisha in the Southern District of New York. Furthermore, the summons received by TL clearly states that if TL fails to answer the complaint, "judgment by default will be taken against you for the relief demanded in the complaint." *See* Summons, Exhibit A. TL has failed to show that its default herein was not willful and has not set forth a valid explanation for its default.[1] Furthermore, as discussed in the section below, the service of the summons and complaint on TL in this action was proper.

**B. <u>TL Has Not Set Forth A Meritorious Defense</u>**

Besides willfully not responding to the complaint, TL has failed to sufficiently set forth a meritorious defense to this action. TL has the burden of demonstrating a meritorious defense and must set out its alleged meritorious defense with the "required specificity". *See American Metals Service Export Co. v. Ahrens Aircraft, Inc.*, 666 F.2d 718, 720-21 (1st Cir. 1981). Defendant must set forth "'a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.'" *American Metals Service Export Co.*, 666 F.2d at 721 (citing and adopting the specificity test set forth by the 10th Circuit Court of Appeals in *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). "[M]ore than mere legal conclusions, general denials or simple assertions that the movant has a meritorious defense" are required to succeed in demonstrating a meritorious defense. *In re Stone*, 588 F.2d at 1319. *See also Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) ("[D]efendant did no more than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense.").

[1] TL cannot also claim that the reason for the default was the mishandling of the case by its counsel. The First Circuit "'turns a deaf ear' to the claim that the client should not suffer for the attorney's sins." *United States v. The Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops*, 857 F.2d 46, 49 (1st Cir. 1988). *See also Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *15.

Here, TL sets forth no facts with the required specificity and elaboration so that this Court can determine whether TL has a meritorious defense. TL fails to set forth any facts, much less a sufficient elaboration of facts, with the required specificity as is required by this Circuit to demonstrate a meritorious defense. Rather, TL sets forth mere legal conclusions that "Chrisha failed to reject the products in a timely manner and, as a consequence, deprived TL Toys of an opportunity to cure the alleged defects, as is required under controlling law." *See* TL's Memorandum of Law, p. 9. Such mere unsupported legal conclusions do not meet the required standard of factual specificity to demonstrate a meritorious defense mandated by this Circuit. *See American Metals Service Export Co.*, 666 F.2d at 721; *In re Stone*, 588 F.2d at 1319; *Federal Deposit Ins. Corp. v. Myerson*, 1992 U.S. App. LEXIS 28631 at *8 (9th Cir. 1992) (attached hereto as Appendix "2") (quoting *Cassidy v. Tenorio*, 856 F.2d 1412, 1416 (9th Cir. 1988)) (holding that mere legal conclusions cannot support a decision to vacate entry of default).

### C. <u>TL Has Not Acted In Good Faith</u>

Likewise, TL has failed to establish that it acted in good faith. In *Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *13, the court drew an adverse inference with respect to the whether the moving defendants acted in good faith from their failure to support their arguments with affidavits. Here, it is clear that TL has not provided the court with affidavits in support of any of its arguments. Moreover, TL argues that the reason it did not respond to the complaint was that Chrisha's service on TL was improper and that TL notified Chrisha of this fact repeatedly. However, both of the letters referenced by TL are dated well before TL was served with the summons and complaint in this action. TL was properly served with the summons and complaint on January 16, 2007, while the letters from counsel for TL are dated December 14, 2006 and December 21, 2006. Furthermore, both letters only state that counsel for TL was not authorized to accept service of process of the lawsuit filed in this Court,

and that the settlement meeting did not waive any service/jurisdictional defenses. There is no discussion in the letters, as TL asserts, that TL will not be responding to the complaint in this action because of its belief of improper service. *See* December 14, 2006 and December 21, 2006 letters annexed as Exhibit 1 to TL's motion. Indeed, rather than raise its alleged technical defect regarding service in response to this action, TL simply ignored this action and filed its own action more than three months after Chrisha's action was filed in this Court and at least two months after TL had knowledge of this action. *See* December 14, 2006 letter annexed as Exhibit 1 to TL's motion. TL then waited until Chrisha filed its motion for a default judgment before even filing the within motion. Such dilatory gamesmanship is reason alone to deny TL's motion to vacate the default. *See American Metals Service Export Co.*, 666 F.2d at 720-21.

