## II. SERVICE ON TL TOYS WAS PROPER UNDER THE FEDERAL RULES, THE HAGUE CONVENTION AND HONG KONG LAW

Chrisha properly performed service upon TL under Federal Rules of Civil Procedure 4(f) and 4(h)[3], as well as under both the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") and under Hong Kong law. In fact, Chrisha performed valid service upon TL under both Rule 4(f)(2)(A) and Rule 4(f)(1). TL's arguments regarding improper service lacks merit because it ignores that there are valid means of service under the Hague Convention other than service through the Central Authority. Service through the Central Authority is only one of several methods of service allowed.

### A. Chrisha's Service Upon TL Is Proper Under Rule 4(f)(1)

First, Chrisha's service upon TL comports with Federal Rule of Civil Procedure 4(f)(1). Under Rule 4(f)(1), service is valid if performed in accordance with "any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

The Hague Convention expressly states that it

> shall not interfere with the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination.

20 U.S.T. 361, Article 10(c).[4] *See Friedman v. Israel Labour Party*, 1997 U.S. Dist. LEXIS

[3] Federal Rules of Civil Procedure 4(h)(2) provides that service upon a foreign corporation outside the United States "shall be effected . . . in a place not within any judicial district of the United States in any manner prescribed for individuals by subsection (f) except personal delivery as provided in paragraph (2)(C)(i) thereof."

[4] TL makes reference in footnote 2 of its motion papers that the People's Republic of China appears to have taken reservation to Article 10(c) when Hong Kong became a Special Administrative Region ("SAR") of China. However, this is not the case, as Hong Kong already had the Hague Convention in effect without any objection as to Article 10(c). "Upon changing status to a SAR, Hong Kong neither automatically ceased to honor its past obligations nor automatically became subject to China's agreement. Rather, China issued a joint statement with the U.K. to the effect that certain enumerated treaties to which China was a part would be applied to Hong Kong from July 1, 1997, while certain treaties to which China was not yet a party, but which applied to Hong Kong prior to July 1, 1997, would continue to apply." *Continental Ins. Co. v. Federal Express Corp.*, 454 F.3d 951, 955 (9th Cir. 2006). *See also Treaties in Force*, page 18, United States Department of State (2004), attached hereto as Appendix

9204 at *6 (E.D. Pa. 1997) (attached hereto as Appendix "7") (holding service under Article 10 may be used as an alternative method of service so long as the nation in which service is taking place has not objected to it and/or it is an accepted method of transmission under its internal laws).

The service of the summons and complaint herein was performed by a competent person in Hong Kong, the state of destination, as set forth in the Hague Convention. Wilkinson & Grist, Hong Kong counsel for Chrisha, completed service on TL on January 16, 2007 by having Poon Ming Hang, the service clerk for Wilkinson & Grist, serve TL with a sealed copy of the Summons and Complaint, together with a January 16, 2007 letter, by delivering and leaving such documents at the address of the registered office of TL, located at 13/F., Portion A, Peninsula Center, 67 Mody Road, Tsimshatsui, Kowloon, Hong Kong. A copy of the Affirmation of Poon Ming Hang is annexed hereto as Exhibit "B". As such, service was effected upon TL at TL's registered office in Hong Kong in compliance with Article 10 (c) of the Hague Convention.

**B. <u>Chrisha's Service Upon TL Is Proper Under Rule 4(f)(2)(A)</u>**

Furthermore, Chrisha's service upon TL comports with Federal Rule of Civil Procedure 4(f)(2)(A). Under Rule 4(f)(2)(A), service is validly performed upon a foreign corporation outside the United States if:

> the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction.

---

"4"; *The Position Of The People's Republic Of China And The United Kingdom On Multilateral Treaties Applying To The Hong Kong Special Administration Region*, 36 I.L.M. 1671, 1676-77 (1997), attached hereto as Appendix "5". In fact, Hong Kong, in response to questions on the Hague Convention, has stated that "a private agent (usually a firm of solicitors) may be appointed directly to effect service. Such service can be effected directly without going through the Government or the judiciary." *Response of the Hong Kong Special Administrative Region of the People's Republic of China to the Questionnaire on the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters*, at 11.2(a), attached hereto as Appendix "6".

