# APPENDIX "9"

雙語法例資料系統 Bilingual Laws Information System

**Individual Section Mode**

Previous section of enactment | Next section of enactment | Switch language | Back to the List of Laws

**Contents of Section**

| | | | | | |
|---|---|---|---|---|---|
| Chapter: | 4A | Title: | THE RULES OF THE HIGH COURT | Gazette Number: | L.N. 362 of 1997; 25 of 1998 |
| Order: | **65** | Heading: | **SERVICE OF DOCUMENTS** | Version Date: | 01/07/1997 |

Remarks:
Adaptation amendments retroactively made - see 25 of 1998 s. 2

**1. When personal service required** (O. 65, r. 1)

(1) Any document which by virtue of these rules is required to be served on any person need not be served personally unless the document is one which by an express provision of these rules or by order of the Court is required to be so served.
(2) Paragraph (1) shall not affect the power of the Court under any provision of these rules to dispense with the requirement for personal service.

**2. Personal service: how effected** (O. 65, r. 2)

Personal service of a document is effected by leaving a copy of the document with the person to be served.

**3. Personal service on body corporate** (O. 65, r. 3)

(1) Personal service of a document on a body corporate may, in cases for which provision is not otherwise made by any written law, be effected by serving it in accordance with rule 2 on the chairman or president of the body, or the clerk, secretary, treasurer or other similar officer thereof.
(2) Where a writ is served on a body corporate in accordance with Order 10, rule 1(2), that rule shall have effect as if for the reference to the usual or last known address of the defendant there were substituted a reference to the registered or principal office of the body corporate and as if for the reference to the knowledge of the defendant there were substituted a reference to the knowledge of a person mentioned in paragraph (1).

**4. Substituted service** (O. 65, r. 4)

(1) If, in the case of any document which by virtue of any provision of these rules is required to be served personally or in the case of a document to which Order 10, rule 1, applies, it appears to the Court that it is impracticable for any reason to serve that document in the manner prescribed on that person, the Court may make an order for substituted service of that document.

(2) An application for an order for substituted service may be made by an affidavit stating the facts on which the application is founded.
(3) Substituted service of a document, in relation to which an order is made under this rule, is effected by taking such steps as the Court may direct to bring the document to the notice of the person to be served.

**5. Ordinary service: how effected** (O. 65, r. 5)

(1) Service of any document, not being a document which by virtue of any provision of these rules is required to be served personally or a document to which Order 10, rule 1, applies, may be effected-

(a) by leaving the document at the proper address of the person to be served, or
(b) by post, or
(c) where the proper address for service includes a numbered box at a document exchange, by leaving the document at that document exchange or at a document exchange which transmits documents every business day to that document exchange, or
(d) in such other manner as the court may direct.

In these rules "document exchange" (文件轉遞處) means any document exchange, or exchanges under the control of the same operator, for the time being approved by the Chief Justice. (L.N. 223 of 1995)
(2) For the purposes of this rule, and of section 8 of the Interpretation and General Clauses Ordinance (Cap 1), in its application to this rule, the proper address of any person on whom a document is to be served in accordance with this rule shall be the address for service of that person, but if at the time when service is effected that person has no address for service his proper address for the purposes aforesaid shall be-

(a) in any case, the business address of the solicitor (if any) who is acting for him in the proceedings in connection with which service of the document in question is to be effected, or
(b) in the case of an individual, his usual or last known address, or
(c) in the case of individuals who are suing or being sued in the name of a firm, the principal or last known place of business of the firm within the jurisdiction, or
(d) in the case of a body corporate, the registered or principal office of the body.

(2A) Any such document which is left at a document exchange in accordance with paragraph (1)(c) shall, unless the contrary is proved, be deemed to have been served on the business day following the day on which it is left.
(3) Nothing in this rule shall be taken as prohibiting the personal service of any document or as affecting any enactment which provides for the manner in which documents may be served on bodies corporate.
(4) In this rule "business day" (工作天) means a day other than a general holiday.

