# APPENDIX "11"

LEXSEE 2007 U.S. DIST. LEXIS 954

**OVERSEAS FOOD TRADING, LTD., Plaintiff, v. AGRO ACEITUNERA S.A. t/a NUCETE, et al., Defendants.**

**CIVIL ACTION NO. 06-800 (JAP)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

***2007 U.S. Dist. LEXIS 954***

**January 8, 2007, Decided**

**NOTICE:** [*1] NOT FOR PUBLICATION

**PRIOR HISTORY:** *Overseas Food Trading, Ltd. v. Agro Acietunera S.A., 2006 U.S. Dist. LEXIS 60814 (D.N.J., Aug. 28, 2006)*

**COUNSEL:** For OVERSEAS FOOD TRADING, LTD., Plaintiff: GEORGE N. STYLIADES, LEAD ATTORNEY, STYLIADES LAW OFFICES, CHERRY HILL, NJ.

For AGRO ACEITUNERA S.A., TRADING AS NUCETE, Defendant: SUMEETA A. GAWANDE, GREENBERG, DAUBER, EPSTEIN & TUCKER, PC, NEWARK, NJ.

**JUDGES:** JOEL A. PISANO, United States District Judge.

**OPINION BY:** JOEL A. PISANO

**OPINION:** PISANO, District Judge.

Plaintiff, Overseas Food Trading, Ltd. ("Overseas"), brought the instant suit against Defendants, Agro Aceitunera ("Agro") and Transnational Foods ("Transnational") n1 alleging breach of contract, breach of the duty of good faith and fair dealing, and breach of express and implied warranties for Agro's failure to deliver a quantity of extra virgin olive oil ("olive oil") to Plaintiff pursuant to a purported contract between the parties. Plaintiff also seeks specific performance from Agro. Agro has moved to dismiss Plaintiff's claims against it for lack of personal jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(2)* and for insufficiency of service of process pursuant to *Fed. R. Civ. P. 12(b)(5)*. The Court has jurisdiction under *28 U.S.C. § 1332* [*2] , and resolves this motion without oral argument pursuant to *Fed. R. Civ. P. 78*. For the reasons set forth below, the Court denies Defendant's motion.

n1 This Court granted Transnational's motion to dismiss Plaintiff's claims against it pursuant to *Fed. R. Civ. P. 12(b)(6)* on August 28, 2006.

**I. Factual and Procedural History**

For the limited purpose of resolving Defendant's motion to dismiss, the Court accepts as true the allegations within the complaint and construes any disputed facts in favor of the Plaintiff. *Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)* (citations omitted). Accordingly, the facts set forth here are taken largely from the complaint, and do not represent this Court's factual findings.

Plaintiff Overseas is a New Jersey corporation engaged in the business of purchasing, importing, selling, distributing, marketing and advertising food products, including olive [*3] oil, in the United States. Defendant Agro is a business organized under the laws of the Republic of Argentina and is engaged in the business of exporting food products, including olive oil, to and in the United States.

This case arises out of a contract for the sale of olive oil. In July 2005, Overseas met with the president of Agro and the vice-president of Transnational in New York, New York. Overseas represented that it was willing to purchase 1,000 tons of olive oil. Agro and Transnational responded to Overseas that they were able to sell such olive oil to Overseas. This representation was memorialized by a Proforma Invoice, which indicated that 1,000 tons of olive oil would be shipped from Argentina to Overseas. Overseas approved the Proforma Invoice on July 21, 2005.

Overseas alleges that it never received the cargo of olive oil, and consequently brought the instant suit

against Agro and Transnational on or about February 22, 2006. Overseas claims that Agro breached the parties' contract for the sale of olive oil by failing to provide the olive oil to Overseas. Overseas also alleges breach of the duty of good faith and fair dealing, breach of certain express and implied warranties, [*4] and seeks specific performance from Agro.

Agro filed the instant motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(2)* and *Fed. R. Civ. P. 12(b)(5)* on August 1, 2006. In its motion, Agro claims that Plaintiff did not effect proper service of process upon it, and that this Court lacks personal jurisdiction over it.

