# MARTINDALE-HUBBELL® INTERNATIONAL LAW DIGEST

ONE HUNDRED THIRTY-EIGHTH YEAR

2006

# SELECTED INTERNATIONAL CONVENTIONS

Annotations provided by U.S. Department of State. Current information on the status of these conventions is always available from the Treaty Affairs Section of the Office of the Legal Adviser, Department of State, Washington, D. C. 20520.

*Note: This Revision includes information as of 9/1/05.*

## CONVENTION OF THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

*Article 1*

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

### CHAPTER I—JUDICIAL DOCUMENTS

*Article 2*

Each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

*Article 3*

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

*Article 4*

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

*Article 5*

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either—

(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

*Article 6*

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

*Article 7*

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

*Article 8*

Each contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

*Article 9*

Each contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another contracting State which are designated by the latter for this purpose.

Each contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

*Article 10*

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

*Article 11*

The present Convention shall not prevent two or more contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding articles and, in particular, direct communication between their respective authorities.

*Article 12*

The service of judicial documents coming from a contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by—

(a) the employment of a judicial officer or of a person competent under the law of the State of destination,

(b) the use of a particular method of service.

*Article 13*

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

*Article 14*

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

*Article 15*

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that—

(a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

(b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled—

(a) the document was transmitted by one of the methods provided for in this Convention,

(b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

*Article 16*

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled—

(a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b) the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This article shall not apply to judgments concerning status or capacity of persons.

## CHAPTER II—EXTRAJUDICIAL DOCUMENTS

*Article 17*

Extrajudicial documents emanating from authorities and judicial officers of a contracting State may be transmitted for the purpose of service in another contracting State by the methods and under the provisions of the present Convention.

## CHAPTER III—GENERAL CLAUSES

*Article 18*

Each contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

*Article 19*

To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

*Article 20*

The present Convention shall not prevent an agreement between any two or more contracting States to dispense with—

(a) the necessity for duplicate copies of transmitted documents as required by the second paragraph of article 3,

(b) the language requirements of the third paragraph of article 5 and article 7,

(c) the provisions of the fourth paragraph of article 5,

(d) the provisions of the second paragraph of article 12.

*Article 21*

Each contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following—

(a) the designation of authorities, pursuant to articles 2 and 18,

(b) the designation of the authority competent to complete the certificate pursuant to article 6,

(c) the designation of the authority competent to receive documents transmitted by consular channels, pursuant to article 9.

Each contracting State shall similarly inform the Ministry, where appropriate, of—

(a) opposition to the use of methods of transmission pursuant to articles 8 and 10,

(b) declarations pursuant to the second paragraph of article 15 and the third paragraph of article 16,

(c) all modifications of the above designations, oppositions and declarations.

*Article 22*

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905,[1] and on 1st March 1954,[2] this Convention shall replace as between them articles 1 to 7 of the earlier Conventions.

[1] 99 BFSP 990

[2] 286 UNTS 265

*Article 23*

The present Convention shall not affect the application of article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.

These articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

*Article 24*

Supplementary agreements between parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

*Article 25*

Without prejudice to the provisions of articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the contracting States are, or shall become, Parties.

*Article 26*

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

*Article 27*

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of article 26.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Article 28*

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

*Article 29*

Botswana[2a]

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

*Article 30*

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other contracting States.

*Article 31*

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in article 26, and to the States which have acceded in accordance with article 28, of the following—

(a) the signatures and ratifications referred to in article 26;

(b) the date on which the present Convention enters into force in accordance with the first paragraph of article 27;

(c) the accessions referred to in article 28 and the dates on which they take effect;

(d) the extensions referred to in article 29 and the dates on which they take effect;

(e) the designations, oppositions and declarations referred to in article 21;

(f) the denunciations referred to in the third paragraph of article 30.

IN WITNESS WHEREOF the undersigned, being duly authorised thereto, have signed the present Convention.

DONE at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of The States represented at the Tenth Session of the Hague Conference on Private International Law.

[Signatures omitted. Annex containing Forms printed at pp. 9, 10.]

