LEXSEE 2006 US DIST LEXIS 21757

**STEVEN CLARKE, Plaintiff, v. MICHAEL BLAIS, et al., Defendants.**

**Civil No. 05-177-P-H**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE**

***2006 U.S. Dist. LEXIS 21757***

**April 19, 2006, Decided**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at, Summary judgment proceeding at *Clarke v. Blais, 2006 U.S. Dist. LEXIS 89941 (D. Me., Dec. 12, 2006)*

**PRIOR HISTORY:** *Clarke v. Blais, 2006 U.S. Dist. LEXIS 18264 (D. Me., Mar. 28, 2006)*

**COUNSEL: [*1]** For STEVEN CLARKE, Plaintiff, Pro se, WARREN, ME.

For JONATHAN COGGLESHELL, Defaulted Party: DANIEL RAPAPORT, SIGMUND D. SCHUTZ, PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLP, PORTLAND, ME.

For MICHAEL BLAIS, REBECCA GRACY, MIKE STONE, MICHAEL MANK, KATHY CARVER, TODD BUTLER, DANIEL DAVEY, RICHARD ROBBINS, Defendants: MICHAEL J. SCHMIDT, WHEELER & AREY, P.A., WATERVILLE, ME.

**JUDGES:** Margaret J. Kravchuk, United States Magistrate Judge.

**OPINION BY:** Margaret J. Kravchuk

**OPINION:**

**RECOMMENDED DECISION ON MOTION TO SET ASIDE DEFAULT**

This is a *pro se Section 1983* action against a variety of defendants related to the plaintiff's incarceration in the Knox County Jail. The claim against Jonathan "Coggleshell," a physician's assistant, relates to alleged inadequate medical attention to, and treatment of, the plaintiff. Coggeshall n1 has now moved to set aside the default entered against him. (Docket No. 39.) There is no dispute but that Coggeshall was properly served on February 13, 2006, and that the plaintiff timely moved for entry of default and default judgment on March 14, 2006, based on Coggeshall's failure to answer. I granted the entry of default (a ministerial act that might **[*2]** have been entered by the clerk), but declined to make any recommendation on the entry of default judgment in light of the ongoing discovery involving other defendants in the case. (See Docket No. 37.) On March 20, 2006, Coggeshall, through his counsel, filed this motion to set aside the default. I now recommend n2 the court grant Coggeshall's motion.

n1 Defendant Coggeshall notes that his name is misspelled in plaintiff's original amended complaint.

n2 The First Circuit Court of Appeals has considered, but not definitely resolved, the question of whether the review of a magistrate judge's determination on a motion to set aside a default (as opposed to default judgment) should be reviewed under the clear error standard applicable to a non-dispositive motion or the de novo standard applicable to a dispositive motion. See *Conetta v. Nat'l Hair Care Centers, Inc., 236 F.3d 67, 74 (1st Cir. 2001)* ("The Magistrates Act does not set up a new and independent court system, rigidly separated from the district court; rather, the statute enlarges powers previously exercised by magistrates and commissioners to assist district judges in their duties."). Many

courts take the pragmatic approach of examining the outcome of the magistrate judge's ruling to determine the standard of review the district judge wishes to employ. In *Gomez v. Martin Marietta Corporation, 50 F.3d 1511 (10th Cir. 1995)*, the Tenth Circuit Court of Appeals court rejected the argument that because the plaintiff sought default judgment as a sanction the district court judge was obligated to review the magistrate judge's order denying that sanction under a de novo review standard. *Id. at 1519*.

> [The plaintiff] contends that review of the magistrate's ruling was therefore governed by *Rule 72(b) of the Federal Rules of Civil Procedure*, which applies to dispositive matters and requires the district court to make a de novo review upon the record, rather than by *Rule 72(a)*, which governs nondispositive matters and requires the clearly erroneous or contrary to law' standard employed by the district court here. However, " the penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority."

Id. (quoting 7 James W. Moore et al., Moore's Federal Practice, P 72.04[2.-4], at 72-66 (2d ed. 1994)). If that logic is applied in this case, the district judge would be free to review this recommendation under the clearly erroneous standard, as the end result herein is clearly not case dispositive. In any event the plaintiff is on notice that his recourse is an appeal to the district judge if he is unsatisfied with this ruling.

