LEXSEE 2006 US DIST LEXIS 22690

**ELMET TECHNOLOGIES, INC., Plaintiff v. ADVANCED TECHNOLOGIES SYSTEMS, INC., et al., Defendants**

**Docket No. 05-200-P-S**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE**

**2006 U.S. Dist. LEXIS 22690**

**April 24, 2006, Decided**

**SUBSEQUENT HISTORY:** Affirmed by, Motion granted by Elmet Techs., Inc. v. Advanced Techs. Sys., 2006 U.S. Dist. LEXIS 30111 (D. Me., May 12, 2006)

**PRIOR HISTORY:** Elmet Techs., Inc. v. Advanced Techs. Sys., 2006 U.S. Dist. LEXIS 21875 (D. Me., Apr. 11, 2006)

**COUNSEL:** [*1] For ELMET TECHNOLOGIES INC, Plaintiff: RANDALL B. WEILL, STEPHEN DOUGLAS WILSON, PRETI, FLAHERTY, BELIVEAU PACHIOS & HALEY, LLP, PORTLAND, ME.

For ALEXANDER J GEMMA, Defaulted Party: GLENN ISRAEL, BERNSTEIN, SHUR, PORTLAND, ME.

**JUDGES:** David M. Cohen, United States Magistrate Judge.

**OPINION BY:** David M. Cohen

**OPINION:**

***RECOMMENDED DECISION ON MOTION OF DEFENDANT ALEXANDER J. GEMMA TO SET ASIDE DEFAULT AND MEMORANDUM DECISION ON MOTION FOR LEAVE TO FILE LATE ANSWER***

Defendant Alexander J. Gemma moves to set aside the default entered against him in this action on December 28, 2005 (Docket No. 17) and for leave to file a late answer. Defendant Alexander J. Gemma's Motion to Set Aside Default and Request for Leave to Answer ("Motion") (Docket No. 38). I recommend that the court grant the motion. n1 If the motion is granted, I grant Gemma's request for leave to file a late answer. n2

n1 The First Circuit has observed that "it is not clear whether [a] Rule 55(c) motion to vacate [a] default could be regarded as a [non-dispositive] pretrial' motion" of the sort that a United States Magistrate Judge may decide, rather than tendering a recommended decision to an Article III judge. *Conetta v. National Hair Care Ctrs., Inc.*, 236 F.3d 67, 74 (1st Cir. 2001). In an abundance of caution, I therefore issue a recommended decision on the defendant's motion.

[*2]

n2 Gemma did not file his proposed answer with his motion to set aside the default, as would have been the better practice. If the default is set aside, Gemma will have three business days from the date of the order setting aside the default in which to file his answer.

**I. Applicable Legal Standard**

Gemma's motion implicates Fed. R. Civ. P. 55(c), pursuant to which "for good cause shown the court may set aside an entry of default[.]" This court has observed: "Unlike the more stringent standard of excusable neglect' applied to a motion for relief from *final* judgments pursuant to Federal Rule of Civil Procedure 60(b), the good cause' criterion applied to motions to set aside entries of default is more liberal, setting forth a lower threshold for relief." *Snyder v. Talbot*, 836 F. Supp. 26, 28 (D. Me. 1993) (citations omitted) (emphasis in original). "This lower threshold is justified by the fact

that an entry of default is a clerical act, and not a final judgment issued by the Court. [*3] It is also in keeping with the philosophy that, if at all possible, actions should be decided on their merits." *Id.* at 28-29 (citations omitted).

The First Circuit has identified several factors relevant to a determination whether such a motion should be granted: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary[;] (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1996).

At bottom, a district court should grant a motion to set aside an entry of default "upon a showing of reasonable justification, while resolving all doubts in favor of the party seeking relief from the entry of default." *Snyder*, 836 F. Supp. at 29 (citation and internal quotation marks omitted).

