LEXSEE 2006 US DIST LEXIS 31911

**GREAT WORKS PROPERTIES, INC., Plaintiff v. PERMA ROOFING, INC., et al., Defendants**

**Docket No. 06-72-P-C**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE**

**2006 U.S. Dist. LEXIS 31911**

**May 16, 2006, Decided**

**COUNSEL:** [*1] For GREAT WORKS PROPERTIES INC, Plaintiff: JONATHAN W. BROGAN, LANCE E. WALKER, NORMAN, HANSON & DETROY, PORTLAND, ME.

For PERMA ROOFING INC, WILLIAM CHASE, Defendants: THOMAS R. MCKEON, RICHARDSON, WHITMAN, LARGE & BADGER, PORTLAND, ME.

For DURO-LAST ROOFING INC, Defendant: DANIEL R. MAWHINNEY, THOMPSON & BOWIE, PORTLAND, ME; GEOFFREY G. SCOTT, WILLIAM J. EWALD, BRAUN KENDRICK FINKBEINER P.L.C, SAGINAWMI, MI.

**JUDGES:** David M. Cohen, United States Magistrate Judge.

**OPINION BY:** David M. Cohen

**OPINION:**

***RECOMMENDED DECISION ON MOTION TO SET ASIDE DEFAULT AND CONDITIONAL MEMORANDUM DECISION ON MOTION FOR LEA VE TO FILE LATE ANSWER***

Defendants Perma Roofing, Inc. and William Chase move to set aside the default entered against them by the Maine Superior Court (York County) after this action was removed to this court by defendant Duro-Last Roofing, Inc., but before the state court was notified of the removal. Docket No. 1 (notice of removal filed 4/7/06); Docket Record, *Great Works Properties, Inc. v. Perma Roofing, Inc., et al.*, Docket No. ALFSC-CV-2006-00073, Maine Superior Court (York County) (Attachment 1 to Affidavit of Daniel R. Mawhinney (Docket No. 17)) ("State Docket"), at [*2] 2 (default entered 4/10/06) & 3 (entry dated 4/25/06: "removal to federal court entered on 4/13/06"). Under these circumstances, it is appropriate for this court to address the motion to set aside the default. *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975) (state court retains jurisdiction of case until copy of removal petition filed with it; once a removal petition has been filed and proper notice has been given adverse parties and state court, district court has exclusive jurisdiction over case). I recommend that the court grant the motion. n1 If the motion is granted, I grant the motion for leave to file a late answer (Docket No. 8).

n1 The First Circuit has observed that "it is not clear whether [a] Rule 55(c) motion to vacate [a] default could be regarded as a [non-dispositive] 'pretrial "motion" of the sort that a United States Magistrate Judge may decide, rather than tendering a recommended decision to an Article III judge. *Conetta v. National Hair Care Ctrs., Inc.*, 236 F.3d 67, 74 (1st Cir. 2001). In an abundance of caution, I therefore issue a recommended decision on the defendant's motion.

[*3]

**I. Applicable Legal Standard**

The defendants' motion implicates Fed. R. Civ. P. 55(c), pursuant to which "for good cause shown the court may set aside an entry of default." This court has observed: "Unlike the more stringent standard of

'excusable neglect' applied to a motion for relief *from final* judgments pursuant to Federal Rule of Civil Procedure 60(b), the 'good cause' criterion applied to motions to set aside entries of default is more liberal, setting forth a lower threshold for relief." *Snyder v. Talbot*, 836 F. Supp. 26, 28 (D. Me. 1993) (citations omitted) (emphasis in original). "This lower threshold is justified by the fact that an entry of default is a clerical act, and not a final judgment issued by the Court. It is also in keeping with the philosophy that, if at all possible, actions should be decided on their merits." *Id.* at 28-29 (citations omitted).

The First Circuit has identified several factors relevant to a determination whether such a motion should be granted: "(1) whether the default was willful; (2) whether setting it aside would prejudice [*4] the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1996).

At bottom, a district court should grant a motion to set aside an entry of default "upon a showing of reasonable justification, while resolving all doubts in favor of the party seeking relief from the entry of default." *Snyder*, 836 F. Supp. at 29 (citation and internal quotation marks omitted).

