Moreland v. Tohnichi Mfg. Co., Ltd.
N.D.Ill.,1995.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Ronald J. MORELAND, Plaintiff,
v.
TOHNICHI MFG. CO., LTD., a Japanese Company, et al. Defendants.
**No. 95 C 4047.**

Oct. 19, 1995.

*MEMORANDUM OPINION AND ORDER*

COAR, District Judge.

*1 This matter comes before the court on the motion of Tohnichi Mfg. Co., Ltd. to quash and dismiss. In open court, the court set a briefing schedule, limited to the issues raised in the motion to quash service. After having reviewed the pleadings and submissions of the parties, the court grants the motion to quash service.

*BACKGROUND*

On or about August 18, 1995, plaintiff Ronald J. Moreland filed an amended complaint under Title VII of the Civil Rights Act of 1964 against Tohnichi Mfg. Co., Ltd., a Japanese company, individually and d/b/a Tohnichi America Corporation, and Tohnichi America Corporation, an Illinois corporation. It is undisputed that Tohnichi America Corporation is a wholly-owned subsidiary of Tohnichi Mfg. Co., Ltd. (Tohnichi Mfg.). On or about August 21, 1995, Tohnichi Mfg. received a summons and copy of the Amended Complaint by registered mail at Tohnichi Mfg.'s Tokyo business address. Apparently the documents were in English and did not include a Japanese translation. Tohnichi Mfg. has moved to quash service of summons pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure on the ground that service in the manner used was insufficient under the Hague convention as it applies to service in a foreign country. Put simply, Tohnichi Mfg. contends that service by mail in a foreign country is prohibited by the Hague Convention.

*DISCUSSION*

The central issue in this motion to quash service is the use of the words "service" and "send" in the Hague Convention. Tohnichi Mfg. observes that the Convention sets forth several acceptable methods for service of process, none of which were used by the plaintiff:

(1) Article 2 - service through the receiving country's designated "Central Authority" for service of process;
(2) Article 5 - delivery by the Central authority to an addressee who accepts service voluntarily so long as the method used is not incompatible with the law of the receiving state;
(3) Article 8 - service through diplomatic or consular agents of the sending state;
(4) Article 10(b) & (c) - service through the judicial officers, officials or other competent persons of the receiving state; and
(5) Article 19 - service by a method permitted by the internal law of the receiving state for documents coming from abroad.

Plaintiff does not rely on any of the above-cited provisions to establish the validity of service upon Tohnichi Mfg. Instead, plaintiff relies upon Article 10 of the Hague Convention, which states:

Provided the State of destination does not object, the present Convention shall not interfere with -
(a) the freedom to *send* judicial documents, by postal channels, directly to persons abroad,
(b) the freedom of judicial officers, officials or other competent persons of the state of original to effect *service* of judicial documents directly through

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2 of 2



the judicial officers, officials, or other competent persons of the State of destination,
(c) the freedom of any person interested in a judicial proceeding to effect *service* of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
*2 (emphasis added)

Plaintiff specifically relies upon Article 10(a) as support for its assertion that service of process by mail is permissible under the Hague Convention.

The positions of the parties to this motion reflect the two distinct lines of cases interpreting Article 10(a). Some courts have concluded that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to the central authority, and without the necessity of translating the documents into the official language of the nation where the documents are to be served. The rationale for this interpretation of Article 10(a) was set forth by the Eighth Circuit Court of Appeals in *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173 (8th Cir. 1989):
In general, these courts reason that since the purported purpose of the Hague Convention is to facilitate service abroad, the reference to "the freedom to send judicial documents, by postal channels, directly to persons abroad" would be superfluous unless it was related to the sending of such documents for the purpose of service. *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986). See also *Smith v. Dainichi Kinzoku Kogyo Co.*, 680 F. Supp. 847 850 (W.D. Tex. 1988); *Newport Components, Inc. v. NEC Home Electronics, Inc.*, 671 F. Supp. 1525, 1541 (C.D. Cal. 1987). These courts have further found that the use of the word "send" rather than "service" in Article 10(a) must be attributed to careless drafting.

The second line of cases concludes that the word "send" in Article 10(a) is not the equivalent of service of process. Thus, these courts conclude that Article 10(a) merely provides a method for sending documents after service of process has been obtained by means of the central authority. *Bankston*, 889 F.2d at 174. (citations omitted).

In *Bankston, id.*, the Eighth Circuit adopted the rationale of the second line of cases for two reasons:
(1) [I]t is a familiar canon of statutory construction that the starting point for interpreting a statute is in the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive; and
(2) where a legislative body includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion and exclusion.

Thus, because the word "service" is used throughout the Hague Convention, it is presumed that the omission of that word and the inclusion of the word "send" in Article 10(a) was intentional. *General Electro Music Corp. v. Samick Music Corp.*, No. 90 C 5590, 1991 WESTLAW 169354, *1 (N.D. Ill. 1991) (Hart, J.).

Therefore, this court rejects the interpretation of Article 10(a) expressed in the cases cited by the plaintiff and adopts the interpretation expressed in the cases cited by Tohnichi Mfg. *See, e.g., Bankston*, 889 F.2d at 174; *General Electro Music*, 1991 WESTLAW 169354, at *1; *but see Chowaniec v. Heyl Truck Lines*, No. 90 C 7034, 1991 WESTLAW 111156, *2 (N.D. Ill. 1991) (Aspen, J.) (reaching the opposite conclusion). Accordingly, the motion to quash service is granted. The other grounds stated in the motion to dismiss are moot. Plaintiff shall be granted an extension of time to effect service on Tohnichi Mfg. until December 18, 1995.

N.D.Ill.,1995.
Moreland v. Tohnichi Mfg. Co., Ltd.
Not Reported in F.Supp., 1995 WL 616667 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.