LEXSEE 2007 US DIST LEXIS 6250

**SEIKO EPSON CORPORATION, a Japan corporation; EPSON AMERICA, INC., a California corporation; and EPSON PORTLAND, INC., an Oregon corporation, Plaintiffs, v. GLORY SOUTH SOFTWARE MANUFACTURING, INC., a California corporation; BUTTERFLY PRINT IMAGE CORP. LTD, a Hong Kong company; INK LAB (H.K.) CO., LTD, a Hong Kong company; NECTRON INTERNATIONAL, LTD, a Texas company; MIPO INTERNATIONAL, LTD, a Hong Kong company; MIPO AMERICA, LTD, a Florida company; NINE STAR IMAGE CO., LTD, a China company; NINE STAR TECHNOLOGY CO., LTD, a California company; TOWN SKY, INC., a California corporation; ZHUHAI GREE MAGNETO-ELECTRIC CO., LTD, a China company; MMC CONSUMABLES, INC., a California company; TULLY IMAGING SUPPLIES, LTD, a Hong Kong company; INKJET WAREHOUSE.COM INC., a Connecticut corporation; WELLINK TRADING CO., LTD, a China company; RIBBON TREE (MACAO) TRADING CO, LTD, a China company; RIBBON TREE (USA) INC., dba CANA-PACIFIC RIBBONS, INC., a Washington company; APEX DISTRIBUTING INC., a Washington company; ARTECH GMBH, a German company; INK TEC CO., LTD, a Korea company; INK TEC AMERICA CORPORATION, a Maryland company; DATAPRODUCTS USA, LLC, a California limited liability corporation; GERALD CHAMALES CORP., dba RHINOTEK COMPUTER PRODUCTS, a California corporation; MASTER INK CO., LTD, a Hong Kong company; ACUJET U.S.A., INC., a California company; and RHINOTEK COMPUTER PRODUCTS, INC., a California corporation, Defendants.**

**06-CV-477-BR**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

**2007 U.S. Dist. LEXIS 6250**

**January 24, 2007, Decided**

**PRIOR HISTORY:** Seiko Epson Corp. v. Glory S. Software Mfg., 2007 U.S. Dist. LEXIS 6251 (D. Or., Jan. 24, 2007)

**COUNSEL:** [*1] For Seiko Epson Corporation, a Japan corporation, Epson America, Inc., a California corporation, Epson Portland, Inc., an Oregon corporation, Plaintiffs: David W. Axelrod, LEAD ATTORNEY, Patchen M. Haggerty, Schwabe Williamson & Wyatt, PC, Portland, OR.; Harold A. Barza, J. D. Horton, LEAD ATTORNEYS, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA.

For Nine Star Image Co. Ltd., a China company, Nine Star Technology Company, Ltd., a California company, Town Sky Inc., a California corporation, Defendants: Dennis P. Rawlinson, Ky Fullerton, LEAD ATTORNEYS, Miller Nash, LLP, Portland, OR.; Joel E. Lutzker, Leonard S. Sorgi, LEAD ATTORNEYS, Schulte Roth & Zabel, LLP New York, NY.

For Zhuhai Gree Magneto-Electric Co. Ltd., a China corporation, MMC Consumables Inc., a California company, Defendants: Brenna Kristine Legaard, LEAD ATTORNEY, Chernoff Vilhauer McClung & Stenzel, LLP, Portland, OR.

For Tully Imaging Supplies Ltd., a Hong Kong company, Wellink Trading Co. Ltd., a China company, Defendants: Steven M. Wilker, LEAD ATTORNEY, Tonkon Torp LLP, Portland, OR.

For Ribbon Tree (USA) Inc., a Washington company, doing business as Cana-Pacific Ribbons Inc., [*2] Apex Distributing Inc., a Washington company, Master Ink Co., Ltd., a Hong Kong company, Defendants: Keith S. Dubanevich, LEAD ATTORNEY, Garvey Schubert Barer, Portland, OR.

For Ink Tec America Corporation, a Maryland company, Ink Tec America Corporation, a Korea corporation, Defendants: James L. Hiller, LEAD ATTORNEY, Hitt Hiller & Monfils, LLP, Portland, OR.

For DataProducts USA LLC, a California limited liability corporation, Defendant: Joel E. Lutzker, Leonard S. Sorgi, LEAD ATTORNEYS, Schulte Roth & Zabel, LLP New York, NY.; Dennis P. Rawlinson, LEAD ATTORNEY, Miller Nash, LLP, Portland, OR.

**JUDGES:** ANNA J. BROWN, United States District Judge.

**OPINION BY:** ANNA J. BROWN

**OPINION:**

**OPINION AND ORDER**

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (# 56) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd. (# 61).

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Amend and Motion for Alternative Service.

**MOTION TO AMEND**

Leave to amend a complaint shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a) [*3] .

Plaintiffs move to amend their Complaint for Patent Infringement for the sole purpose of adding Rhinotek Computer Products, Inc. (RCPI), a Delaware corporation, as an additional co-defendant. Plaintiff's original Complaint named "Gerald Chamales Corp. dba Rhinotek Computer Products" as a defendant. Defendant Gerald Chamales Corp. has since been sold to RCPI.

Defendants do not oppose Plaintiffs' Motion. In addition, this Court entered an Order on June 8, 2006, staying all proceedings in this action and expressly allowing the parties to move for an amendment adding additional parties. *See* Corrected Order on Certain Motion to Stay Proceedings (issued June 8, 2006).

Accordingly, the Court grants Plaintiffs' Motion to Amend to add RCPI as a party-defendant. Plaintiffs shall file their Amended Complaint no later than February 6, 2007.

