**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD. | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| VS. | : | |
| | : | |
| TL TOYS HK, LTD. | : | |
| | : | |
| Defendant. | : | MAY 10, 2007 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant TL Toys HK, Ltd. ("TL Toys") hereby submits this reply memorandum in support of its Motion to Set Aside Entry of Default. The Court should set aside the entry of default obtained by Plaintiff Chrisha Creations, Ltd. ("Chrisha" or "Plaintiff") because: (1) Chrisha never effected proper service of process of the Complaint and summons under the Federal Rules of Procedure, the Hague Convention or Hong Kong law; and (2) in any event, good cause exists under Rule 55(c) for setting aside the entry of default. In further support of its Motion to Set Aside, TL Toys incorporates by reference, as if set forth herein, its Opposition to Chrisha's Motion for Entry of Judgment. In further reply, TL Toys makes the following three points:

1. Despite the fact that TL Toys has demonstrated that it has not been properly served under the Hague Convention, Chrisha argues that the Court nonetheless should enter default judgment citing to *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394 (7th Cir. 1993). The *O'Brien* case is inapposite. In that case, the defendant failed to respond to the complaint for over seventeen (17) months. *Id.* at 1396. More importantly, the defendant in *O'Brien* never argued that it had not been properly served with process; rather, it argued that

because the plaintiff failed initially to file a return of service it had insufficient time to investigate whether service was proper and that the time for filing a response did not begin to run until the return of service had been filed. *Id*. at 1397-98. In this matter, TL Toys has demonstrated that Chrisha neither effectuated service through the Hong Kong Central Authority as explicitly required under the Hague Convention[1] nor through the Chief Bailiff of the Hong Kong High Court as explicitly required under Hong Kong law for serving process of a foreign action in Hong Kong. There is no dispute on this issue—Chrisha admits that it did not utilize either of these options.[2]

Accordingly, despite Chrisha's purported return of service, TL Toys has demonstrated that it has never been properly served with process in this matter and, the Court, therefore, should set aside the entry of default. *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601-603 (D.N.J. 2003) (setting aside entry of default because the plaintiff "did not properly effect service of the summons and complaint upon [the defendant] in accordance with the Federal Rules"); *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 56-59 (D. Mass.

---

[1] As noted by numerous courts, the use of the Hague Convention procedures, when available, is mandatory if the documents must be transmitted abroad to effect service. *See, e.g., Am. River Transp. Co. v. M/V Bow Lion*, 2004 U.S. Dist. LEXIS 5952, at *6 (D. La. 2004) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1998)).

[2] Chrisha nonetheless contends that it personally served a copy of the Complaint and summons via a law clerk. However, as demonstrated more fully in TL Toys' Opposition to Chrisha Motion for Entry of Judgment, the Hague Convention and internal Hong Kong law requires that service of process on a Hong Kong corporate entity be served through either the Central Authority or the Chief Bailiff. The Federal Rules of Civil Procedures also explicitly reject personal service on a foreign corporation that does not comport with the Hague Convention. Fed. R. Civ. P. 4(h) governs service of process on corporations outside the United States, not 4(f). In Rule 4(h)(2), it explicitly states that, in the absence of an international agreement, service on a foreign corporation may be "made in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof." Fed. R. Civ. P. 4(h). *Emery v. Wood Indus.*, 2001 U.S. Dist. LEXIS 1016, *6-7 (D.N.H. 2001) ("Had the authors of Rule 4(h)(2) intended to allow service on foreign corporations outside the United States by delivery of a copy of the complaint and summons to a corporate officer or agent, they no doubt would have simply reiterated the language authorizing such service employed in Rule 4(h)(1).").

2002) (setting aside entry of default because defendant had demonstrated that the plaintiff had not served the complaint and summons in accordance with the requirements of the Hague Convention noting that "to make effective service in a country that has joined the Hague Convention, a plaintiff must follow the provisions of the treaty").

