LEXSEE 2001 U.S. DIST. LEXIS 1016

**John Emery, Plaintiff v. Wood Industries, Inc., Test-Rite International Co., Ltd., and Anonymous II, Inc. (formerly Wood Wire Products, Inc.), Defendants**

**Civil No. 98-480-M**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

***2001 DNH 16; 2001 U.S. Dist. LEXIS 1016; 49 Fed. R. Serv. 3d (Callaghan) 41***

**January 17, 2001, Decided**

**NOTICE:** NOT FOR PUBLICATION

**DISPOSITION: [*1]** Defendant Test-Rite International Co., Ltd. of Taiwan's motion to quash service or, alternatively, to dismiss plaintiff's amended complaint (document no. 32) granted in part and denied in part.

**LexisNexis(R) Headnotes**

***Business & Corporate Law > Unincorporated Associations***
***Civil Procedure > Pleading & Practice > Service of Process > General Overview***
[HN1] See *Fed. R. Civ. P. 4(h)(2)*.

***Business & Corporate Law > Agency Relationships > Agents Distinguished > General Overview***
***Civil Procedure > Pleading & Practice > Service of Process > Methods > Service Upon Agents***
[HN2] *Fed. R. Civ. P. 4(h)(1)* provides that, unless prohibited by federal law, service upon a domestic or foreign corporation located within a judicial district of the United States may be effected: in any manner prescribed for individuals by *Fed. R. Civ. P. 4(e)(1)*, or by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

***Business & Corporate Law > Foreign Businesses > General Overview***
***Civil Procedure > Pleading & Practice > Service of Process > Methods > Personal Delivery***
[HN3] Pursuant to *Fed. R. Civ. P. 4(h)(2)*, service upon a foreign corporation, from which a waiver of service has not been obtained and filed, shall be effected by any manner prescribed for service upon individuals in a foreign country detailed in *Fed. R. Civ. P. 4(f)*, except that personal delivery is not permitted.

**COUNSEL:** For JOHN EMERY, plaintiff: Scott A. Ewing, Esq., Wiggin & Nourie, Manchester, NH.

For WOOD INDUSTRIES, INC., defendant: Richard E. Mills, Esq., Devine Millimet & Branch PA, Manchester, NH.

For TEST-RITE INTERNATIONAL CO., LTD., defendant: Douglas J. Miller, Esq., Hall Morse Anderson Miller & Spinella, Concord, NH.

For TEST-RITE INTERNATIONAL CO., LTD., defendant: David L. Weinstein, Esq., Wildman Harrold Allen & Dixon, Chicago, IL.

**JUDGES:** Steven J. McAuliffe, United States District Judge.

**OPINION BY:** Steven J. McAuliffe

**OPINION:**

**ORDER**

On January 27, 1996, John Emery was severely injured when an allegedly defective voltage meter he was

using exploded. The record suggests that the voltage meter in question has since been recalled by its manufacturer. Emery claims that each of the named defendants either manufactured, designed, sold, or distributed that product. Defendant Test-Rite International Co., Ltd. of Taiwan ("Test-Rite") moves to quash service or, in the alternative, to dismiss **[*2]** all of Emery's claims against it for lack of personal jurisdiction.

In support of its motion to quash service, Test-Rite says Emery failed to effect service upon it in a manner that was consistent with both the Federal Rules of Civil Procedure and the laws of Taiwan. Emery, on the other hand, contends that he properly served Test-Rite by hand-delivering a copy of the complaint and summons to one of Test-Rite's employees in Taiwan. Notwithstanding seemingly unambiguous language to the contrary in Rule 4(h)(2), Emery says such personal service upon a foreign corporate defendant (located outside any district of the United States) is implicitly permitted by the Federal Rules of Civil Procedure. The court disagrees.

**Discussion**

In support of his claim to have properly served Test-Rite under *Rule 4 of the Federal Rules of Civil Procedure*, Emery says:

> Plaintiff . . . then sent a copy of the Summons and Amended Complaint, along with a Waiver of Service Form, to Test-Rite at its corporate offices in Taiwan. Said correspondence was never returned as "undeliverable" or "rejected," thus implicitly indicating receipt by Test-Rite. However, as an additional measure, the Plaintiff **[*3]** retained Taiwanese counsel to serve Test-Rite in accordance with the applicable laws of Taiwan. In-hand service on Test-Rite's Assistant Manager for Public Relations was effected on May 19, 2000.

Plaintiff's memorandum (document no. 36) at 4-5 (emphasis supplied). The issue presented by defendant's motion to dismiss is whether Emery's efforts were consistent with *Rule 4(h)(2) of the Federal Rules of Civil Procedure*, which governs service on a foreign corporation outside a judicial district of the United States. That rule provides:

> [HN1]
> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> * * *
>
> > (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

*Fed. R. Civ. P. 4(h)(2)* (emphasis supplied).

Subdivision (f) of Rule 4 prescribes three means by which service may be effected. First, it may **[*4]** be accomplished by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention. Here, however, the parties agree that Taiwan is not a member of the Hague Convention and no other applicable international agreement exists under which Emery might have effected service. Thus, paragraph (f)(1) does not apply.

Alternatively, a party may effectuate service on a foreign corporation "by other means not prohibited by international agreement as may be directed by the court." Rule 4(f)(3). Emery has not, however, obtained an order directing service by any other means upon Test-Rite. Consequently, he has not availed himself of the means of service allowed by paragraph (f)(3).

