LEXSEE 2004 U.S. DIST. LEXIS 5952

**AMERICAN RIVER TRANSPORTATION CO. VERSUS M/V BOW LION**

**CIVIL ACTION NO. 03-1306 c/w 03-1594, 03-1797, 03-1864, 03-2003 SECTION "K" (2)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

***2004 U.S. Dist. LEXIS 5952***

**April 6, 2004, Decided**
**April 7, 2004, Filed; April 8, 2004, Entered**

**SUBSEQUENT HISTORY:** Motion denied by *Am. River Transp. Co. v. M/V Bow Lion, 2004 U.S. Dist. LEXIS 6628 (E.D. La., Apr. 6, 2004)*

**DISPOSITION:** **[*1]** Third-party defendant K.P. Chemical's Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficiency of Service of Process granted, and ARTCO's third-party claims against K.P. Chemical dismissed.

**LexisNexis(R) Headnotes**

***Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss***
[HN1] Fed. R. Civ. P. 12(b)(5) provides, in part, for the dismissal of a complaint for insufficiency of service of process.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
[HN2] Fed. R. Civ. P. 4 governs service of process.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
[HN3] Corporations must be served pursuant to Fed. R. Civ. P. 4(h)(2).

***Business & Corporate Law > Unincorporated Associations***

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
[HN4] See Fed. R. Civ. P. 4(h)(2).

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
[HN5] Fed. R. Civ. P. 4(f) provides for service upon individuals in a foreign country.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
[HN6] See Fed. R. Civ. P. 4(f).

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN7] Fed. R. Civ. P. 4(f)(1) provides that, when service is to be effected outside the United States, the methods of service appropriate under an applicable treaty must be employed if available and if the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters so requires.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN8] Fed. R. Civ. P. 4(f)(1) clearly requires that defendants located in nations bound by the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters (Convention) be served pursuant to the terms of the Convention.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN9] Both the United States of America and the Republic of Korea are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN10] Article 1 defines the scope of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and states that it shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 1, *20 U.S.T. 361*, T.I.A.S. No. 6638.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN11] Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters allows signatory nations to require any summons and complaint that is to be served within their jurisdiction to be translated into their native language. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 5, *20 U.S.T. 361*, T.I.A.S. No. 6638.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN12] Use of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters procedures, when available, is mandatory if the documents must be transmitted abroad to effect service.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview***
***International Law > Dispute Resolution > Service of Process***
[HN13] The only alternative to proper Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters service is waiver by defendant. If a foreign defendant waives formal service many of the costs associated with serving process aboard can be reduced or eliminated, including the sometimes substantial expense of translation that may be wholly unnecessary for defendants who are fluent in English. For a defendant, that also eliminates any risk that some or all of the costs of service will be taxed against him if he ultimately is unsuccessful in the lawsuit.

**COUNSEL:** For AMERICAN RIVER TRANSPORTATION COMPANY, plaintiff (03-CV-1306): Francis A. Courtenay, Jr., David M. Flotte, Courtenay, Hunter & Fontana, New Orleans, LA.

For AMERICAN RIVER TRANSPORTATION COMPANY, plaintiff (03-CV-1306): Larry Stephen Cox, L. Stephen Cox, Attorney at Law, Lafitte, LA.

For BOW LION MV, defendant (03-CV-1306): Hugh Ramsay Straub, Charles Felician Lozes, Laurence R. DeBuys, IV, Michael M. Butterworth, Terriberry, Carroll & Yancey, New Orleans, LA.

For ODFJELL CHEMICAL TANKERS A.S., claimant (03-CV-1306): Charles Felician Lozes, Laurence R. DeBuys, IV, Terriberry, Carroll & Yancey, New Orleans, LA.

**JUDGES:** Stanwood R. Duval, Jr.

**OPINION BY:** Stanwood R. Duval, Jr.

**OPINION:**

Before this Court is a Motion to Dismiss Pursuant to *Rule 12(b)(5)* for Insufficiency of Service of Process (Rec. Doc. 225) filed by third-party defendant K.P. Chemical Corporation ("K.P. Chemical"). Having reviewed the pleadings, memoranda, and relevant law,

the Court **GRANTS** K.P. Chemical's **[*2]** motion as meritorious for reasons stated below.

