LEXSEE 2002 U.S. DIST. LEXIS 13449

**WESTVACO CORPORATION, Plaintiff, -v- VIVA MAGNETICS LIMITED, MATRIX ASSOCIATES, INC., FINEST INDUSTRIAL CO., LTD., PONICA INDUSTRIAL CO. LTD., Defendants.**

**No. 00 Civ. 9399 (LTS)(KNF)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

***2002 U.S. Dist. LEXIS 13449***

**July 24, 2002, Decided**
**July 25, 2002, Filed**

**DISPOSITION: [*1]** Plaintiff's motion for default judgment against defendant Viva denied.

**LexisNexis(R) Headnotes**

***International Law > Dispute Resolution > Service of Process***
[HN1] See the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, art. 5, *20 U.S.T. 361*, T.I.A.S. No. 6638.

***International Law > Dispute Resolution > Service of Process***
[HN2] The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, art. 10, *20 U.S.T. 361*, T.I.A.S. No. 6638, provides that it does not hamper a state's freedom to send judicial documents by postal channels directly to persons abroad.

***Civil Procedure > Pleading & Practice > Service of Process > Methods > Personal Delivery***
***Civil Procedure > Pretrial Judgments > Default > Default Judgments***
***International Law > Dispute Resolution > Service of Process***
[HN3] The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, art. 3, *20 U.S.T. 361*, T.I.A.S. No. 6638, provides that the authority competent under the law of the state in which the documents originate shall forward to the Central Authority of the state in which service is to occur a request for service of documents.

***Civil Procedure > Pleading & Practice > Service of Process > General Overview***
[HN4] Pursuant to *Fed. R. Civ. P. 12(a)(1)(A)*, a defendant has 20 days within which to respond after being served with a summons and complaint.

***Civil Procedure > Pretrial Judgments > Default > Default Judgments***
***Civil Procedure > Pretrial Judgments > Default > Relief From Default***
***Civil Procedure > Judgments > Relief From Judgment > General Overview***
[HN5] *Fed. R. Civ. P. 55* provides for entry of a default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.

***Civil Procedure > Pretrial Judgments > Default > Default Judgments***
***Civil Procedure > Pretrial Judgments > Default > Relief From Default***
***Civil Procedure > Judgments > Entry of Judgments > General Overview***
[HN6] Where entry of a default judgment is opposed, the standard for granting such a judgment under *Fed. R. Civ.*

*P. 55* is governed by the same principles that apply to a motion to set aside entry of a default. That standard is "good cause," requiring the court to consider the following three factors: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.

***Civil Procedure > Pretrial Judgments > Default > Default Judgments***
***Civil Procedure > Pretrial Judgments > Default > Entry of Default Judgments***
***Civil Procedure > Judgments > General Overview***
[HN7] Dispositions of motions for default judgments are left to the sound discretion of the district court. An entry of a default judgment should, however, be made only where there was willful default, such that the failure to answer was more than mere negligence or carelessness. Because defaults are generally disfavored and are reserved for rare occasions, any doubt should be resolved in the non-movant's favor to increase the likelihood that the case may be resolved on the merits.

**COUNSEL:** For Westvaco Corporation, PLAINTIFF: Richard L Schmalz, Westvaco Corporation, Stephen D Kahn, Kerry C Foley, Steven J Rizzi, Weil, Gothshal & Manges, LLP, New York, NY USA.

For Viva Magnetics Limited, CONSOLIDATED PLAINTIFF: David A Dillard, Christie, Parker & Hale, Pasadena CA USA.

For Viva Magnetics Limited, Matrix Associates, Inc, DEFENDANTS: Robert C Faber, Ostrolenk, Faber, Gerb & Soffen, LLP, New York, NY USA.

For Ponica Industrial Co, Ltd, DEFENDANT: Harvey Shapiro, Sargoy, Stein, Rosen & Shapiro, New York, NY USA.

For Westvaco Corporation, CONSOLIDATED DEFENDANT: Charles S Barquist, Morrison & Foerster, Los Angeles, CA USA.

For Westvaco Corporation, CONSOLIDATED DEFENDANT: Stephen D Kahn, Weil, Gotshal & Manges, New York, NY USA.

For Viva Magnetics Limited, Consolidated Counter-CLAIMANT: David A Dillard, Christie, Parker & Hale, Pasadena, CA USA.

For Westvaco Corporation, Consolidated Counter-DEFENDANT: Charles S Barquist, Morrison & Foerster, Los Angeles, CA USA.

For Westvaco Corporation, Consolidated Counter-DEFENDANT: Stephen D Kahn, Weil, Gotshal & Manges LLP, New York, **[*2]** NY USA.

For Matrix Associates, Inc, Viva Magnetics Limited, COUNTER-CLAIMANTS: Robert C Faber, Ostrolenk, Faber, Gerb & Soffen, LLP, New York, NY USA.

