UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S-LDA<br><br>**PLAINTIFF'S STATEMENT OF ELEMENTS OF THE CLAIMS <u>AGAINST DEFENDANT</u>** |

Plaintiff Chrisha Creations, Ltd.'s ("Chrisha") hereby submits this statement pursuant to the Local Rule 16(c), and this Court's Notice dated May 25, 2007:

Chrisha's Complaint includes three separate causes of action arising out of the contracts between Chrisha and defendant TL Toys HK, Ltd. ("TL Toys") for the purchase of certain goods to be manufactured by TL Toys, sold to Chrisha and delivered to Chrisha's customers.

The first prayer for relief in the Complaint for Declaratory Judgment seeks a declaration that Chrisha's rejection of the defective and non-conforming goods from TL Toys was proper and timely under R.I.G.L. § 6A-2-601 *et. seq.* R.I.G.L. § 6A-2-601 provides that "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may: (a) Reject the whole; or (b) Accept the whole; or (c) Accept any commercial unit or units and reject the rest." Goods conform to the contract when they are in accordance with the obligations of the contract. *See* R.I.G.L. § 6A-2-106(2); *Campbell v. Pollack*, 101 R.I. 223, 231, 221 A.2d 615, 619 (R.I. 1966).

Under R.I.G.L. § 6A-2-602, the "rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." "[N]otice under the UCC is tied to the concept of reasonableness; if the sender makes a

reasonable effort and the receiver should reasonably become aware of the notice, it is effective." *Crest Manufacturing Co. v. Whittet-Higgins Co.*, 1992 R.I. Super. LEXIS 57 at *4-5 (R.I. Super. Ct. 1992) (discussing the definition and effectiveness of notice, pursuant to R.I.G.L. § 6A-1-201(26) and (27), together with the rejection of goods under R.I.G.L. § 6A-2-602 and the revocation of acceptance of goods under R.I.G.L. § 6A-2-608). R.I.G.L. § 6A-1-204 sets out what a reasonable time is as follows: "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action." It also provides that "an action is taken 'seasonably' when it is taken at or within the time agreed or if no time is agreed at or within a reasonable time." R.I.G.L. § 6A-1-204.

In addition, and in the alternative, pursuant to R.I.G.L. § 6A-2-608, "[t]he buyer may revoke his or her acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him or her if he or she has accepted it: . . . (b) Without discovery of such nonconformity if his or her acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." *See East Side Prescription Center, Inc. v. E.P. Fournier, Co.*, 585 A.2d 1176, 1179 (R.I. 1991) (holding that it is a factual consideration whether a particular nonconformity substantially impairs that value of contract to the buyer). "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it." R.I.G.L. § 6A-2-608. *See East Side Prescription Center, Inc. v. E.P. Fournier, Co.*, 585 A.2d at 1179-80; *Campbell v. Pollack*, 101 R.I. at 232, 221 A.2d at 619 (R.I. 1966) (finding that a letter by the buyer notifying the seller of the nonconformity of the goods to the contract complied with the notice provision required by § 6A-2-608). The statute also states that "[a] buyer who so revokes has the same rights and duties with regard to the

goods involved as if he or she had rejected them." R.I.G.L. § 6A-2-608. *See Campbell v. Pollack*, 101 R.I. at 230, 221 A.2d at 619 (holding that under both rejection and revocation of acceptance, "[i]t is enough under the code if the buyer seasonably notifies the seller.").

The second claim for relief seeks a declaration that TL Toys is required to indemnify Chrisha for all third-party claims by Chrisha's customers against Chrisha arising out of TL Toys' breach of contract, including but not limited to refunds, payment of damages, and payment of costs and expenses by Chrisha to Chrisha's customers for Chrisha's failure to meet its contractual obligations to its customers pursuant to its contracts, and attorneys fees and costs of defense in responding to the claims from Chrisha's customers.

As a result of TL Toy's breach of contract, Chrisha incurred damages paid to its customers for their loss of profits, costs and expenses, and refunds. TL Toys is obligated to reimburse Chrisha for the amounts it has already paid and to indemnify Chrisha for any payments or other liability Chrisha may have to its customers arising out of TL Toy's breach of contract. In *Hendricks & Assocs. v. Daewoo Corp.*, 923 F.2d 209, 217 (1st Cir 1991) the First Circuit determined that the manufacturer was required to reimburse the purchaser for damages recoverable under UCC §2-715 for a manufacturer/seller's delivery of defective goods, sums the purchaser had to pay to its customers for the customer's lost profits, expenses and other economic loss arising out of the manufacturer/seller's failure to deliver conforming goods.

Further, the right to indemnity can arise by express contract or may be predicated on the circumstances surrounding the contractual relationship between the parties. In the absence of an express contract the obligation to indemnify may arise from undertakings implicit in relationships assumed. *Atella v. General Electric Co.*, 21

F.R.D. 372, 374 (D.R.I. 1957). Indeed, "[c]ontractually based indemnity claims are viable under Rhode Island law, even if the contract to indemnify is implied and not express." *Silva v. A&B Construction, Inc.*, 1991 U.S. Dist. LEXIS 19309 at *5 (D.R.I. 1991). *See also Roy v. Star Chopper Co.*, 442 F. Supp. 1010, 1022 (D.R.I. 1977). (Court recognizes an implied contract to indemnify arising from a duty to perform the contract in a workmanlike manner).

