**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| v. | : | |
| TL TOYS HK, LTD., | : | |
| Defendant. | : | OCTOBER 24, 2007 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 15 and Local Rule 15, the Defendant TL Toys HK, Ltd. ("TL Toys") submits this Memorandum of Law in Support of its Motion to Amend its First Amended Answer to assert Counterclaims that are presently pending in an action stayed in the United States District Court for the Southern District of New York. TL Toys' proposed Second Amended Answer and Counterclaims is attached to its Motion to Amend as Exhibit 1. In support of its Motion to Amend, TL Toys states the following:

1. A party may amend its pleadings at any time by leave of court. Fed. R. Civ. P. 15(a).

2. The dispute concerns the delivery by TL Toys to Chrisha of approximately $2 million in inflatable holiday lawn decorations. Plaintiff, Chrisha Creations, Ltd. ("Chrisha" or "Plaintiff") alleges, among other things, that TL Toys failed to manufacture the lawn decorations properly and failed to deliver the decorations in a timely fashion. TL Toys denies these allegations.

3. As the Court is aware, on February 23, 2007, TL Toys filed against Chrisha in the United States District Court for the Southern District of New York ("New York Action"). In the

New York Action, TL Toys asserted six causes of action—five of which arose from sales transactions unrelated to the sales transactions involved in this action. Believing that it had not been properly served in this action, TL Toys also asserted a claim arising from Chrisha's failure to pay for the lawn decorations in this action. Chrisha moved to dismiss or stay the New York Action arguing that this action should proceed as the first filed. TL Toys opposed that motion. On August 30, 2007, the Court in the New York Action issued an order granting Chrisha's motion to stay pending the outcome of this action.

4. In the New York Action, Chrisha represented, "[T]he Rhode Island Action and the New York Action clearly arise out of the same factual grouping, transaction, or series of transactions, embrace essentially the same transactions, and are related." Page 3, Chrisha's Memorandum of Law in Reply and in Further Support of Chrisha Creations, Ltd.'s Motion to Dismiss (internal quotations omitted).

5. TL Toys now seeks leave to proceed with its claims before this Court. The proposed amendment would merely assert the same claims that TL Toys had asserted in the New York Action here in Rhode Island. Fed. R. Civ. P. 15 (a) declares that leave to amend "shall be freely given when justice so requires." Although the grant or denial of an opportunity to amend is within the discretion of the District Court, the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id.; see Coxcom, Inc. v. Chaffee, 2006 U.S. Dist. LEXIS 5028, *8-9 (D.R.I. 2006). "The First Circuit has explained that the ruling on a motion to amend is within the discretion of the trial court, 'but amendments under the rule

are liberally granted, and some justification is required for a refusal.'" Desrosiers v. Hartford Life & Accident Ins. Co., 354 F. Supp. 2d 119, 129 (D.R.I. 2005) (quoting Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976)). Here, none of the Foman elements are present. TL Toys' request to amend its answer to assert counterclaims is made in order to consolidate the actions between the parties in light of the ruling in the New York Action.

6. TL Toys has not unduly delayed the bringing of these claims. As noted earlier, TL Toys asserted these same claims in the New York Action. While the motion in the SDNY was pending, TL Toys notified Chrisha that if the SDNY opted not to simultaneously entertain the claims, TL Toys would assert them in Rhode Island. Shortly after the SDNY's August 30, 2007 Order, TL Toys notified Chrisha that it would, in fact, seek to amend to assert counterclaims in this action and requested that Chrisha assent to such motion. Chrisha later responded by requesting a copy of TL Toys' proposed Amended Answer and Counterclaims which TL Toys provided on October 1, 2007. On October 16, 2007, Chrisha indicated that before assenting to this motion to amend it would like to review the proposed motion. TL Toys provided a proposed motion later that same day. Unfortunately, as of the date of this filing, Chrisha has not responded to TL Toys' numerous subsequent inquires as to whether or not Chrisha would object to the motion to amend. *On at least eight separate occasions*, TL Toys requested that Chrisha notify TL Toys whether Chrisha would consent to this motion being filed as unopposed/consented-to. Chrisha ignored all eight requests, during which time Chrisha repeatedly requested more time to respond to TL Toys' discovery requests, to which TL Toys consented to each time.

7. There is no prejudice to Chrisha if this motion is granted. Chrisha has been on notice of the claims to be asserted and Chrisha has already represented that the claims are

identical to the claims already being asserted by Chrisha. Furthermore, this action is in an early stage. Although the parties have served discovery requests, neither party has produced any documents, provided any answers to interrogatories or taken any depositions. Chrisha has yet to respond to a single discovery request, and has been granted the professional courtesy of an extension by TL Toys each time Chrisha requested more time. Chrisha has opted not to extend this courtesy to TL Toys for purposes of this motion—not even the courtesy of responding to eight separate requests for a "yes" or "no" as to whether they will consent and/or not oppose this motion. Chrisha should therefore not be heard to complain that it will suffer any prejudice or that there will be any undue delay. At this stage of proceedings, justice and judicial economy will be best served by granting this motion.

8. TL Toys previously filed a First Amended Answer as of right, without leave of the Court under Federal Rule Civil Procedure 15(a) within 20 days of filing its original Answer. TL Toys filed its First Amended Answer at Chrisha's request for the purpose of removing one affirmative defense.

WHEREFORE, TL Toys respectfully requests that it be allowed to amend its answer to assert counterclaims by filing the Second Amended Answer and Counterclaims attached to its Motion to Amend as Exhibit 1.

DEFENDANT, TL TOYS HK LTD.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)

-and-

Jeffrey S. Mandel, Esq. (admitted pro hac vice)
*jmandel@daypitney.com*
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
Phone (973) 966-8206
Fax (973) 966-1015

Its Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on this date, a copy of foregoing **Defendants' Memorandum of Law in Support of its Motion for Leave to Amend to Assert Counterclaims** was filed electronically [and served by mail on anyone unable to accept electronic filing.]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.] Parties may access this filing through the Court's system.

/s/ Joseph K. Scully
Joseph K. Scully (#6217)