**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD., | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| VS. | : | |
| | : | |
| TL TOYS HK, LTD., | : | |
| | : | |
| Defendant-Counterclaimant. | : | NOVEMBER 14, 2007 |

**SECOND AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant, TL Toys HK, Ltd. ("TL Toys" or "Defendant"), by its attorneys, Day Pitney LLP, by way of Amended Answer and Counterclaim says:

**NATURE AND STATUTORY BASES OF ACTION**

1. Defendant can neither admit nor deny the allegations in Paragraph 1 of the Complaint insofar as it states a legal conclusion to which no response is required and therefore does not warrant a response from this Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 1.

**PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 insofar as it relates solely to Plaintiff.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant can neither admit nor deny the allegations in Paragraph 4 of the Complaint insofar as it states a legal conclusion to which no response is required.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Defendant admits the allegations in Paragraph 7 insofar as Plaintiff provided Defendant with rotating inflatable products and inflatable Halloween archway tunnels.

8. Defendant admits the allegations in Paragraph 8 insofar as Plaintiff was to provide Defendant with products and Plaintiff shipped products directly to companies in the United States and Canada. Defendant denies the remainder of Paragraph 8.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

## FIRST CLAIM FOR RELIEF
**(Proper Rejection Under UCC)**

16. Defendant incorporates its responses to Paragraphs 1-15 as if fully stated herein.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

## SECOND CLAIM FOR RELIEF
**(Indemnification of Third-Party Claims)**

21. Defendant incorporates its responses to Paragraphs 1-20 as if fully stated herein.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 insofar as it relates solely to Plaintiff's communications with unknown third parties.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract)**

26. Defendant incorporates its responses to Paragraphs 1-25 as if fully stated herein.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant can neither admit nor deny the allegations in Paragraph 1 of the Complaint insofar as it is a request for relief that does not warrant a response from this Defendant.

WHEREFORE, Defendant, TL Toys, respectfully requests that this Court dismiss Plaintiff's Claims for Relief and enter judgment in its favor, with costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and is also invalid as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred under the doctrines of laches, waiver, avoidable consequences, and equitable/promissory estoppel.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred under the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred based upon a lack of consideration.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because Plaintiff failed to mitigate its damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred because any damages suffered by Plaintiff is the result of the actions and/or inactions of Plaintiff and/or third persons over whom Defendant lacks control.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred under the doctrine of frustration of purpose.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred under the doctrine of set-off and/or recoupment.

**NINTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred by the doctrine of ratification.

**TENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred by the doctrine of release.

**ELEVENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred by Plaintiff's failure to timely reject any products that Plaintiff believed to be non-confirming.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrine of accord and satisfaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred because Plaintiff failed to give timely notice of any alleged breach and/or a reasonable opportunity to cure.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred by the doctrine of unforeseeability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred insofar as the Uniform Commercial Code does not govern certain conduct by the parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint is barred because Plaintiff has no legal basis for contractual and/or common law indemnification.

**COUNTERCLAIMS**

1. Defendant-Third Party Plaintiff TL Toys is a corporation organized and existing under the laws of Hong Kong.

2. Plaintiff Chrisha Creations, Ltd. ("Chrisha"), on information and belief, is a corporation organized and existing under the laws of the State of Rhode Island.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

3. TL Toys repeats and re-alleges paragraphs 1 through 2 as if set forth herein.

4. Chrisha accepted the following merchandise from TL Toys:

| PRODUCT # | INVOICE | AMT |
|---|---|---|
| 89004 | CHRS6046 | $299,040.00 |
| 88886 | CHRS6031 | $365,844.00 |
| 88886 | CHRS6051 | $26,230.00 |
| 89005 | CHRS6031 | $469,810.00 |
| 89011 | CHRS6029 | $215,000.00 |

| | | |
|---|---|---|
| 88996m | CHRS6029 | $215,000.00 |
| 89004m | CHRS6050 | $179,224.00 |
| 89017 | CHRS6027 | $21,945.00 |

5. Chrisha failed to timely and/or properly reject the merchandise identified in paragraph 13 of this Second Cause of Action.

6. TL Toys has demanded payment for the invoices reflected in paragraph 13 of this Second Cause of Action.

7. Chrisha has refused to make payment to TL Toys for the merchandise identified in paragraph 4 of this First Cause of Action.

