UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD. | ) | Civil Action No.: 06-0499 S |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF CHRISHA CREATIONS' MEMORADUM IN SUPORT OF MOTION TO COMPEL DISCOVERY** |
| TL TOYS HK, LTD. | ) | |
| Defendant. | ) | |

Plaintiff, Chrisha Creations Ltd. ("Chrisha"), by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully requests that the defendant, TL Toys HK, Ltd. ("TL Toys"), be compelled to produce supplemental responses and documents to Chrisha's First, Second and Third Requests for Production of Documents and Things, and Chrisha's First Set of Interrogatories, pursuant to Fed. R. Civ. P. Rule 37 and L.R. Cv 37.

**Introduction**

1. On November 16, 2006, Chrisha commenced this action in the United States District Court for the District of Rhode Island against TL Toys. In this action, Chrisha seeks money damages and declaratory relief from TL Toys arising out of TL Toys' breach of contracts entered into with Chrisha for the manufacturing of certain products by TL Toys. The breach of contracts by TL Toys relates to TL Toys' delivery of the non-conforming and defective merchandise, and the untimely delivery of merchandise.

2. On or about September 6, 2007, Chrisha served its First Request for the Production of Documents on TL Toys. (Annexed hereto as Exhibit "A"). On or about November 7, 2007, TL Toys served a response to Chrisha's First Request for the Production of Documents.

(Annexed hereto as Exhibit “B”). TL Toys’ response to these document requests consisted of a series of objections.

3. On or about September 10, 2007, Chrisha served its First Set of Interrogatories to TL Toys. (Annexed hereto as Exhibit “C”). On or about November 9, 2007, TL Toys served a response to Chrisha’s First Set of Interrogatories. (Annexed hereto as “Exhibit “D”). TL’s response to these interrogatories primarily consisted of a series of objections.

4. On or about January 14, 2008, counsel for Chrisha sent correspondence to TL Toys’ counsel setting forth in detail TL Toys’ deficiencies in failing to adequately comply with Chrisha’s First Request for the Production of Documents and First Set of Interrogatories. (Annexed hereto as Exhibit “E”). Further, by way of this same correspondence, Chrisha made a good-faith effort to allow TL Toys to supplement and/or amend their responses to these discovery requests without the need for motion practice.

5. On or about January 28, 2008, TL Toys’ counsel transmitted an e-mail correspondence to Chrisha’s counsel indicating that the initial document production was not complete and additional documents were forthcoming. (Annexed hereto as Exhibit “F”).

6. However, the initial document production was never supplemented with the additional responsive documents promised in the January 28, 2008 correspondence. As such, on or about February 11, 2008, counsel for Chrisha sent correspondence to counsel for TL Toys outlining TL Toys’ deficiencies in failing to produce all responsive documentation to Chrisha’s First Request for the Production of Documents and in failing to supplement or amend TL Toys’ deficient responses to Chrisha’s First Set of Interrogatories. (Annexed hereto as Exhibit “G”). Further, this correspondence also constituted a second good-faith attempt by Chrisha to permit

TL Toys to comply with these outstanding discovery demands without the need for motion practice.

7. On or about February 14, 2008, counsel for TL Toys indicated in correspondence that supplemental documents were being analyzed and would be produced by February 29, 2008. (Annexed hereto as Exhibit "H").

8. On or about March 3, 2008, correspondence by Chrisha's counsel was sent to counsel for TL Toys indicating that Chrisha would seek to compel TL Toys to comply with the outstanding requests for documents and interrogatories. (Annexed hereto as Exhibit "I"). In response to this correspondence, counsel for TL Toys informed Chrisha that the TL Toys' responses to Chrisha's First Request for Production of Documents would be supplemented with additional documents by no later than March 7, 2008. Further, counsel for TL Toys indicated that supplemental interrogatory responses would also be provided by no later than March 7, 2008.

9. Thereafter, in March 2008, TL Toys produced additional documents to Chrisha.

10. On or about January 30, 2008, Chrisha served its Second Request for the Production of Documents and Things on TL Toys. (Annexed hereto as Exhibit "J"). To date, TL has failed to provide any responsive documents to this second request for production and its responses to these document requests consist of a series of objections.

