# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S<br><br>**PLAINTIFF CHRISHA CREATIONS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff, Chrisha Creations Ltd. ("Chrisha"), by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully requests that the defendant, TL Toys HK, Ltd. ("TL Toys"), provide verified and/or certified written responses and responsive documents or electronically stored information to the following Document Request within thirty (30) days after service of this notice pursuant to Fed. R. Civ. P. Rule 34:

## INSTRUCTIONS

1. You are required, in responding to these Document Requests, to obtain and furnish all information available to you and any of your representatives, employees, agents, servants or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2. Each Document Request shall be answered separately, completely and fully.

3. Any Document Request propounded in the singular shall also be read as if propounded in the plural and vice versa.

4. Any Document Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

5. All pronouns apply to the male, female and neutral genders.

6. If in answering any of these Document Requests, you have failed or refused to identify any document because it is claimed to be privileged or otherwise protected from discovery, state separately with respect to each document as to which a privilege or protection is claimed:

(a) the type of document withheld;

(b) its identifying numbers;

(c) the date of the document;

(d) the name and identification by position, title, affiliation or other appropriate information of the author, addressee(s) and any recipients of copies;

(e) the subject matter of the document; and

(f) the legal basis for withholding the document.

7. Each Document Request which seeks information relating in any way to communications to, from or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

8. No answer is to be left blank. If your response to a Document Request or subparagraph of a Document Request is "none" or "unknown", the word "none" or

"unknown" must be written in your response. If the question is inapplicable, "n/a" must be written in your response.

9. With respect to each Document Request, identify all persons who participated or were consulted in any regard in responding to said Document Request.

10. These Document Requests are continuing in nature and, to the extent that the responses may be enlarged or otherwise modified in the future, you are requested to serve supplemental responses promptly.

11. When responding to these Document Requests, defendants are requested to respond in writing and state as to each of the requests:

(a) that there are such documents and they will be produced;

(b) that there are such documents but you refuse to produce them because of a claim of privilege or for some other reason, as you shall so specify; or

(c) that there are no such documents as requested by the particular request.

12. In the event defendant objects to any of the requests set forth below, state your objection as specifically as possible, or in the alternative, respond to the request insofar as it is not objectionable, and state the extent to which defendant has narrowed that request for the purpose of your response.

13. In producing documents pursuant to these requests, please indicate to which request and corresponding subpart each document is responsive.

14. The words "and" and "or" shall be construed conjunctively as is necessary to make the document request more inclusive rather than more exclusive.

15. The past tense shall be construed to include the present tense, and vice versa, to make the document request more inclusive rather than more exclusive.

16. The singular shall be construed to include the plural, and vice versa, to make the document request more inclusive rather than more exclusive.

17. If you claim any documents have been destroyed or lost or are unavailable for any reason, list any such documents so unavailable, identifying each document as follows: the request to which the document pertains; date; addressor's or author's name, title and address; addressee's or recipient's name title and address; the name, title and address of each person to whom the document or any copy thereof was sent or shown; the general character of the document; the reason for its present unavailability, and; its present location or custodian.

18. These discovery demands include electronically stored information. Please ensure that your response complies with all amendments to the Federal Rules of Civil Procedure regarding Electronic Discovery, effective December 1, 2006.

## DEFINITIONS

1. "You", "Your", "defendant", and "TL Toys" refer to defendant, TL Toys HK, Ltd., including, without limitation, its predecessors, successors, assigns, parents, subsidiaries, divisions and affiliates, and its present and former officers, directors, employees, agents and other representatives.

2. "Complaint" means the complaint filed by Chrisha in this action against TL Toys.

3. "Answer" means the Amended Answer filed by TL Toys in this action.

4. "Defendant" and "TL Toys" as used in these Document Requests shall be interpreted in the singular and the plural and shall mean and include the named party TL Toys HK, Ltd. and its predecessors in interest and assigns in its respective business.

5. As used throughout these Document Requests, "TL Toys' Products" refers to TL Toys' "rotating inflatable products" and "inflatable Halloween archway tunnels" purchased by Chrisha from TL Toys for the selling year 2006 and any other products purchased by Chrisha from TL Toys placed at issue in this action.

6. "Any" means "all" and vice versa.

7. "The terms "consulted" or "contacted" shall be deemed to include any form of communication (e.g., oral statements, descriptive actions, conversations, telephonic or other mechanical communications or any other type of communication including written or documentary).

8. "Date" and "when" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

9. The term "fact" refers to all evidentiary facts presently known to you and all evidentiary facts presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts

10.. "Identify" with respect to a communication means that the following information be provided:

(a) the full name and last known address of each person participating in, or present during, the communication;

(b) the name of the employer for each person participating in, or present during, the communication;

(c) the place the communication was made;

(d) the date the communication was made;

(e) the subject matter of the communication; and

(f) the method of the communication (e.g. telephone, face-to-face).

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1.** All documents that TL Toys' relies on or refers to in its Rule 26(a)(1) initial disclosures.

