# EXHIBIT B

11/7/07
#54, V.3A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| v. | : | |
| TL TOYS HK, LTD., | : | |
| Defendant. | : | NOVEMBER 7, 2007 |

**RESPONSE OF TL TOYS HK, LTD.**
**TO FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34.1 and LR Cv 34 of the Local Rules of Civil Procedure for the United States District Court for the District of Rhode Island, TL Toys HK, Ltd. ("TL Toys"), hereby responds to the First Request for the Production of Documents served upon TL Toys by Chrisha Creations, Ltd. as follows.

## GENERAL OBJECTIONS

1. TL Toys objects to any requests for documents that relate to any products that are not specifically identified due to the volume of products provided by TL Toys that are wholly unrelated to this action. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

2. TL Toys objects to these requests for production to the extent they seek information not in the possession, custody, or control of TL Toys. TL Toys denies any obligation to solicit information from any third parties in responding to these requests for production. To the extent practical, TL Toys has repeated this objection in response to specific

document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

4. TL Toys objects to these requests for production to the extent they seek information (and documents) protected by the attorney-client privilege and/or the work-product doctrine. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

5. TL Toys objects to these requests for production to the extent they seek information prepared in anticipation of litigation or after the commencement of this litigation. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

6. TL Toys objects to these requests for production to the extent that they seek documents beyond the scope of information which TL Toys is required to provide pursuant to the rules of court. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

7. TL Toys objects to these requests for production to the extent they are overly-broad, unduly burdensome or impose unreasonable expense. TL Toys further objects to these Requests for production to the extent that they are vague and indefinite. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

8. TL Toys objects to these requests for production to the extent that they seek documents which are not relevant to the lawsuit and which are not reasonably calculated to lead to the discovery of admissible evidence. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

9. TL Toys objects to these requests for production to the extent that they seek documents to which Chrisha has or had equal access. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

10. TL Toys objects to these requests for production to the extent they seek "all" documents related to certain topics on the grounds that discovery has not been completed. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

11. In the event that a document is produced in response to a request, the document itself shall not be construed as an admission by TL Toys respecting the admissibility or relevance of the document or as an admission of the truth or accuracy of any characterization of any document of any kind, or the truth or accuracy of any information therein. Nor is production an adoptive admission. By producing a document in response to a discovery request, TL Toys is not waiving any right to any objections as to the use of a document and information during discovery or trial, and, to repeat, is not making an adoptive admission. TL Toys expressly

reserves all questions concerning competency, privilege, relevance, materiality and admissibility of all documents produced and their contents. TL Toys further expressly reserves the right to object to Chrisha's use of the produced documents in whole or in part or, to the subject matter covered thereby, at a later stage of proceeding on any grounds set forth herein above and the right to object on any and all proper legal grounds at any time to discovery procedures involved.

12. TL Toys objects to all requests for production to the extent that they seek confidential, financial, proprietary or business information without the entry of a stipulation or protective order adequate to preserve the confidentiality of such information. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

13. TL Toys objects to all requests for production to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than TL Toys, because those persons and/or entities are best able to provide responses concerning their operations or activities. Responses will be provided for TL Toys only. To the extent practical, TL Toys has repeated this objection in response to specific document requests. TL Toys' failure to do so in response to a particular document request shall not be deemed a waiver, as this objection is applicable to each document request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1. All documents that TL Toys' relies on or refers to in its Rule 26(a)(1) initial disclosures.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 2. All documents that TL Toys' relies on or refers to in providing its answers to Chrisha's first set of interrogatories.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 3. All contracts and agreements between Chrisha and TL Toys for the purchase by Chrisha of TL Toys' Products.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects

to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "contracts" and "agreements", both of which are subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 4. All contracts and agreements between TL Toys and any person and/or entity regarding the manufacturing of TL Toys' Products to be purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "contracts" and "agreements", both of which are subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 5. All documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with Chrisha concerning TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 6. All documents concerning any communications by or among Chrisha and any other person acting on Chrisha's behalf with TL Toys concerning TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 7. All documents concerning any communications by or among TL Toys and any other person acting on TL Toys behalf with Chrisha's customers concerning TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the phrase "Chrisha's customers" without defining same. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 8. All documents concerning any communications by or among TL Toys and any other person acting on TL Toys' behalf with any third person or entity, including all persons and entities identified in part A of TL Toys' Rule 26(a)(1) initial disclosures, concerning TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent

it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 9. All documents concerning the non-conforming and/or defective nature of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "non-conforming" and "defective", both of which are subject to legal interpretation. Defendant further objects to this request to the extent that it assumes that TL Toys' products were either "non-conforming" or "defective," both of which TL Toys expressly denies. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 10. All documents concerning complaints or issues regarding the nonconforming and/or defective nature of TL Toys' Products from any source, including but not limited to buyers and consumers of TL Toys' Products.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "complaints", "issues", "non-conforming" and "defective", all of which are subject to legal interpretation. Defendant further objects to this request to the extent that it assumes that TL Toys' products were either "non-conforming" or "defective," both of which TL Toys expressly denies. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 11. All documents reporting on the quality of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to

this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the word "quality", which is vague and ambiguous and subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 12. All documents concerning any testing of any of TL Toys' Products purchased by Chrisha, including but not limited to, testing of any individual component, any reports, the parameters for such testing, etc.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the word

