# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S<br><br>**PLAINTIFF CHRISHA CREATIONS' FIRST SET OF INTERROGATORIES TO TL TOYS HK, LTD.** |

Plaintiff, Chrisha Creations, Ltd. ("Chrisha") by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully requests that the defendant, TL Toys HK, Ltd. ("TL Toys"), provide answers to these Interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for Plaintiff within thirty (30) days after service of these Interrogatories pursuant to Fed. R. Civ. P. Rule 33.

## INSTRUCTIONS

If any evidence called for in these interrogatories is being withheld on the ground that it is subject to attorney-client privilege or any other privilege, or not being produced for any other reason, Defendant shall identify each such item of evidence that is being withheld and state the alleged ground of privilege, and state, as applicable, the nature of such item, including, where applicable, its date, the sender and receiver of the same, the date of creation of same, its present location and custodian.

The responses hereto are to be supplemented promptly upon acquisition of further or additional evidence.

If any Interrogatory is objected to on the grounds of privilege, confidentiality or otherwise, set forth fully each such objection and the facts upon which Defendant relies as the basis for each such objection.

Each Interrogatory should be construed independently. No Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of response to such Interrogatory.

For purposes of these Interrogatories, the definitions hereinafter set forth shall apply. Note, in particular, that the term "Defendant" and "TL Toys" as used in these Interrogatories includes parents, predecessors in interest, franchises, licensees, subsidiaries, shareholders and affiliates of TL Toys, whether incorporated or not.

## DEFINITIONS

A. "You", "Your", "defendant", and "TL Toys" refer to defendant, TL Toys HK, Ltd., including, without limitation, its predecessors, successors, assigns, parents, subsidiaries, divisions and affiliates, and their present and former officers, directors, employees, agents and other representatives.

B. "Document" means, unless otherwise indicated, all written, printed, typed, recorded (electronically or otherwise), graphic or photographic material of any kind or character and all photostatic, microfilmed or other non-duplicative copies now or at any time in your possession, custody or control in whatever form, including, among other things and without limitation, address and telephone records, adjusting and inner company eliminating entries, agreements, analyses, applications, audits, audio tapes, bank checks, bank credit and debit memoranda, bank drafts, bank statements, books, books of account, brochures, budgets, bulletins, business records, calendars, cash

journals, charts, computer data (including printouts and programs), computer disks, desk pads and desk calendars, diaries, depositions, drafts, electronic mail ("e-mail") messages, employment forms, expense records, financial calculations, financial projections, financial statements and reports, galley proofs, general journals, general ledgers, graphs, instructions, inter-office communications, interviews, invoices, letters, lists, maps, memoranda, minutes, notes, note pads, notes and minutes of meetings, notes of conversations and conferences (whether by telephone or in person), notices, pamphlets, payroll records, periodicals, phonograph records, photos, press releases, page proofs, records, reports, results of investigations, schedules, scripts, screen plays, sketches, drafts of sketches, sound recordings, speeches, statements of account, studies, summaries, survey or studies, tape recordings, telegrams, telephone billing records, telephone logs, telephone message slips or memos, teletype messages, transcripts, videotapes, video disks, vouchers, voucher registers, working papers, worksheets and other compilations reflecting the combination and consolidation of accounting data and other writings or parts thereof of every kind and description (whether or not actually used) and the drafts of all documents, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

C. "Communication" shall mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whom ever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

D. "Person" includes both the singular and plural and shall include natural persons, corporations, public corporations, partnerships, joint ventures, groups, associations, organizations, municipalities and agencies thereof, states and agencies thereof, and foreign countries and agencies thereof.

E. "Concerning," "referring to," "regarding," "relating to," "in connection with," and/or "incident to" in reference to a given subject matter means any information, document or communication which constitutes, contains, embodies, comprises, reflects, identifies, states or refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter including, without limitation, any documents which mention said person or subject by name or any variant thereof.

F. "Complaint" means the complaint filed by Chrisha in this action against Gemmy.

G. "Answer" means the Amended Answer filed by TL Toys in this action.

H. "Defendant" and "TL Toys" as used in these Interrogatories shall be interpreted in the singular and the plural and shall mean and include the named party TL Toys HK, Ltd. and its predecessors in interest and assigns in its respective business.

I. As used throughout these Interrogatories, "TL Toys' Products" refers to the any inflatable product, including but not limited to the "rotating inflatable products" and "inflatable Halloween archway tunnels" purchased by Chrisha from TL Toys for the selling year 2006 and any other products purchased by Chrisha from TL Toys placed at issue in this action.

J. "Any" means "all" and vice versa.

K. "The terms "consulted" or "contacted" shall be deemed to include any form of communication (*e.g.*, oral statements, descriptive actions, conversations, telephonic or other mechanical communications or any other type of communication including written or documentary).

L. "Date" and "when" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

M. The term "fact" refers to all evidentiary facts presently known to you and all evidentiary facts presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

N. "Identify" with respect to a document means to set forth to the fullest extent possible the date, author, author's address, addresses, type of document (*e.g.*, letter, memorandum, chart, photograph, etc.), its location and its last known custodian(s).

O. "Identify" with respect to a natural person means to set forth to the fullest extent possible the person's full name, present or last-known home address, present or last-known business address, occupation, job title, job description, any present or former relationship to any of the parties to this action, and the years of employment.

P. "Identify" with respect to other than a natural person, means to set forth to the fullest extent possible, the full name, the present or last-known address of the principal place of business, and the nature of the organization, if known (*e.g.*, partnership, corporation, etc.)

