# EXHIBIT D

11/9/07
#57, V.3k

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:06-CV-00499-S-LDA |
| v. | : | |
| TL TOYS HK, LTD., | : | |
| Defendant. | : | NOVEMBER 9, 2007 |

**RESPONSE OF TL TOYS HK, LTD.**
**TO FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and LR Cv 33 of the Local Rules of Civil Procedure for the United States District Court for the District of Rhode Island, TL Toys HK, Ltd. ("TL Toys"), hereby responds to the First Set of Interrogatories served upon TL Toys by Chrisha Creations, Ltd. as follows.

## GENERAL OBJECTIONS

1. TL Toys objects to any interrogatory seeking information about the "Complaint" based on the "Complaint" being defined by Chrisha in its definitions as "the complaint tile [sic] by Chrisha in this action against Gemmy".

2. TL Toys objects to any interrogatory seeking information about "Toys' Products" based on "Toys' Products" being defined by Chrisha in its definitions as those "purchased by Chrisha from Toys for the selling year 2006" without identifying which products Chrisha intended for sale in 2006. TL Toys further objects to the use of "placed at issue in this action" without identifying those products.

3. TL Toys objects to these interrogatories to the extent they seek information not in the possession, custody, or control of TL Toys. TL Toys denies any obligation to solicit information from any third parties in responding to these interrogatories.

4. TL Toys objects to these interrogatories to the extent they seek information (and documents) protected by the attorney-client privilege and/or the work-product doctrine.

5. TL Toys objects to these interrogatories to the extent they seek information prepared in anticipation of litigation or after the commencement of this litigation.

6. TL Toys objects to these interrogatories to the extent that they seek information (or documents) beyond the scope of information which TL Toys is required to provide pursuant to the rules of court.

7. TL Toys objects to these interrogatories to the extent they are overly-broad, unduly burdensome or impose unreasonable expense. TL Toys further objects to these Interrogatories to the extent that they are vague and indefinite.

8. TL Toys objects to these interrogatories to the extent that they seek information (or documents) which are not relevant to the lawsuit and which are not reasonably calculated to lead to the discovery of admissible evidence.

9. TL Toys objects to these interrogatories to the extent that they seek information (or documents) to which Chrisha has or had equal access.

10. TL Toys objects to these interrogatories to the extent they seek "all" information on certain topics on the grounds that discovery has not been completed.

11. In the event that a document is referenced to, cited to, identified and/or produced or made available in response to an interrogatory, the document itself shall not be construed as an admission by TL Toys respecting the admissibility or relevance of the document or as an admission of the truth or accuracy of any characterization of any document of any kind. Nor is production an adoptive admission. By producing a document in response to a discovery request, whether an interrogatory or request to produce, TL Toys is not waiving any right to any objections

as to the use of a document and information and is not making an adoptive admission. TL Toys expressly reserves all questions concerning competency, privilege, relevance, materiality and admissibility of all interrogatory responses and documents produced and their contents. TL Toys further expressly reserves the right to object to Chrisha's use of the produced documents in whole or in part or, to the subject matter covered thereby, at a later stage of proceeding on any grounds set forth herein above and the right to object on any and all proper legal grounds at any time to discovery procedures involved.

12. TL Toys objects to all interrogatories to the extent that they seek confidential, financial, or business information without the entry of a stipulation or protective order adequate to preserve the confidentiality of such information.

13. TL Toys objects to all Interrogatories to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than TL Toys, because those persons and/or entities are best able to provide responses concerning their operations or activities. Answers will be provided for TL Toys only.

14. TL Toys objects to Plaintiff's Interrogatories in that the Plaintiff has exceeded the number of Interrogatories permitted under Fed. R. Civ. P. in that the individually listed Interrogatories together with their discrete sub-parts exceed 25 in number.

**INTERROGATORIES**

**INTERROGATORY NO. 1** Identify all persons having knowledge of the facts relevant to the subject matter of this litigation and for each such person set forth the extent and nature of their knowledge.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to the extent that this interrogatory also seeks material that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. TL Toys further objects to this interrogatory as vague and ambiguous in that this interrogatory employs the term "relevant" without enumerating what the drafter believes to be relevant, which prevents TL Toys from providing a complete response. TL Toys further objects to this interrogatory to the extent it seeks to impute knowledge of third parties upon TL Toys.

