# EXHIBIT E

RIVKINRADLER LLP
ATTORNEYS AT LAW

JASON B. GURDUS
ASSOCIATE
(516) 357-3134
jason.gurdus@rivkin.com

January 14, 2008

**VIA FACSIMILE & REGULAR MAIL**

Jeffrey S. Mandel, Esq.
Day Pitney LLP
P. O. Box 1945
Morristown, NJ 07962

Re: *Chrisha Creations, Ltd. v. TL Toys HK, Ltd.*
Civ. Action No.: 06 CV 00499-S-LDA
RR File No. 2563-14

Dear Mr. Mandel:

Please allow this letter to serve as plaintiff Chrisha Creations, Ltd.'s response to your November 16, 2007 and November 27, 2007 letters regarding plaintiff's responses to TL Toys' interrogatories. In addition, please allow this letter to inform you of defendant TL Toys HK, Ltd.'s failure to properly respond to many of Chrisha's interrogatories.

First, plaintiff has now provided a signed certification for its responses to TL Toys' interrogatories.

Second, with respect to your comments on Chrisha's responses to TL Toys' interrogatories, we have the following replies:

- With respect to Chrisha's responses to interrogatories 1, 2 and 6, the products currently identified in Chrisha's responses are those products that Chrisha has found to be responsive to date. However, discovery in this action may show that other products are responsive to these interrogatories and Chrisha reserves its rights to supplement its responses to these interrogatories prior to the trial in this action.

- With respect to Chrisha's responses to interrogatories 5, 8, 10, 11, 12, 13, 14 and 17, pursuant to Federal Rules of Civil Procedure Rule 33(d), Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests. The

RIVKINRADLER
ATTORNEYS AT LAW



burden of ascertaining the answers to such interrogatories from the documents is substantially the same for TL Toys as for Chrisha.

- With respect to Chrisha's response to interrogatory 11, the identity of who made admissions and/or statements against interest, and to whom they were made, can be ascertained from the documents that Chrisha has produced and will produce in response to TL Toys' document requests. In addition, Chrisha is awaiting the outstanding documents requested from TL Toys, which, to date, are long overdue. Such documents may be responsive to interrogatory 11.

- With respect to Chrisha's response to interrogatory 15, you have failed to explain why Chrisha's response is inappropriate. The interrogatory clearly is requesting information that has no relevance to the issues before the Court in this action and, as such, Chrisha is maintaining its objections to this interrogatory.

- With respect to Chrisha's response to interrogatory 22, pursuant to Federal Rules of Civil Procedure Rule 33(d), Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests. The burden of ascertaining the answer to this interrogatory from the documents is substantially the same for TL Toys as for Chrisha.

- With respect to Chrisha's response to interrogatory 24, Chrisha is maintaining its objections to this interrogatory. The interrogatory is clearly overbroad and unduly burdensome, as well as not relevant to the issues in this litigation, as it seeks information from Chrisha regarding its profits since 2000. However, Chrisha will provide its profit and loss information for the years 2006 and 2007, as it relates to the transactions between Chrisha and TL Toys. In this regard, Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests.

Third, TL Toys has failed to properly respond to a majority of Chrisha's interrogatories and has, for the most part, failed to provide documents in response to Chrisha's outstanding document requests. We request that TL Toys immediately amend and supplement its responses with respect to those interrogatories discussed below and with respect to each outstanding document request:

- With respect to TL Toys' responses to interrogatories 2, 3 and 9, TL Toys has failed to set forth the dates of any such communications as well as a description of what was discussed during such communications.

- With respect to TL Toys' responses to interrogatories 2, 4, 6, 9, 14, 15, 17, 18 and 23, TL Toys has failed to identify the documents that are responsive to the interrogatories.

- With respect to TL Toys' response to interrogatory 5, TL Toys' objections to such interrogatory are invalid. The interrogatory specifically seeks information regarding the products at issue that were manufactured by TL Toys and such information is within the knowledge of TL Toys. The specifications and designs of the products are clearly relevant, as one of the issues in this case are the defects in the products. Furthermore, to the extent such information is confidential and proprietary, TL Toys has signed, and the Court has executed, a confidentiality agreement covering this action.

- With respect to TL Toys' response to interrogatory 7, TL Toys' objections to such interrogatory are invalid. The interrogatory specifically seeks information regarding TL Toys' delivery of the products, which is one of the issues in this case. The information regarding TL Toys' delivery of the products is information within the knowledge of TL Toys.

- With respect to TL Toys' response to interrogatory 8, TL Toys' objections to such interrogatory are invalid. TL Toys' knowledge of when, how and from whom it learned of Chrisha's claims that the products were defective and/or non-conforming, or were delivered untimely, is at issue in this litigation and is relevant information within the knowledge of TL Toys. Furthermore, we fail to see how such information is protected under either the attorney-client privilege or the work product doctrine.

- TL Toys' response to interrogatory 10 is not responsive, as it fails to identify any communications between TL Toys and any individuals or entities other than Chrisha.

