# EXHIBIT G

## Jason B. Gurdus

| | |
|---|---|
| **From:** | Jason B. Gurdus |
| **Sent:** | Monday, February 11, 2008 5:20 PM |
| **To:** | 'Scully, Joseph K.' |
| **Cc:** | Celeste Butera; Mandel, Jeffrey |
| **Subject:** | RE: Chrisha v. TL Toys |
| **Attachments:** | Chrisha Scully 2-11-08 letter with enclosure.pdf |

**Tracking:**

| Recipient | Delivery |
|---|---|
| 'Scully, Joseph K.' | |
| Celeste Butera | Delivered: 2/11/2008 5:20 PM |
| Mandel, Jeffrey | |

Please see attached letter.

Jason B. Gurdus
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, NY 11556-0926
516.357.3134 Direct
516.357.3333 Fax
jason.gurdus@rivkin.com

RIVKINRADLER LLP
ATTORNEYS AT LAW

JASON B. GURDUS
ASSOCIATE
(516) 357-3134
jason.gurdus@rivkin.com

February 11, 2008

**VIA ELECTRONIC MAIL & REGULAR MAIL**

Joseph K. Scully
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-3499

Re: *Chrisha Creations, Ltd. v. TL Toys HK, Ltd.*
Civ. Action No.: 06 CV 00499-S-LDA

Dear Mr. Scully:

To date, plaintiff Chrisha Creations is in receipt of approximately 2,300 pages of defendant TL Toys' document production in this action. TL Toys' document production is currently insufficient as well as incomplete.[1] On or about September 6, 2007, Chrisha Creations served TL Toys with its First Request for Production of Documents. TL Toys has failed to provide documents responsive to each request.

We demand that TL Toys immediately provide all documents in response to each of the following requests (or indicate that TL Toys has no responsive documents or no further responsive documents):

- Document Request Nos. 3 and 17 – To date, TL Toys has produced only the purchase orders between Chrisha Creations and TL Toys with respect to Menards.

- Document Request Nos. 4, 7, 19, 20 and 24 – To date, TL Toys has not produced any documents responsive to these requests.

- Document Request Nos. 5 and 6 – To date, TL Toys has only produced a few hundred emails between Chrisha Creations and TL Toys. However, Chrisha Creations has produced thousands of emails between Chrisha Creations and TL Toys.

- Document Request Nos. 1, 2, 8, 9, 10, 15, 16, 18, 22, 23, 25 and 26 – TL Toys' document production is not complete with respect to many of these requests.

[1] We need not note here, as you know full well, that Chrisha Creations' document production totals about 31,000 pages.

RIVKINRADLER LLP
ATTORNEYS AT LAW

Joseph K. Scully
February 11, 2008
Page 2

- Document Request Nos. 11 and 12 – To date, TL Toys has only produced inspection reports with respect to Home Depot and Dollar General, as well as electrical testing reports from Intertek.

- Document Request No. 13 – To date, TL Toys has only produced emails between Chrisha and TL Toys in response to this request. Please produce all other responsive documents.

- Document Request No. 14 – TL Toys' document production is not complete with respect to this request. At a minimum, TL Toys should have additional purchase orders entered into between Chrisha Creations and TL Toys as well as additional emails between Chrisha Creations and TL Toys.

In addition, as requested in our January 14, 2008 letter to Jeffrey Mandel, enclosed herein for your review, we have yet to receive any amended or supplemental responses to Chrisha Creations' interrogatories from TL Toys. Please immediately provide TL Toys' amended and supplemental responses to Chrisha Creations' interrogatories.

Furthermore, our January 14, 2008 letter to Mr. Mandel sets forth that there are numerous gaps in the first 1,351 pages of TL Toys' bates numbered documents previously produced to Chrisha Creations. Mr. Mandel had previously indicated that he would be providing us with all of the documents noted as missing in our January 14, 2008 letter. However, to date, we have yet to receive any of the documents.

Thank you for your anticipated cooperation. Should you have any questions, please do not hesitate to contact us.

