# EXHIBIT J

1/30/08
#71, V.3A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S<br><br>**PLAINTIFF CHRISHA CREATIONS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiff, Chrisha Creations Ltd. ("Chrisha"), by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully requests that the defendant, TL Toys HK, Ltd. ("TL Toys"), provide verified and/or certified written responses and responsive documents or things or electronically stored information to the following Document Requests within thirty (30) days after service of this notice pursuant to Fed. R. Civ. P. Rule 34:

## INSTRUCTIONS

1. You are required, in responding to these Document Requests, to obtain and furnish all information available to you and any of your representatives, employees, agents, servants or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2. Each Document Request shall be answered separately, completely and fully.

3. Any Document Request propounded in the singular shall also be read as if propounded in the plural and vice versa.

4. Any Document Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

5. All pronouns apply to the male, female and neutral genders.

6. If in answering any of these Document Requests, you have failed or refused to identify any document because it is claimed to be privileged or otherwise protected from discovery, state separately with respect to each document as to which a privilege or protection is claimed:

(a) the type of document withheld;

(b) its identifying numbers;

(c) the date of the document;

(d) the name and identification by position, title, affiliation or other appropriate information of the author, addressee(s) and any recipients of copies;

(e) the subject matter of the document; and

(f) the legal basis for withholding the document.

7. Each Document Request which seeks information relating in any way to communications to, from or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

8. No answer is to be left blank. If your response to a Document Request or subparagraph of a Document Request is “none” or “unknown”, the word “none” or “unknown” must be written in your response. If the question is inapplicable, “n/a” must be written in your response.

9. With respect to each Document Request, identify all persons who participated or were consulted in any regard in responding to said Document Request.

10. These Document Requests are continuing in nature and, to the extent that the responses may be enlarged or otherwise modified in the future, you are requested to serve supplemental responses promptly.

11. When responding to these Document Requests, defendants are requested to respond in writing and state as to each of the requests:

(a) that there are such documents and they will be produced;

(b) that there are such documents but you refuse to produce them because of a claim of privilege or for some other reason, as you shall so specify; or

(c) that there are no such documents as requested by the particular request.

12. In the event defendant objects to any of the requests set forth below, state your objection as specifically as possible, or in the alternative, respond to the request insofar as it is not objectionable, and state the extent to which defendant has narrowed that request for the purpose of your response.

13. In producing documents pursuant to these requests, please indicate to which request and corresponding subpart each document is responsive.

14. The words "and" and "or" shall be construed conjunctively as is necessary to make the document request more inclusive rather than more exclusive.

15. The past tense shall be construed to include the present tense, and vice versa, to make the document request more inclusive rather than more exclusive.

16. The singular shall be construed to include the plural, and vice versa, to make the document request more inclusive rather than more exclusive.

17. If you claim any documents have been destroyed or lost or are unavailable for any reason, list any such documents so unavailable, identifying each document as follows: the request to which the document pertains; date; addressor's or author's name, title and address; addressee's or recipient's name title and address; the name, title and address of each person to whom the document or any copy thereof was sent or shown; the general character of the document; the reason for its present unavailability, and; its present location or custodian.

18. These discovery demands include electronically stored information. Please ensure that your response complies with all amendments to the Federal Rules of Civil Procedure regarding Electronic Discovery, effective December 1, 2006.

## DEFINITIONS

1. "You", "Your", "defendant", and "TL Toys" refer to defendant TL Toys HK, Ltd., including, without limitation, its predecessors, successors, assigns, parents, subsidiaries, divisions and affiliates, and its present and former officers, directors, employees, agents and other representatives.

2. "Complaint" means the complaint filed by Chrisha in this action against TL Toys.

3. "Answer" means the Second Amended Answer filed by TL Toys in this action.

4. "Defendant" and "TL Toys" as used in these Document Requests shall be interpreted in the singular and the plural and shall mean and include the named party TL Toys HK, Ltd. and its predecessors in interest and assigns in its respective business.

