# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S<br><br>**PLAINTIFF CHRISHA CREATIONS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiff, Chrisha Creations Ltd. ("Chrisha"), by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully requests that the defendant, TL Toys HK, Ltd. ("TL Toys"), provide verified and/or certified written responses and responsive documents or things or electronically stored information to the following Document Requests within thirty (30) days after service of this notice pursuant to Fed. R. Civ. P. Rule 34:

## INSTRUCTIONS

1. You are required, in responding to these Document Requests, to obtain and furnish all information available to you and any of your representatives, employees, agents, servants or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2. Each Document Request shall be answered separately, completely and fully.

3. Any Document Request propounded in the singular shall also be read as if propounded in the plural and vice versa.

4. Any Document Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

5. All pronouns apply to the male, female and neutral genders.

6. If in answering any of these Document Requests, you have failed or refused to identify any document because it is claimed to be privileged or otherwise protected from discovery, state separately with respect to each document as to which a privilege or protection is claimed:

(a) the type of document withheld;

(b) its identifying numbers;

(c) the date of the document;

(d) the name and identification by position, title, affiliation or other appropriate information of the author, addressee(s) and any recipients of copies;

(e) the subject matter of the document; and

(f) the legal basis for withholding the document.

7. Each Document Request which seeks information relating in any way to communications to, from or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

8. No answer is to be left blank. If your response to a Document Request or subparagraph of a Document Request is "none" or "unknown", the word "none" or "unknown" must be written in your response. If the question is inapplicable, "n/a" must be written in your response.

9. With respect to each Document Request, identify all persons who participated or were consulted in any regard in responding to said Document Request.

10. These Document Requests are continuing in nature and, to the extent that the responses may be enlarged or otherwise modified in the future, you are requested to serve supplemental responses promptly.

11. When responding to these Document Requests, defendant is requested to respond in writing and state as to each of the requests:

(a) that there are such documents and they will be produced;

(b) that there are such documents but you refuse to produce them because of a claim of privilege or for some other reason, as you shall so specify; or

(c) that there are no such documents as requested by the particular request.

12. In the event defendant objects to any of the requests set forth below, state your objection as specifically as possible, or in the alternative, respond to the request insofar as it is not objectionable, and state the extent to which defendant has narrowed that request for the purpose of your response.

13. In producing documents pursuant to these requests, please indicate to which request and corresponding subpart each document is responsive.

14. The words "and" and "or" shall be construed conjunctively as is necessary to make the document request more inclusive rather than more exclusive.

15. The past tense shall be construed to include the present tense, and vice versa, to make the document request more inclusive rather than more exclusive.

16. The singular shall be construed to include the plural, and vice versa, to make the document request more inclusive rather than more exclusive.

17. If you claim any documents have been destroyed or lost or are unavailable for any reason, list any such documents so unavailable, identifying each document as follows: the request to which the document pertains; date; addressor's or author's name, title and address; addressee's or recipient's name title and address; the name, title and address of each person to whom the document or any copy thereof was sent or shown; the general character of the document; the reason for its present unavailability, and; its present location or custodian.

18. These discovery demands include electronically stored information. Please ensure that your response complies with all amendments to the Federal Rules of Civil Procedure regarding Electronic Discovery, effective December 1, 2006.

## DEFINITIONS

1. "You", "Your", "defendant", and "TL Toys" refer to defendant TL Toys HK, Ltd., including, without limitation, its predecessors, successors, assigns, parents, subsidiaries, divisions and affiliates, and its present and former officers, directors, employees, agents and other representatives.

2. "Complaint" means the complaint filed by Chrisha in this action against TL Toys.

3. "Answer" means the Second Amended Answer filed by TL Toys in this action.

4. "Defendant" and "TL Toys" as used in these Document Requests shall be interpreted in the singular and the plural and shall mean and include the named party TL Toys HK, Ltd. and its predecessors in interest and assigns in its respective business.

5. "Any" means "all" and vice versa.

6. "The terms "consulted" or "contacted" shall be deemed to include any form of communication (e.g., oral statements, descriptive actions, conversations, telephonic or other mechanical communications or any other type of communication including written or documentary).

7. "Date" and "when" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof

8. "Document" means, unless otherwise indicated, all written, printed, typed, recorded (electronically or otherwise), graphic or photographic material of any kind or character and all photostatic, microfilmed or other non-duplicative copies now or at any time in your possession, custody or control in whatever form, including, among other things and without limitation, address and telephone records, adjusting and inner company eliminating entries, agreements, analyses, applications, audits, audio tapes, bank checks, bank credit and debit memoranda, bank drafts, bank statements, books, books of account, brochures, budgets, bulletins, business records, calendars, cash journals, charts, computer data (including printouts and programs), computer disks, desk pads and desk calendars, diaries, depositions, drafts, electronic mail ("e-mail") messages, employment forms, expense records, financial calculations, financial projections, financial statements and reports, galley proofs, general journals, general ledgers, graphs, instructions, inter-office communications, interviews, invoices, letters, lists, maps, memoranda, minutes, notes, note pads, notes and minutes of meetings, notes of conversations and conferences (whether by telephone or in person), notices, pamphlets, payroll records, periodicals, phonograph records, photos, press releases, page proofs, records, reports, results of investigations, schedules, scripts, screen plays, sketches, drafts of sketches, sound recordings, speeches, statements of account,

studies, summaries, survey or studies, tape recordings, telegrams, telephone billing records, telephone logs, telephone message slips or memos, teletype messages, transcripts, videotapes, video disks, vouchers, voucher registers, working papers, worksheets and other compilations reflecting the combination and consolidation of accounting data and other writings or parts thereof of every kind and description (whether or not actually used) and the drafts of all documents, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

9. The term "fact" refers to all evidentiary facts presently known to you and all evidentiary facts presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts

10. "Identify" with respect to a communication means that the following information be provided:

(a) the full name and last known address of each person participating in, or present during, the communication;

(b) the name of the employer for each person participating in, or present during, the communication;

(c) the place the communication was made;

(d) the date the communication was made;

(e) the subject matter of the communication; and

(f) the method of the communication (e.g. telephone, face-to-face).

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1.** All documents, items, things and electronically stored information provided to, relied on, inspected by, examined, or considered by any and all experts retained by TL Toys in this litigation.

Uniondale, New York
April 1, 2008

RIVKIN RADLER, LLP

Celeste M. Butera
Jason B. Gurdus
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 - Fax

Thomas C. Plunkett
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

TO: Joseph K. Scully
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-3499

Jeffrey S. Mandel
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932

2135514 v1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS. :
COUNTY OF NASSAU )

I, Virginia A. Donlon, being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Nassau County, New York.

On April 1, 2008, I served the within **PLAINTIFF CHRISHA CREATIONS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**, depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joseph K. Scully
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-3499

Jeffrey S. Mandel
Day Pitney LLP
200 Campus Drive
Florham Park, NJ 07932

Virginia A. Donlon

Sworn to before me this
1st day of April, 2008

Notary Public

SUSAN M. DAVIES
Notary Public, State of New York
No. 01DA6129334
Qualified in Suffolk County
Commission Expires June 20, 2008

2116080 v1