UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISHA CREATIONS, LTD., Plaintiff, | ) | Civil Action No.: 06-0499-S-LDA |
| vs. | ) | |
| TL TOYS HK, LTD., Defendant. | ) | June 30, 2008 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST TO VACATE ORDER OR, ALTERNATIVELY, DEFENDANT'S MOTION TO RECONSIDER**

Defendant TL Toys HK, Ltd. ("TL Toys") respectfully submits this opposition to the motion to compel filed by Plaintiff, Chrisha Creations, Ltd. ("Chrisha") and seeks to vacate the Order granting the motion to compel. The request to vacate the Order is based on our understanding, following a case management telephone conference ("CMC") with The Honorable William E. Smith on June 23, 2008, that the opposition was not going to be due until June 30, 2008. During the CMC, Chrisha's counsel consented to the one week extension for the opposition and our understanding was that the Court had no issue with the one week extension. In retrospect, we should have made it clearer to Judge Smith so that the one week extension would have been reflected in the Text Order.

1. On the merits of the motion to compel, it is clear from Chrisha's motion that each time that TL Toys responds to Chrisha's discovery requests, Chrisha serves more requests. TL Toys has produced approximately 13,000 documents to Chrisha. Chrisha should not be heard to complain, without factual support, that TL Toys has additional documents available for production.

**OPPOSITION TO MOTION TO COMPEL: DOCUMENT DEMANDS**

2. In its motion to compel, Chrisha alleges that TL Toys failed to respond to requests 7, 20, 21, and 22 of the first set of document demands. Request 7 seeks documents concerning communications between TL Toys or one acting on their behalf "with Chrisha's customers concerning TL Toys' Products purchased by Chrisha." TL Toys responded to this request with its objections and then agreed to "produce documents relevant and responsive to this request, to the extent that such documents exist." TL Toys thereafter produced documents in its possession responsive to this request. Chrisha now complains that we neither produced responsive documents nor amended our response to indicate that no such documents exist. We respectfully refer Chrisha to Exhibit R of their own motion, which contains communications with Home Depot. We also produced other documents responsive to this request.

3. Chrisha next asserts that, in response to document request 20, which seeks documents concerning any applicable insurance policies, TL Toys failed to either produce an insurance policy or indicate that no such documents exist. Our Rule 26 disclosures state, "There is no insurance coverage applicable to the plaintiff's claims in this matter." There is therefore no document to produce. We notified Chrisha's attorney of same, and, on June 27, 2008, *Chrisha's attorney informed us that this portion of the motion to compel is withdrawn*.

4. Chrisha seeks, in response to request 21, documents identifying TL Toys' owners, officers, directors, and shareholders from 2000 to the present. Chrisha's Complaint arises out of contracts placed in 2005. The names of owners, officers, directors, and shareholders prior to 2005 are irrelevant. We provided Chrisha with the names from 2005, 2006, 2007, and 2008.

5. Chrisha next asserts that TL Toys improperly refused to respond to document request 22, which seeks the names of every employee from 2000 to the present, along with their

job title and last known address. We maintain an objection to responding to this request. First, we produced responsive documents to this request that contain the names of the few employees at TL Toys involved in the production of Chrisha's products. Second, in Rule 26 disclosures, TL Toys identified specific employees with relevant knowledge. Third, TL Toys again identified them in responses to interrogatories. Fourth, Chrisha's Complaint arises out of contracts placed in 2005. The names of employees prior to 2005 are irrelevant. Trying to obtain the names of countless factory workers in China is unduly burdensome and, in addition to none of them likely speaking or reading English, it is so highly unlikely that they have relevant knowledge as to render this discovery request improper.