In addition, TL has further evidenced its lack of good faith by filing an action in New York that will result in the waste of both the resources and time of the parties. TL chose to ignore this first-filed action and, instead of responding to the complaint in this action, TL filed a second action in New York. If TL wished to contest whether the service of process in this action was proper and whether this court has personal jurisdiction, it should have made such a challenge in this first-filed action in Rhode Island, and not in New York. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) (in refusing to determine whether the first-filed court possessed jurisdiction over the first-filed action, the district court properly "avoided trenching on the authority of its sister court, one of 'the very abuses the first-to-file rule is designated to prevent'"); *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 846 & n. 1 (S.D. Miss. 2006) ("Obviously, it is not for this court to decide whether there is merit to Markow Walker's objections to venue and personal jurisdiction in Texas," the location of the first-filed action.); *Butera, Beausang, Cohen & Brennan, P.C. v. Ryan*, 2000 U.S. Dist.

LEXIS 17878 at *12 (E.D. Pa. 2000) (attached hereto as Appendix "3") (second-filed court declined to "delve into issues" in first-filed action whose resolution might result in the dismissal of the first-filed action because such "intervention" would be "inappropriate"). The court in the New York action cannot determine whether service was properly performed upon TL in this action.

Therefore, TL does not exhibit the good faith necessary to justify the court's removing of the default.

**D. Prejudice To Chrisha**

Chrisha would also be prejudiced if the Court sets aside the default against TL. Chrisha has suffered more than ten million dollars in damages due to TL's breach of its contracts with Chrisha and countless customer relations between Chrisha and its retail customers have been decimated. *See* Affidavit of William Machala, sworn to on April 9, 2007, at ¶ 8-12, annexed hereto as Exhibit "F". Chrisha has thus been seeking an expedited resolution of this dispute. TL has been completely unresponsive and has ignored Chrisha's claims, requests for reimbursement and requests for relief from TL's breach, just as TL has ignored this lawsuit. Chrisha has been seeking an expedited resolution to this case as it has been storing many of the defective goods at its own significant cost since its timely and proper rejection of the goods purchased from TL. *See* Affidavit of William Machala, sworn to on April 9, 2007, at ¶ 9, Exhibit F. *See also Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *13 (finding that vacating default would prejudice one of the co-defendants as she had been seeking an expeditious resolution of the dispute and granting the motion to vacate would further delay resolution of the dispute).

Chrisha was also unable to fulfill its obligations to it customers due to the defects in the goods provided by TL and Chrisha seeks reimbursement from TL of the purchase price paid by

Chrisha's customers for the goods and the profit that Chrisha's customers would have derived from the sale of the goods. *See* Affidavit of William Machala, sworn to on April 9, 2007, at ¶¶ 7 and 9, Exhibit F. TL's delays have jeopardized Chrisha's business relations with its customers. In fact, Chrisha has already suffered lost business and profits for 2006 and 2007 due to Chrisha's customers requesting large reimbursement and damages from Chrisha in 2006 for the defective goods and refusing to do business with Chrisha in 2007. *See* Affidavit of William Machala, sworn to on April 9, 2007, at ¶ 9, Exhibit F. Therefore, removal of the default would clearly prejudice Chrisha.

Furthermore, even if this Court finds no prejudice to Chrisha, TL's motion must still be denied. "[A] default judgment may stand even where there has been no showing of substantial prejudice to the party benefiting from the default. A district court simply may insist upon compliance with its local rules." *United States v. The Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops*, 857 F.2d 46, 49 (1st Cir. 1988). *See also Sun Life Assurance Co. of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 at *14.

Here, as discussed above, a clear majority of the factors to be considered by the Court point to denying TL's motion to set aside the default. TL's default was willful, TL failed to establish a meritorious defense, TL did not act in good faith and TL failed to provide the Court with a sufficient explanation for its default.[2] Furthermore, the removal of the default would prejudice Chrisha. Therefore, TL has failed to demonstrate good cause to justify vacating the default and the Court should deny TL's motion to set aside the default against it in this action.

---

[2] In addition, TL did not act timely with respect to moving to vacate the default. The default was entered by the Clerk of the Court on March 7, 2007, but TL did not move to set aside the default until April 11, 2007, more than one month later. TL knew about this action since December 2006. A simple periodic checking of the electronic docket was incumbent on TL's counsel.