TL attempts to mislead the Court in its motion papers by stating that Rule 4(f)(2) only applies if "there is no internationally agreed means". However, Rule 4(f)(2) also clearly provides that it applies if "the applicable international agreement allows other means of service". TL omits this portion of the rule from its motion papers.

The Hague Convention, the applicable international agreement, does allow other means of service, and such other means of service are reasonably calculated to give notice. Article 19 of the Hague Convention provides that:

> To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

20 U.S.T. 361, Article 10(c). Article 19 of the Hague Convention has been upheld as an alternative method of service by several courts. "[U]nder the Convention, use of a 'central authority' is not the only way to effect service abroad. The alternative methods outlined in . . . Article 19 . . . may be used as long as the nation receiving notice has not objected to them and/or they are accepted methods of transmission under its internal laws." *Friedman v. Israel Labour Party*, 1997 U.S. Dist. LEXIS 9204 at *6 (E.D. Pa. 1997). *See also Paracelsus Healthcare Corp. v. Philips Medical Systems*, 384 F.3d 492, 496 (8th Cir. 2004) ("Article 19 allows service by any method of service permitted by the internal law of the county in which service is made."); *MPS IP Services Corp. v. Modis Communications, Inc.*, 2006 U.S. Dist. LEXIS 34473 at *3 (M.D. Fla. 2006) (attached hereto as Appendix "8") (upholding service by signatory to the Hague Convention under Article 19 as the service did not offend either the Hague Convention or the laws of British Columbia); *Banco Latino v. Lopez*, 53 F. Supp. 2d 1273, 1280 (S.D. Fla. 1999) (holding the personal service was proper under Article 19 because the service was not

contrary to Spanish law and the service was sufficient under Federal Rule of Civil Procedure 4(f)); *White v. Ratcliffe*, 285 Ill. App. 3d 758, 766, 674 N.E.2d 906, 912 (Ill. App. Ct. 1996) ("Since the use of an independent process server is expressly permitted under English law, such a method of service would likewise be effective herein pursuant to article 19 of the Hague Convention.").

The internal laws of Hong Kong specifically permit the service of "documents coming from abroad" in the manner in which TL was served with the summons and complaint in this action. Order 69 of the Rules of the High Court (Chapter 4A of the Laws of Hong Kong) governs the service of process for documents coming from a country or place outside Hong Kong. (A copy of Order 69 is attached hereto for the Court's convenience as Appendix "9"). With regard to the manner of service of process for a document coming from outside of Hong Kong to be served in Hong Kong, Order 69, rule 3(2), provides that, subject to paragraphs (3) and (5) thereof and to any enactment providing for the manner of service of documents on corporate bodies, the process shall be served by the process server's leaving a copy of the process with the person to be served.

Order 69, rule 3(2), directs that service on corporate bodies of a document coming from outside of Hong Kong be made in compliance with Hong Kong enactments for the manner of serving documents on corporate bodies. These Hong Kong enactments providing for the manner of service of documents on corporate bodies can be found in Order 65, rule 3, of the Rules of the High Court and section 356 of the Companies Ordinance (Chapter 32 of the Laws of Hong Kong). (Copies of Order 65 and Companies Ordinance Section 356 are attached hereto for the Court's convenience as Appendix "9"). Order 65, rule 3, of the Rules of the High Court, entitled "Personal service on body corporate", states that:

> (1) Personal service of a document on a body corporate may, in cases for which provision is not otherwise made by any written law, be effected by serving it in accordance with rule 2 on the chairman or president of the body or the clerk, secretary, treasurer or other similar officer thereof.[5]
>
> (2) Where a writ is served on a body corporate in accordance with Order 10, rule 1(2), that rule shall have effect as if for the reference to the usual or last known address of the defendant there were substituted a reference to the registered or principal office of the body corporate and as if for the reference to the knowledge of the defendant there were substituted a reference to the knowledge of a person mentioned in paragraph (1).

Section 356 of the Companies Ordinance similarly provides that:

> A document may be served on a company by leaving it at or sending it by post to the registered office of the company.

The effect of the above provisions under Hong Kong law is that for a document coming from abroad for service on a corporate defendant in Hong Kong, the service can be effected by leaving the document at the registered or principal office of the company, or with the chairman, president, clerk, secretary, treasurer or other similar officer of the corporate defendant, pursuant to Order 65, rule 3(1), which applies to service of documents coming from abroad by virtue of Order 69, rule 3(2), or alternatively, pursuant to section 356 of the Companies Ordinance. The manner of service of documents coming from abroad, and documents originating from the Hong Kong Courts, on corporate defendants in Hong Kong are subject to the same set of laws.