**6. Service on Secretary for Justice in proceedings which are not by or against the Crown** (O. 65, r. 6)

Where for the purpose of or in connection with any proceedings in the High Court, not being civil proceedings by or against the Crown within the meaning of Part III of the Crown Proceedings Ordinance (Cap 300), any document is required by any written law or these rules to be served on the Secretary for Justice, section 14 of the said Ordinance and Order 77, rule 4, shall apply in relation to the service of the document as they apply in relation to the service of documents required to be served on the Crown for the purpose of or in connection with any civil proceedings by or against the Crown.

(L.N. 362 of 1997; 25 of 1998 s. 2)

**7. Effect of service after certain hours** (O. 65, r. 7)

Any document (other than a writ of summons or other originating process) service of which is effected

under rule 2 or under rule 5(1)(a) between 1 p.m. on a Saturday and midnight on the following day or after four in the afternoon on any other weekday shall, for the purpose of computing any period of time after service of that document, be deemed to have been served on the Monday following that Saturday or on the day following that other weekday, as the case may be.

**8. Affidavit of service** (O. 65, r. 8)

Except as provided in Order 10, rule 1(3)(b) and Order 81, rule 3(2)(b), an affidavit of service of any document must state by whom the document was served, the day of the week and date on which it was served, where it was served and how.

**9. No service required in certain cases** (O. 65, r. 9)

Where by virtue of these rules any document is required to be served on any person but it is not required to be served personally or in accordance with Order 10, rule 1(2), and at the time when service is to be effected that person is in default as to acknowledgment of service or has no address for service, the document need not be served on that person unless the Court otherwise directs or any of these rules otherwise provides.

**10. Service of process on Sunday** (O. 65, r. 10)

(1) No process shall be served or executed within the jurisdiction on a Sunday, except, in case of urgency, with the leave of the Court.
(2) For the purposes of this rule "process" (法律程序文件) includes a writ, judgment, notice, order, petition, originating or other summons or warrant.

(Enacted 1988)

Previous section of enactment | Next section of enactment | Switch language | Back to the List of Laws

雙語法例資料系統 Bilingual Laws Information System

**Individual Section Mode**

Previous section of enactment | Next section of enactment | Switch language | Back to the List of Laws

**Contents of Section**

| | | | | | |
|---|---|---|---|---|---|
| Chapter: | 4A | Title: | THE RULES OF THE HIGH COURT | Gazette Number: | L.N. 89 of 1999 |
| Order: | **69** | Heading: | **SERVICE OF PROCESS FROM A COUNTRY OR PLACE OUTSIDE HONG KONG** | Version Date: | 30/03/1999 |

PROVISIONS AS TO PROCEEDINGS OF A COUNTRY OR PLACE OUTSIDE HONG KONG

(L.N. 39 of 1999)

SERVICE OF PROCESS FROM A COUNTRY OR PLACE OUTSIDE HONG KONG

(L.N. 39 of 1999)

**1. Definitions** (O. 69, r. 1)

In this Order-
"a convention country" (協約國) means a foreign country in relation to which there subsists a civil procedure convention providing for service in that country of process of the Court of First Instance, and includes a country which is a party to the Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters signed at The Hague on 15 November 1965; (25 of 1998 s. 2)
"process" (法律程序文件) includes a citation;
"process server" (法律程序文件送達人) means the process server appointed under rule 4 or his authorized agent;
"taxing master" (訟費評定官) means a taxing master of the High Court. (25 of 1998 s. 2)

**2. Applications** (O. 69, r. 2)

This Order applies to the service on a person in Hong Kong of any process in connection with civil or commercial proceedings in a court or tribunal of a country or place outside Hong Kong where the Registrar receives a written request for service-

(a) from the Chief Secretary for Administration with a recommendation by him that service should be effected; (L.N. 362 of 1997)
(b) where the court or tribunal is in a convention country, from a consular or other authority of that country; or
(c) where the court or tribunal is in the Mainland of China, from the judicial authorities of the Mainland of China. (L.N. 39 of 1999)

(L.N. 39 of 1999)