**II. Legal Discussion**

**A. Motion to Dismiss for Insufficiency of Service of Process**

**1. Legal Standard**

*Federal Rule of Civil Procedure 12(b)(5)* allows a party to move for dismissal of a case based on insufficiency of service of process. *Fed. R. Civ. P. 12(b)(5)*. In resolving a motion to dismiss for insufficiency of service of process, the party making the service has the burden of demonstrating its validity when an objection to service is made. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)*.

**2. Analysis**

Defendant first argues that the complaint against it should be dismissed due to the insufficiency of service of process [*5] pursuant to *Fed. R. Civ. P. 4(f)*. *Rule 4(f)* governs the service of process upon a corporate defendant located in a foreign country, and requires that service be made in accordance with any internationally agreed upon means reasonably calculated to give notice, such as the Hague Convention, or in accordance with the foreign country's law. *Fed. R. Civ. P. 4(f)*. The Supreme Court has held that compliance with the Hague Convention is mandatory when serving a foreign defendant in a signatory country. *Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)*.

The parties do not dispute that the Hague Convention governs service of process in this case because both the United States and Argentina are signatories to the treaty. Defendant argues, however, that Overseas failed to bring about service of process upon it in accordance with the Hague Convention. Defendant first contends that Argentina has objected to service under Article 10 of the Hague Convention, n2 and therefore, to the extent Overseas attempted to serve process under Article 10, such service was ineffective. n3 According [*6] to the declaration of Dr. Rodgrigo Cruces, submitted in support of Defendant's motion to dismiss, in acceding to the Hague Convention, Argentina declared that it opposed the use of methods of transmission pursuant to Article 10. (Declaration of Dr. Rodgrigo Cruces at P 8.)

n2 Article 10 of the Hague Convention provides in pertinent part:

> Provided the State of destination does not object, the present Convention shall not interfere with - . . .
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

n3 Overseas retained Civils Labougle Ibanez of Buenos Aires, Argentina, in order to arrange for service of process to be performed on Agro in accordance with the Hague Convention. According to Overseas, on April 27, 2006, an attorney of Cibils Labougle Ibanez and Plaintiff's agent, a notary republic in Buenos Aires, Argentina, first attempted to serve Agro with a Summons and Complaint, with Spanish translations, at Defendant's offices in Castelar, Argentina. Overseas alleges that Daniel Andres Rodriguez, Defendant's chief financial officer and attorney-in-fact, refused to accept the documents. Then, on May 4, 2006, Plaintiff claims that it attempted again to serve process on Agro. When no one appeared, it affixed an envelope containing these documents on the door of Defendant's offices.

[*7]

Defendant further argues that even if Article 10 of the Hague Convention were available in Argentina, Overseas did not effect service upon Defendant because Overseas failed to satisfy the requirements under Article 10 and

Argentine law. Defendant also argues that Plaintiff failed to effect service of process pursuant to Article 19 of the Hague Convention, which permits service of process under Argentine law. Plaintiff, on the other hand, argues that Argentina has not specifically objected to service of process under Article 10. According to the declaration of Joaquin Labougle, submitted in support of Plaintiff's opposition to Defendant's motion to dismiss, Argentine law requires that the text of any treaty or convention establishing obligations to any physical or legal person in Argentina be published in the Boletin Oficial, or the Official Gazette, with any reservations or oppositions. (Declaration of Joaquin Labougle at PP 114-15.) Mr. Labougle states that because no opposition was ever published in the Boletin Oficial with respect to the Hague Convention, Article 10 of the Hague Convention is applicable under Argentine law. (Declaration of Joaquin Labougle at PP 16, 18.) Plaintiff [*8] also argues that it effected service upon Agro because it satisfied the requirements under Articles 10 and 19 of the Hague Convention.