---

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters. Done at The Hague November 15, 1965; entered into force for the United States February 10, 1969. 20 UST 361; TIAS 6638; 658 UNTS 163. States which are parties:

| | |
|---|---|
| Antigua and Barbuda[1] | Latvia |
| Argentina[1a] | Lithuania[9a] |
| Bahamas[1b] | Luxembourg[9b] |
| Barbados[1c] | Malawi[9c] |
| Belarus[1d] | Mexico[10] |
| Belgium[2] | Netherlands[10a] |
| Botswana[2a] | Norway[10b] |
| Bulgaria[2b] | Pakistan[10c] |
| Canada[3] | Poland[11] |
| China[3a] | Portugal[11a] |
| Cyprus[3b] | Romania[11b] |
| Czech Republic[3c] | Russian Federation[11c] |
| Denmark[4] | San Marino[11d] |
| Egypt[5] | Seychelles[11e] |
| Estonia[5a] | Slovak Republic[11f] |
| Finland[6] | Slovenia[11g] |
| France[7] | Spain[11h] |
| Federal Republic of Germany[7a] | Sri Lanka[11i] |
| Greece[7b] | Sweden[12] |
| Hungary[7c] | Switzerland[12a] |
| Ireland[7d] | Turkey[13] |
| Israel[8] | Ukraine[13a] |
| Italy[8a] | United Kingdom[14] |
| Japan[8b] | United States[15] |
| Korea[8c] | Venezuela[16] |
| Kuwait[9] | |

---

[1] *Notification in conformity with Article 31 of the Convention*

By note of 1 May 1985, received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 17 May 1985, the Government of Antigua and Barbuda informed the Ministry of Foreign Affairs it does consider itself bound by the abovementioned Convention, declared applicable to Antigua by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970.

*Notification in conformity with Article 31, letter e, of the Convention*

The Government of Antigua and Barbuda informed the Ministry of Foreign Affairs of the Kingdom of the Netherlands by Note of 2 May 1986 that as the authority referred to in Article 21 has been designated:

The Registrar—Eastern Caribbean Supreme Court.

*Notification in conformity with Article 31, letter e, of the Convention*

Rectification of the Notifications *Judicial and Extrajudicial Documents Nos. 2 and 3/1987* of 14 July 1987 and 28 August 1987.

The competent authorities under Article 21 of the above-mentioned Convention, designated by the Government of Antigua and Barbuda, are:

a) The Governor-General, Antigua and Barbuda;

b) The Registrar of the High Court of Antigua and Barbuda, St. John's, Antigua.

[1a]Argentina made the following declarations:

"...

1-To Article 5, third paragraph: "The ARGENTINE REPUBLIC shall not accept documents to be served or transmitted unless they are accompanied by a translation into the Spanish language."

2-To Article 21, first paragraph, a): "The Argentine Government designates the Ministry of Foreign Affairs, International Trade and Worship as the Central Authority."

3-To Article 21, second paragraph, a): "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10."

4-To Article 21, second paragraph b): "The Argentine Government accepts declarations pursuant to second paragraph of Article 15 and third paragraph of Article 16."

5-The ARGENTINE REPUBLIC rejects the claimed extension of application of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, adopted at The Hague on November 14, 1965, to the Malvinas, South Georgias and South Sandwich Islands as notified on May 20, 1970 by the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to the KINGDOM OF THE NETHERLANDS as Depositary of the Convention under the "Falkland Islands and dependencies" inaccurate denomination. Therefore, the ARGENTINE REPUBLIC similarly rejects the designation of the "Registrar of the Supreme Court" in the Malvinas Islands as application authority of this Convention which was made on that same opportunity, as well as any other act derived or that may be derived from this claimed territorial extension.

The General Assembly of the United Nations has recognized the existence of a dispute on the Malvinas, South Georgias and South Sandwich Islands sovereignty and has urged the ARGENTINE REPUBLIC and the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to hold negotiations in order to find, as soon as possible, a peaceful and definite solution to such dispute, with United Nations Secretary General's good offices mediation, who shall inform the General Assembly about the progress made (Resolutions 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21, 41/40, 42/19 and 43/25). The Special Committee on Decolonization having equally declared, has annually adopted a resolution which proclaims that to put an end to this colonial situation the negotiations must be resumed in order to peacefully and definitely solve this sovereignty dispute. The last of these resolutions was adopted on July 1, 1999.