**[*3]**

**Rule55(c) Standard**

Pursuant to *Rule 55(c)*: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Once default has been entered, "it is incumbent upon the plaintiff to make clear the amount of damages to which it is entitled and to make a motion for default judgment. At that point, the Court can enter default judgment against a dilatory defendant." *Kingvision Pay-Per-View Ltd. v. Niles, 150 F. Supp. 2d 188, 190 (D. Me. 2001)* (citing *Fed. R. Civ. P. 55(b)*). Meanwhile, prior to the entry of default judgment, the defendant may petition the court to set aside an entry of default "for good cause shown." *Fed. R. Civ. P. 55(c)*. In *McKinnon v. Kwong Wah Restaurant, 83 F.3d 498 (1st Cir. 1996)* the Court of Appeals identified seven factors for consideration:

(1) Whether the default was willful;

(2) Whether setting it aside would prejudice the adversary;

(3) Whether a meritorious defense is presented;

(4) The nature of defendant's explanation for the default;

(5) **[*4]** The good faith of the parties;

(6) The amount of money involved; and

(7) The timing of the motion.

*Id. at 503*. The good cause standard has been described as a "mutable standard," varying with the situation, but "not so elastic as to be devoid of substance." *Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)*. The good cause standard of *Rule 55(c)*, by the very language of the rule, is not the same standard as the *Rule 60(b)* standard that applies if default judgment has already been entered. *Kingvision Pay-Per-View, 150 F. Supp. 2d at 190* ("Default and default judgment are two different things.").

**Discussion**

The basic facts regarding the entry of default in this case are apparent from the docket. Coggeshall was first named as a defendant in the amended complaint filed on January 23, 2006. (Docket No. 20.). The "county defendants" filed their answer to the amended complaint on February 7, 2006. The following day I issued an order to the U.S. Marshal to make service upon Coggeshall separately because it was apparent that counsel for the other defendants did not represent Coggeshall and I did not want to delay discovery in this **[*5]** case while awaiting service upon Coggeshall. (Docket No. 23.) Coggeshall was thereafter promptly served on February

13, 2006.

The record reflects that on February 17, 2006, Coggeshall forwarded a copy of the amended complaint to his insurance agent who received the same on February 21, 2006. (Docket No. 45, Ex. 1.) Sometime prior to March 3, 2006, the complaint was forwarded by the agent to the carrier. (Id., Ex. 2). According the Coggeshall's counsel, their office received a request to defend the action on March 16, 2006, and became aware that default had entered on March 20, 2006, the same date this motion to set aside the entry of default was filed. Clarke has responded to the motion to set aside the default, primarily taking issue with Coggeshall's claim to a meritorious defense. Clarke also continues to be of the opinion that because Michael Schmidt, the attorney for the various other defendants, was on notice that Clarke intended to sue Coggeshall as well as the county employees, somehow the time during which Schmidt had that knowledge should be held against Coggeshall.

Applying the *Kwong Wah Restaurant* factors to this case, it is apparent that the default must be set **[*6]** aside. Of particular import is the timing of the motion and the complete lack of prejudice to the plaintiff. Coggeshall's counsel filed this motion promptly, little time was lost by the delay and certainly the court had taken no steps toward the entry of judgment on the default. Furthermore, one of the discovery problems in this case has been the current defendants' alleged failure to produce certain medical information that they say might be in Coggeshall's possession. Thus, having Coggeshall as an active defendant could actually assist plaintiff in obtaining the discovery he seeks, and certainly will not prejudice him in any fashion given the relatively early stage of the litigation. Finally, turning to the issue of the meritorious nature of Coggeshall's defense, contrary to Clarke's view, I cannot decide the full merits of that defense in this preliminary motion. Suffice it to say that the primary issues Coggeshall raises, including the difficulty of meeting the "deliberate indifference" *Eighth Amendment constitution*al standard in a medical case of this nature and the potential existence of immunity defenses in regard to state law tort claims, are not frivolous issues. The "meritorious **[*7]** defense" component of the good cause test does not go so far as to require the movant to demonstrate a likelihood of success on the merits, but rather Coggeshall is required to plausibly suggest the existence of facts that, if established, would create a legally cognizable defense. *Coon, 867 F.2d at 77*. He has met that burden.

In this case there is no suggestion that either party has acted in other than good faith. Coggeshall's conduct upon receipt of the complaint was prompt and appropriate. Although he, of course, cannot escape responsibility because his insurer or his counsel was less than diligent, the dates and timing here suggest nothing other than run-of-the-mill, garden-variety "slow responses" from busy insurance offices and law firms. The court's schedule and ongoing discovery need not be impacted by the slight delay on defendant Coggeshall's part. The case is destined to continue in any event because other defendants are involved. These factors all point in favor of allowing the motion.

**Conclusion**

Based upon the foregoing I **RECOMMEND** the court **GRANT** the motion to set aside the entry of default.

NOTICE

A party may file objections **[*8]** to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to *28 U.S.C. § 636(b)(1)(B)* for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk

U.S. Magistrate Judge

Dated April 19, 2006