## II. Background

The plaintiff filed the instant complaint on October 21, 2005, making service on Gemma November 5,2005. Docket Nos. 1 & 5. Gemma's answer was due on November 25, 2005. Docket Entry dated [*4] November 10, 2005. Gemma forwarded the summons and complaint to the insurance company that provided coverage for defendant Advanced Technologies Systems, Inc. ("ATS"), of which he is the president. Affidavit of Alexander J. Gemma ("Gemma Aff.") (Attachment 1 to Motion) PP 4, 13. A representative of the St. Paul Fire and Marine Insurance Company, apparently the insurer in question, contacted counsel for the plaintiff on November 17, 2005 to request an extension of time to answer or otherwise respond on behalf of ATS. Affidavit of Randall B. Weill ("Weill Aff.") (Attachment 1 to Plaintiff's Opposition to Defendant Gemma's Motion to Set Aside Default, etc. ("Opposition") (Docket No. 44)) P 3. Counsel for the plaintiff agreed to extend the deadline for answering the complaint to December 15, 2005 and informed the insurer that permission to extend the deadline must be sought from the court. *Id.* PP 3-4. By letter dated December 1, 2005 counsel for the plaintiff forwarded to the insurer a copy of a notice from this court setting December 28, 2005 as the deadline for filing a motion for default against defendants Gemma and ATS. *Id.* P 5.

Counsel for the plaintiff heard nothing further [*5] from the insurer and on December 28, 2005 filed a motion for entry of default against Gemma and ATS. *Id.* PP 6-7. Gemma was served with a copy of this motion by mail. *Id.* P 7. Default was entered as to Gemma and ATS on December 28, 2005. Docket No. 17. The plaintiff filed a motion for default judgment as to these defendants on March 13, 2006. Docket No. 33. A copy of this motion was sent to Gemma. Weill Aff. P 8. On or about March 24, 2006, Gemma was notified by the insurer that it would not be providing a defense for him or for ATS. Gemma Aff. P 6. Gemma contacted his insurance agent, who informed him that the insurer would not assist him and that he should take steps to defend himself. *Id.* PP 7-8. Gemma retained Maine counsel on April 3,2006. *Id.* P 9. The instant motion was filed on that day. Docket No. 38.

## III. Discussion

The plaintiff contends that Gemma has failed to show that his default was not willful or that he has a meritorious defense. Opposition at 4-8. It also discusses what it characterizes as "justification for setting aside the default." Opposition at 2-4. This appears to be a response to Gemma's brief argument entitled "Justification for the [*6] Default," which he states "satisfie]s] the willfulness, good faith and explanation factors" of the *Kwong Wah* test. Motion at 3. The plaintiff does not challenge Gemma's motion with respect to the other three *Kwong Wah* factors. It asserts that it has only requested the entry of default judgment against Gemma on its claim for interference with advantageous business relations. Opposition at 6 n.1. That claim, Count XIII in the complaint, is the only count that mentions Gemma specifically, although several other counts seek damages from "Defendants," a term that would ordinarily be construed to denote all of the four named defendants. Complaint (Docket No. 1) Counts X-XIII & P 94. However, the court will take the plaintiff at its word and consider only Count XIII with respect to Gemma.

Gemma's argument with respect to the first, fourth and fifth *Kwong Wah* factors is that he held a good faith belief that ATS's insurer was providing him with a defense until he was informed by the insurer to the contrary, at which time he "immediately retained counsel and that counsel immediately filed this Motion. . . ." Motion at 3. The contention that Gemma retained such a good faith [*7] belief after receiving a copy of the

plaintiff's December 28, 2005 motion for entry of default against him strains credulity. Gemma was also provided with a copy of the plaintiff's March 13, 2006 motion for the entry of judgment against him, yet still did nothing until he was notified by the insurer on March 24, 2006 that it would not be providing him with a defense. Ten days later, he finally retained counsel, who filed the instant motion the same day. This conduct may not have been "willful" in the sense that it was tantamount to a deliberate default, *see, e.g.*, *Conetta*, 236 F.3d at 75; *Lucerne Farms v. Baling Techs., Inc.*, 208 F.R.D. 463, 466 (D. Me. 2002), and it may suggest carelessness rather than lack of good faith, *Lucerne Farms*, 208 F.R.D. at 466, but it is not an acceptable explanation for the delay. Like the defendant in *Reynolds v. Bar Harbor Whale Watch Co.*, 2001 U.S. Dist. LEXIS 23512, 2001 WL 26205 (D. Me. Jan. 9, 2001), Gemma and ATS's insurer are both "inured to the commercial world" and "either, or both, should have been alert to deadlines set in official legal documents." n3 2001 U.S. Dist. LEXIS 23512, [WL] at *2. Further, "there were no circumstances [*8] preventing Defendant from taking action until after the entry of default." *Id.* This conduct may well amount to willfulness, *see id.*, and it is certainly an unpersuasive explanation, 2001 U.S. Dist. LEXIS 23512, [WL] at *3-*4.