**II. Background**

The complaint in this action was filed in state court on March 10, 2006, State Docket at 1, and service was made on defendants Chase and Perma Roofing, Inc. on March 13, 2006, *id.* at 2. Their answers were due on April 3, 2006. Me. R. Civ. P. 12(a). On March 15, 2006 the defendants forwarded the complaint to their insurance agency, the Rowley Agency of Concord, New Hampshire. Affidavit of William Chase (Docket No. 12) PP 2-4, Affidavit of Cathleen Sullivan ("Sullivan Aff.") (Docket No. 10) PP 1, 4. The defendants had previously reported this potential [*5] claim to the agency, which in turn reported it to CNA, the defendants' liability insurance carrier. Sullivan Aff. P 2. CNA had assigned the case to an adjuster, Bob Newcomb, to whom the agency e-mailed the complaint on March 15, 2006. *Id.* PP 3-4. Two employees of the agency attempted to follow up with Newcomb on three occasions between March 24 and April 3 by voice mail and e-mail. *Id. P* 5. His voice mail accepted messages. *Id.* On April 12, 2006 the employees of the agency reached Paul Casey, a CNA supervisor, and e-mailed the complaint to him. *Id.* P 6.

Newcomb had been laid off by CNA on February 28, 2006. Affidavit of Paul J. Casey (Docket No. 11) P 4. Newcomb was instructed to change his voice mail message to refer callers to another extension, but he apparently did not do so. *Id.* P 5. When an employee leaves CNA, its information technology service department normally disables that employee's e-mail. *Id.* P 6. In such cases, the former employee's e-mail automatically sends a reply to the effect that the e-mail has been disabled. *Id.* P 7. If the employees of the Rowley Agency did not receive that message, there was an information technology problem at [*6] CNA. *Id.* P 8. As soon as the complaint was brought to Casey's attention on April 12, 2006, the complaint was referred to counsel and an answer was hand-delivered that day. *Id.* P 9.

The plaintiff filed requests for default against the two moving defendants on April 7, 2006. State Docket at 2 (entries dated 4/10/06). Default was entered on April 10, 2006. *Id.* The moving defendants' answers were filed on April 12, 2006, *id.* at 3, two days after the entry of default and nine days after they were due. The instant motion was filed one week later, on April 19, 2006. Docket No. 9.

**III. Discussion**

The plaintiff contends that the default in this case was willful, that the court should not accept the defendants' explanation for the default and that these defendants do not have a meritorious defense to its claims. Plaintiff's Objection to Defendants Perma Roofing, Inc. and William Chase's Motion to Set Aside Default, etc. ("Opposition") (Docket No. 16) at 2-7. These factors are numbers 1, 4 and 3, respectively, of the seven identified by the First Circuit in *McKinnon.* n2

n2 The plaintiff asserts that "Defendants filed a motion to set aside the default on April 19, 2006, nearly two weeks after learning that a motion for default was pending against them," Opposition at 2, but offers no evidence that the moving defendants learned at any time that a motion for default was pending against them. Me. R. Civ. P.

55, which governs the entry of default and default judgment, does not by its terms require that notice of the request for default be served on the party to be defaulted, so the plaintiff is not entitled to the benefit of a presumption that these defendants were so notified. To the extent that the plaintiff means by this assertion to make an argument based on the seventh *McKinnon* factor, the timeliness of the motion for relief, I accordingly do not consider it.

[*7]