**MOTION FOR ALTERNATIVE SERVICE**

Plaintiffs move for Alternative Service of Summons and Complaint in accordance with Federal Rule of Civil Procedure 4(f) as to Defendants Butterfly Print and Ribbon Tree (Macao).

Plaintiffs offer the Declaration of paralegal Alexander S. Williams with supporting exhibits [*4] to establish the good-faith attempts made by Plaintiffs to obtain personal service of the Summons and Complaint on Butterfly Print and Ribbon Tree (Macao) under the authority of the Hague Convention as to Service Abroad of Judicial and Extrajudicial Documents. These efforts have been frustrated by the inability of Plaintiffs to reach these Defendants at physical locations.

**Background**

**1. Butterfly Print.**

In May 2006, Plaintiffs attempted to make personal service on Butterfly Print in Hong Kong on three separate occasions at one address and on a fourth occasion at another address. On one of these occasions, the server had an appointment to meet with "Ms. Lam," who identified herself as Butterfly Print's accountant, for the purpose of serving the documents, but Lam failed to keep the appointment. Personal service was again attempted unsuccessfully in July 2006 and October 2006.

In July 2006, Plaintiffs also sent the Summons and Complaint to Butterfly Print for delivery via UPS. The first attempt at delivery was unsuccessful. In August 2006, Plaintiffs delivered the package to the forwarding address for Butterfly Print in Hong Kong that was on record with UPS. The package [*5] was accepted by "Ms. Chung." Service via UPS was also attempted at a second address in Hong Kong, and delivery was accepted

by "Ms. Li."

**2. Ribbon Tree (Macao).**

Plaintiffs attempted to serve Ribbon Tree (Macao) personally at an address in Macao, Peoples Republic of China, but Plaintiffs were advised Ribbon Tree (Macao) had dissolved and liquidated its assets in April 2006. Plaintiffs, however, successfully served the Summons and Complaint on Ribbon Tree (USA), which has appeared in this action.

**Discussion**

The Hague Convention allows the "destination state," which is China in this case, to dictate the type of service that is acceptable. *See* Hague Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361. China has excluded postal or other informal channels of service. Thus, the only method of service in China that complies with the Hague Convention is personal service through China's "Central Authority." Under those circumstances, courts have held service of process to be adequate if, after a good faith but unsuccessful attempt to comply with the Hague Convention, the party to be served had sufficient notice of the action that no injustice would result. [*6] *See generally Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005)(citing *Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (W.D. Tenn. 1984)):

> Service of process was properly perfected under the Hague Convention, notwithstanding the failure of the Central Authority to return a Certificate, where the plaintiff attempted in good faith to comply with the Hague Convention and where the defendant had sufficient notice of the action such that no injustice would result.

Consequently, courts read "the Hague Convention together with Rule 4," which "stresses actual notice, rather than strict formalism." *Id. See, e.g., Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942).

Here, based on their good faith but unavailing attempts to serve Butterfly Print and Ribbon Tree (Macao) with service of Summons and Complaint in accordance with the Hague Convention, and in light of the adequate actual notice already provided, Plaintiffs propose alternative forms of service under Rule 4(f)(2)(C)(ii) whereby the Clerk of Court sends a certified copy of the Complaint and Summons using [*7] a form of mail that requires the return of a signed receipt or under Rule 4(f)(3) whereby the Court directs the means of service.

Thus, in accordance with the alternative service provisions of Rule 4, Plaintiffs specifically request the Court to direct the Clerk of Court to deliver the Complaint and Summons to Defendant Butterfly Print and Defendant Ribbon Tree (Macao) and its shareholders as set forth below.

On this record, the Court finds the proposed alternative means of service requested by Plaintiffs is reasonably calculated to give proper notice of this action to Defendants Butterfly Print and Ribbon Tree (Macao).

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint (# 56) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd (# 61).

Accordingly, the Court hereby **ORDERS** as follows:

1. Service on Butterfly Print.

The Clerk of Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Butterfly Print Image, return signed receipt requested, at the following addresses:

Flat 1408 A

14/F Well Fung [*8] Industrial Cntr.

58-76 Ta Chuen Ping ST

Kwau Chung, NT

Hong Kong SAR

Room 1708B

14/F Well Fung Industrial Cntr.

68 Ta Chuen Ping ST

Kwau Chung, NT

Hong Kong SAR

Chung Hong Hong Wah

Cour Suite 1204

Yao Tong, 15000

Hong Kong

Plaintiffs shall email the Complaint and Summons to Butterfly Print at info@butterflyimage.com.

2. Service on Ribbon Tree (Macao).

The Clerk of Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Ribbon Tree (Macao), return signed receipt requested, at the following addresses:

Rua Filipe O'Costa, 1B, 4<th> Floor

Floor "B"

Parish of Se, Macau

Unit A, Building 4, Centro

Comercial Brilhantismo

No. 159-207, Alameda Dr.

Carlos D'Assumpcao

Macao

11-P, edf. C. Ind.

Keck Seng Building 2

Macau

If service of the Complaint and Summons on Ribbon Tree (Macao) at any of the above addresses fails, the Clerk of Court shall cause the Complaint and Summons to be delivered via UPS to "Shareholders of Ribbon Tree," at the following addresses:

Shan Sik Mun

Avenida de Conselheiro

Ferreria de Alameida, No. 119,

17<th> Floor "G"

Macau

Ieong Peng Chone

Rua de Ponte e Horta, 25

1<st> Floor "G"

Macau

Mui [*9] Koc Kan fka Cristina Lei

Calcada do Paiol, 2

4<th> Floor "B"

Macau.

Plaintiffs shall prepare all pleadings and other documents necessary for the Clerk of Court to execute this Order.

IT IS SO ORDERED.

DATED this 24th day of January, 2007.

/S/ Anna J. Brown

United States District Judge