2. Even if the Court were to interpret the Hague Convention and Hong Kong law differently, TL Toys clearly has demonstrated good cause for setting aside the entry of default in this matter. *See Westvaco Corp. v. Viva Magnetics, Ltd.*, 2002 U.S. Dist. LEXIS 13449, *8-9 (S.D.N.Y. 2002) (defendant's good faith, but mistaken, belief that it need not answer the complaint because the plaintiff had failed to serve it properly under the Hague Convention was a sufficient showing of "good cause" to set aside entry of default).

3. TL Toys has valid and meritorious defenses to Chrisha's claims. This action involves the sale of approximately $2 million in inflatable holiday decorations which Chrisha alleges were defective causing it to suffer $10 million in "lost profits" and "damages". The evidence will demonstrate, among other things, that Chrisha did not notify Chrisha of its rejection of the goods in a timely fashion depriving TL Toys of its right to cure under Section 6A-2-508. Any rights to damages that Chrisha might have for the tender of allegedly improper goods is limited by TL Toys' right to cure under R.I. G.L. § 6A-2-508. *Taft-Peirce Mfg. Co. v. Seagate Technology, Inc.*, 789 F. Supp. 1220, 1227 n.5 (D.R.I. 1992); *U.S.A. Coil & Air, Inc. v. Hodess Bldg. Co.*, 1999 RI Super LEXIS 146, at *5-6 (R.I. Super. Ct. 1999) (noting that a buyer may revoke its acceptance of the goods when revocation is within a reasonable time after discovery of non-conformance, but that the power to revoke acceptance is sometimes limited by the seller's opportunity to cure when the time for performance has not run out, or when the seller "had reasonable grounds to believe [the goods] would be acceptable with or without a money

allowance." (citing U.C.C. § 2-508(2)). Section 6A-2-508 provides that where any tender by the seller is rejected because non-conforming, the seller has the right to seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery. R.I.G.L. § 6A-2-508.

TL Toys would further demonstrate at trial that it has meritorious defenses to various categories of damages sought by Chrisha. ven if Chrisha revoked acceptance, which it did not, R.I.G.L. § 6A-2-711, limits the damages that it can seek in this action. As indicated in its Motion for Entry of Judgment, Chrisha seeks to recover not only its purchase price and incidental costs associated with storing the allegedly improper goods, Chrisha also seeks to recover a number of speculative elements of damages, including costs associated with alleged third-party claims, lost business opportunities and loss of good will. As a matter of law, the damages available to a buyer of non-conforming goods are far more limited than those sought by Chrisha. R.I.G.L. § 6A-2-711 limits a buyer's damages to: (1) direct costs associated with purchasing replacement goods; and (2) consequential damages resulting from the seller's breach. "When a buyer justifiably revokes acceptance of goods, the measure of direct damages is the difference between the cost of cover and the contract price less any expenses saved as a result of the seller's breach." *U.S.A. Coil*, 1999 RI Super LEXIS 146 at *11 (citing U.C.C. § 2-711(1)(b)). A buyer is obligated to attempt to cover for the non-conforming goods by "in good faith and without reasonable delay" making a "reasonable purchase or contract to purchase . . . goods in substitution for those due from the seller." U.C.C. § 2-712(1).

Consequential damages are, however, only recoverable when the "loss result[s] from general or particular requirements and needs of which the seller at the time of the contracting had reason to know and which could not reasonably be prevented by cover or otherwise." U.C.C. §

2-715(2)(a). Under the UCC, Chrisha is not entitled to recover for any of the alleged third-party claims or tenuous damages, such as lost business opportunities, because TL Toys did not, when the agreement was formed, have reason to know of these speculative damages claims.

For all the foregoing reasons, TL Toys respectfully requests that the Court grant its Motion to Set Aside Entry of Default.

DEFENDANT, TL TOYS HK LTD.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Its Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on May 10, 2007 a copy of foregoing **Defendant's Reply Memorandum in Support of its Motion to Set Aside Entry of Default** was filed electronically [and served by mail on anyone unable to accept electronic filing.]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.] Parties may access this filing through the Court's system.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)