Finally, in the absence of any internationally agreed means of service, paragraph (f)(2) authorizes service: (a) in the manner prescribed by the law of the foreign country for service in that country; (b) as directed by the foreign authority in response to a letter of request; (c) unless prohibited by the law of the foreign country, "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; **[*5]** " or (d) by delivery to the individual defendant personally. As to the first method of service authorized by this paragraph, Emery agrees that

Taiwan law does not specifically authorize service by personal delivery upon the named defendant. See Letter of Attorney Freddy Ti Pang, Exhibit D to plaintiff's memorandum (explaining that "there is no Taiwan law or other legal authority we can cite which expressly permits such service") (emphasis in original). Thus, service upon a corporate defendant by hand-delivering a copy of the complaint and summons to a corporate employee is not "prescribed by the law" of Taiwan, and Emery cannot rely on the provisions of paragraph (f)(2)(A).

Nor does Emery assert that he effected service upon Test-Rite as directed by Taiwanese authorities, in response to a letter of request. See Rule 4(f)(2)(B). Finally, it does not appear that plaintiff seriously contends that his effort to serve Test-Rite by mail complied with the Federal Rules since, among other things, there is no evidence that Test-Rite actually received that mailing. See Plaintiff's memorandum at 4 (noting that there is, at best, only circumstantial evidence that Test-Rite received **[*6]** a copy of the summons). And, perhaps more importantly, that mailing was not "addressed and dispatched by the clerk of the court." Rule 4(f)(2)(C)(ii).

Consequently, the thrust of plaintiff's argument is that Rule 4(f)(2)(C)(i) (as modified by Rule 4(h)(2)) authorized him to effect service upon Test-Rite by hand delivering a copy of the complaint and summons to Test-Rite's Assistant Manager for Public Relations. That paragraph of Rule 4(f), which relates to service upon individuals in a foreign country, authorizes service by "delivery to the individual personally of a copy of the summons and the complaint." Although Rule 4(h)(2), which relates to service upon foreign corporations, adopts most of the means of service established by subdivision (f), it specifically excludes "personal delivery as provided in paragraph (2)(C)(i)" of subdivision (f). So, the unambiguous language of Rule 4 plainly excludes "personal delivery" as a means by which to serve a foreign corporation that is outside a judicial district of the United States.

Had the authors of Rule 4(h)(2) intended to allow service on foreign corporations outside the United States by delivery of a copy of the complaint and **[*7]** summons to a corporate officer or agent, they no doubt would have simply reiterated the language authorizing such service employed in Rule 4(h)(1). That paragraph, which relates to service upon both foreign and domestic corporations located within a judicial district of the United States, specifically permits service by personal delivery of a copy of the summons and complaint to an authorized agent or officer of the corporate defendant. n1

n1 [HN2] Subdivision (h) of Rule 4 provides that, unless prohibited by federal law, service upon a domestic or foreign corporation located within a judicial district of the United States may be effected:

> in any manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

*Fed. R. Civ. P. 4(h)(1).*

Importantly, not only does paragraph (h)(2) omit the language employed in paragraph **[*8]** (h)(1) concerning service upon an agent or officer of the foreign corporate defendant, it specifically prohibits "personal delivery" of the summons. See *Fed. R. Civ. P. 4(h)(2)*. See also *EOI Corp. v. Medical Marketing Ltd., 172 F.R.D. 133, 135 (D.N.J. 1997)* ("[HN3] Pursuant to *Federal Rule of Civil Procedure 4(h)(2)*, service upon a foreign corporation, from which a waiver of service has not been obtained and filed, shall be effected by any manner prescribed for service upon individuals in a foreign country detailed in *Federal Rule of Civil Procedure 4(f)*, except that personal delivery is not permitted.") (emphasis supplied); *New Line International Releasing, Inc. v. Marty Toy (USA), Inc., 1995 U.S. Dist. LEXIS 7781*, *5, *1995 WL 347381* at *2 (S.D.N.Y. 1995) ("Fed. R. Civ. P. 4(h)(2) provides that, if no waiver of service has been obtained and filed, service shall be effected in any manner prescribed for individuals by subdivision (f) except for personal delivery as provided for in paragraph (2)(C)(i) of that subdivision.") (emphasis supplied).

**Conclusion**

Emery's efforts to serve Test-Rite were defective. His delivery (by hand) of a copy of the complaint and summons to **[*9]** Test-Rite's Assistant Manager for

Public Relations, in Taiwan, failed to comply with any of the procedures authorized by Rule 4 for service upon a foreign corporation located outside a judicial district of the United States. Although there are several means by which such service could be made, plaintiff has (at least to date) not availed himself of them.

Defendant Test-Rite International Co., Ltd. of Taiwan's motion to quash service or, alternatively, to dismiss plaintiff's amended complaint (document no. 32) is granted in part and denied in part. Insofar as Test-Rite moves to quash service, the motion is granted. To the extent it seeks dismissal of plaintiff's claims, the motion is denied, without prejudice to renewing it if service is properly effected. Because Test-Rite plainly has actual notice of plaintiff's claims, and there is no suggestion of any prejudice to Test-Rite if plaintiff is afforded additional time to effect service, plaintiff shall effect service, within ninety (90) days of the date of this order, in accordance with applicable federal and international law. See *Fed. R. Civ. P. 4(m)* and *6(b)*. See also *Espinoza v. United States 52 F.3d 838, 840-41 (10th Cir. 1995)* **[*10]** ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."); *Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666 (D.Vt. 1996)* (holding that, under Rule 4(m), "a court must grant an extension of time when the plaintiff can show good cause for the failure to serve within 120 days. Moreover, even if good cause is lacking, the court may extend the time, in its discretion.").

**SO ORDERED.**

Steven J. McAuliffe

United States District Judge

January 17, 2001