## I. BACKGROUND

Plaintiff American River Transportation Company ("ARTCO"), as owner of the M/V COOPERATIVE SPIRIT, petitioner for exoneration from or limitation of liability after a Mississippi River collision allegedly caused by defendant M/V BOW LION's negligent overtaking of the M/V COOPERATIVE SPIRIT and its tow. The collision caused the release of Xylene from the M/V BOW LION's single skin tanker, resulting in vast litigation.

K.P. Chemical, a foreign corporation of Korean domicile, was the owner of the Xylene carried aboard the M/V BOW LION. K.P. Chemical selected the single skin tanker to carry its chemicals.

Hyundai Marine & Fire Insurance Company ("Hyundai Marine"), the subrogated insurer of K.P. Chemical, has filed a claim in the limitation action against ARTCO and the M/V COOPERATIVE SPIRIT seeking to recover approximately $ 500,000.00, the approximate value of the lost Xylene. In addition to Hyundai Marine's claims, about 600 other claims have been filed against ARTCO in this limitation proceeding seeking to recover damages for personal injuries allegedly caused by the Xylene's release.

ARTCO has filed a third-party **[*3]** claim against K.P. Chemical seeking contribution and indemnity with regard to these claims and the cargo loss. That claim prompted the instant motion by K.P. Chemical to dismiss the third-party complaint for insufficient service of process under *Fed. R. Civ. P. 4* and the Hague Convention.

Service of ARTCO's third party claims against . K.P. Chemical was made by regular mail on Mr. James Roussel, the New Orleans, Louisiana, lawyer who appeared as counsel for Hyundai Marine as subrogee of KP Chemical. A copy of the third-party complaint was also sent by mail to K.P. Chemical in Korea. All materials mailed to Roussel and K.P. Chemical were presented in English. ARTCO did not observe the international service of process provisions of the Hague Convention.

## II. LEGAL STANDARD & ANALYSIS

*Federal Rule of Civil Procedure 12(b)(5)* [HN1] provides, in part, for the dismissal of a complaint for insufficiency of service of process. Third-party defendant K.P. Chemical filed the instant *Rule 12(b)(5)* motion on the grounds that it was not properly served under *Fed. R. Civ. P. 4* **[*4]** and the Hague Convention.

*Federal Rule of Civil Procedure 4* [HN2] governs service of process. [HN3] Corporations, such as K.P. Chemical, must be served pursuant to *Rule 4 (h)(2)*:

> [HN4] Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> ***
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(I) thereof.

*Fed. R. Civ. P. 4(h)(2)*. *Subsection (1)* [HN5] provides for service upon individuals in a foreign country:

> [HN6] Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means **[*5]** authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

*Fed. R. Civ. P. 4(f)*. *Rule 4(f)(1)* [HN7] provides that, when service is to be effected outside the United States, the methods of service appropriate under an applicable treaty must be employed if available and if the treaty so requires. *Fed R. Civ. P. 4(f)(1)* Advisory Committee's Notes (1993 Amendments).

*Rule 4* [HN8] clearly requires that defendants located in nations bound by the Hague Convention be served pursuant to the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). [HN9] Both the United States of America and the Republic of Korea, K.P. Chemical's domicile, are signatories to the Hague Convention. [HN10] Article 1 defines the scope of the Hague Convention and states: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, Nov. 15, 1965, art l, 20 U.S.T. 361, at 362. Further, [HN11] Article 5 of the Hague Convention **[*6]** allows signatory nations to require any summons and complaint that is to be served within their jurisdiction to be translated into their native language. Hague Convention, art. 5, 20 U.S.T. 361, at 362. [HN12] Use of the Hague Convention procedures, when available, is mandatory if the documents must be transmitted abroad to effect service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 100 L. Ed. 2d 722, 108 S. Ct. 2104 (1998).*

K.P. Chemical contends that, since both the United States, ARTCO's domicile, and Korea, the domicile of K.P. Chemical, are signatories to the Hague Convention, service must be in accordance with the Hague Convention. Because ARTCO did not translate the pleadings into Korean pursuant to terms of the Hague Convention, K.P. Chemical argues that dismissal is appropriate under *Rule 12(b)(5)*.