For Westvaco Corporation, COUNTER-DEFENDANT: Richard L Schmalz, Westvaco Corporation, Stephen D Kahn, Kerry C Foley, Steven J Rizzi, Weil, Gothshal & Manges, LLP, New York, NY USA.

**JUDGES:** LAURA TAYLOR SWAIN, United States District Judge.

**OPINION BY:** LAURA TAYLOR SWAIN

**OPINION:**

MEMORANDUM OPINION AND ORDER

Plaintiff Westvaco Corporation ("Westvaco" or "Plaintiff"), a Delaware corporation operating in New York, brings this action as owner of United States Patent No. 5,788,068 (the " '068 Patent"), entitled "Apparatus for Holding a Compact Disk," against the above-named defendants ("Defendants"), which include Viva Magnetics Limited ("Viva"). Westvaco contends that compact disk/DVD holders manufactured and/or distributed by Defendants embody the subject matter of the '068 patent and such manufacture and distribution infringes Westvaco's patent rights. This case comes before the Court on Westvaco's motion for a default judgment against Viva. For the reasons that follow, the motion is denied.

Westvaco filed the complaint initiating this **[*3]** action (the "Complaint") on December 11, 2000. On January 2, 2001, Plaintiff initiated service of the Complaint as to Viva, a Hong Kong corporation, under the Hague Convention. (Foley Reply Decl. at P 2.) On February 7, 2001, a Bailiff's Assistant of the High Court

of Hong Kong Special Administration Region hand-delivered the Complaint to Viva's administrative manager in Viva's Hong Kong offices. The parties disagree as to whether additional documents were served at that time. (Compare Not. of Mot., Ex., Hong Kong Service Aff., dated 2/8/01 ("Serv. Aff."), with Chung Aff. at P 3.) On March 14, 2001, Westvaco filed with this Court an affidavit of service of the Complaint as to Viva. Viva denies that service was effective, contending that Westvaco failed to comply with the rules of service under the Hague Convention and that Viva was not, therefore, obligated to answer the Complaint. n1 Prior to receiving delivery of the Complaint, Viva had brought suit against Westvaco in the United States District Court for the Central District of California, seeking a declaratory judgment of noninfringement, invalidity and unenforceability of Westvaco's '068 patent. That action, commenced **[*4]** on January 12, 2001, was transferred to this Court by the California district court on March 23, 2001, in view of the overlapping issues between the California and New York cases, this New York action having been the first-filed. (Order Granting Def.'s Mot. to Dismiss (Dillard Decl., Ex. E) at § 6.) That case, captioned Viva Magnetics Limited v. Westvaco Corporation, 01 Civ. 2580, was accepted by the undersigned on April 3, 2001, as related to the instant action and, on June 5, 2001, was consolidated with the matter presently before the Court. On March 29, 2001, Viva filed with this Court an answer to Westvaco's Complaint along with a counterclaim seeking a declaration of invalidity of the '068 patent. On April 13, 2001, Plaintiff filed a motion for a default judgment against Viva, premised upon Viva's delay in responding to the Complaint. On April 18, 2001, Plaintiff answered Viva's counterclaim.

> n1 Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters provides that:
>
> > [HN1] The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either --
> >
> > (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
> >
> > (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed. Subject to sub-paragraph (b), . . . the document may always be served by delivery to an addressee who accepts it voluntarily.
> >
> > If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed. That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.
>
> Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention on Service Abroad" or "Hague Serv. Conv."), Nov. 15, 1965. [HN2] The Convention also provides that it does not hamper a state's freedom to send judicial documents "by postal channels" directly to persons abroad (Hague Serv. Conv., art. 10), [HN3] and that the authority competent under the law of the state in which the documents originate shall forward to the Central Authority of the state in which service is to occur a request for service of documents (Hague Serv. Conv., art. 3). An affirmation submitted in support of Westvaco's motion for a default judgment indicates that, on February 7, 2001, the Bailiff's Assistant of the High Court of Hong Kong Special Administrative Region served by personal delivery the following documents on Viva: 1) the Summons and Complaint; 2) Rule 1.9 Statement; 3) Judge's Rules; and 4) Preliminary Pre-Trial Order. (Serv. Aff.) Viva contends that even if those documents were served, it viewed the service as defective because it appeared that Westvaco had failed to comply with Articles 3 and 10 of the Hague Convention on Service Abroad, and did not serve Viva with a summary of documents pursuant to Article 5. (Dillard Decl. at P 3; Mem. of P. & A.

in Opp'n to Mot. for Default J. at 1, 4.)

**[*5]**

[HN4] Pursuant to *Rule 12 of the Federal Rules of Civil Procedure*, a defendant has 20 days within which to respond after being served with a summons and complaint. *Fed. R. Civ. P. 12(a)(1)(A)*. [HN5] *Rule 55 of the Federal Rules of Civil Procedure* provides for entry of a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." *Fed. R. Civ. P. 55*. Westvaco contends that service upon Viva was effective as of February 7, 2001, and that Viva's failure to respond to the Complaint until March 29, 2001, warrants the grant of default judgment. Viva opposes Westvaco's motion for default judgment on several grounds.