The third claim for relief is for an award of damages suffered by Chrisha resulting from TL Toys' breach of the contracts, including but not limited to (i) lost profits by Chrisha in 2006; (ii) additional freight and shipping charges to ship product to customers due to TL Toys' late shipping of product to Chrisha or failure to ship certain products at all to Chrisha; (iii) additional costs and expenses to warehouse the defective products supplied by TL Toys and to transport or return defective products from Chrisha's customers back to Chrisha or to TL Toys; and (iv) lost business and profits for 2007 due to Chrisha's customers refusing to do business with Chrisha in 2007 due to Chrisha's failure to meet its contractual obligations to its customers for the 2006 selling season.

"In Rhode Island a party establishes a breach of contract claim when that party demonstrates a 'violation of a contractual obligation, either by failing to perform one's promise or by interfering with another party's performance.' *Kinetic Sys. v. R.I. Indus. Facilities Corp.*, 2003 R.I. Super. LEXIS 113 *21 (R.I. Super. Ct. 2003), citing *Demicco v. Medical Associates of Rhode Island, Inc.,* No 99-2512 (D. R.I. filed July 31, 2000). *See also Baris v. Steinlage*, 2003 R.I. Super. LEXIS 154 at *15 (R.I. Super. Ct. 2003).

"It is well settled that damages for breach of contract are such as will put the injured party in as good a position as he would have been in had the contract been fully performed." *D'Oliveira v. Rare Hospitality International, Inc.*, 2003 R.I. Super. LEXIS

28 at *14 (R.I. Super. Ct. 2003) *Baris v. Steinlage*, 2003 R.I. Super. LEXIS 154 at *15 (R.I. Super. Ct. 2003). "Compensatory damages are awarded to attempt to restore an injured party to the position it was in prior to a loss caused by a wrongdoer's misconduct." *Baris*, 2003 R.I. Super. LEXIS 154 at *70. "Lost profits have long been recognized as a proper element of compensatory damages in Rhode Island in cases of business interruption." *Baris v. Steinlage*, 2003 R.I. Super. LEXIS 154 at *70.

Pursuant to R.I.G.L. § 6A-2-713, "the measure of damages for nondelivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price, together with any incidental and consequential damages provided in [R.I.G.L. § 6A-2-715], but less expenses saved in consequence of the seller's breach." R.I.G.L. § 6A-2-715 states that incidental damages include "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions with effecting cover, and any other reasonable expense incident to the delay or other breach." *Knapp Shoes, Inc. v. Sylvania Shoe Manufacturing Corp.*, 72 F.3d 190, 204-05 (1st Cir. 1995) (awarding incidental damages which included storage costs, freight charges, travel expenses and other charges). R.I.G.L. § 6A-2-715 states that consequential damages include "[a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise." *See D. Klein & Son, Inc. v. Good Decision, Ltd.*, 2005 U.S. App. LEXIS 2764 at *10-11 (2d Cir. 2005) (awarding incidental damages (duty, freight and handling costs) and consequential damages (lost profits) pursuant to U.C.C. § 2-715); *Hendricks & Assocs. v. Daewoo Corp.*, 923 F.2d 209, 214 (1st Cir 1991) (holding prospective profits are recoverable as consequential damages).

Lastly, pursuant to R.I.G.L. §2-711(1), once a buyer rightfully rejects a tender of goods in a contract, he is entitled to cancel the contract. Once the contract is cancelled the buyer's obligation to pay the purchase price of the contract is discharged. *See* R.I.G.L. §2-106 (3). *See also U.S.A. Coil and Air, Inc. v. Hodess Building Co.*, 1999 R.I. Super. LEXIS 146 at *5-6 (R.I. Super. Ct. 1999).

Plaintiff Chrisha reserves its rights to amend and/or supplement this statement.

Uniondale, New York
July 11, 2007

RIVKIN RADLER, LLP

/s/ Jason B. Gurdus
Celeste M. Butera
e-mail: celeste.butera@rivkin.com
Jason B. Gurdus
e-mail: jason.gurdus@rivkin.com
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 - Fax

/s/ Thomas C. Plunkett
Thomas C. Plunkett #1662
e-mail: tplunkett@kprlaw.com
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

# CERTIFICATION

I hereby certify that I caused to be served a copy of the within document by electronic mail through the Electronic Case Filing system of the United States District Court on this 11th day of July 2007 to the following counsel of record:

Celeste M. Butera
celeste.butera@rivkin.com

Jason B. Gurdus
jason.gurdus@rivkin.com

Thomas C. Plunkett
tplunkett@kprlaw.com, info@kprlaw.com

Joseph K Scully
JKScully@DayPitney.com, DCharles@DayPitney.com

_/s/ Thomas C. Plunkett_________

2053123 v2