8. An outstanding balance of $1,792,093.00, plus interest remains due and owing from Chrisha to TL Toys on the merchandise identified in paragraph 4 of this First Cause of Action, plus consequential damages including but not limited claims made against TL Toys by third parties.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

9. TL Toys repeats and re-alleges paragraphs 1 through 8 as if set forth herein.

10. Chrisha requested that TL Toys manufacturer merchandise according to certain specifications.

11. TL Toys manufactured merchandise for Chrisha in addition to those products identified in paragraph 4 of the First Cause of Action.

12. Chrisha accepted the merchandise set forth in Exhibit A, attached hereto, from TL Toys.

13. Chrisha failed to timely and/or properly reject the merchandise identified in Exhibit A of this Second Cause of Action.

14. TL Toys has demanded payment for the invoices reflected in Exhibit A of this Second Cause of Action.

15. Chrisha has refused to make payment to TL Toys for the merchandise identified in Exhibit A of this Second Cause of Action.

16. An outstanding balance of $7,159,818.41, plus interest, remains due and owing from Chrisha to TL Toys on the merchandise identified in Exhibit A of this Second Cause of Action.

17. An outstanding balance of $8,951,911.41, plus interest, remains due and owing from Chrisha to TL Toys from all of the merchandise manufactured by TL Toys for Chrisha, as set forth in this Counterclaim, plus consequential damages including but not limited claims made against TL Toys by third parties.

## THIRD CAUSE OF ACTION
## (Unjust Enrichment)

18. TL Toys repeats and re-alleges paragraphs 1 through 17 as if set forth herein.

19. Chrisha had use and possession of TL Toys' merchandise without making payments to TL Toys.

20. Chrisha sold TL Toys' merchandise without making payments to TL Toys.

21. Accordingly, TL Toys is entitled to judgment against Chrisha in an amount to be determined by the value of the merchandise, the amounts due under the parties' contracts plus any other income that Chrisha received and/or will receive due to the possession and/or sale of the products.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Book Account)**

22. TL Toys repeats and re-alleges paragraphs 1 through 21 as if set forth herein.

23. Chrisha requested that TL Toys manufacture certain merchandise.

24. Chrisha specified the design of the merchandise that it sought from TL Toys.

25. TL Toys manufactured the merchandise in accordance with Chrisha's design.

26. The agreements between TL Toys and Chrisha for the merchandise are evidenced by invoices.

27. Chrisha has failed and refused to pay said sum in full, despite due demand, which said amount remains due and owing.

28. TL Toys' invoices were rendered in the regular course of business.

29. Chrisha did not timely object to the amount contained therein.

30. Accordingly, Chrisha is liable to TL Toys for an account stated in the amount of TL Toys' invoices, plus interest.

**<u>FIFTH CAUSE OF ACTION</u>**
**(Breach of Duty of Good Faith and Fair Dealing)**

31. TL Toys repeats and re-alleges paragraphs 1 through 30 as if set forth herein.

32. Chrisha arbitrarily and unreasonably withheld money due and owing to TL Toys under the parties' agreement.

33. Chrisha's conduct deprived TL Toys of the benefits of the parties' agreement.

34. Chrisha acted with bad motive and/or intention in failing to honor the agreement.

35. Chrisha's conduct constitutes a breach of the implied covenant of good faith and fair dealing.

36. Chrisha's conduct resulted in TL Toys losing and/or being deprived of contractual relations with third parties, loss to business reputation, and economic hardship.

WHEREFORE, Plaintiff, TL Toys HK Ltd., seeks judgment against Defendant, Chrisha Creations Ltd., as follows:

(a) Declaring a breach of contract and awarding TL Toys HK Ltd. an amount estimated at $8,251,911.42 plus interest, consequential damages including but not limited to claims made against TL Toys HK Ltd, by third parties, attorneys' fees and costs;

(b) Awarding TL Toys HK Ltd. money based upon unjust enrichment;

(c) Awarding TL Toys HK Ltd. an amount equal to its lost contractual relations with third parties; and

(d) Awarding TL Toys HK Ltd., such other and further relief as this Court deems just and proper, including but not limited to compensatory damages and punitive damages.

DEFENDANT, TL TOYS HK LTD.

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)

-and-

Jeffrey S. Mandel, Esq. (*pro hac vice*)
*jmandel@daypitney.com*
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
Phone (973) 966-8206
Fax (973) 966-1015

Its Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on November 14, 2007 a copy of foregoing **Seconded Amended Answer to Complaint and Counterclaims** was filed electronically [and served by mail on anyone unable to accept electronic filing.]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.] Parties may access this filing through the Court's system.

/s/ Joseph K. Scully
Joseph K. Scully (#6217)