11. On or about April 8, 2008, after completing its review of the approximately 13,000 pages of documents produced by TL Toys, counsel for Chrisha wrote to counsel for TL Toys to detail TL Toys' remaining deficiencies with respect to its responses to Chrisha's First Request for Production of Documents and First Set of Interrogatories in this matter. The correspondence also informed counsel for TL Toys that TL Toys' responses to Chrisha's Second

Request for Production of Documents and Things were long overdue. Another letter was sent by counsel for Chrisha to counsel for TL Toys on May 2, 2008 to request a response to the April 8, 2008 letter. (Both letters are annexed hereto as Exhibit “K”).

12. On or about April 1, 2008, Chrisha served its Third Request for the Production of Documents and Things on TL Toys. (Annexed hereto as Exhibit “L”).

13. On or about May 12, 2008, TL Toys served its responses to Chrisha’s Second and Third Requests for Production of Documents and Things. (Annexed hereto as Exhibits “M” and “N”). TL Toys’ responses to these document requests mostly consist of a series of objections.

14. On or about May 22, 2008, counsel for Chrisha corresponded with counsel for TL Toys requesting that TL Toys immediately supplement its responses to Chrisha’s Second and Third Requests for Production of Documents and Things, as well as provide a response to counsel for Chrisha’s April 8, 2008 letter. Counsel for TL Toys immediately responded by electronic mail that he would not be responding by the time requested by Chrisha. (Both correspondences are annexed hereto as Exhibit “O”.) To date, counsel for TL Toys has not otherwise responded to Chrisha’s May 22, 2008 letter.

15. On or about May 15, 2008, counsel for Chrisha also wrote to counsel for TL Toys requesting TL Toys to produce all documents relied upon in TL Toys’ expert report of Peter Fogarty that have yet to be produced to Chrisha. (Annexed hereto as Exhibit “P”). To date, Chrisha has received no response from TL Toys to its May 15, 2008 letter.

16. Accordingly, and as specifically detailed below, Chrisha respectfully requests that an order be granted compelling TL Toys to produce supplemental responses and all responsive documents to Chrisha’s First, Second and Third Requests for Production of Documents, and

compelling TL Toys to supplement its responses to Chrisha's First Set of Interrogatories, in an effort to continue to move this litigation forward.

**TL Toys' Inadequate Responses To Chrisha's First Request for Production**

17. The documentation received from TL Toys in response to Chrisha's First Request for the Production of Documents is incomplete and TL Toys' responses have yet to be amended and/or supplemented. Specifically, there have been no documents produced by TL Toys responsive to document requests 7, 20, 21 and 22. It is also unknown whether TL Toys has produced all of its documents in response to the other document requests.

18. Document request number 7 seeks, "[a]ll documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with Chrisha's customers concerning TL Toys' Products purchased by Chrisha." In response to this request, TL Toys stated "In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this request to the extent it employs the phrase 'Chrisha's customers' without defining same. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist."

19. To date, TL Toys has not produced any documents responsive to request number 7 or amended its written responses to indicate that no such documents exist.

20. Document request number 20 seeks, "[a]ll documents concerning insurance policies providing coverage to TL Toys, or which may provide coverage to TL Toys, for any loss arising out of and/or resulting from defective and/or non-conforming products, or the untimely delivery of products by TL Toys." In response to this request, TL Toys stated, "In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this request to the extent it employs the words 'non-conforming', 'defective', and 'untimely', all of which are subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist."

21. To date, TL Toys has not produced any documents responsive to request number 20 or amended its written responses to indicate that no such documents exist.

22. Document request number 21 seeks, "[d]ocuments identifying TL Toys' owners, officers, directors and shareholders from 2000 to present." In response to this request, TL Toys

stated, “In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this request due to its unreasonable time provision of over seven years.”

23. In correspondence dated January 14, 2008, counsel for Chrisha agreed to limit the scope of document request number 21 to “2005 to present”. (*See* Exhibit E.) Furthermore, this demand is not subject to the attorney client privilege and/or the work product doctrine. Chrisha is seeking corporate information from TL Toys, which was not created with respect to this litigation nor prepared by TL Toys’ counsel. In addition, a confidentiality agreement, endorsed by the Court, is now in place. To date, TL Toys has not produced any documents responsive to request number 21.