**REQUEST NO. 2.** All documents that TL Toys' relies on or refers to in providing its answers to Chrisha's first set of interrogatories.

**REQUEST NO. 3.** All contracts and agreements between Chrisha and TL Toys for the purchase by Chrisha of TL Toys' Products.

**REQUEST NO. 4.** All contracts and agreements between TL Toys and any person and/or entity regarding the manufacturing of TL Toys' Products to be purchased by Chrisha.

**REQUEST NO. 5.** All documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with Chrisha concerning TL Toys' Products purchased by Chrisha.

**REQUEST NO. 6.** All documents concerning any communications by or among Chrisha and any other person acting on Chrisha's behalf with TL Toys concerning TL Toys' Products purchased by Chrisha.

**REQUEST NO. 7.** All documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with Chrisha's customers concerning TL Toys' Products purchased by Chrisha.

**REQUEST NO. 8.** All documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with any third person or entity, including all persons and entities identified in part A of TL Toys' Rule 26(a)(1) initial disclosures, concerning TL Toys' Products purchased by Chrisha.

**REQUEST NO. 9.** All documents concerning the non-conforming and/or defective nature of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 10.** All documents concerning complaints or issues regarding the non-conforming and/or defective nature of TL Toys' Products from any source, including but not limited to buyers and consumers of TL Toys' Products.

**REQUEST NO. 11.** All documents reporting on the quality of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 12.** All documents concerning any testing of any of TL Toys' Products purchased by Chrisha, including but not limited to, testing of any individual component, any reports, the parameters for such testing, etc.

**REQUEST NO. 13.** All documents concerning the storage and/or warehousing of the non-conforming and/or defective TL Toys' Products purchased by Chrisha that Chrisha has rejected and/or revoked its acceptance of.

**REQUEST NO. 14.** All documents concerning both the agreed upon and actual date and/or time of delivery of each shipment of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 15.** All documents concerning the delivery of TL Toys' Products by TL Toys to Chrisha and/or Chrisha's customers.

**REQUEST NO. 16.** All documents communicating and/or concerning Chrisha's rejection of and/or revocation of acceptance of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 17.** All documents concerning the contracts and agreements between Chrisha and TL Toys for the purchase by Chrisha of TL Toys' Products.

**REQUEST NO. 18.** All documents concerning the manufacturing and/or product specifications of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 19.** All documents concerning communications with factories or other entities regarding the manufacture and/or design of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 20.** All documents concerning insurance policies providing coverage to TL Toys, or which may provide coverage to TL Toys, for any loss arising out of and/or resulting from defective and/or non-conforming products, or the untimely delivery of products by TL Toys

**REQUEST NO. 21.** Documents identifying TL Toys' owners, officers, directors and shareholders from 2000 to present.

**REQUEST NO. 22.** Documents identifying TL Toys' employees each year from 2000 to present, their current job title, if currently employed, and their last known address if no longer employed by TL Toys.

**REQUEST NO. 23.** All documents concerning or supporting the basis of each of TL Toys' Affirmative Defenses set forth in its Answer to the Complaint.

**REQUEST NO. 24.** All engineering drawings for the creation of the TL Toys' products purchased by Chrisha.

**REQUEST NO. 25.** All documents and files, including drawings, artwork, etc., of TL Toys relating to the invention and creation of TL Toys' Products purchased by Chrisha.

**REQUEST NO. 26.** All documents that identify the components used in the manufacturing of TL Toys' Products purchased by Chrisha, including but not limited to documents identifying who Chrisha bought the components from and when Chrisha bought the components.

**REQUEST NO. 27.** All documents concerning the identity of each person whom TL Toys' expects to call as an expert witness at trial, along with a disclosure in reasonable detail of:

a. The subject matter on which each expert is expected to testify;

b. The substance of the facts and opinions on which each expert is expected to testify;

c. The qualifications of each expert witness;

d. A summary of the grounds for each expert's opinion;

e. If you have not retained an expert at the above-specified time, please advise so in writing;

f. Whenever an expert is retained, you are hereby required to give notice to the undersigned, and answer the above demands.

**REQUEST NO. 28.** All documents, items or things that TL Toys plans to introduce or rely upon at the trial of this matter.

Uniondale, New York
September 6, 2007

RIVKIN RADLER, LLP

Celeste M. Butera
Pia E. Riverso
Jason B. Gurdus
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 - Fax

Thomas C. Plunkett
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

TO: Joseph K. Scully
Day Pitney LLP
Attorneys for Defendant
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

2071303 v1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

I, Lisa Calabro being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Ronkonkoma, New York.

On September 6, 2007, I served the within **PLAINTIFF CHRISHA CREATIONS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joseph K. Scully
Day Pitney LLP
CityPlace I
Hartford, CT 06103-3499

Lisa Calabro
Lisa Calabro

Sworn to before me this
6th day of September, 2007

[signature]
Notary Public

**JASON B. GURDUS**
**Notary Public, State of New York**
**NO. 02GU6073919**
**Qualified in Nassau County**
**Commission Expires April 29, 2010**