"testing", which is subject to legal interpretation, and employs "etc." without defining same. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 13. All documents concerning the storage and/or warehousing of the non-conforming and/or defective TL Toys' Products purchased by Chrisha that Chrisha has rejected and/or revoked its acceptance of.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "non-conforming", "defective", "rejected", "revoked", and "acceptance", all of which are subject to legal interpretation. Defendant further objects to this request to the extent that it assumes that TL Toys' products were either "non-conforming" or "defective" and that Chrisha either rejected or revoked acceptance of the goods, all of which TL Toys expressly denies. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 14. All documents concerning both the agreed upon and actual date and/or time of delivery of each shipment of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 15. All documents concerning the delivery of TL Toys' Products by TL Toys to Chrisha and/or Chrisha's customers.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it

employs the phrase "Chrisha's customers" without defining same. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 16. All documents communicating and/or concerning Chrisha's rejection of and/or revocation of acceptance of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "rejection" and "revocation", both of which are subject to legal interpretation. Defendant further objects to this request to the extent that it assumes that Chrisha either rejected or revoked acceptance of the goods, all of which TL Toys expressly denies. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 17. All documents concerning the contracts and agreements between Chrisha and TL Toys for the purchase by Chrisha of TL Toys' Products.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of

the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "contracts" and "agreements", both of which are subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 18. All documents concerning the manufacturing and/or product specifications of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 19. All documents concerning communications with factories or other entities regarding the manufacture and/or design of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 20. All documents concerning insurance policies providing coverage to TL Toys, or which may provide coverage to TL Toys, for any loss arising out of and/or resulting from defective and/or non-conforming products, or the untimely delivery of products by TL Toys.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to

this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request to the extent it employs the words "non-conforming", "defective" and "untimely", all of which are subject to legal interpretation. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 21. Documents identifying TL Toys' owners, officers, shareholders from 2000 to present.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is

overly broad any unduly burdensome. Defendant further objects to this request due to its unreasonable time provision of over seven years.

**REQUEST NO. 22. Documents identifying TL Toys' employees each year from 2000 to present, their current job title, if currently employed, and their last known address if no longer employed by TL Toys.**

**<u>OBJECTIONS AND RESPONSE:</u>** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Defendant further objects to this request due to its unreasonable time provision of over seven years. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 23. All documents concerning or supporting the basis of each of TL Toys' Affirmative Defenses set forth in its Answer to the Complaint.**

**<u>OBJECTIONS AND RESPONSE:</u>** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by

virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 24. All engineering drawings for the creation of the TL Toys' products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 25. All documents and files, including drawings, artwork, etc., of TL Toys relating to the invention and creation of TL Toys' Products purchased by Chrisha.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 26. All documents that identify the components used in the manufacturing of TL Toys' Products purchased by Chrisha, including but not limited to documents identifying who Chrisha bought the components from and when Chrisha bought the components.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks proprietary and/or confidential information, none of which will be produced without an agreed upon confidentiality provision endorsed by the court. Defendant

further objects to this request to the extent it fails to identify the document or information sought with reasonable particularity. Defendant further objects because this requests seeks information known only by Chrisha. Defendant further objects to this request on the grounds that it is overly broad any unduly burdensome. Subject to the foregoing objections and without waiving same, Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist.

**REQUEST NO. 27. All documents concerning the identity of each person whom TL Toys' expects to call as an expert witness at trial, along with a disclosure in reasonable detail of:**

**a. The subject matter on which each expert is expected to testify;**

**b. The substance of the facts and opinions on which each expert is expected to testily;**

**c. The qualifications of each expert witness;**

**d. A summary of the grounds for each expert's opinion;**

**e. If you have not retained an expert at the above-specified time, please advise so in writing; and**

**f. Whenever an expert is retained, you are hereby required to give, notice to the undersigned, and answer the above demands.**

**<u>OBJECTIONS AND RESPONSE:</u>** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Defendant further objects to this request to the extent it seeks information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and without waiving same, Defendant states that it has not yet determined what expert to identify

in this matter and that it will provide expert disclosures as required by the Federal Rules of Civil Procedure, the Local Rules of the District of Rhode Island and in accordance with the schedule set by the court in this matter.

**REQUEST NO. 28. All documents, items or things that TL Toys plans to introduce or rely upon at the trial of this matter.**

**OBJECTIONS AND RESPONSE:** In addition to its General Objections, Defendant objects to this request to the extent it seeks information that is protected from disclosure by virtue of the attorney client privilege and/or work product doctrine. Subject to the foregoing objections and without waiving same, Defendant states that it has not yet determined what documents it intends to introduce or rely upon at trial and that it will provide a list of proposed trial exhibits as required by the Federal Rules of Civil Procedure, the Local Rules of the District of Rhode Island and in accordance with the deadlines established by the court in this matter.

DEFENDANT, TL TOYS HK LTD.

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)

Its Attorneys

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

Celeste M. Butera, Esq.
Jason B. Gurdus, Esq.
Pia E. Riverso, Esq.
Stephen J. Smirti, Jr., Esq.
Rivkin, Radler, LLP
926 RexCorp Plaza
Uniondale, NY 11556-0926

Joseph K. Scully (#6217)