Q. "Identify" with respect to a communication means that the following information be provided:

(a) the full name and last known address of each person participating in, or present during, the communication;

(b) the name of the employer for each person participating in, or present during, the communication;

(c) the place the communication was made;

(d) the date the communication was made;

(e) the subject matter of the communication; and

(f) the method of the communication (e.g. telephone, face-to-face).

## INTERROGATORIES

**INTERROGATORY NO. 1** Identify all persons having knowledge of the facts relevant to the subject matter of this litigation and for each such person set forth the extent and nature of their knowledge.

**INTERROGATORY NO. 2** Identify the person(s) who were contacted by Chrisha concerning the TL Toys' Products, state the date when such contact(s) were made, and set forth what was discussed during such contacts. Identify all related documents.

**INTERROGATORY NO. 3** Identify the person(s) from Chrisha who had any communications with TL Toys concerning the TL Toys' Products and for each such person, set forth a brief description of the topic discussed, and/or nature of such communications, and the time span for such communications.

**INTERROGATORY NO. 4** Identify each and every person and/or entity retained or employed by TL Toys who had any connection with the manufacture and/or design of the TL Toys' Products, and identify all related documents.

**INTERROGATORY NO. 5** State the specifications and designs for each of the TL Toys' Products, who provided such specifications and/or designs and the date when provided. Identify all related documents including all purchase orders, contracts and agreements.

**INTERROGATORY NO. 6** Set forth each component used in the manufacture of each of the TL Toys' Products, together with the identity of each entity that supplied such component, and identify all related documents.

**INTERROGATORY NO. 7** Set forth for each TL Toys' Product the date of delivery requested in the purchase order from Chrisha, and the actual date of delivery for each purchase order, and identify all related documents.

**INTERROGATORY NO. 8** Set forth when, how and from whom TL Toys learned of Chrisha's claim that the TL Toys' Products were defective and/or non-conforming, or were delivered in an untimely manner, and identify all related documents.

**INTERROGATORY NO. 9** Identify the communications between Chrisha and TL Toys regarding the claim that the TL Toys' Products were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**INTERROGATORY NO. 10** Identify the communications between TL Toys and any individual or entity other than Chrisha regarding the claim that the TL Toys' Products were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**INTERROGATORY NO. 11** State whether TL Toys has made any payments to Chrisha towards any freight, shipping or warehouse charges incurred by Chrisa and/or its customers relating to TL Toys' Products, and identify all related documents.

**INTERROGATORY NO. 12** State whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that the products manufactured by TL Toys were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**INTERROGATORY NO. 13** State whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that Chrisha had to refund to its customers the purchase price of the TL Toys' Products, and in addition, pay the lost profits the customers would have made on the sale of the TL Toys' Products, and identify all related documents.

**INTERROGATORY NO. 14** Set forth each and every communication between Chrisha and TL Toys regarding Chrisha's rejections of and/or revocations of acceptance of the TL Toys' Products and identify all of the parties to such communications, and identify all related documents.

**INTERROGATORY NO. 15** Identify all factories or other entities involved in the manufacture and/or design of the TL Toys' Products, and identify all related documents.

**INTERROGATORY NO. 16** Set forth the date and method of delivery by TL Toys of each shipment of the TL Toys' Products, and identify all related documents.

**INTERROGATORY NO. 17** Set forth each and every communication between TL Toys and each and every person and/or entity identified in part A of TL Toys' Rule 26(a)(1) initial disclosures, and identify all related documents.

**INTERROGATORY NO. 18** State whether TL Toys has ever tested any of the TL Toys' Products, and if so, set forth all details of such testing, including but not limited to the person or entity performing such testing, and identify all related documents.

**INTERROGATORY NO. 19** Identify all of TL Toys' owners, officers, directors, shareholders, and employees each year from 2000 to present, and their last known address if no longer employed by TL Toys.

**INTERROGATORY NO. 20** Identify all communications and documents sent to or received from Chrisha concerning Chrisha's claims in this proceeding, TL Toys' defenses and/or the damages sought by Chrisha in this proceeding.

**INTERROGATORY NO. 21** Identify any admission and/or statement of interest you contend was made by or on behalf of Chrisha concerning Chrisha's claims in this proceeding, TL Toys' defenses and/or the damages sought by Chrisha in this proceeding.

**INTERROGATORY NO. 22** Identify all communications between TL Toys and any individual or entity other than Chrisha regarding TL Toys' Products and identify all of the parties to such communications, and identify all related documents.

**INTERROGATORY NO. 23** Identify each and every person with knowledge or information relevant to TL Toys' affirmative defenses in its Answer in this action, separately stating for each such person identified what specific affirmative defenses that person possesses knowledge of, and identify all related documents.

Uniondale, New York
September 10, 2007

RIVKIN RADLER, LLP

Celeste M. Butera
Pia E. Riverso
Jason B. Gurdus
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 - Fax

Thomas C. Plunkett
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

TO: Joseph K. Scully
Day Pitney LLP
Attorneys for Defendant
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

2071551 v2

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

I, Lisa Calabro being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Ronkonkoma, New York.

On September 10, 2007, I served the within **PLAINTIFF CHRISHA CREATIONS' FIRST SET OF INTERROGATORIES TO TL TOYS HK, LTD.** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joseph K. Scully
Day Pitney LLP
CityPlace I
Hartford, CT 06103-3499

Lisa Calabro

Sworn to before me this
10th day of September, 2007

Notary Public

SUSAN M. DAVIES
Notary Public, State of New York
No. 01DA6129334
Qualified in Suffolk County
Commission Expires June 20, 2009