Subject to these objections and without waiving same, TL Toys refers to and incorporates as if fully set forth herein its responses to Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A) as individuals who may have discoverable information concerning the issues in this matter.

**INTERROGATORY NO. 2** Identify the person(s) who were contacted by Chrisha concerning the TL Toys' Products, state the date when such contact(s) were made, and set forth what was discussed during such contacts. Identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to the extent that this interrogatory seeks material that is

confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome.

Subject to these objections and without waiving same, TL Toys states that Linda Lam, Eddie Chan, and Fanny Yu were contacted largely via electronic mail and Charles Ting was contacted largely via telephone and sometimes via electronic mail. Other individuals were cc'd on e-mails, and are otherwise incorporated into the above-named individuals. In further answering, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the e-mail and other correspondence that are being produced or made available in response to Plaintiff's Document Requests.

**INTERROGATORY NO. 3** Identify the person(s) from Chrisha who had any communications with TL Toys concerning the TL Toys' Products and for each such person, set forth a brief description of the topic discussed, and/or nature of such communications, and the time span for such communications.

**<u>OBJECTIONS AND ANSWER:</u>** TL Toys objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information concerning any communications concerning TL Toys Products without limitations in time or scope.

Subject to these objections and without waiving same, TL Toys states that it had communications with the following people from Chrisha: Christi Machala, William Machala, Sheana Machala, Steve Skoutas, Calvin Leung, and Joe Smith. These communications largely occurred via e-mail. In further answering, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the e-mail and other

correspondence that are being produced or made available in response to Plaintiff's Document Requests. TL Toys also had several conversations with representatives from Chrisha concerning Chrisha's failure to remit payment for the TL Toys Products delivered to Chrisha.

**INTERROGATORY NO. 4** Identify each and every person and/or entity retained or employed by TL Toys who had any connection with the manufacture and/or design of the TL Toys' Products, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, it requests the identity of very person who had "any connection" to the TL Toys Products without limitation in time or scope to the facts at issue in this matter. TL Toys further objects to this interrogatory as vague and ambiguous in that this interrogatory employs the terms "connection" and "related" without providing definitions that enable TL Toys to provide a complete response. TL Toys further objects to this interrogatory to the extent it seeks to impute knowledge of third parties upon TL Toys.

Subject to these objections and without waiving same, TL Toys states that at least the following people and entities were involved in the manufacture of the TL Toys Products: Linda Lam, Eddie Chan, Charles Ting, Vincent Cheung, Sunny Sun, Yun Yi Electronic Toy Factory, Bull Will Co., Ltd. , Kingston Assets Limited, and Sagitta Electronic Factory. In further answering, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests concerning the manufacture of the TL Toys Products.

**INTERROGATORY NO. 5** State the specifications and designs for each of the TL Toys' Products, who provided such specifications and/or designs and the date when provided. Identify all related documents including all purchase orders, contracts and agreements.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory to the extent it seeks to impute knowledge of third parties upon TL Toys.

Subject to these objections and without waiving same, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests concerning the specifications and designs for the TL Toys Products.

**INTERROGATORY NO. 6** Set forth each component used in the manufacture of each of the TL Toys' Products, together with the identity of each entity that supplied such component, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. TL Toys further objects to this interrogatory as vague and ambiguous in that this interrogatory employs the terms "component" and "related documents" without providing definitions that enable TL Toys to provide a complete response. TL Toys further objects to this interrogatory to the extent it seeks to impute knowledge of third parties upon TL Toys.

Subject to these objections and without waiving same, TL Toys states that Sagitta Electronic Factory assisted with the fans, Bull Will Co., Ltd. assisted with the module, and Kingston Assets Limited and Yun Yi Electronic Toy Factory assisted with the skin/assembly. In further answering, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests concerning the manufacture of the TL Toys Products.