- With respect to TL Toys' responses to interrogatories 11, 12 and 13, Chrisha is asking TL Toys whether TL Toys has made any payments to Chrisha with respect to (1) any freight, shipping or warehouse charges; (2) the defective and/or non-conforming, or untimely delivered, products; and (3) Chrisha's refunds and payments of lost profits to its customers. These interrogatories are neither vague nor ambiguous, and in fact, it is TL Toys' responses to these interrogatories that are ambiguous. If TL Toys has not made any such payments, please clearly so state.

- TL Toys' response to interrogatory 14 is not responsive, as it fails to identify any communications between TL Toys and Chrisha.

RIVKINRADLER
ATTORNEYS AT LAW



- With respect to TL Toys' response to interrogatory 16, TL Toys' objections to such interrogatory are invalid. We fail to see how such information is protected under either the attorney-client privilege or the work product doctrine. Furthermore, information regarding TL Toys' delivery of its products is information within the knowledge of TL Toys.

- TL Toys' response to interrogatory 17 is not responsive, as it fails to specifically identify the communications.

- With respect to TL Toys' response to interrogatory 18, TL Toys states that it has tested the products, but it fails to provide the details of such testing, which is information within the knowledge of TL Toys. Furthermore, we fail to see how such information is protected under either the attorney-client privilege or the work product doctrine.

- With respect to TL Toys' response to interrogatory 19, Chrisha agrees to limit the scope of the interrogatory to "2005 to present". Please immediately respond to such interrogatory.

- With respect to TL Toys' response to interrogatory 21, Chrisha deems TL Toys' response as setting forth that TL Toys is not aware of any admission made by or on behalf of Chrisha concerning the claims in this action, TL Toys' defenses and the damages sought by Chrisha.

- TL Toys' response to interrogatory 22 is not responsive, as it fails to identify any communications between TL Toys and any individuals or entities other than Chrisha.

- With respect to TL Toys' response to interrogatory 23, TL Toys fails to state for each person identified what specific TL Toys' defenses that person possesses knowledge of.

Fourth, we request that TL Toys immediately amend its response to Chrisha's document request 21. Chrisha agrees to limit the scope of the document request to "2005 to present". Furthermore, as you are aware, a confidentiality agreement, endorsed by the Court, is now in place.

Lastly, we are in receipt of TL Toys' initial document production. While the documents are bates numbered up to 1351, there are not 1,351 pages of documents in the production and there are gaps in the bates numbers of the documents produced. Please immediately provide us with the missing documents from this production, which includes the following bates numbers: 1-6, 15-25, 30-140, 152-219, 224-225, 230, 233-235, 242, 246, 251-252, 254, 259-260, 264, 267, 271, 284, 290-296, 332-334, 345-346, 393-395, 420, 423-424, 431, 444-445, 449-468, 471, 474, 478, 480, 483-486, 489-492, 493, 499-503, 506-507, 512, 514, 516-517, 519-521, 540-559, 561-567, 569, 571, 573-575, 577,

RIVKINRADLER LLP
ATTORNEYS AT LAW



580-581, 583, 586-589, 591-593, 595-601, 603, 605-606, 626 and 643-649. Moreover, the bulk of TL Toys' document responses are still outstanding. Please immediately produce the outstanding documents or we will file the appropriate motion to compel.

We look forward to receiving your supplemental and amended responses to Chrisha's interrogatories and document requests in the near future. Thank you for your cooperation.

Very truly yours,

RIVKIN RADLER LLP

Jason B. Gurdus

cc: Joseph K. Scully
Day Pitney LLP
CityPlace I
Hartford, CT 06103-3499

Celeste Butera

1056

JOB STATUS REPORT

TIME : 01/14/2008 17:12
NAME : RIVKIN 1
FAX# : 5163573333
TEL# :
SER.# : 000004080298

| | |
|---|---|
| DATE,TIME | 01/14 17:10 |
| FAX NO./NAME | 919739661015 |
| DURATION | 00:01:57 |
| PAGE(S) | 06 |
| RESULT | OK |
| MODE | STANDARD |

RIVKINRADLER LLP

ATTORNEYS AT LAW

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000
FAX (516) 357-3333
www.rivkinradler.com

# FAX COVER MEMO

| | |
|---|---|
| TO: | Jeffrey S. Mandel |
| FIRM NAME: | Day Pitney LLP |
| FAX #: | 973-966-1015 |
| PHONE #: | 973-966-8206 |
| CITY: | Morristown, NJ |

| | |
|---|---|
| FROM: | Jason B. Gurdus |
| DATE: | January 14, 2008 |
| RE: | Chrisha Creations, Ltd. v. TL Toys HK, Ltd. |
| FILE #: | 2563-14 |
| COMMENTS: | |

5 PAGE(S) TO FOLLOW

IF THERE ARE ANY PROBLEMS CONCERNING THE TRANSMISSION OF