Very truly yours,

RIVKIN RADLER LLP

Jason B. Gurdus

Enclosure

cc: Jeffrey S. Mandel
Celeste M. Butera

2119635 v1

(F)

RIVKINRADLER LLP
ATTORNEYS AT LAW

JASON B. GURDUS
ASSOCIATE
(516) 357-3134
jason.gurdus@rivkin.com

January 14, 2008

**VIA FACSIMILE & REGULAR MAIL**

Jeffrey S. Mandel, Esq.
Day Pitney LLP
P. O. Box 1945
Morristown, NJ 07962

Re: *Chrisha Creations, Ltd. v. TL Toys HK, Ltd.*
Civ. Action No.: 06 CV 00499-S-LDA
RR File No. 2563-14

Dear Mr. Mandel:

Please allow this letter to serve as plaintiff Chrisha Creations, Ltd.'s response to your November 16, 2007 and November 27, 2007 letters regarding plaintiff's responses to TL Toys' interrogatories. In addition, please allow this letter to inform you of defendant TL Toys HK, Ltd.'s failure to properly respond to many of Chrisha's interrogatories.

First, plaintiff has now provided a signed certification for its responses to TL Toys' interrogatories.

Second, with respect to your comments on Chrisha's responses to TL Toys' interrogatories, we have the following replies:

- With respect to Chrisha's responses to interrogatories 1, 2 and 6, the products currently identified in Chrisha's responses are those products that Chrisha has found to be responsive to date. However, discovery in this action may show that other products are responsive to these interrogatories and Chrisha reserves its rights to supplement its responses to these interrogatories prior to the trial in this action.

- With respect to Chrisha's responses to interrogatories 5, 8, 10, 11, 12, 13, 14 and 17, pursuant to Federal Rules of Civil Procedure Rule 33(d), Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests. The

RIVKINRADLER LLP
ATTORNEYS AT LAW



burden of ascertaining the answers to such interrogatories from the documents is substantially the same for TL Toys as for Chrisha.

- With respect to Chrisha's response to interrogatory 11, the identity of who made admissions and/or statements against interest, and to whom they were made, can be ascertained from the documents that Chrisha has produced and will produce in response to TL Toys' document requests. In addition, Chrisha is awaiting the outstanding documents requested from TL Toys, which, to date, are long overdue. Such documents may be responsive to interrogatory 11.

- With respect to Chrisha's response to interrogatory 15, you have failed to explain why Chrisha's response is inappropriate. The interrogatory clearly is requesting information that has no relevance to the issues before the Court in this action and, as such, Chrisha is maintaining its objections to this interrogatory.

- With respect to Chrisha's response to interrogatory 22, pursuant to Federal Rules of Civil Procedure Rule 33(d), Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests. The burden of ascertaining the answer to this interrogatory from the documents is substantially the same for TL Toys as for Chrisha.

- With respect to Chrisha's response to interrogatory 24, Chrisha is maintaining its objections to this interrogatory. The interrogatory is clearly overbroad and unduly burdensome, as well as not relevant to the issues in this litigation, as it seeks information from Chrisha regarding its profits since 2000. However, Chrisha will provide its profit and loss information for the years 2006 and 2007, as it relates to the transactions between Chrisha and TL Toys. In this regard, Chrisha directs TL Toys to the documents that Chrisha has produced and will produce in response to TL Toys' document requests.

Third, TL Toys has failed to properly respond to a majority of Chrisha's interrogatories and has, for the most part, failed to provide documents in response to Chrisha's outstanding document requests. We request that TL Toys immediately amend and supplement its responses with respect to those interrogatories discussed below and with respect to each outstanding document request:

- With respect to TL Toys' responses to interrogatories 2, 3 and 9, TL Toys has failed to set forth the dates of any such communications as well as a description of what was discussed during such communications.

RIVKINRADLER LLP
ATTORNEYS AT LAW



- With respect to TL Toys' responses to interrogatories 2, 4, 6, 9, 14, 15, 17, 18 and 23, TL Toys has failed to identify the documents that are responsive to the interrogatories.

- With respect to TL Toys' response to interrogatory 5, TL Toys' objections to such interrogatory are invalid. The interrogatory specifically seeks information regarding the products at issue that were manufactured by TL Toys and such information is within the knowledge of TL Toys. The specifications and designs of the products are clearly relevant, as one of the issues in this case are the defects in the products. Furthermore, to the extent such information is confidential and proprietary, TL Toys has signed, and the Court has executed, a confidentiality agreement covering this action.

- With respect to TL Toys' response to interrogatory 7, TL Toys' objections to such interrogatory are invalid. The interrogatory specifically seeks information regarding TL Toys' delivery of the products, which is one of the issues in this case. The information regarding TL Toys' delivery of the products is information within the knowledge of TL Toys.