5. As used throughout these Document Requests, "TL Toys' Products" refers to TL Toys' "rotating inflatable products" and "inflatable Halloween archway tunnels"

purchased by Chrisha from TL Toys for the selling year 2006 and any other inflatable products purchased by Chrisha from TL Toys placed at issue in this action via Chrisha's claims against TL Toys.

6. "Any" means "all" and vice versa.

7. "The terms "consulted" or "contacted" shall be deemed to include any form of communication (e.g., oral statements, descriptive actions, conversations, telephonic or other mechanical communications or any other type of communication including written or documentary).

8. "Date" and "when" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

9. The term "fact" refers to all evidentiary facts presently known to you and all evidentiary facts presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts

10. "Identify" with respect to a communication means that the following information be provided:

(a) the full name and last known address of each person participating in, or present during, the communication;

(b) the name of the employer for each person participating in, or present during, the communication;

(c) the place the communication was made;

(d) the date the communication was made;

(e) the subject matter of the communication; and

(f) the method of the communication (e.g. telephone, face-to-face).

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1.** All organizational documents for TL Toys, including but not limited to, memorandum of association, articles of association, certificate of incorporation, articles of incorporation, operating agreement, shareholders agreement and by-laws.

**REQUEST NO. 2.** All documents identifying all of TL Toys' parents, subsidiaries and affiliates.

**REQUEST NO. 3.** All documents identifying the organizational structure of TL Toys and all its parents, subsidiaries and affiliates.

**REQUEST NO. 4.** TL Toys' asset purchase agreements and/or stock purchase agreements, as well as all documents regarding TL Toys' asset purchase agreements and/or stock purchase agreements.

**REQUEST NO. 5.** Certificates of dissolution of TL Toys, as well as all documents regarding any certificates of dissolution of TL Toys.

**REQUEST NO. 6.** All documents identifying all of TL Toys' assets and inventory.

**REQUEST NO. 7.** All documents indentifying all of TL Toys' members, shareholders, officers, directors and principals.

**REQUEST NO. 8.** TL Toys' tax returns for the years 2004, 2005 and 2006.

**REQUEST NO. 9.** All audited financial statements for TL Toys for the last three fiscal years. If audited financial statements are unavailable, all unaudited financial statements for TL Toys for the last three fiscal years.

**REQUEST NO. 10.** A current balance sheet for TL Toys.

**REQUEST NO. 11.** All written resolutions and minutes of any meetings of the shareholders and Board of Directors of TL Toys for the last three years.

**REQUEST NO. 12.** All documents identifying and/or related to all other companies in which Charles Ting has an ownership interest.

**REQUEST NO. 13.** Produce samples of or provide for inspection each and every TL Toys' Product placed at issue in this litigation by Chrisha's claims against TL Toys. Each and every sample should be preserved by TL Toys in its original condition until its production or inspection.

Uniondale, New York
January 30, 2008

RIVKIN RADLER, LLP

Celeste M. Butera
Jason B. Gurdus
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 - Fax

Thomas C. Plunkett
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

TO: Joseph K. Scully
Day Pitney LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

Jeffrey S. Mandel
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932
(973) 966-8206

2115271 v1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS. :
COUNTY OF NASSAU )

I, Virginia A. Donlon, being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Nassau County, New York.

On January 30, 2008, I served the within **PLAINTIFF CHRISHA CREATIONS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS,** depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joseph K. Scully
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-3499

Jeffrey S. Mandel
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932

Virginia A. Donlon
Virginia A. Donlon

Sworn to before me this
30th day of January, 2008

Eileen A Pangarliotas
Notary Public

EILEEN A PANGARLIOTAS
Notary Public, State of New York
No. 01PA5054692
Qualified in Nassau County
Commission Expires January 22, 20 10

2116080 v1