**OPPOSITION TO MOTION TO COMPEL: INTERROGATORIES**

6. Chrisha asserts that TL Toys' response to interrogatory 5 is inadequate. This interrogatory seeks the specifications and design for the products at issue, including the purchase orders, contracts, and agreements. TL Toys responded to this request, and produced thousands and thousands of purchase orders/contracts/agreements. To now ask TL Toys in an interrogatory to list what is depicted in each of the thousands of documents is unduly burdensome. TL Toys should not be burdened with looking at Invoice 12345, for example, and preparing a piece of paper stating that Bate Stamp 00001 is Invoice 12345. TL Toys also appropriately objected to this request because, pursuant to *Fed. R. Civ. P*. 33(d), the burden of ascertaining this information is substantially the same for Chrisha as it is for TL Toys. In fact, when TL Toys requested the same information from Chrisha, Chrisha responded by citing to *Fed. R. Civ. P*. 33(d).

7. Chrisha asserts that TL Toys' response to interrogatory 10 is inadequate. This interrogatory seeks communications with third parties regarding the claim that the products were defective. Other than for purposes of litigation, TL Toys has not communicated with third parties

about Chrisha's claim. Communications with the vendors are depicted in documents already produced to Chrisha.

8. Chrisha asserts that TL Toys' response to interrogatory 11 is inadequate. This interrogatory seeks information on payments to Chrisha related to charges incurred by Chrisha and/or its customers for freight, shipping and warehouse charges. TL Toys responded to this interrogatory by stating that it first needed Chrisha to identify charges incurred by it or its customers. Now that Chrisha has provided an expert report on damages, TL Toys can state that it is unaware of payments being made to Chrisha related to charges incurred by Chrisha and/or its customers. We respectfully submit that this issue is now moot.

9. Chrisha asserts that TL Toys' response to interrogatory 12 is inadequate. This interrogatory seeks information on payments to Chrisha as a result of Chrisha's claims that there products were defective and/or non-confirming, or untimely. TL Toys responded to this interrogatory by stating that it first needed Chrisha to identify payments incurred by it. Now that Chrisha has provided an expert report on damages, TL Toys can state that it is unaware of payments being made to Chrisha as a result of Chrisha's claims that there products were defective and/or non-confirming, or untimely. We respectfully submit that this issue is now moot.

10. Chrisha asserts that TL Toys' response to interrogatory 13 is inadequate. This interrogatory seeks information on payments to Chrisha as a result of Chrisha's claims that it had to refund its customers the purchase price and/or lost profits. TL Toys responded to this interrogatory by stating that it first needed Chrisha to identify payments incurred by it. Now that Chrisha has provided an expert report on damages, TL Toys can state that it is unaware of payments being made to Chrisha as a result of Chrisha's claims that it had to refund its customers the purchase price and/or lost profits. We respectfully submit that this issue is now moot.

11. Chrisha asserts that TL Toys' response to <u>interrogatory 19</u> is inadequate. This interrogatory seeks the identity of TL Toys' owners, officers, directors, and shareholders from 2000 to the present. Chrisha's Complaint arises out of contracts placed in 2005. The names of owners, officers, directors, and shareholders prior to 2005 are irrelevant. We provided Chrisha with the names from 2005, 2006, 2007, and 2008 and, on June 27, 2008, *Chrisha's attorney informed us that this portion of the motion to compel is withdrawn*, but that they seek the identity of "officers". It is our understanding that, in Hong Kong, a director is synonymous with an officer and therefore this information has been provided. We will confirm for Chrisha.

**MISSING PAGES FROM DOCUMENTS ALREADY PRODUCED**

12. Chrisha alleges that TL Toys failed to produce certain e-mails in their entirety. Chrisha cites to TL1448, which is a "September 4, 2006 12:10 AM" e-mail that begins "Dear Steve". This e-mail, in its entirety, is at TL11560. They allege that pages 1, 2, and 3 of TL6553 are missing. That e-mail chain, in its entirety, is at TL06569-06572. As for TL5830, we are unable to locate the last portion of the e-mail. This e-mail, however, was sent to us by Chrisha. Chrisha must have it in their possession. Requiring Chrisha to review their own files, rather than file this motion to compel, is precisely the situation contemplated by *Fed. R. Civ. P*. 33(d). "[The] stated purpose of [Rule 33(d)] is to require the party seeking the discovery to expend the effort and expense to procure it." *Petroleum Ins. Agency, Inc. v. Hartford Acc. And Ind. Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983) (relied on by *Corvello v. New England Gas Co., Inc*., 2008 WL 311123 (D.R.I. 2008)). As for TL5859, that e-mail is located, in its entirety, at TL5883. As for TL5861, the incomplete e-mail was actually sent by Chrisha to TL Toys and therefore should be in their files. *Id*. As for TL5897, the incomplete e-mail was actually sent to Chrisha by TL Toys and therefore should be in their files. *Id*. As for TL5908, the incomplete e-mail was actually sent