Here, TL has been effectively and validly served with the summons and complaint in this action. Hong Kong counsel for Chrisha has served defendant TL in the manner prescribed for personal service on a corporation by the law of Hong Kong, and service pursuant to the law of Hong Kong is specifically permitted by Article 19 of the Hague Convention. Wilkinson & Grist, Hong Kong counsel for Chrisha, completed service on TL on January 16, 2007 by having Poon

[5] Order 65, rule 2, of the Rules of the High Court states "Personal service of a document is effected by leaving a copy of the document with the person to be served."

Ming Hang, the service clerk for Wilkinson & Grist, serve TL with a sealed copy of the Summons and Complaint, together with a January 16, 2007 letter, by delivering and leaving such documents at the address of the registered office of T.L. Toys, located at 13/F., Portion A, Peninsula Center, 67 Mody Road, Tsimshatsui, Kowloon, Hong Kong. Thereafter, Poon Ming Hang prepared an affirmation documenting the service and executed the affirmation on January 22, 2007 in the presence of a notary public. *See* Affirmation of Poon Ming Hang, Exhibit B.

Indeed, courts have regularly approved of performing service of process according to the laws of the foreign nation under Federal Rule 4(f)(2)(A). *See, e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) ("Rule 4(f)(2)(A) affirmatively authorizes service by means used in the receiving country for service in an action in its courts of general jurisdiction. . . . [C]ourts have applied Rule 4(f)(2)(A) to approve personal service carried out in accordance with foreign law."); *Cosmetech International, LLC v. Der Kwei Enterprise and Co.*, 943 F. Supp. 311, 316 (S.D.N.Y 1996) (holding service of summons and complaint was made in accordance with Taiwan law and, therefore, service was proper under Rule 4); *New Line International Releasing, Inc. v. Marty Toy (USA), Inc.*, 1995 U.S. Dist. LEXIS 7781 at *5-6 (S.D.N.Y. 1995) (attached hereto as Appendix "10") ("Under subdivision (f)(2)(A), service may be effected in a manner prescribed by the law of the foreign country in an action in any of its courts of general jurisdiction.").

Therefore, as demonstrated above, Chrisha properly served TL with the summons and complaint in this action under the law of Hong Kong, as permitted by the Hague Convention and, accordingly, Chrisha's service upon TL in this action is valid under Federal Rule 4.

**C. <u>TL Had Received Actual Notice Of This Action</u>**

Moreover, even if Chrisha's service was technically noncompliant -- which it is not – this Court can and should declare the service valid since TL received *actual notice* of this action,

which TL has so admitted. *See, e.g., Overseas Food Trading, Ltd. v. Agro Aceitunera S.A.*, 2007 U.S. Dist. LEXIS 954 at *7-9 (D.N.J. 2007) (attached hereto as Appendix "11") (denying defendant's motion to dismiss based on insufficiency of process because plaintiff made a good faith effort to serve process upon defendant and defendant received actual notice of the suit); *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301-302 (2d Cir. 2005) ("Viertel does not dispute having received the complaint in this action, so like the defendants in Fox and Greene, there is no prejudice to him."); *Fox v. Regie Nationale Des Usines Renault*, 103 F.R.D. 453 at *3-4 (W.D. Tenn. 1984) ("Rule 4 stresses actual notice, rather than strict formalism."). TL admits in its motion papers of being aware of this action from its onset. Furthermore, TL acknowledged receipt of the summons and complaint at the time of Chrisha's service of the documents by affixing its "company chop" on a copy of the documents kept by Chrisha's local counsel. *See* Proof of Service, Exhibit B.

Indeed, TL's actual notice of this action, coupled with Chrisha's personal service of the summons and complaint at TL's registered office in Hong Kong, certainly comports with the constitutional requirement that notice be "reasonably calculated . . . to apprise interested parties of the pendency of the action." *Silver Top Ltd. v. Monterey Industries Ltd.*, 1995 U.S. Dist. LEXIS 1981 at *7 (S.D.N.Y. 1995) (attached hereto as Appendix "12") ("The Court finds that service by registered mail to Defendants' addresses as they appeared on file with the Registry was reasonably calculated to give notice under all of the circumstances and, therefore, was constitutionally valid."); *Burda Media*, 417 F.3d at 303. Certainly, if service by registered mail is reasonably calculated to apprise interested parties of an action, then personal service that was also acknowledged by TL absolutely complies with constitutional due process.