**3. Service of process** (O. 69, r. 3)

(1) If the request is in a language other than either or both of Hong Kong's official languages, it shall be accompanied by a translation of the request in either of Hong Kong's official languages, 2 copies of the process and, unless the court or tribunal of a country or place outside Hong Kong certifies that the person to be served understands the language of the process, 2 copies of the translation of the process. (L.N. 39 of 1999)
(2) Subject to paragraphs (3) and (5) and to any enactment providing for the manner of service of documents on corporate bodies, the process shall be served by the process server's leaving a copy of the process and a copy of the translation or certificate, as the case may be, with the person to be served.
(3) The provisions of Order 10, rule 1(2)(b) regarding service by insertion through a letter-box shall apply to the service of process from a country or place outside Hong Kong as they apply to the service of writs, except that service may be proved by an affidavit or by a certificate or report in such form as the Registrar may direct. (L.N. 39 of 1999)
(4) The process server shall send to the Registrar a copy of the process and an affidavit, certificate or report proving due service of process or stating the reason why service could not be effected, as the case may be, and shall, if the Court so directs, specify the costs incurred in effecting or attempting to effect service.
(5) Order 65, rule 4 (substituted service) shall apply to the service of process from a country or place outside Hong Kong as it applies to the service of writs, except that the Registrar may make an order for substituted service of process from a country or place outside Hong Kong on the basis of the process server's affidavit, certificate or report, without an application being made to him in that behalf. (L.N. 39 of 1999)
(6) The Registrar shall send a certificate, together with a copy of the process, to the consular or other authority, the judicial authorities of the Mainland of China or the Chief Secretary for Administration, as the case may be, stating- (L.N. 362 of 1997; L.N. 39 of 1999)

(a) when and how service was effected or the reason why service could not be effected, as the case may be;
(b) where appropriate, the amount certified by the taxing master to be the costs of effecting or attempting to effect service.

(7) The certificate under paragraph (6) shall be sealed with the seal of the High Court for use out of the jurisdiction. (25 of 1998 s. 2)

**4. Appointment of process server** (O. 69, r. 4)

The process server for the purposes of this Order shall be the Chief Bailiff.

(Enacted 1988)

Previous section of enactment | Next section of enactment | Switch language | Back to the List of Laws

雙語法例資料系統 Bilingual Laws Information System

**Individual Section Mode**



**Contents of Section**

---

| | | | | | |
|---|---|---|---|---|---|
| Chapter: | 32 | Title: | COMPANIES ORDINANCE | Gazette Number: | |
| Section: | **356** | Heading: | **Service of documents on company** | Version Date: | 30/06/1997 |

**Service of Documents and Legal Proceedings**

A document may be served on a company by leaving it at or sending it by post to the registered office of the company.

[cf. 1929 c. 23 s. 370 U.K.]

---

# APPENDIX "10"

LEXSEE 1995 U.S. DIST. LEXIS 7781

**NEW LINE INTERNATIONAL RELEASING, INC., Plaintiff, -against- MARTY TOY (USA), INC. and MARTY TOY, LTD., Defendants.**

**91 Civ. 8638 (JFK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

***1995 U.S. Dist. LEXIS 7781***

**June 7, 1995, Decided**
**June 8, 1995, FILED**

**COUNSEL:** [*1] For Plaintiff: BLUMENTHAL & LYNNE, New York, New York, Of Counsel: Michael K. O'Donnell, Esq.

For Defendant Marty Toy Ltd.: RONALD KRAKAUER, Esq., New York, New York.

**JUDGES:** JOHN F. KEENAN, United States District Judge

**OPINION BY:** JOHN F. KEENAN

**OPINION:**

**OPINION AND ORDER**

**JOHN F. KEENAN, United States District Judge:**

Before the Court is the motion of Defendant Marty Toy Ltd. seeking: (1) to dismiss the Complaint for insufficiency of process and insufficiency of service of process pursuant to *Fed. R. Civ. P. 12(b)(4)* and *12(b)(5)*; (2) to dismiss the Complaint for failure to state a cause of action upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*; and (3) to dismiss the Complaint for failure to join a necessary and indispensable party pursuant to *Fed. R. Civ. P. 19*.

Plaintiff cross-moves for an Order entering a default judgment against Defendant Marty Toy Ltd. pursuant to *Fed. R. Civ. P. 55(b)(2)*. Alternatively, Plaintiff cross-moves for an Order directing Defendant Marty Toy Ltd. to pay all the costs of personal service on it for failure to return the Notice and Acknowledgement of Receipt of Service and permitting re-service of the Summons and Complaint, [*2] pursuant to *Fed. R. Civ. P. 4(d)(2)(D)* and *4(i)(1)(E)(2)*.