After considering the declarations submitted by both parties, the Court is unable to determine whether Argentina has lodged a proper objection to Article 10 of the Hague Convention. Because the issue is unsettled, however, the Court rejects Defendant's argument that Article 10 does not apply and finds that Plaintiff properly served process on the Defendant. Moreover, even if Plaintiff did not meet the requirements of Article 10, it is clear that Plaintiff made a good faith effort to serve process upon Agro pursuant to the Hague Convention and that Agro received actual notice of this suit. See *Fox v. Regie Nationale des Usines Renault, 103 F.R.D. 453, 455 (W.D. Tenn. 1984)* (concluding that because the Plaintiff attempted in good faith to comply with the Hague Convention and because it was clear that the Defendant received sufficient notice, it was within the discretion of the court to declare service properly perfected despite a defect in service). *Rule 4* sets forth a general and flexible scheme that "stresses actual notice, rather [*9] than strict formalism." *Fox, 103 F.R.D. at 455*. Although actual notice is not dispositive of a challenge to the sufficiency of service of process, it is certainly a factor that weighs in favor of denying Defendant's motion. See *Stranahan Gear Company v. N.L. Industries, Inc., 800 F.2d 53, 56 (3d Cir. 1986)*. Furthermore, as the court emphasized in Fox, the Hague Convention should not be construed so as to foreclose judicial discretion when such discretion needs to be exercised. *Fox, 103 F.R.D. at 455*.

Accordingly, considering Plaintiff's good faith effort to serve Defendant in a manner consistent with the dictates of the Hague Convention and the fact that the Defendant received actual notice of this suit, the Court denies Defendant's motion to dismiss based on insufficiency of service of process.

**B. Motion to Dismiss for Lack of Personal Jurisdiction**

**1. Legal Standard**

*Federal Rule of Civil Procedure 12(b)(2)* allows a party to move for dismissal of a case based on lack of personal jurisdiction. *Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 300 (3d Cir. 2001)*. [*10] In deciding a motion to dismiss for lack of personal jurisdiction, the Court will construe as true the allegations within the complaint, and shall construe disputed facts in favor of the Plaintiff. *Toys "R" Us, 318 F.3d at 457*.

Once personal jurisdiction is challenged, the plaintiff has the burden of establishing that the case is properly before the court. *General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)*. In particular, "the plaintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court in personam jurisdiction." *Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990)*. A plaintiff may satisfy this burden through the use of affidavits or other competent evidence. *Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)*.

**2. Personal Jurisdiction**

Because Defendant is not a New Jersey resident, the Court must consider Defendant's connection with this State. Generally, "[a] nexus between the defendant, the forum and the litigation is the essential foundation" of personal jurisdiction. *Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 108, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)* [*11] (quoting *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985))*. The Third Circuit has set forth an analytical framework to determine whether personal jurisdiction over a non-resident defendant is proper. *Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998)*. This analysis begins with an examination of *Federal Rule of Civil Procedure 4(e)*. Id. A court must then consider whether the defendant's contacts with the forum state are sufficient to support general personal jurisdiction. Id. Absent general jurisdiction, a court should determine whether specific personal jurisdiction exists. Id.

**a. *Federal Rule of Civil Procedure 4(e)***

*Federal Rule of Civil Procedure 4(e)* allows a court to exercise "personal jurisdiction over non-resident defendants to the fullest extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co., 149 F.3d at 200* (citation omitted). New Jersey's long-arm statute allows the exercise of personal jurisdiction over non-resident [*12] defendants to the fullest

extent permitted by the *Due Process Clause of the Fourteenth Amendment. Nicholas v. Saul Stone & Co., 224 F.3d 179, 184 (3d Cir. 2000).*

Due Process requires that a defendant have minimum contacts with the forum state and that an exercise of jurisdiction over the defendant comport with "'traditional notions of fair play and substantial justice.'" *Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001)* (quoting *Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).* Further, "minimum contacts must have a basis in 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., 480 U.S. at 109* (quoting *Burger King, 471 U.S. at 475*). "Essentially, before hearing a case, a court must ask whether 'the quality and nature of the *defendant's* activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'" *Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984)* [*13] (modifications and emphasis in original) (quoting *Kulko v. Super. Ct. of Cal., 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978)).* A plaintiff may demonstrate that a defendant must defend its conduct based on either general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 nn.8-9 (1984); Remick, 238 F.3d at 255.*