The ARGENTINE REPUBLIC reaffirms its sovereignty on the Malvinas, South Georgias and South Sandwich Islands and its maritime surrounding areas which are an integral part of its national territory."

N.B.: In accordance with Article 28, paragraph 2, the Convention will enter into force for Argentina in the absence of any objection from a State which has ratified the Convention before 2 February 2001 within a six months' period which, for practical reasons, will run from 15 May to 15 November 2001.

The Hague, 18 November 1987

[1b]The Commonwealth of the Bahamas deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 17 June 1997 in accordance with Article 28, paragraph 1.

The said accession became perfect on 1 January 1998.

The provisions of the Convention will enter into force for the Commonwealth of the Bahamas on 1 February 1998 in accordance with Article 28, paragraph 3.

In accordance with Articles 2 and 18 of the Convention, the *Commonwealth of the Bahamas* has designated as Central Authority:

the *"Honourable Attorney General"*.

[1c]With the following declaration:

"The Government of Barbados has designated the Registrar of the Supreme Court of Barbados as the Central Authority for the purposes of Articles 2 and 18, in accordance with the provisions of Article 21 of the Convention."

[1d]*Notification in conformity with Article 31, paragraph c, of the Convention*

The Republic of Belarus deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 6 June 1997 in accordance with Article 28, paragraph 1.

The said accession became perfect on 1 January 1998.

The provisions of the Convention will enter into force for the Republic of Belarus on 1 February 1998 in accordance with Article 28, paragraph 3.

In accordance with Article 2 of the Convention the Republic of Belarus has designated the Ministry of Justice of the Republic of Belarus (220084 Minsk, ul.Kollektornaya, 10; tel. 00 375 172 208 687/ 208 829; fax 209 684) as the Central Authority.

[2]With the following declaration:

1. In conformity with the first paragraph of Article 2 of the Convention, the Ministry of Justice, Administration de la Législation, Place Poelaert, 4, 1.000 Brussels is designated as the Central Authority;
2. The Ministry of Justice is also designated as the competent authority to receive documents forwarded by the channels provided for in the first paragraph of Article 9 of the Convention;
3. The Belgian Government is opposed to use being made within its territory of the freedom to effect service provided for in the first paragraph of Article 8;
4. The Belgian Government declares that it will avail itself of the provision contained in the second paragraph of Article 15;
5. In conformity with the third paragraph of Article 16, the Belgian Government declares that the applications mentioned in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment;
6. The Belgian Government believes it should draw attention to the fact that any request for the service of documents made under sections a) or b) of the first paragraph of Article 5 requires the agency of a process-server (huissier de justice) and that the resulting costs should be reimbursed in conformity with Article 12 of the Convention.

[2a]With the following declaration:

"1. Pursuant to the first paragraph of Article 2 of the Convention the Minister of State in the Office of the President of the Republic of Botswana has been designated the Central Authority to receive requests for service from other contracting states.

2. The Registrar of the High Court of Botswana is designated as the authority competent to complete the certificate in the form of the Model annexed to the Convention pursuant to the first paragraph of Article 6.

3. In accordance with the provisions of Article 9 of the Convention the Minister of State in the Office of the President is designated as the receiver of process sent through Consular channels.

4. It is declared that the Government of Botswana objects to the method of service referred to in sub-paragraphs (b) and (c) of Article 10.

5. It is declared that a judge of the High Court of Botswana may give judgment if all the conditions specified in paragraph 2 of Article 15 are fulfilled."

All documents forwarded for service must be in duplicate and written in or translated into the English language.

[2b]Bulgaria made the following declarations:

*"Declaration on Article 5, paragraph 3*

The Republic of Bulgaria requires the document, which is to be served, to be written in or accompanied by a translation into the Bulgarian language.

*Declaration on Articles 2 and 18*

The Republic of Bulgaria designates the Ministry of Justice and European Legal Integration as Central Authority. The same authority is competent to receive the documents forwarded under Article 9, paragraph 1.