> n3 *See also McGarey v. York County*, 233 F.R.D. 220, 224 (D. Me. 2006) ("While he may have had reason to believe that [the complaint] would be handled for him, Defendant . . . was not free to rest upon his belief that others would fulfill his legal obligations for him. A reasonably prudent person would have taken further action to determine if those obligations had been met.").

The fifth *Kwong Wah* factor thus weighs against Gemma and the first and fourth factors are at best neutral elements in the evaluation of his motion. Because the conduct was not egregious, good cause to set aside the default may still exist. *McGarey*, 233 F.R.D. at 224.

With respect to the remaining *Kwong Wah* element in dispute, the existence of a meritorious defense, the plaintiff contends [*9] that "Gemma makes no assertions that, if proved at trial, would constitute a meritorious defense." Opposition at 6. In support of this observation it cites authority to the effect that "an officer of a corporation may be held liable to third parties for tortious conduct he commits on behalf of the corporation" and "active participation in the tortious conduct is sufficient to establish personal jurisdiction over that officer. . . ." *Id.*

Gemma contends that the factual allegations in the complaint demonstrate that the plaintiff's "claims should properly be asserted only against the corporate entity," ATS, and that Gemma, "acting solely in his capacity as President of ATS, is fully insulated from personal liability for the alleged wrongdoing of ATS." Motion at 3. He correctly points out, Defendant Alexander J. Gemma's Reply Brief, etc. (Docket No. 45), at 3, that the claim for tortious interference asserted in the complaint is asserted against him but not against ATS, Complaint PP 92-95. Thus, his personal liability for tortious acts of ATS cannot reasonably be deemed to be an issue in this case. Gemma also asserts that the plaintiff "has not demonstrated that this Court has [*10] personal jurisdiction over Mr. Gemma," who lives in Rhode Island and undertook any conduct alleged in the complaint as an agent of ATS. Motion at 4. The plaintiff responds that "active participation in the tortious conduct is sufficient to establish personal jurisdiction" over an officer of a corporate defendant, Opposition at 6, but that assertion merely demonstrates that Gemma may have a meritorious defense-because he denies any such conduct -- which is all that is required. Under the third element of the test adopted in *Kwong Wah*, "a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Lucerne Farms*, 208 F.R.D. at 466 (quoting *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1991)). Gemma has done this, albeit minimally. This factor favors his position.

The lack of any suggestion of prejudice to the plaintiff, the second *Kwong Wah* factor, and the amount of money involved, n4 the sixth factor, favor Gemma's position. The final factor, the timing involved, does not favor Gemma. The instant motion was filed more than four months after Gemma's answer was due. It was [*11] filed more than three months after he was notified that the plaintiff had requested the entry of default against him and three weeks after the plaintiff's motion for default judgment was filed. *See generally Reynolds*, 2001 U.S. Dist. LEXIS 23512, 2001 WL 26205 at *4.

n4 In its motion for the entry of a default judgment, the plaintiff seeks judgment against Gemma in the amount of $ 487,247.00. Plaintiff's Motion for Default Judgment (Docket No. 33) at 20.

On balance, because "it is a basic tenet of federal civil procedure that actions should ordinarily be resolved on their merits" and "especially when the motion to set aside default arises early in the case, the Court must resolve doubts in favor of a party seeking relief from the entry of default," *Lucerne Farms*, 208 F.R.D. at 465, I conclude that Gemma's motion should be granted.

Accordingly, I recommend that the motion of defendant Gemma to set aside the default as to him be **GRANTED**; that, if the court adopts my recommendation, Gemma be ordered to file an answer within three business days [*12] of the date of the order adopting the recommendation; and that the plaintiff's motion for default judgment be declared moot as to Gemma.

***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 24th day of April, 2006.

/s/ David M. Cohen

United States Magistrate Judge