The plaintiff asserts that a defendant's failure to file a timely answer "can be termed willful when the defendant clearly received notice of the lawsuit and failed to ascertain whether his insurer would provide a defense and there were no circumstances preventing the defendant from taking action until after the entry of default." *Id.* at 3. This court has noted that "courts tend to view a default as 'willful' where it shows contempt for the court's procedures or an effort to evade the court's authority." *Lucerne Farms v. Baling Techs., Inc.*, 208 F.R.D. 463, 466 (D. Me. 2002). There is no evidence of any attempt to evade this court's authority in this case. The case cited by the plaintiff in support of the quoted assertion, *Reynolds v. Bar Harbor Whale Watch Co.*, 2001 U.S. Dist. LEXIS 23512, 2001 WL 26205 (D. Me. Jan. 9, 2001), Opposition at 3, is a recommended decision of Magistrate Judge Kravchuk of this court, which was adopted by Judge Hornby on February 8, 2001, Order Affirming Recommended Decision of Magistrate, *Reynolds v. Bar Harbor Whale Watch Co.*, Docket No. 00-102-B-H, Docket No. 17. Judge Kravchuk found that both the corporate defendant and its insurer in that [*8] case were "inured to the commercial world" and should have been alert to deadlines set in official legal documents. *Reynolds*, 2001 U.S. Dist. LEXIS 23512, 2001 WL 26205 at *2. She stated that a defendant's conduct can be termed willful for purposes of applying the *McKinnon* factors if it failed to ascertain whether its insurer would provide a defense and was not prevented from taking action before the entry of default. *Id.* As was the case in *McGarey v. York County*, 233 F.R.D. 220, 224 (D. Me. 2006), Chase's failure to take action to determine whether an answer had been filed or a defense would be provided by CNA may well be termed willful, but it evinces negligence rather than egregiousness. Accordingly, while this factor weighs in favor of denying the motion to set aside the default, it does so only slightly. *Id.*

The nature of the defendants' explanation for the default is the second factor discussed by the plaintiff. The plaintiff characterizes the defendants' explanation in this case as "infirm," citing a 36-year-old case from the Southern District of New York. Opposition at 5; *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139, 141-42 (S.D.N.Y. 1970). [*9] To the extent that the defendants' delay in filing an answer in this case may be termed "willful," their explanation for the default, which involves the same facts, may also be termed unacceptable in light of this court's case law. *See, e.g., McGarey*, 233 F.R.D. at 224; *Reynolds*, 2001 U.S. Dist. LEXIS 23512, 2001 WL 26205 at *3 -- *4. This factor weighs against granting the motion.

Finally, the plaintiff argues that the defendants have not proffered a meritorious defense because Chase, as "an officer of the corporation, may be held liable to third parties for tortious conduct he commits on behalf of the corporation" and the fact that other causes may have contributed to the plaintiff's loss "does not ultimately absolve Defendants of their responsibility" on the counts alleged against them. Opposition at 7. In order to establish the existence of a meritorious defense, a defendant seeking relief from an entry of default "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Lucerne Farms*, 208 F.R.D. at 466 (citation omitted). Here, the plaintiff's argument does not even address two of the meritorious [*10] defenses asserted in the motion at issue, that neither of the moving defendants entered into a contract with the plaintiff and that there is no factual basis for a claim against these defendants under the Maine Unfair Trade Practices Act. Motion at 4, 6. While the plaintiff asserts that, as a general proposition, an officer of a corporation, such as Chase, may be held personally liable for torts he commits on behalf of that corporation, it offers no facts to allow this court to draw the conclusion that such is the only possible outcome in this case. The defendants offer specific facts which, if found credible at trial, would allow a factfinder to conclude that a party other than the defendants was responsible for the injuries claimed by the plaintiff and that the defendants were not. *Id.* at 4-5. Again, the plaintiff's general discussion of the fact that the defendants might still be found liable if other parties were found liable as well does not and cannot demonstrate that such defenses are without merit. The defendants have met

the *Lucerne Farms* standard for this factor, which accordingly weighs strongly in favor of their motion.

The plaintiff has made no attempt to show [*11] that it would be prejudiced in any way by the granting of this motion, that the defendants acted in bad faith with respect to the default, or that the amount of money involved in the case is relatively insignificant. Two of the *McKinnon* factors discussed above weigh somewhat in favor of the plaintiff's position; one weighs strongly in favor of granting the motion.

On balance, because "it is a basic tenet of federal civil procedure that actions should ordinarily be resolved on their merits" and especially when the motion to set aside default arises early in the case, the Court must resolve doubts in favor of a party seeking relief from the entry of default," *Lucerne Farms*, 208 F.R.D. at 465, I conclude that the defendants' motion should be granted.

Accordingly, I recommend that the motion of defendants Chase and Perma Roofing, Inc. to set aside the default as to them be **GRANTED**; and, if the court adopts my recommendation, I **GRANT** the motion for leave to file a late answer.

***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant*** [*12] ***to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 16th day of May, 2006.

/s/ David M. Cohen

United States Magistrate Judge