ARTCO responds that a subrogee, such as K.P. Chemical, cannot have greater rights than a subrogor like Hyundai Marine. *See Reed & Co., Ltd. v. M/S THACKERAY, 232 F. Supp. 748 (N.D. Fla. 1964).* ARTCO would not have to translate the documents if serving Hyundai Marine, it argues, so it should no be required to do so for K.P. Chemical. Also, ARTCO contends **[*7]** that it would be fundamentally unfair to allow subrogee K.P. Chemical to deplete the limitation fund without requiring it to stand in the shoes of subrogor Hyundai Marine. In support of the challenged method of service, ARTCO relies upon equity assertions and jurisprudence that does not directly address service of process.

At the heart of ARTCO's position is the ruling of the Southern District of New York in *Complaint of Kreta Shipping, S.A., 1997 U.S. Dist. LEXIS 2825, 1997 WL 115428 (S.D.N.Y. 1997)*, which held that an insurer appeared in court for the purpose of jurisdiction by way of its insured filing a claim. There, pursuant to the *Shipowners Limitation of Liability Act*, an insurer filed the required Stipulation for Value and on the same day, the court issued a restraining order preventing any additional claims against the insurer from being filed. The question before the court was whether the insurer is subject to the court's jurisdiction and therefore, subject to the restraining order. The court recognized that as a general principle, insurers are deemed to be the real party in interest when they become subrogated to the rights of their insured after payment of the loss. *Kreta, 1997 U.S. Dist. LEXIS 2825, 1997 WL 115428* **[*8]** *at *4*. Consequently, the court concluded that to the extent that much of the insured's claim has been paid by the insurer, the insurer is now the real part in interest with respect to that portion of the claim. *Kreta, 1997 U.S. Dist. LEXIS 2825, 1997 WL 115428 at *4*. As a result, the court determined that the insurer, through the filing by the insured of claims in this limitation action, has appeared in this court and is subject to the restraining order.

ARTCO likens *Kreta* to the instant matter, and urges the Court to declare K.P. Chemical the real party in interest. However, *Kreta* is factually distinguishable from the case at bar and represents inapposite legal principles. Here, the subrogated insurer, Hyundai Marine, has voluntarily participated but the insured, K.P. Chemical, has not. *Kreta* involves an inverse scenario. More importantly, the *Kreta* court decided the case on jurisdictional grounds. Service of process was not an issue in *Kreta*, as it is here. Thus, the Court finds ARTCO's reliance on *Kreta* and similar jurisdiction and/or subrogation cases to be misplaced.

The only issue before this Court is whether proper service of process was executed on K.P. Chemical. **[*9]** *Federal Rule of Civil Procedure 4*, its commentary, and its jurisprudential progeny apply. As stated *supra*, those authorities require that Korean defendants are served pursuant to the terms of the Hague Convention. [HN13] The only alternative to proper Hague Convention service is waiver by the defendant. If a foreign defendant waives formal service many of the costs associated with serving process aboard can be reduced or eliminated, including the sometimes substantial expense of translation that may be wholly unnecessary for defendants who are fluent in English. For a defendant, this also eliminates any risk that some or all of the costs of service will be taxed against

him if he ultimately is unsuccessful in the lawsuit. Wright and Miller, *Federal Practice & Procedure*, § 1134, at 321 (3d ed. 2002). The service initiated by ARTCO did not meet Hague Convention standards. K.P. Chemical has not expressly waived formal service of process pursuant to *F. R. C. P. 4(d)* and ARTCO has cited no authority relating to service of process that would suggest that K.P. Chemical has waived its service of process by having **[*10]** its insurer appear. Accordingly, *F. R. C. P. 4(f)(1)* dictates that service of process must be achieved on K.P. Chemical, a Korean corporation, pursuant to the Hague Convention.

Thus, for reasons stated above,

**IT IS ORDERED** that third-party defendant K.P. Chemical's Motion to Dismiss Pursuant to *Rule 12(b)(5)* for Insufficiency of Service of Process (Rec. Doc. 225) is hereby **GRANTED** and ARTCO's third-party claims against K.P. Chemical are hereby **DISMISSED.**

Stanwood R. Duval, Jr.