[HN6] "Where entry of a default judgment is opposed, the standard for granting such a judgment under Rule 55 is governed by the same principles that apply to a motion to set aside entry of a default." *Citadel Management, Inc. v. Telesis Trust, Inc., 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000).* That standard is "good cause," requiring the Court to consider the following three factors: 1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's **[*6]** claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. Id. [HN7] Dispositions of motions for default judgments are left to the sound discretion of the district court. See *Shah v. New York State Dep't of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999).* An entry of a default judgment should, however, be made only where there was willful default, such that the failure to answer was more than mere negligence or carelessness. See *SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).* "Because "defaults are generally disfavored and are reserved for rare occasions," any doubt should be resolved in the non-movant's favor to increase the likelihood that the case may be resolved on the merits. *Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Citadel, 123 F. Supp. 2d at 142.*

Viva argues that its default was not willful because it believed, in good faith, that Westvaco had not successfully effected service against it and that Viva was not, therefore, obligated to respond to the Complaint. According to a declaration submitted in opposition **[*7]** to the present motion by counsel for Viva, the conclusion that service was defective was based on research conducted to determine whether the presentation of Westvaco's papers to Viva in Hong Kong satisfied the service requirements of the Hague Convention. (See Dillard Decl. at PP 2-3.) Viva points to several other circumstances concerning service to support its argument that it had a good faith basis for concluding that it was not required to answer, including the server's alleged failure to identify himself and several subsequent written statements by Westvaco indicating that service had not yet been effected as to defendant Viva. n2 Westvaco takes the position that any failure to comply with the technical requirements of the Convention did not justify Viva's delay because, inter alia, by its actions in the California and New York actions, Viva evinced awareness of the New York suit. n3 Westvaco further argues that Viva demonstrated bad faith by failing to file a timely answer, given that Viva knew of Westvaco's efforts to effect service and failed to raise any challenge to effectiveness of service prior to filing its opposition to the present motion.

n2 Viva points, in support of its argument that it acted in good faith, to the following indications by Westvaco that service had not yet been effected against Viva: 1) a letter, dated February 20, 2001, addressed to the Court by counsel for Westvaco in which Plaintiff noted that although "service on Viva . . .. was initiated under the Hague Service Convention on January 2, 2001, [it is] not yet complete;" 2) papers dated February 6, 2001, submitted to the California federal district court in connection with Westvaco's motion to stay that action, in which Westvaco noted that service under the Hague Convention had not yet been effected as to Viva; and 3) a declaration offered in support of Westvaco's motion to dismiss the California action, which includes a statement by counsel for Westvaco indicating that Viva's counsel was asked to waive service in the New York action but had never agreed to accept service.

**[*8]**

n3 Westvaco offers several demonstrations of Viva's awareness of the New York action, just a

couple of which include Viva's opposition in the California action to Westvaco's motion to dismiss or stay the action because of the pending New York suit, and a declaration filed by Viva in its opposition to the present motion, in which counsel for Viva indicates that he was informed on February 7, 2001, that Viva had received a copy of the Complaint.

As noted above, doubts concerning whether default judgment is warranted should be resolved in favor of the non-moving party. See *Enron, 10 F.3d at 96*. Here, Viva has shown sufficiently that its failure to file a timely response to the Complaint was not "willful," so as to warrant the unusual remedy of a grant of default judgment against it. It has proffered a reasonable explanation for its delay in defending the action, specifically, that it believed that service had not been properly effected and that it was not, therefore, required to respond to the Complaint. Under the circumstances of this case, Viva's failure to respond to the **[*9]** Complaint within twenty days after the document was delivered to Viva's Hong Kong offices does not warrant the extreme sanction of a default judgment. Moreover, the facts that Viva commenced its own action in California before service in this action was effected and that Viva has filed an answer in this Court the month after it received the Complaint belie Westvaco's contention that Viva has acted egregiously to evade Westvaco's claims. See *Citadel, 123 F. Supp. 2d at 143* (under good cause standard, plaintiff's motion for default judgment denied where defendant submitted proposed answer to the complaint, suggesting a willingness to contest suit). Moreover, in view of the timing of Viva's response to the Complaint (which was filed approximately three and one-half months after Westvaco's commencement of this action) and the procedural posture of the case at the time (no discovery had yet begun), the Court finds that Westvaco has not been and will not be unduly prejudiced if Viva is permitted to go forward with its defense of the suit.

For the foregoing reasons, and in light of the policy preferring the resolution of litigation on the merits, see *Enron, 10 F.3d at 96*, **[*10]** Westvaco's motion for a default judgment against Viva is denied.

IT IS SO ORDERED.

Dated: New York, New York

July 24, 2002

/s/

LAURA TAYLOR SWAIN

United States District Judge