24. Document request number 22 seeks, “[d]ocuments identifying TL Toys’ employees each year from 2000 to present, their current job title, if currently employed, and their last known address if no longer employed by TL Toys.” In response to this request, TL states, “[i]n addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or

work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this request due to its unreasonable time provision of over seven years. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist."

25. To date, TL Toys has not produced any documents responsive to request number 22 or amended its written responses to indicate that no such documents exist.

26. At this time, it is also unknown whether TL Toys has produced all documents in its possession in response to all of the other document requests in Chrisha's First Request for the Production of Documents. To date, TL Toys has failed to provide sufficient written responses to the other document requests, as TL Toys' responses state that "Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist." Chrisha has previously requested that TL Toys provide supplemental written responses to each document request setting forth whether TL Toys has, in fact, provided all responsive documents, will produce responsive documents or has no responsive documents.

27. Therefore, Chrisha seeks an Order from this Court compelling TL Toys to produce supplemental written responses and all responsive documents to Chrisha's First Requests for the Production of Documents.

**<u>TL Toys' Inadequate Responses To Chrisha's First Set of Interrogatories</u>**

28. TL Toys' responses to Chrisha's First Set of Interrogatories are inadequate and have yet to be amended or supplemented with sufficient responses.

29. Chrisha's interrogatory number 5 asks TL Toys to "[s]tate the specifications and designs for each of the TL Toys' Products, who provided such specifications and/or designs and the date when provided. Identify all related documents including all purchase orders, contracts and agreements." In response to this interrogatory, TL Toys stated, "TL Toys objects to this interrogatory to the extent it seeks information that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory to the extent it seeks to impute knowledge of third parties upon TL Toys. Subject to these objections and without waiving same, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests concerning the specifications and designs for the TL Toys Products."

30. TL Toys' objections to interrogatory number 5 are invalid. The interrogatory specifically seeks information regarding the products at issue that were manufactured by TL and such information is within TL's knowledge. The specifications and designs of the products, as well as who provided them and when they were provided, are clearly relevant, as one of the

issues in this case are the defects in the products. A review of the documents provided to Chrisha by TL Toys does not provide an answer to the interrogatory. Furthermore, to the extent such information is confidential and proprietary, TL Toys has signed, and the Court has executed, a confidentiality agreement covering this action. To date, a response to this interrogatory has not been amended or supplemented.

31. Chrisha's interrogatory number 10 asks TL Toys to "[i]dentify the communications between TL Toys and any individual or entity other than Chrisha regarding the claim that the TL Toys' Products were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents." In response to this interrogatory, TL Toys stated, "See Objections and Answers to Interrogatories No. 2 and 3, which seek the same information."

32. TL Toys' response to interrogatory number 10 is inadequate because it fails to identify any communications between TL Toys and any individuals or entities other than Chrisha. Interrogatories number 2 and 3, to which TL Toys refers, have no connection with interrogatory number 10, as interrogatories number 2 and 3, and TL Toys' responses to such interrogatories, deals with communications between Chrisha and TL Toys, and not communications between TL Toys and other entities. Furthermore, TL Toys has not produced any documents to Chrisha upon which to derive an answer to this interrogatory. To date, a response to this interrogatory has not been amended or supplemented.

33. Interrogatory number 11 asks TL Toys to "[s]tate whether TL Toys has made any payments to Chrisha towards any freight, shipping or warehouse charges incurred by Chrisha and/or its customers relating to TL Toys' Products, and identify all related documents." In response to this interrogatory, TL Toys stated, "TL Toys objects to this Interrogatory on the

grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of expenses incurred by Chrisha and/or its customers. Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory."

34. TL Toys' response to interrogatory number 11 is inadequate, as this interrogatory is neither vague nor ambiguous, and in fact, it is TL Toys' response to this interrogatory that is ambiguous. Chrisha is asking TL Toys whether TL Toys has made payments to Chrisha with respect to any freight, shipping or warehouse charges incurred by Chrisha and/or Chrisha's customers. If TL Toys has not made any such payments, we request that TL Toys clearly so state in its response.

35. Interrogatory number 12 asks TL Toys to "[s]tate whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that the products manufactured by TL Toys were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents." In response to this interrogatory TL Toys stated, "TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of Chrisha's claim that the products manufactured by TL Toys were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely. Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory."