**INTERROGATORY NO. 7** Set forth for each TL Toys' Product the date of delivery requested in the purchase order from Chrisha, and the actual date of delivery for each purchase order, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. TL Toys further objects to this Interrogatory as argumentative in that it assumes a delivery date was set forth in a purchase order. TL Toys further objects to this interrogatory as vague and ambiguous in that this interrogatory employs the terms "delivery" and "related documents" without providing definitions that enable TL Toys to provide a complete response.

Subject to these objections and without waiving same, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests concerning the ordering of the TL Toys Products.

**INTERROGATORY NO. 8** Set forth when, how and from whom TL Toys

learned of Chrisha's claim that the TL Toys' Products were defective and/or non-conforming, or were delivered in an untimely manner, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that this interrogatory employs the terms "defective and/or non-confirming" and "untimely" without providing definitions that enable TL Toys to provide a complete response.

Subject to these objections and without waiving same, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the correspondence between the parties concerning the delivery of the TL Toys Products which are being produced or made available in response to Plaintiff's Document Requests. As for notice of this claim, TL Toys' knowledge of the Complaint being filed is subject to the attorney-client privilege.

**INTERROGATORY NO. 9** Identify the communications between Chrisha and TL Toys regarding the claim that the TL Toys' Products were defective and/or nonconforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**OBJECTIONS AND ANSWER:** See Objections and Answers to Interrogatories No. 2 and 3, which seek the same information.

**INTERROGATORY NO. 10** Identify the communications between TL Toys and any individual or entity other than Chrisha regarding the claim that the TL Toys' Products were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**OBJECTIONS AND ANSWER:** See Objections and Answers to Interrogatories No. 2 and 3, which seek the same information.

**INTERROGATORY NO. 11** State whether TL Toys has made any payments to Chrisha towards any freight, shipping or warehouse Charges incurred by Chrisha and/or its customers relating to TL Toys' Products, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of expenses incurred by Chrisha and/or its customers.

Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory.

**INTERROGATORY NO. 12** State whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that the products manufactured by TL Toys were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of Chrisha's claim that the products manufactured by TL Toys were defective and/or non-conforming, or that TL Toys' deliveries of the TL Toys' Products were untimely.

Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory.

**INTERROGATORY NO. 13** State whether TL Toys has made any payments to Chrisha as a result of Chrisha's claim that Chrisha had to refund to its customers the purchase price of the TL Toys' Products, and in addition, pay the lost profits the customers would have made on the sale of the Toys' Products, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TL Toys further objects to this interrogatory as vague and ambiguous in that it fails to explain what payments were allegedly owed to Chrisha as a result of Chrisha's claim that Chrisha had to refund to its customers the purchase price of the TL Toys' Products, and in addition, pay the lost profits the customers would have made on the sale of the Toys' Products.

Subject to this objection and without waiving same, TL Toys states that it is unaware of any such payments due to the vague nature of the Interrogatory.

**INTERROGATORY NO. 14** Set forth each and every communication between Chrisha and TL Toys regarding Chrisha's rejections of and/or revocations of acceptance of the TL Toys' Products and identify all of the parties to such communications, and identify all related documents.

**OBJECTIONS AND ANSWER:** See Objections and Answers to Interrogatories No. 2 and 3, which seek the same information.

**INTERROGATORY NO. 15** Identify all factories or other entities involved in the manufacture and/or design of the TL Toys' Products, and identify all related documents.

**OBJECTIONS AND ANSWER:** See Objections and Answers to Interrogatories No. 4 and 6, which seek the same information.

**INTERROGATORY NO. 16** Set forth the date and method of delivery by TL Toys of each shipment of the TL Toys' Products, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine.

Subject to these objections and without waiving same, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents which are being produced or made available in response to Plaintiff's Document Requests concerning the shipping of the TL Toys Products.

**INTERROGATORY NO. 17** Set forth each and every communication between TL Toys and each and every person and/or entity identified in part A of TL Toys' Rule 26(a)(1) initial disclosures, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that, among other things, it requests information

concerning "each and every communication" with "each and every person" identified in TL Toys Rule 26(a)(1) initial disclosures without limitations in time or scope to the facts and circumstances at issue in this matter.