- With respect to TL Toys' response to interrogatory 8, TL Toys' objections to such interrogatory are invalid. TL Toys' knowledge of when, how and from whom it learned of Chrisha's claims that the products were defective and/or non-conforming, or were delivered untimely, is at issue in this litigation and is relevant information within the knowledge of TL Toys. Furthermore, we fail to see how such information is protected under either the attorney-client privilege or the work product doctrine.

- TL Toys' response to interrogatory 10 is not responsive, as it fails to identify any communications between TL Toys and any individuals or entities other than Chrisha.

- With respect to TL Toys' responses to interrogatories 11, 12 and 13, Chrisha is asking TL Toys whether TL Toys has made any payments to Chrisha with respect to (1) any freight, shipping or warehouse charges; (2) the defective and/or non-conforming, or untimely delivered, products; and (3) Chrisha's refunds and payments of lost profits to its customers. These interrogatories are neither vague nor ambiguous, and in fact, it is TL Toys' responses to these interrogatories that are ambiguous. If TL Toys has not made any such payments, please clearly so state.

- TL Toys' response to interrogatory 14 is not responsive, as it fails to identify any communications between TL Toys and Chrisha.

RIVKIN RADLER
ATTORNEYS AT LAW



- With respect to TL Toys' response to interrogatory 16, TL Toys' objections to such interrogatory are invalid. We fail to see how such information is protected under either the attorney-client privilege or the work product doctrine. Furthermore, information regarding TL Toys' delivery of its products is information within the knowledge of TL Toys.

- TL Toys' response to interrogatory 17 is not responsive, as it fails to specifically identify the communications.

- With respect to TL Toys' response to interrogatory 18, TL Toys states that it has tested the products, but it fails to provide the details of such testing, which is information within the knowledge of TL Toys. Furthermore, we fail to see how such information is protected under either the attorney-client privilege or the work product doctrine.

- With respect to TL Toys' response to interrogatory 19, Chrisha agrees to limit the scope of the interrogatory to "2005 to present". Please immediately respond to such interrogatory.

- With respect to TL Toys' response to interrogatory 21, Chrisha deems TL Toys' response as setting forth that TL Toys is not aware of any admission made by or on behalf of Chrisha concerning the claims in this action, TL Toys' defenses and the damages sought by Chrisha.

- TL Toys' response to interrogatory 22 is not responsive, as it fails to identify any communications between TL Toys and any individuals or entities other than Chrisha.

- With respect to TL Toys' response to interrogatory 23, TL Toys fails to state for each person identified what specific TL Toys' defenses that person possesses knowledge of.

Fourth, we request that TL Toys immediately amend its response to Chrisha's document request 21. Chrisha agrees to limit the scope of the document request to "2005 to present". Furthermore, as you are aware, a confidentiality agreement, endorsed by the Court, is now in place.

Lastly, we are in receipt of TL Toys' initial document production. While the documents are bates numbered up to 1351, there are not 1,351 pages of documents in the production and there are gaps in the bates numbers of the documents produced. Please immediately provide us with the missing documents from this production, which includes the following bates numbers: 1-6, 15-25, 30-140, 152-219, 224-225, 230, 233-235, 242, 246, 251-252, 254, 259-260, 264, 267, 271, 284, 290-296, 332-334, 345-346, 393-395, 420, 423-424, 431, 444-445, 449-468, 471, 474, 478, 480, 483-486, 489-492, 493, 499-503, 506-507, 512, 514, 516-517, 519-521, 540-559, 561-567, 569, 571, 573-575, 577,

RIVKIN RADLER
ATTORNEYS AT LAW



580-581, 583, 586-589, 591-593, 595-601, 603, 605-606, 626 and 643-649. Moreover, the bulk of TL Toys' document responses are still outstanding. Please immediately produce the outstanding documents or we will file the appropriate motion to compel.

We look forward to receiving your supplemental and amended responses to Chrisha's interrogatories and document requests in the near future. Thank you for your cooperation.

Very truly yours,

RIVKIN RADLER LLP

Jason B. Gurdus

cc: Joseph K. Scully
Day Pitney LLP
CityPlace I
Hartford, CT 06103-3499

Celeste Butera

2096813 v2