by Chrisha to TL Toys and therefore should be in their files. *Id*. As for TL5937, this too as sent to Chrisha and therefore should be in their files. *Id*. Equally troubling is that we were unable to locate these documents in Chrisha's document production. As for TL5938, this is the same e-mail depicted in TL5937. As for TL5939, that e-mail is also located, in its entirety, at TL5790.

13. In sum, it appears that in producing approximately 13,000 documents, approximately 20 documents (.0015%) were duplicative with a portion missing in one of the copies.

14. As for the Home Depot compliance reports, we produced them as they were maintained by our client in the ordinary course of business. We are in the process of re-reviewing their files in an effort to locate omitted pages. As part of our effort, we served a subpoena upon Home Depot to obtain copies of documents in their possession.

**DOCUMENTS RELIED ON BY EXPERT**

15. Chrisha alleges that TL Toys failed to produce documents reviewed by its expert. The expert cited to internet references, and provided links. These are easily accessible by Chrisha and their team of attorneys. Chrisha also alleges that TL Toys failed to produce the documents relied upon by the expert. Expert Fogarty reviewed all of the documents exchanged in discovery. There is nothing to specify. We did not select individual documents for his review.

**CHRISHA'S SECOND AND THIRD REQUEST FOR DOCUMENTS**

16. In Chrisha's second and third request for documents, Chrisha seeks documents that are clearly irrelevant, including TL Toys' tax records, financial statements, assets, and all meeting minutes for the past three years regardless of their content. TL Toys filed a Counterclaim based on Chrisha's breach of contract. Chrisha is not entitled to TL Toys' most sensitive financial and corporate information simply because TL Toys' alleges that Chrisha

breached a contract. This request seeks an unwarranted invasion of privacy without Chrisha making the requisite showing for access to such information. *Novogroski v. O'Brien*, 106 R.I. 490, 261 A.2d 283 (R.I. 1970); *DeBiasio v. Gervais Elec. Corp.*, 459 A.2d 941, 943 n.3 (R.I. 1983).

17. Chrisha's only explanation for seeking TL Toys' most sensitive financial and corporate records is their unfounded belief that this information is "relevant to TL Toys' current state of business, whether there are any other companies or individuals relevant to this action and whether TL Toys will be able to pay to Chrisha those damages that TL Toys may be found liable for in this action." Chrisha is not entitled to this information until after Chrisha obtains a judgment and, here, Chrisha is unlikely to obtain a judgment against TL Toys and will likely be paying money to TL Toys based on the Counterclaim.

18. These requests also seek information on other companies "in which Charles Ting has an ownership interest". This too is completely irrelevant. This is a breach of contract case. Two companies suing each other for a breach of contract. Whether one company has sufficient assets to pay a judgment and whether the owner also owns other companies is irrelevant. It cannot possibly lead to the discovery of admissible evidence and these are requests better suited for a collection action.

For all the reasons, TL Toys respectfully requests that this Court vacate the Order granting Chrisha's motion to compel and deny the motion or, alternatively, TL Toys seeks reconsideration of the motion to compel, and that it be denied.

DEFENDANT, TL TOYS HK LTD.

/s/ Jeffrey S. Mandel
Jeffrey S. Mandel, Esq. (admitted *pro hac vice*)
PinilisHalpern, LLP
160 Morris Street
Morristown, New Jersey 07960
973-401-1111
973-401-1114 fax

/s/ Michael G. Sarli
Michael G. Sarli, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, Rhode Island 02903
401-274-6644
401-331-9304 fax