### D. English Is An Official Language of Hong Kong

Finally, TL's argument that the summons and complaint had to be translated into the official language of Hong Kong is completely wrong. *See, e.g.*, *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456, 464 (E.D.N.Y. 1986) ("the translation 'requirement' is triggered only when it is the Central Authority that serves the document" and "[t]he translation provision is actually not even mandatory").[6] Moreover, and more importantly, even if TL was correct, English -- the language in which the summons and complaint were drafted -- is an official language of Hong Kong. *See* U.S. Department of State Background Note: Hong Kong, annexed hereto as Appendix "13".

---

[6] The cases cited by TL in support of its argument are inapposite. Both cases relate solely to service upon West German defendants in West Germany and declare West Germany's requirement that process be translated into German. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir. 1983) ("In signing the treaty, West Germany specified that judicial documents be forwarded through one of the various designated central authorities and that such documents be written in, or translated into, the German language."); *Teknekron Management, Inc. v. Quante Fernmeldetechnik GmbH*, 115 F.R.D. 175, 177 (D. Nev. 1987) ("In addition to the requirement that its 'central authorities' be used, West Germany also requires that all documents served be translated into the German language.").

## CONCLUSION

For all the foregoing reasons, defendant TL's motion to set aside the default should be denied in its entirety, and the Court should grant such other and further relief as it may deem just, proper and equitable under the circumstances.

/s/Thomas C. Plunkett
Thomas C. Plunkett #1662
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel
(401) 331-7123 - Fax
e-mail: tplunkett@kprlaw.com

/s/Stephen J. Smirti, Jr.
Stephen J. Smirti, Jr.
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000 - Tel
(516) 357-3333 – Fax
e-mail: stephen.smirti@rivkin.com

/s/Celeste M. Butera
Celeste M. Butera
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000 - Tel
(516) 357-3333 – Fax
e-mail: celeste.butera@rivkin.com

/s/Jason B. Gurdus
Jason B. Gurdus
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000 - Tel
(516) 357-3333 – Fax
e-mail: jason.gurdus@rivkin.com

2032446 v1

**Notice will be electronically mailed to:**

Joseph K. Scully JKScully@DayPitney.COM

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

SUMMARY OF THE ARGUMENT ........ 1

STATEMENT OF FACTS ........ 1

ARGUMENT ........ 3

I. TL TOYS HAS FAILED TO DEMONSTRATE GOOD CAUSE TO JUSTIFY SETTING ASIDE THE DEFAULT ........ 3

A. TL's Default Was Willful ........ 4

B. TL Has Not Set Forth A Meritorious Defense ........ 7

C. TL Has Not Acted In Good Faith ........ 8

D. Prejudice To Chrisha ........ 10

II. SERVICE ON TL TOYS WAS PROPER UNDER THE FEDERAL RULES, THE HAGUE CONVENTION AND HONG KONG LAW ........ 12

A. Chrisha's Service Upon TL Is Proper Under Rule 4(f)(1) ........ 12

B. Chrisha's Service Upon TL Is Proper Under Rule 4(f)(2)(A) ........ 13

C. TL Had Received Actual Notice Of This Action ........ 17

D. English Is An Official Language of Hong Kong ........ 19

CONCLUSION ........ 20

# TABLE OF AUTHORITIES

## CASES

*American Metals Service Export Co. v. Ahrens Aircraft, Inc.*, 666 F.2d 718 (1st Cir. 1981) ....................7, 8, 9

*Banco Latino v. Lopez*, 53 F. Supp. 2d 1273 (S.D. Fla. 1999) ....................14

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ....................17

*Bucholz v. Hutton*, 153 F. Supp. 62 (D. Mont. 1957) ....................6

*Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005) ....................18

*Butera, Beausang, Cohen & Brennan, P.C. v. Ryan*, 2000 U.S. Dist. LEXIS 17878 (E.D. Pa. 2000) ....................9