For the reasons set forth below, Defendant Marty Toy Ltd.'s motion to dismiss is denied. Plaintiff's motion for an entry of default is denied. Plaintiff's motion for an Order directing Marty Toy Ltd. to pay all the costs of personal service on it for failure to return the Notice and Acknowledgement of Receipt of Service and permitting re-service of the Summons and Complaint is denied.

**BACKGROUND**

This action was commenced by New Line International Releasing, Inc. (hereinafter "New Line-Cal" or "Plaintiff"), a California corporation that handles all international film and television licensing as well as domestic and international merchandise licensing of the film character "Freddy Krueger." Defendant Marty Toy (USA), Inc., a New York corporation, and Defendant Marty Toy Ltd., a Hong Kong corporation, manufacture, import and distribute toys.

On August 12, 1987, Plaintiff n1 entered into a licensing agreement ("Agreement") with Defendants granting Defendants the exclusive right to manufacture, distribute and sell certain products bearing Freddy Krueger's likeness. New Line Cinema Corporation, Plaintiff's parent, guaranteed [*3] Plaintiff's obligations under the Agreement. On June 29, 1988, the parties amended the Agreement ("Amendment") to alter the product line by terminating two products and adding another. In addition, the Amendment expanded the term of the original Agreement from December 3, 1988 to December 31, 1990 and extended the option to renew. The Amendment also altered the formulas to assess royalties and guaranties.

n1 At the time of the Agreement, Plaintiff was a New York corporation ("New Line-NY"). On December 22, 1988, New Line-NY was dis-

solved, apparently for tax purposes. New Line-Cal assumed all of New Line-NY's rights and obligations.

Plaintiff alleges that Defendants exercised their option to renew the Agreement, but failed to pay the guaranteed sum of $ 108,333.00 required in the first year of performance under the renewed Agreement. Accordingly, Plaintiff filed suit.

On February 3, 1993, this Court issued an Opinion and Order denying the Defendants' motion to dismiss the Complaint for lack of subject matter [*4] jurisdiction. This Court determined that the parties were diverse and that the Plaintiff sufficiently alleged that the amount in controversy exceeded $ 50,000.

**DISCUSSION**

As an initial matter, the Court notes that Marty Toy Ltd. continues to argue the issue of whether diversity jurisdiction exists in this matter. The Court has already determined, in the February 3, 1993 Opinion and Order, that such jurisdiction does exist. The Court will not revisit the issue.

## I. INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS

Marty Toy Ltd. moves to dismiss the Complaint for insufficiency of process and insufficiency of service of process, pursuant to *Fed. R. Civ. P. 12(b)(4)* and (5). After a thorough review of the Agreement at issue, the Court finds neither a waiver of service provision or a specification of how service should be undertaken in actions arising under the Agreement. Therefore, the Court looks to the Federal Rules of Civil Procedure for guidance on what constitutes proper service on Marty Toy Ltd., a Hong Kong corporation, in this diversity action. See, e.g., *Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)* (applying the Federal Rules of [*5] Civil Procedure to determine whether service was proper in a diversity action). The Federal Rules of Civil Procedure govern procedure in federal courts notwithstanding any agreement between the parties regarding the substantive law to be applied in the action. See *Fed. R. Civ. P. 1*.

In order to serve foreign corporation Marty Toy Ltd. outside of a judicial district of the United States, *Fed. R. Civ. P. 4(h)(2)* provides that, if no waiver of service has been obtained and filed, service shall be effected in any manner prescribed for individuals by subdivision (f) except for personal delivery as provided for in paragraph (2)(C)(i) of that subdivision. Under subdivision (f)(2)(A), service may be effected in a manner prescribed by the law of the foreign country in an action in any of its courts of general jurisdiction. Under Hong Kong law, service by mail is permitted. See Laws of Hong Kong, District Court Ordinance, Chapter 336, § 20(1) ("Subject to the provisions of these rules and to the provisions of any other enactment the plaintiff or his agent shall serve a copy of the writ on each defendant . . . such service to be effected . . . (b) by sending them by ordinary post to [*6] the defendant at his usual or last known address."); Laws of Hong Kong, Supreme Court Ordinance, Chapter 4, § 1(2) ("A writ for service on a defendant within the jurisdiction may . . . be served . . . (a) by sending a copy of the writ by ordinary post to the defendant at his usual or last known address . . . ").