**b. General Jurisdiction**

When a party is subject to the general jurisdiction of a state, that party may be called to answer any claim against it, regardless of whether the subject matter of the cause of action has any connection to the forum. *Pennzoil Prods. Co., 149 F.3d at 200.* Thus, a plaintiff must demonstrate significantly more than "minimum contacts" to establish general jurisdiction over a defendant. *Provident Nat'l Bank v. California Federal Sav. & Loan Asso., 819 F.2d 434, 437 (3d Cir. 1987).* In order to establish general personal jurisdiction, a plaintiff must show that the non-resident defendant's contacts with the state are both continuous and substantial. *Pennzoil Prods. Co., 149 F.3d at 200.*

**c. Specific Jurisdiction**

If a plaintiff fails [*14] to establish general jurisdiction over a defendant, it may still demonstrate specific personal jurisdiction. *Pennzoil Prods. Co., 149 F.3d at 200-01.* To determine whether specific jurisdiction exists, a court generally applies two standards to ensure that the defendant's due process rights are protected. *Id. at 201.* "First, a court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have 'reasonably anticipate[d] being haled into court there.'" Id. (quoting *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).* Second, once minimum contacts are established, a court may consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. (quoting *Burger King, 471 U.S. at 476*, and *Int'l Shoe, 326 U.S. at 320*). Although the second standard is discretionary, the Third Circuit has explained that a court should generally perform both steps of this analysis before finding that specific jurisdiction exists. Id.

**3. Analysis**

Overseas claims that personal jurisdiction over [*15] the Defendant is based on both general and specific jurisdiction. Regarding general jurisdiction, Overseas argues that significant and systematic contacts involving Agro exist in New Jersey, and that Overseas and Agro have engaged in continuous business dealings in New Jersey. The Court agrees, and thus, denies Defendant's motion to dismiss Plaintiff's claims against it for lack of personal jurisdiction.

The complaint alleges that the parties "conducted and transacted business in the State of New Jersey, defendants' products have been shipped to, received in, and distributed in the State of New Jersey, [and] defendants' products have entered through the Port of Newark . . ." (Compl. at P 8.) Assuming the truth of Overseas' factual contentions, the Court concludes that they support the exercise of personal jurisdiction over Agro.

Notably, Agro has engaged in the repeated sales and shipment of olives to Overseas beginning in August of 2003. The olives were shipped under commercial documents prepared by Agro and addressed to Overseas in New Jersey, and many of the olives were shipped to New Jersey. Moreover, according to Agro's chief financial officer, Agro's sale of olives to clients [*16] within New Jersey constitutes 14.5% of Agro's sales in the United States. (Declaration of Daniel Andres Rodriguez at P 8.) This percentage of Agro's sales within New Jersey is significant, and therefore, the Court is unpersuaded by Defendant's argument that its contacts with the state of New Jersey are isolated and random. Furthermore, representatives of Agro and Transnational, Agro's purported agent, have appeared at Overseas' New Jersey office on several occasions. Based on these facts, the Court finds that Agro has engaged in systematic and continuous activities in the state of New Jersey that subject Agro to suit in New Jersey. Additionally, because Agro is subject to the Court's general jurisdiction, the fact that the prior business dealings between Overseas and Agro involved olives, not olive oil, is immaterial. See *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1094)* (holding that general jurisdiction subjects a defendant to suit on virtu-

ally any claim, even if unrelated to the defendant's contacts with the forum).

Because the Court concludes that it can exercise general jurisdiction over Overseas, the Court need not reach the issue of [*17] specific jurisdiction.

**III. Conclusion**

In conclusion, the Court denies Defendant Agro's motion to dismiss Plaintiff's complaint. An appropriate order accompanies this opinion.

DATED: January 8, 2007

/s/ JOEL A. PISANO

United States District Judge