*Declaration on Article 6, paragraphs 1 and 2*

The Republic of Bulgaria designates the district courts as authorities which are competent to complete the certificate.

*Declaration on Article 8, paragraph 2*

The Republic of Bulgaria declares that within Bulgarian territory foreign diplomatic and consular agents may effect service of judicial and extrajudicial documents only upon nationals of the State which they represent.

*Declaration on Article 10*

The Republic of Bulgaria objects to the use of the channels of transmission for service mentioned in Article 10 of the Convention.

*Declaration on Article 15, paragraph 2*

The judge gives judgment provided that all certificates under Article 15, paragraph 2, are available.

*Declaration on Article 16, paragraph 3*

The Republic of Bulgaria will not accept applications for relief concerning judgments under paragraph 1 of this article after the expiration of one year following the date of the judgment."

[3]*Notification in conformity with Article 31, paragraph c, of the Convention*

Canada deposited its instrument of accession to the above-mentioned Convention with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 26 September 1988 in accordance with Article 28, paragraph 1.

The said accession became perfect on 10 April 1989.

In accordance with Article 28, paragraph 3, the provisions of the Convention entered into force for Canada on 1 May 1989.

A copy of a document transmitted by Canada and containing the designations and declarations referred to in Article 21 of the Convention is attached to this Notification.

## CANADA

A. *Transmission and execution of requests for service*

1. Central Authority

(Article 2 and Article 18, paragraph 3)

comment: To save time, requests should be forwarded directly to the Central Authority of the province or territory concerned. They may, however, also be forwarded to the Federal Central Authority which will transmit them to the relevant Central Authority.

| *Province/ Territory* | *Name* | *Address* | *Telephone/fax:* |
|---|---|---|---|
| Alberta | Sheriff of Alberta (Civil Enforcement) | Main Floor Law Court Building North 1A Sir Winston Churchill Square Edmonton, Alberta Canada T5J 0R2 | T (780) 422-2481 F (780) 422-3011 |
| British Columbia | Ministry of the Attorney General for British Columbia Order in Counsel Administration Office | Room 208A Parliament Building 553 Superior Street Victoria, British Columbia Canada V8V IX4 | T (250) 387-0725 F (250) 387-4349 |
| Manitoba | Attorney-General of Manitoba a/s "Director - Civil Legal Services" | Woodsworth Building 7th Floor 405 Broadway Winnipeg, Manitoba Canada, R3C 3L6 | T (204) 945-2832 F (204) 948-2041 |
| New Brunswick | Attorney-General of New Brunswick care of Director of Legal Services | P.O. Box 6000 670 King Street Centennial Building Fredericton, New Brunswick Canada, E3B 5H1 | T (506) 453-2222 F (506) 453-3275 |

| | | | |
|---|---|---|---|
| Newfoundland | Department of Justice | P.O. Box 8700 4' floor, East Block Confederation Building St. John's Newfoundland Canada A1B 4J6 | T (709) 729-5942 F (709) 729-2129 |
| Nova Scotia | Attorney General of Nova Scotia Legal Services Division | 5151 Terminal Road 4th floor P.O. Box 7 Halifax, Nova Scotia Canada B3J 2L6 | T (902) 424-4024 F (902) 424-1730 |
| Ontario | Ministry of the Attorney General | Courts Administration Ontario Court (Provincial Division) Court House 393 Main Street Haileybury, Ontario Canada P0J 1K0 | T (705) 672-3395 |
| Prince Edward Island | Attorney General of Prince Edward Island Office of the Deputy Minister | P.O. Box 2000 Charlottetown, Prince Edward Island Canada C1A 7N8 | T (902) 368-4594 F (902) 368-4563 |
| Quebec | Minister of Justice of Quebec Att. Law Services | 1200 route de l'Eglise 2nd floor Ste-Foy, Quebec Canada G1V 4M1 | T (418) 643-1436 F (418) 646-1696 |
| Saskatchewan | Minister of Justice for Saskatchewan Att. of Director of Sheriff Services | Court House 2425 Victoria Avenue Regina, Saskatchewan Canada F4P 3V7 | T (306) 787-0472 F (306) 780-6990 |
| Yukon | Director of Court Services | Department of Justice Box 2703 Whitehorse, Yukon Canada Y1A 2C6 | T (867) 667-5942 F (867) 393-6212 |
| Northwest Territories | Deputy Minister of Justice Government of the Northwest Territories | P.O. Box 1320 Yellowknife, Northwest Territories Canada X1A 2L9 | T (867) 920-6197 F (867) 873-0307 |
| Nunavut | Clerk of the Nunavut Court of Justice Court Services Division | Box 297 Iqaluit, Nunavut Canada X0A 0H0 | T (867) 975-6100 F (867) 975-6150 |
| Federal | United Nations Criminal and Treaty Law Division | 125 Sussex Drive Ottawa, Ontario Canada K1A 0G2 | T (613) 995-1050 F (613) 992-2467 e-mail: JLA.extott@ extott07.x400.gc.ca |