36. TL Toys' response to interrogatory number 12 is inadequate, as this interrogatory is neither vague nor ambiguous, and in fact, it is TL Toys' response to this interrogatory that is ambiguous. Chrisha is asking TL Toys whether TL Toys has made payments to Chrisha with respect to the defective and/or non-conforming, or untimely delivered, products. If TL Toys has not made any such payments, we request that TL Toys clearly so state in its response.

37. Interrogatory number 13 asks TL Toys to "[s]tate whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that Chrisha had to refund to its customers the purchase price of the TL Toys Products, and in addition, pay the lost profits the customers would have made on the sale of the TL Toys' Products, and identify all related documents." In response to this interrogatory, TL Toys stated, "TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of Chrisha's claim that Chrisha had to refund to its customers the purchase price of the TL Toys' Products, and in addition, pay the lost profits the customers would have made on the sale of the Toys' Products. Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory."

38. TL Toys' response to interrogatory number 13 is inadequate, as this interrogatory is neither vague nor ambiguous, and in fact, it is TL Toys' response to this interrogatory that is ambiguous. Chrisha is asking TL Toys whether TL Toys has made payments to Chrisha with respect to Chrisha's refunds and payments of lost profits to Chrisha's customers. If TL Toys has not made any such payments, we request that TL Toys clearly so state in its response.

39. Interrogatory number 19 asks TL Toys to "[i]dentify all of TL Toys' owners, officers, directors, shareholders, and employees each year from 2000 to present, and their last known address if no longer employed by TL Toys." In response to this interrogatory, TL Toys stated, "TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

40. In correspondence dated January 14, 2008, counsel for Chrisha agreed to limit the scope of interrogatory number 19 to "2005 to present". (*See* Exhibit E.) To date, a response to this interrogatory has not been amended or supplemented.

41. At this time, it is also unknown whether TL Toys has produced all documents in its possession upon which to derive answers to all of the other interrogatories in Chrisha's First Set of Interrogatories. To date, TL Toys has failed to provide sufficient written responses to the other interrogatories, or Chrisha's First Requests for the Production of Documents, or to inform Chrisha whether all such responsive documents have been produced by TL Toys. Chrisha has previously requested that TL Toys provide supplemental written responses to each interrogatory setting forth whether TL Toys has, in fact, provided all responsive documents, will produce responsive documents or has no responsive documents, upon which to allow Chrisha to derive answers to Chrisha's interrogatories.

42. Therefore, Chrisha seeks an Order from this Court compelling TL Toys to produce supplemental written responses to Chrisha's First Set of Interrogatories.

**TL Toys' Inadequate Document Production**

43. To date, Chrisha has received almost 13,000 pages of documents from TL Toys in discovery. However, there appears to be missing pages with respect to several of the documents

provided by TL Toys. To date, despite Chrisha's repeated requests, TL Toys has failed to explain the missing pages of document production.

44. First, there appears to be missing pages with respect to many of the emails produced to Chrisha by TL Toys. For example, an email, bates stamped TL 1448, states on the bottom of the page "Dear Steve", but the next bates stamped page is an unrelated email. Also, another email, bates stamped TL 6553, states page 4 of 4 on the top of the email, but the first three pages of the email are not located prior to this page. Likewise, documents bates stamped TL 5830, 5859, 5861, 5897, 5908, 5937, 5938 and 5939 are incomplete emails. They all contain only the first page of emails and, in each instance, the next document is not the next page of the email. This occurs with respect to various other emails throughout TL Toys' document production. Copies of all of the bates stamped pages listed above are annexed hereto as Exhibit "Q".

45. Second, a review of the Home Depot Compliance Audits produced by TL Toys reveals that several of the audits are missing pages. For example, the audit included within the pages bates stamped TL 2026 to 2032 only has pages 3, 11, 12, 13, 14 and 15 of a 15-page audit. Similarly, the audit included within the pages bates stamped TL 2033 to 2037 only has pages 1, 6, 8 and 15 of a 15-page audit. Copies of the bates stamped pages TL 2026 to 2032 and TL 2033 to 2037 are annexed hereto as Exhibit "R". This occurs with respect to several of the Home Depot Compliance Audits located between the documents bates stamped TL 1552 to 2120.

46. Therefore, Chrisha seeks an Order from this Court compelling TL Toys to produce the missing pages or explain why such pages in TL Toys' document production appear to be missing.