Subject to these objections and without waiving same, TL Toys directs Plaintiff's attention to Objections and Answers to Interrogatories No. 2 and 3, which seek the same information.

**INTERROGATORY NO. 18** State whether TL Toys has ever tested any of the TL Toys' Products, and if so, set forth all details of such testing, including but not limited to the person or entity performing such testing, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to these objections and without waiving same, TL Toys states that its answer is "yes." In further answering, TL Toys states pursuant to Fed. R. Civ. P. 33(d) that the burden in deriving or ascertaining the answer to this Interrogatory is substantially the same for the Plaintiff as it is for TL Toys and directs the Plaintiff's attention to the documents being produced or made available in response to Plaintiff's Document Requests.

**INTERROGATORY NO. 19** Identify all of TL Toys' owners, officers, directors, shareholders, and employees each year from 2000 to present, and their last known address if no longer employed by TL Toys.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence.

**INTERROGATORY NO. 20** Identify all communications and documents sent to or received from Chrisha concerning Chrisha's claims in this proceeding, TL Toys' defenses and/or the damages sought by Chrisha in this proceeding.

**OBJECTIONS AND ANSWER:** See Objections and Answers to Interrogatories No. 2 and 3, which seek the same information. Further answering, TL Toys refers the Plaintiff to all pleadings, documents exchanged with counsel, settlement discussions, and documents presented to the court.

**INTERROGATORY NO. 21** Identify any admission and/or statement of interest you contend was made by or on behalf of Chrisha concerning Chrisha's claims in this proceeding, TL Toys' defenses and/or the damages sought by Chrisha in this proceeding.

**OBJECTIONS AND ANSWER:** TL Toys objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. TL Toys further objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible. TL Toys further objects to this interrogatory on the grounds that it seeks information protected under the attorney-work product doctrine. TL Toys further objects to this Interrogatory on the grounds that it calls for a legal opinion.

**INTERROGATORY NO. 22** Identify all communications between TL Toys and any individual or entity other than Chrisha regarding TL Toys' Products and identify all of the parties to such communications, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it

seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to the extent that this interrogatory also seeks material that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to these objections and without waiving same, TL Toys directs Plaintiff's attention to Objections and Answers to Interrogatories No. 2 and 3, which seek the same information. TL Toys also refers the Plaintiff to all pleadings, documents exchanged with counsel, settlement discussions, and documents presented to the court.

**INTERROGATORY NO. 23** Identify each and every person with knowledge or information relevant to TL Toys' affirmative defenses in its Answer in this action, separately stating for each such person identified what specific affirmative defenses that person possesses knowledge of, and identify all related documents.

**OBJECTIONS AND ANSWER:** TL Toys objects to this interrogatory to the extent it seeks information protected under the attorney-client privilege and protected under the work product doctrine. TL Toys further objects to the extent that this interrogatory also seeks material that is confidential and proprietary. TL Toys further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to these objections and without waiving same, TL Toys refers to and incorporates as if fully set forth herein its responses to Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A) as individuals who may have discoverable information concerning the issues in this matter.

DEFENDANT, TL TOYS HK LTD.

Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)

Its Attorneys

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

Celeste M. Butera, Esq.
Jason B. Gurdus, Esq.
Pia E. Riverso, Esq.
Stephen J. Smirti, Jr., Esq.
Rivkin, Radler, LLP
926 RexCorp Plaza
Uniondale, NY 11556-0926

Joseph K. Scully (#6217)

VERIFICATION

I, Emily Ting, on behalf of the defendant and acting in my capacity as ________ ________________, hereby swear under oath, swear that I have reviewed the foregoing Answers to Interrogatories, which have been prepared with the assistance of counsel, and, subject to those limitations, said answers are true and correct to the best of my knowledge, information and belief based upon the records, documents and files available to the Defendant TL Toys HK, LTD.

________________________

TL Toys HK, LTD.

By: Emily Ting

Title: Sales Manager