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999) ....................9

*Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988) ....................8

*Conetta v. National Hair Care Centers, Inc.*, 186 F.R.D. 262 (D.R.I. 1999) ....................5

*Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67 (1st Cir. 2001) ....................5

*Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249 (4th Cir. 1967) ....................7

*Continental Insurance Company v. Federal Express Corp.*, 454 F.3d 951 (9th Cir. 2006) ....................12

*Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989) ....................4

*Cosmetech International, LLC v. Der Kwei Enterprise and Co.*, 943 F. Supp. 311 (S.D.N.Y 1996) ....................17

*Federal Deposit Insurance Corp. v. Myerson*, 1992 U.S. App. LEXIS 28631 (9th Cir. 1992) ....................8

*Fox v. Regie Nationale Des Usines Renault*, 103 F.R.D. 453 (W.D. Tenn. 1984) ....................18

*Friedman v. Israel Labour Party*, 1997 U.S. Dist. LEXIS 9204 (E.D. Pa. 1997) ....................12, 14

*KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003) ....................3, 4, 6

*Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456 (E.D.N.Y. 1986) ....................19

*MPS IP Services Corp. v. Modis Communications, Inc.*, 2006 U.S. Dist. LEXIS 34473 (M.D. Fla. 2006) .......... 14

*McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498 (1st Cir. 1996) .......... 6

*Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843 (S.D. Miss. 2006) .......... 9

*New Line International Releasing, Inc. v. Marty Toy (USA), Inc.*, 1995 U.S. Dist. LEXIS 7781 (S.D.N.Y. 1995) .......... 17

*O'Brien v. R.J. O'Brien & Associates*, 998 F.2d 1394 (7th Cir. 1993) .......... 6

*Overseas Food Trading, Ltd. v. Agro Aceitunera S.A.*, 2007 U.S. Dist. LEXIS 954 (D.N.J. 2007) .......... 18

*Paracelsus Healthcare Corp. v. Philips Medical Systems*, 384 F.3d 492 (8th Cir. 2004) .......... 14

*Perry v. Warner*, 247 B.R. 24 (1st Cir. Bankr. 2000) .......... 5

*Silver Top Ltd. v. Monterey Industries Ltd.*, 1995 U.S. Dist. LEXIS 1981 (S.D.N.Y. 1995) .......... 18

*In re Stone*, 588 F.2d 1316 (10th Cir. 1978) .......... 7, 8

*Sun Life Assurance Company of Canada v. Conroy*, 2006 U.S. Dist. LEXIS 11773 (D.R.I. 2006) .......... 4, 5, 7, 8, 10, 11

*Teknekron Management, Inc. v. Quante Fernmeldetechnik GmbH*, 115 F.R.D. 175 (D. Nev. 1987) .......... 19

*United States v. The Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops*, 857 F.2d 46 (1st Cir. 1988) .......... 7, 11

*Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir. 1983) .......... 19

*White v. Ratcliffe*, 285 Ill. App. 3d 758, 674 N.E.2d 906 (Ill. App. Ct. 1996) .......... 15

**STATUTES**

Federal Rule of Civil Procedure 4 .......... 1, 12, 13, 14, 15, 17

Federal Rules of Civil Procedure 12 .......... 3, 6

Federal Rules of Civil Procedure 55(c) .......... 1, 3, 6, 12

Rhode Island General Laws 6A-2-601 *et seq.* ........................................................................... 1

Uniform Commercial Code § 2-601 *et seq* ..........................................................................................1

**MISCELLANEOUS**

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361 ......................................................................1, 12, 13, 14, 15

Order 65 of the Rules of the High Court (Chapter 4A of the Laws of Hong Kong).... ..........15, 16

Order 69 of the Rules of the High Court (Chapter 4A of the Laws of Hong Kong)..... .........15, 16

Response of the Hong Kong Special Administrative Region of the People's Republic of China to the Questionnaire on the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ..............................................13

Section 356 of the Companies Ordinance (Chapter 32 of the Laws of Hong Kong) .............15, 16

The Position Of The People's Republic Of China And The United Kingdom On Multilateral Treaties Applying To The Hong Kong Special Administration Region, 36 I.L.M. 1671 (1997).........................................................................................................................13

Treaties in Force, United States Department of State (2004) ......................................................12

U.S. Department of State Background Note: Hong Kong ..........................................................19