In this action, plaintiff served Marty Toy Ltd. by mail. In fact, plaintiff served Marty Toy Ltd. by mail at least three times. See O'Donnell Affidavit, P 3, 5-6. Marty Toy Ltd. did not return the Acknowledgement of Receipt of Summons and Complaint. As the envelope containing the Summons and Complaint was never returned, it is also apparent that Marty Toy Ltd. did not refuse the Summons and Complaint altogether. Plaintiff further alleges, and Marty Toy Ltd. does not dispute, that Marty Toy Ltd. admitted that it received the Summons and Complaint. See id. at P 4. The Court therefore finds that the service of process by mail on Marty Toy Ltd. in Hong Kong was proper.

While Marty Toy Ltd. baldly asserts that the process itself is also insufficient, Marty Toy Ltd. does not state how that process is insufficient. The Court therefore denies Marty Toy Ltd.'s motion to dismiss [*7] the Complaint for insufficiency of process and insufficiency of service of process, pursuant to *Fed. R. Civ. P. 12(b)(4)* and (5). The Court denies as unnecessary plaintiff's cross-motion for an Order directing Marty Toy Ltd. to pay all the costs of personal service on it for failure to return the Notice and Acknowledgement of Receipt of Service and permitting re-service of the Summons and Complaint.

## II. FAILURE TO STATE A CAUSE OF ACTION

Marty Toy Ltd. next moves to dismiss the Complaint for failure to state a cause of action pursuant to *Fed. R. Civ. P. 12(b)(6)*.

### A. Standards on a Motion to Dismiss

The purpose of a motion to dismiss is merely to assess the legal feasibility of the complaint and not to weigh the evidence that might be offered in support thereof. See *Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)*. In deciding a motion to dismiss, it is necessary for the Court to view the complaint in the light most favorable to the plaintiff. See *Scheuer v. Rhodes, 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)*; *Yoder v. Orthomolecular Nutrition Inst., Inc., 751 F.2d*

*555, 562 (2d Cir. 1985).* The Court must accept the factual allegations [*8] stated in the complaint as true. See *Cooper v. Pate, 378 U.S. 546, 12 L. Ed. 2d 1030, 84 S. Ct. 1733 (1964).* A motion to dismiss for failure to state a claim may therefore only be granted if it appears, beyond doubt, that the plaintiff can prove no facts in support of its claim that entitle him to relief. See *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).*

**B. Analysis**

Plaintiff alleges that Defendants exercised their option to renew the Agreement but failed to pay the guaranteed sum of $ 108,333.00 required in the first year of performance under the renewed Agreement. Marty Toy Ltd. argues that it did not renew the Agreement thereby extending the Agreement to the 1991 term and therefore it is not liable for the amounts claimed for the 1991 term.

As the Court must accept the factual allegations stated in the Complaint as true, see *Cooper v. Pate, 378 U.S. 546, 12 L. Ed. 2d 1030, 84 S. Ct. 1733 (1964),* the Court denies Marty Toy Ltd.'s motion to dismiss for failure to state a claim. While it is true, as Marty Toy Ltd. maintains, that the Court need not accept the factual allegations in the Complaint as true if those allegations are [*9] demonstrably false, that is not the situation here. Not only are the allegations not demonstrably false, Plaintiff has adduced evidence supporting those allegations although it did not have to do so on a motion to dismiss. Marty Toy Ltd. was the manufacturer of the property covered by the Agreement. The 1991 Sales Reports for Defendants illustrate that the Defendants, including Marty Toy Ltd., continued to act under the terms of the license agreement by selling during the 1991 renewal term. See O'Donnell Affidavit, Exhibit I. In fact, Marty Toy Ltd.'s Sales Report for year-end 1991 indicates that Marty Toy Ltd. shipped Freddy Krueger items as late as September 27, 1991. See id. The Court finds that Plaintiff has sufficiently alleged that Marty Toy Ltd. renewed the Agreement and therefore, Marty Toy Ltd.'s argument that the Complaint fails to state a claim fails.