Payment of Service Costs
The payment of Service Costs should be made to:*
*List as per 28 September 2000

| | |
|---|---|
| Alberta | Provincial Treasurer of Alberta |
| British Columbia | Minister of Finance of British Columbia |
| Prince Edward Island | Provincial Treasurer of Prince Edward Island |
| Manitoba | Minister of Finance of Manitoba |
| New Brunswick | Minister of Finance of New Brunswick |
| Nova Scotia | Minister of Finance of Nova Scotia |
| Ontario | Treasurer of Ontario |
| Quebec | "Ministre des Finances du Québec" |
| Saskatchewan | Department of Justice of Saskatchewan—Sheriff Services |
| Newfoundland | Newfoundland Exchequer Account |
| Yukon | Territorial Treasurer of the Government of Yukon |
| Northwest Territories | Government of the Northwest Territories |
| Nunavut | Government of Nunavut |

2. Methods of service employed by the Central Authority (Article 5)
2.1 Formal service (Article 5, paragraph 1, sub-paragraph a)
In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.
The normal procedure that will be used by central authorities in Canada is personal service made by a sheriff or deputy sheriff or a *huissier* in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business.
Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.
Where service is made on a corporation, provincial laws usually provide for service on a director or senior officer of the corporation or, in some cases, on a registered agent or on a responsible person at the registered office of the corporation.
2.2 Informal delivery (Article 5, paragraph 2)
The practice of informal delivery ("par simple remise") of judicial or extra-judicial documents is not known in Canada.
2.3 Service by a particular method (Article 5, paragraph 1, sub-paragraph b)
In Alberta, New Brunswick and Ontario, service will be made by certified mail at the option of the requesting party. In Ontario, the Central Authority will serve by any form of mail, at the option of the requesting party.
2.4 Translation requirements (Article 5, paragraph 3)
For both Formal service and Service by a particular method, translation requirements will depend on the province or territory concerned.
For Alberta, British Columbia, Newfoundland, Nova Scotia, Prince Edward Island, Saskatchewan, all documents must be written in or translated into English.
For Ontario, Manitoba, and the Northwest Territories, all documents must be written in or translated into English or French.
For New Brunswick and the Yukon, all documents must be written in or translated into English or French. The Central Authority of New Brunswick or the Yukon may reserve the right to require documents to be translated into English or French depending on the language understood by the addressee.
For Quebec, translation will be required in all cases where the recipient does not understand the language in which the document is written. All documents which commence actions must be translated. Summary translation of all other documents is acceptable if the recipient agrees. Translation is to be done into the French language; however, the Quebec central authority may, upon request, allow a translation in English at the condition that the recipient understands this language.
Costs (Article 12, paragraph 2, sub-paragraph a)
Costs for execution of service will be of $50.-Can.
3. Authority competent to complete the certificate of service (Article 6)
In addition to the Central Authorities, the sheriffs, deputy-sheriffs, sub-sheriffs, clerk of the court or his/her deputy for the judicial district (except in Manitoba where there are no judicial districts) in which the person is to be served or the *huissiers* (only in Quebec) are competent to complete the certificate of service.