47. In addition, TL Toys has not responded to Chrisha's May 15, 2008 request to have TL Toys produce all documents relied upon in TL Toys' expert report of Peter Fogarty that have yet to be produced to Chrisha. (*See* Exhibit "P"). To date, Chrisha has received no substantive response from TL Toys to its May 15, 2008 letter. Therefore, Chrisha seeks an Order from this Court compelling TL Toys to produce such documents.

**TL Toys' Inadequate Responses To Chrisha's Second and Third Requests for Production**

48. TL Toys has objected to almost each and every request for production made by Chrisha in its Second Requests for Production of Documents and Things. TL Toys' objections to Chrisha's requests are improper.

49. Document requests numbered 1 through 11 in Chrisha's Second Requests for Production each seek documents regarding TL Toys' corporate and financial information. TL Toys' objections to these requests are almost identical. As such, Chrisha will deal with requests numbered 1 through 11, and TL Toys' objections to these requests, together.

50. Document request number 1 seeks "All organizational documents for TL Toys, including but not limited to, memorandum of association, articles of association, certificate of incorporation, articles of incorporation, operating agreement, shareholders agreement and by-laws."

51. Document request number 2 seeks "All documents identifying all of TL Toys' parents, subsidiaries and affiliates."

52. Document request number 3 seeks "All documents identifying the organizational structure of TL Toys and all its parents, subsidiaries and affiliates."

53. Document request number 4 seeks “TL Toys’ asset purchase agreements and/or stock purchase agreements, as well as all documents regarding TL Toys’ asset purchase agreements and/or stock purchase agreements.”

54. Document request number 5 seeks “Certificates of dissolution of TL Toys, as well as all documents regarding any certificates of dissolution of TL Toys.”

55. Document request number 6 seeks “All documents identifying all of TL Toys’ assets and inventory.”

56. Document request number 7 seeks “All documents indentifying all of TL Toys’ members, shareholders, officers, directors and principals.”

57. Document request number 8 seeks “TL Toys’ tax returns for the years 2004, 2005 and 2006.”

58. Document request number 9 seeks “All audited financial statements for TL Toys for the last three fiscal years. If audited financial statements are unavailable, all unaudited financial statements for TL Toys for the last three fiscal years.”

59. Document request number 10 seeks “A current balance sheet for TL Toys.”

60. Document request number 11 seeks “All written resolutions and minutes of any meetings of the shareholders and Board of Directors of TL Toys for the last three years.”

61. TL Toys’ objections to requests numbered 1 through 5, 7 and 11 include that these demands seek the same information as requests in Chrisha’s First Request for Production, to which TL Toys produced over 10,000 documents. However, TL Toys is mistaken, as none of the documents or information requested has been previously provided by TL Toys. We have since informed TL Toys that if responsive documents or information have been provided, TL Toys should immediately provide counsel for Chrisha with the bates numbers of such

documents, or otherwise inform counsel for Chrisha when and where such information was provided to Chrisha. (*See* May 22, 2008 correspondence, Exhibit O.) To date, TL Toys has not responded.

62. TL Toys also objects that the requests numbered 1 through 11 seek information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, and requests numbered 1 through 7 and 11 are overly broad and unduly burdensome. However, all of the demands are relevant and material to the issues in this matter, and not overly broad or unduly burdensome. These demands seeks corporate and financial information from TL Toys that is relevant to TL Toys' current state of business, whether there are any other companies or individuals relevant to this action and whether TL Toys will be able to pay to Chrisha those damages that TL Toys may be found liable for in this action.

63. In addition, TL Toys objects that the requests numbered 1 through 11 seek proprietary information and the requests numbered 1 through 5, 7 and 11 seek information that is protected from disclosure by the attorney client privilege and/or work product doctrine. However, none of the demands are subject to the attorney client privilege and/or the work product doctrine. Chrisha's demands are seeking TL Toys' corporate and financial information, none of which was created with respect to this litigation or prepared by TL Toys' counsel. Furthermore, even if any of the requested information is of a proprietary nature, a confidentiality agreement, endorsed by the Court and agreed to by TL Toys, is in place in this action.