## III. FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY

Marty Toy Ltd. finally argues that New Line Cinema Corporation, plaintiff's parent corporation, is a necessary and indispensable party to this action. Because New Line Cinema Corporation's joinder would destroy diversity jurisdiction--both New Line [*10] Cinema Corporation and Defendant Marty Toy (USA), Inc. are based in New York--Marty Toy Ltd. argues that this action must be dismissed.

**A. Standards**

*Rule 19 of the Federal Rules of Civil Procedure* provides for compulsory joinder of parties who are needed for fair and just adjudication of the dispute at hand. Rule 19 comprises a two-part test: whether the party is necessary under Rule 19(a); and, if so, whether the party is indispensable under Rule 19(b).

A necessary party "is one who must be joined but whose non-joinder will not result in dismissal, if there is adequate excuse for his non-joinder." *Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311, 314 (S.D.N.Y. 1970).* Rule 19(a) sets out the standards for determining whether a party is necessary to the action. Under Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that [*11] the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Once a showing has been made that a party is necessary under Rule 19(a), the court must determine, under Rule 19(b), whether the party is indispensable such that the case must be dismissed for failure to join the indispensable party. An indispensable party "is one who must be joined because his non-joinder is so prejudicial, both to his rights and to those of the parties already joined, that the action cannot continue without him." *Jones Knitting Corp., 50 F.R.D. at 314.* Under Rule 19(b), if a necessary party under Rule 19(a) cannot be made a party, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." The Supreme Court, in *Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119, 19* [*12] *L. Ed. 2d 936, 88 S. Ct. 733 (1968),* stated that Rule 19 requires a practical examination of the circumstances.

**B. Analysis**

The Court finds that New Line Cinema Corporation is not a necessary party to this litigation and therefore dismissal on that basis is not warranted. New Line Cinema Corporation is not a signatory to the Agreement at issue but is rather a guarantor of plaintiff's obligations under the Agreement. New Line Cinema Corporation's presence in this action is not required for complete relief to be accorded among those already parties. Moreover, a disposition in the absence of New Line Cinema Corporation will neither impair nor impede Marty Toy Ltd.'s interests because Marty Toy Ltd. has not asserted any clams against plaintiff. Finally, a disposition in the absence of New Line Cinema Corporation will not leave any of parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations--New Line Cinema Corporation merely guaranteed plaintiff's obligations to the Defendants and does not have any of its own rights to assert against Defendants.

As the Court has concluded that New Line Cinema Corporation is not a necessary [*13] party, it is irrelevant whether New Line Cinema Corporation would be indispensable mandating dismissal of this action. The motion to dismiss for failure to join a necessary and indispensable party is denied.

**IV. CROSS-MOTION FOR DEFAULT**

Plaintiff cross moves pursuant to *Fed. R. Civ. P. 55(b)(2)* for an Order entering a default judgment against Defendant Marty Toy Ltd. Although Marty Toy Ltd. was served by mail in Hong Kong in January of 1992, and again by mail in April and June of 1993, Marty Toy Ltd. has not answered the Complaint. The Court declines to default Marty Toy Ltd., however. Since this lawsuit began, Marty Toy Ltd. has defended this action through successive motions to dismiss. The motion for a default judgment is therefore denied.

**CONCLUSION**

For the foregoing reasons, Defendant Marty Toy Ltd.'s motion to dismiss is denied. Plaintiff's motion for an Order directing Marty Toy Ltd. to pay all the costs of personal service on it for failure to return the Notice and Acknowledgement of Receipt of Service and permitting re-service of the Summons and Complaint is denied. Plaintiff's motion for an entry of default is also denied.

As defendant Marty Toy (U.S.A.)., [*14] Inc. has filed for Chapter Seven bankruptcy protection, this action may proceed only against Defendant Marty Toy Ltd. The Court schedules a pre-trial conference for July 20, 1995 at 9:45 to discuss the status of this action.

**SO ORDERED.**

Dated: New York, New York
June 7, 1995

JOHN F. KEENAN

United States District Judge