B. *Forwarding of requests for service to the Central Authority of another Contracting State*
Forwarding Authorities (Article 3)
Requests for service to Central Authorities of other States may be transmitted by:
— The Attorney General for Canada
— The Attorneys General or the Ministry of Attorney General or Minister of Justice of a province or a territory—as the case may be.
— Clerks of the courts and their deputies for a judicial or a court district
— The members of the law societies of all provinces and territories
— The member of the Board of Notaries of the Province of Quebec (for non-litigious matters only).
— Local registrars
— The huissiers and sheriffs
— The prothonotaries and deputy prothonotaries
— The "Percepteur des pensions alimentaires" in Québec

## CANADA

I *Transmission through consular or diplomatic channels (Articles 8 and 9)*
A Acceptance
On accession, Canada has not declared that it objects to service by consular or diplomatic channels on its territory.
Receiving authority (Article 9, paragraph 1)
The Central Authorities in Canada designated in accordance with Articles 2 and 18 of the *Convention* are competent to receive requests for service transmitted by a foreign consul within Canada.
B Forwarding to the Contracting States
Canada does not object to service by consular channels of Canadian documents abroad providing that the recipient accepts this method of service.
II *Transmission through postal channels (Article 10, sub-paragraph a)*
A Acceptance
Canada does not object to service by postal channels.
B Forwarding to other contracting States
Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.
III *Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs b) and c))*
On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs b) and c).
IV *Other direct channels (Article 11); special agreements (Articles 24 and 25)*
Canada is party to bilateral conventions on civil procedure with the following States:

| | |
|---|---|
| Austria | Canada Treaty Series, 1935, n° 16 |
| Belgium | Canada Treaty Series, 1928, n° 16 |
| Czechoslovakia | Canada Treaty Series, 1928, n° 17 |
| Denmark | Canada Treaty Series, 1936, n° 4 |
| Finland | Canada Treaty Series, 1936, n° 5 |
| France | Canada Treaty Series, 1928, n° 15 |
| Germany | Canada Treaty Series, 1935, n° 11 |
| Greece | Canada Treaty Series, 1938, n° 11 |
| Hungary | Canada Treaty Series, 1939, n° 6 |
| Iraq | Canada Treaty Series, 1938, n° 12 |
| Italy | Canada Treaty Series, 1938, n° 14 |
| Netherlands | Canada Treaty Series, 1936, n° 2 |

| | |
|---|---|
| Norway | Canada Treaty Series, 1935, n° 15 |
| Poland | Canada Treaty Series, 1935, n° 18 |
| Portugal | Canada Treaty Series, 1935, n° 17 |
| Spain | Canada Treaty Series, 1935, n° 12 |
| Sweden | Canada Treaty Series, 1935, n° 13 |
| Turkey | Canada Treaty Series, 1935, n° 19 |
| Yugoslavia | Canada Treaty Series, 1939, n° 4 |

## CANADA

## GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 1 or 16, paragraph 3.

1. *Stays of entry* (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

2. *Relief from expiration of the period of time for appeal* (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter.

[5a] The People's Republic of China deposited its instrument of accession with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on May 6, 1991, in accordance with Article 28, paragraph 1, of the Convention.

The instrument of accession contains the following declarations:

"*1. to designate according to Article 2 and Article 9 of the Convention the Ministry of Justice of the People's Republic of China as the Central Authority and the authority competent to receive documents transmitted by foreign States through consular channels.*

*The communication address is:*

*Bureau of International Judicial Assistance*
*Ministry of Justice*
*10, Chaoyangmen Nandajie*
*Chaoyang District*
*Beijing*
*P.C. 100020*
*People's Republic of China*

*2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.*

*3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.*

*4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.*

*5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment.*"

By Note dated 4 March 1998, the Embassy of the People's Republic of China in The Hague informed the Permanent Bureau of the following declarations:

"1. The Ministry of Justice of the People's Republic of China is the sole Central Authority designated by the People's Republic of China in accordance with Article 2 of the Convention.