64. TL Toys also objects to request number 12, which seeks "All documents identifying and/or related to all other companies in which Charles Ting has an ownership interest." Similar to above, TL Toys objects that the information sought is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and

unduly burdensome. However, this information is relevant and material, as Chrisha is inquiring as to whether the owner of TL Toys, Charles Ting, has an ownership interest in other companies that may be relevant to this action. Other companies owned by Mr. Ting may be relevant if they took part in the manufacturing of the products at issue or if TL Toys has transferred any of its assets to these other companies. TL Toys also objects that this information is proprietary. However, even if any of the requested information is of a proprietary nature, a confidentiality agreement, endorsed by the Court and agreed to by TL Toys, is in place in this action.

65. TL Toys' response to request number 13 of Chrisha's Second Requests for Production is also insufficient. Document request number 13 requests that TL Toys "Produce samples of or provide for inspection each and every TL Toys' Product placed at issue in this litigation by Chrisha's claims against TL Toys. Each and every sample should be preserved by TL Toys in its original condition until its production or inspection." TL Toys responded that "TL Toys objects because Chrisha, to date, has not properly identified 'each and every TL Toys' product placed at issue in this litigation by Chrisha's claims against TL Toys.' Any and all products manufactured by TL Toys at Chrisha's direction that are in TL Toys' possession and/or control remain available for inspection by Chrisha." In its response to request number 13, TL Toys states that products manufactured by TL Toys at Chrisha's direction are available for inspection. However, Chrisha's demand was directed at production samples, and not the products manufactured by TL Toys. TL Toys has failed to specify what production samples TL Toys has in its possession and where the production samples are located.

66. Lastly, TL Toys' response to Chrisha's Third Requests for Production is insufficient. The sole request in Chrisha's Third Requests for Production seeks "All documents, items, things and electronically stored information provided to, relied on, inspected by,

examined, or considered by any and all experts retained by TL Toys in this litigation." TL Toys' response is that "TL Toys has produced, as part of its original production of over 10,000 documents, and any supplements thereto, the discoverable documents, items, things and electronically stored information provided to, relied on, inspected by, examined, or considered by any and all experts retained by TL Toys in this litigation. In addition, TL Toys refers Chrisha to documents produced by Chrisha and any and all items observed by anybody entering the two warehouses that Chrisha permitted access to." Chrisha has requested that TL Toys specifically identify (and produce, if not already done so) those documents (by Bates numbers), items, things and electronically stored information provided to, relied on, inspected by, examined, or considered by any and all experts retained by TL Toys in this litigation. (*See* May 22, 2008 correspondence, Exhibit O.) Such information was not contained within TL Toys' expert reports in this action. TL Toys merely referencing the entire document production of both Chrisha Creations and TL Toys is inadequate, as counsel for Chrisha and Chrisha's experts cannot determine what documents, as well as other items, TL Toys' experts have relied upon to reach the conclusions in their reports.

67. Therefore, Chrisha seeks an Order from this Court compelling TL Toys to produce supplemental written responses and all responsive documents and things to Chrisha's Second and Third Requests for the Production of Documents.

## CONCLUSION

As set forth above, Chrisha submits that TL Toys' document production and interrogatory responses substantially fail to meet the requirements of Fed. R. Civ. P. 26, 33, and 34. Following good faith efforts to confer with TL Toys' counsel in an effort to resolve these deficiencies, Chrisha now is obliged to bring the instant motion to compel, as set forth above.

For the foregoing reasons, it is respectfully submitted that Chrisha's motion should be granted, together with such other and further relief as the Court may deem just, proper, and equitable.

Dated: Uniondale, New York
June 6, 2008

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

___/s/ Celeste M. Butera_________

Celeste M. Butera
e-mail: celeste.butera@rivkin.com
Jason B. Gurdus
e-mail: jason.gurdus@rivkin.com
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 – Fax

_/s/ Thomas C. Plunkett_________

Thomas C. Plunkett #1662
e-mail: tplunkett@kprlaw.com
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 – Fax

## **CERTIFICATION OF SERVICE**

I hereby certify that on June 6, 2008, a copy of the foregoing was filed electronically and served electronically upon counsel as listed below.

Celeste M. Butera celeste.butera@rivkin.com
Jason B. Gurdus Jason.gurdus@rivkin.com
Jeffrey S. Mandel jmandel@pinilishalpern.com
Pia E. Riverso pia.riverso@rivkin.com
Michael G. Sarli mgs@gsm-law.com

_/s/ Thomas C. Plunkett_________
Thomas C. Plunkett (1662)