2. Under Article 18 of the Convention, the People's Republic of China designates the Chief Secretary for Administration of the Hong Kong Special Administrative Region Government as the "other authority", the address of which is the following:

Chief Secretary for Administration
Hong Kong Special Administrative Region Government
12/F, West Wing, Central Government Office
11 Lee House Street, Central, Hong Kong

3. Under Article 6 and Article 9 of the Convention, the People's Republic of China designates the Registrar of the High Court of the Hong Kong Special Administrative Region as the authority for treatment of issues referred to in the said articles. The address of this Registrar of the High Court is the following:

Registrar
High Court
Hong Kong Special Administrative Region
38 Queensway, Hong Kong."

**CHINA, Hong Kong Special Administrative Region Only**

By notification dated June 10, 1997, to the Ministry of Foreign Affairs of the Kingdom of The Netherlands, the People's Republic of China communicated the following information concerning Hong Kong:

*THE EMBASSY OF THE PEOPLE'S REPUBLIC OF CHINA*
*IN THE KINGDOM OF THE NETHERLANDS*

*No. He Wai Fa(97)-52* *(Translation)*

*The Hague, June 10, 1997*

*Your Excellency,*

*In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.*

*In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:*

*The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depository, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997. The Government of the People's Republic of China also makes the following declarations:*

*1. In accordance with Paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in Paragraph 1 of this Article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the state in which the document originates.*

*2. In accordance with Article 18 of the Convention, it designates the Administrative Secretary of the Government of the Hong Kong Special Administrative Region as the Other Authority in the Hong Kong Special Administrative Region.*

*3. It designates the Registrar of the High Court of the Hong Kong Special Administrative Region as the authority for the purpose of Article 6 and 9 of the Convention.*

*4. With reference to the provisions of Sub-paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or Other Authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.*

*The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.*

*It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention.*

*I avail myself of this opportunity to renew to Your Excellency the assurance of my highest consideration.*

The States which ratified the Convention were notified of the accession by the Dutch Government on 17 May 1991. Since none of these States raised an objection to the accession within the period of six months specified in Article 28, paragraph 2, the said accession became perfect on 1 December 1991.

The provisions of the Convention entered into force for the People's Republic of China on 1 January 1992 in accordance with Article 28, paragraph 3.

**CHINA, Macau Special Administrative Region Only**

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macau, I have the honour to inform Your Excellency of the following: In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macau, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macau until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macau, with effect from 20 December 1999. From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macau. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 10 December 1999 of the following:

*Translation*

"In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macau signed on 13 April 1987, the Government of the People's Republic of China will resume the exercise of sovereignty over Macau with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:

The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macau Special Administrative Region with effect from 20 December 1999. The Government of the People's Republic of China also wishes to make the following declaration:

1. In accordance with Articles 6 and 9 of the Convention, it designates the Procurate, the Primary Courts, the Intermediate Courts and the Court of Final Appeal of the Macau Special Administrative Region as the Central Authorities in the Macau Special Administrative Region.
2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the first paragraph of that article may be used within the Macau Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.
3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulfilled, the judge of the Macau Special Administrative Region, notwithstanding the provisions of the first paragraph of that article, may give judgment even if no certificate of service or delivery has been received.
4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macau Special Administrative Region, the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment. The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macau Special Administrative Region. (....)".

The Embassy of the People's Republic of China at The Hague informed the Minister for Foreign Affairs of the Netherlands by letter of 1 November 2000 of an amendment of

## CHINA, HONG KONG (Special Administrative Region Only)

*Ratification*: July 19, 1970
*Continuation*: June 16, 1997
*Declarations of*: June 11, 1997 (United Kingdom of Great Britain and Northern Ireland)
June 10, 1997 (People's Republic of China)

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,

I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.

I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.

I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention.

( . . . )"

(signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

*Translation*

"Your Excellency,

In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.

In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997. The Government of the People's Republic of China also makes the following declarations:

1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

2. In accordance with Article 18 of the Convention, it designates the Administrative Secretary of the Government of the Hong Kong Special Administrative Region as the other authority in the Hong Kong Special Administrative Region.

3. It designates the Registrar of the High Court of the Hong Kong Special Administrative Region as the authority for the purpose of Articles 6 and 9 of the Convention.

4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through

official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention."

The Chief Secretary of Hong Kong
Central Government Offices
Lower Albert Road
Hong Kong, tel: 011-852-8102954