UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISHA CREATIONS, LTD.<br><br>Plaintiff,<br><br>v.<br><br>TL TOYS HK, LTD.<br><br>Defendant. | Civil Action No.: 06-0499S<br><br>**PLAINTIFF CHRISHA CREATIONS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

Plaintiff, Chrisha Creations Ltd. ("Chrisha"), by and through its attorneys, Rivkin Radler LLP and Kiernan, Plunkett & Redihan, respectfully submits this reply in support of its motion to compel defendant, TL Toys HK, Ltd. ("TL Toys"), to produce responsive documents and provide adequate responses to certain interrogatories pursuant to Fed. R. Civ. P. Rule 37 and L.R. Cv 37.

**TL Toys' Inadequate Responses To Chrisha's First Request for Production**

1. In its opposition, TL Toys sets forth that it has produced documents in response to Chrisha's request number 7, including Chrisha's Exhibit R to its own motion to compel. Exhibit R is not responsive to request number 7, as the document request is seeking communications between TL Toys and Chrisha's customers. Exhibit R consists of Home Depot Compliance Audits, and is not communications between TL Toys and Home Depot. TL Toys also states that it has produced other documents responsive to this request, but TL Toys fails to provide any examples. If TL Toys has provided documents responsive to this request, Chrisha seeks a response that sets forth the reference to the documents by bate number. To date, Chrisha has received no documents responsive to its document request number 7, and TL Toys should be compelled to produce same.

2. Chrisha is satisfied with TL Toys' response to document request number 20 and withdraws that request from its motion to compel.

3. Since the filing of Chrisha's motion to compel, TL Toys has provided Chrisha with the names of TL Toys' directors and shareholders from 2005 to 2008 in response to document request number 21. TL Toys has not provided the information regarding officers from 2005 to 2008. In addition, TL Toys has not provided any documents in response to this request and Chrisha still is seeking documents setting forth TL Toys' directors, shareholders and officers from 2005 to 2008.

4. In its opposition, TL Toys has maintained its objection to request number 22 on the basis that it has already provided the names of the few employees at TL Toys involved in the production of the goods at issue and it would be unduly burdensome to obtain the names of other employees, who would unlikely have any relevant knowledge. TL Toys' objection to this demand is improper. While TL Toys has provided the names of a few employees, TL Toys has not set forth the job titles of any of those employees. In addition, providing documents setting forth the names of TL Toys' own employees is not unduly burdensome, and TL Toys could not state with certainty that no other TL Toys employees have relevant knowledge with respect to this matter. There are likely several lower level employees at TL Toys who directly worked on the products at issue and have knowledge relevant to this matter, including knowledge of manufacturing, shipping and accounting in connection to the Chrisha products. Furthermore, Chrisha has agreed to limit this demand to 2005 to present, thereby eliminating any undue burden to TL Toys.

5. In addition to the above, TL Toys has not addressed in any way its failure to provide sufficient responses to the remainder of the other document requests in Chrisha's First

Request for the Production of Documents, as TL Toys' responses state only that "Defendant will produce documents relevant and responsive to this request, to the extent that such documents exist." Chrisha seeks an Order from the Court that TL Toys provide supplemental written responses to each document request setting forth whether TL Toys has, in fact, provided all responsive documents, will produce responsive documents or has no responsive documents. Thus, Chrisha is entitled to an order compelling production of documents responsive to each of these requests. For example, TL Toys has not produced any internal e-mails or correspondence regarding Chrisha or Chrisha's products, or the manufacture of Chrisha's products. Such documents would be responsive to at least document request numbers 5, 10, 11, 12, 14, 15, 18 and 19. No documents responsive to any of these requests have been produced. Likewise, no documents regarding the engineering and design of the products being manufactured by TL Toys have been produced. Such documents are responsive to request numbers 19, 24 and 26. TL Toys should be compelled to produce documents that are responsive to these requests.

**TL Toys' Inadequate Responses To Chrisha's First Set of Interrogatories**

6. TL Toys' opposition to interrogatory number 5 is inadequate. TL Toys has produced numerous purchase orders but TL Toys has not produced any other documents responsive to this request which is much broader than purchase orders and TL Toys has not specified which documents, if any, other than purchase orders that it already produced are responsive. To Chrisha's knowledge, there are no documents produced by TL Toys that specifically set forth the specifications and designs, when they were provided and by whom, other than the purchase orders. TL Toys should be compelled to produce these documents.

7. Chrisha is satisfied with TL Toys' responses to interrogatory numbers 10, 11, 12 and 13, first made in its opposition to Chrisha's motion to compel and withdraws those interrogatory numbers from its motion to compel.

8. After the filing of the motion to compel, in response to interrogatory number 19, TL Toys has provided Chrisha with the names of TL Toys' directors and shareholders from 2005 to 2008. TL Toys has still not responded regarding officers.

9. In addition to the above, TL Toys has not addressed its failure to provide sufficient written responses to the other interrogatories in Chrisha's First Set of Interrogatories to inform Chrisha whether all such responsive documents have been produced by TL Toys. Chrisha seeks an Order from the Court that TL Toys provide supplemental written responses to each interrogatory setting forth whether TL Toys has, in fact, provided all responsive documents, will produce responsive documents or has no responsive documents, upon which to allow Chrisha to derive answers to Chrisha's interrogatories.

**TL Toys' Inadequate Document Production**

10. TL Toys' explanation, or the lack thereof, for the missing pages of emails from TL Toys' document production is inadequate. TL Toys fails to state why there are emails in its production that are missing pages, but instead states that many of the emails should be in Chrisha's production, so there is no outstanding issue. However, this is not a sufficient or proper response. Furthermore, there are more than 20 documents at issue here, as TL Toys wrongly claims in its opposition. Chrisha only provided a sampling of the documents to the Court. This issue occurs with respect to various other emails throughout TL Toys' document production.

11. In support of TL Toys' failure to provide complete emails, TL Toys relies on Federal Rule of Civil Procedure 33(d). However, TL Toys reliance on Rule 33(d) is clearly

misplaced. First, Rule 33(d) only applies to a party's answer to an interrogatory, and not to TL Toys' production of documents. Second, and even more compelling, Rule 33(d) provides only that Chrisha may be obligated to examine TL Toys' document production to determine answers to Chrisha's interrogatories. Rule 33(d) does not provide, and neither does any other rule, that Chrisha should examine its own documents in discovery to obtain answers, and that Chrisha does not need to be provided with a complete set of documents from TL Toys. In fact, the cases cited by TL Toys clearly provide that Rule 33(d) applies to answers to interrogatories and to only the business records produced by a responding party. *See Corvello v. New England Gas Co.,* 2008 U.S. Dist. LEXIS 7775 at *17 (D.R.I. 2008); *Petroleum Ins. Agency, Inc. v. Hartford Accident and Indemnity Co.*, 111 F.R.D. 318, 320-21 (D. Mass. 1983). TL Toys' response that the incomplete emails produced by TL Toys should be found within Chrisha's document production is insufficient. TL Toys should be compelled to produce the missing email pages.

12. TL Toys has stated that its files are being reviewed with respect to the missing pages of the Home Depot Compliance Audits produced by TL Toys. Again, these pages should be compelled to be produced.

**Documents Relied On By TL Toys' Expert**

13. In its opposition, TL Toys also responds that it does not need to produce all of the documents relied on by its expert. Rule 26(a) (2) clearly mandates otherwise. This Rule specifically requires disclosure of the data or other information considered by the expert in forming his opinions and any exhibits that will be used to summarize or support them. Rather than disclose the documents that form the basis of his opinions, Mr. Fogarty simply recites the entire 45,000 bate range pages which represent the entire production made by each party in this matter. This is not a proper or sufficient disclosure of the documents considered and relied on by

Mr. Fogarty in formulating his opinion. Thus, Chrisha is entitled to an order compelling TL Toys to produce all of the documents contained in Mr. Fogarty's file and all of the documents that were specifically relied upon by Mr. Fogarty in formulating his opinions. Further, TL Toys' expert, Peter Fogarty, lists numerous documents in his expert report under "Other information and internet references". TL Toys contends that Chrisha should search for the documents itself on the internet. However, TL Toys should produce such documents to Chrisha to eliminate the possibility that Chrisha relies on the wrong documents. Moreover, TL Toys demanded that Chrisha produce the same type of documents to TL Toys that were listed in Chrisha's expert report and Chrisha complied. A copy of TL Toys' March 18, 2008 letter is annexed hereto as Exhibit "A".

14. In addition, Mr. Fogarty's expert report does not identify which documents he is specifically relying upon with respect to any of his opinions. For example, Mr. Fogarty did not state the bate numbers of the invoices he is relying upon for his opinion on TL Toys' counterclaims. It is impossible for Chrisha or Chrisha's expert to determine which of the invoices produced by TL Toys are being used by TL Toys' expert in determining the amount of money allegedly owed on TL Toys' counterclaims. Chrisha is requesting an order compelling TL Toys to identify and produce the specific documents the expert is relying upon for his opinions with respect to the opinions stated in his expert report, or in the alternative that the expert report be stricken.

**TL Toys' Inadequate Responses To Chrisha's Second and Third Requests for Production**

15. TL Toys argues that its corporate and financial records are not relevant to this action. However, such documents are clearly relevant to the issues in this action.

16. "The discovery of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial." *CEH, Inc. v. FV "Seafarer"*, 153 F.R.D.491, 498-99 (D.R.I. 1994).

17. TL Toys' corporate and financial records are relevant to the issues at the heart of this matter. *See ABM Financial Services, Inc. v. Express Consolidation, Inc.*, 2008 U.S. Dist. LEXIS 31931 at *9-10 (S.D. Fla. 2008) (holding that financial records were relevant in advance of obtaining a judgment in a breach of contract action). TL Toys' financial records are relevant to the amount of money that TL Toys received from Chrisha for the defective products at issue, as well as for the products involved in TL Toys' counterclaims. The records are also needed to determine how TL Toys applied the money received by Chrisha. On several occasions, TL Toys requested money from Chrisha for the products in order to purchase supplies from TL Toys' vendors.

18. TL Toys' corporate records, such as organizational documents, are relevant to determine whether there were any companies related to TL Toys that were involved in the manufacturing of the subject products. For the same reason, documents relating to other companies owned by Charles Ting, TL Toys' owner, are relevant. Also, records from TL Toys, such as meeting minutes from 2005 to present and/or corporate memorandums or other documents between TL Toys employees, may discuss the products TL Toys was manufacturing for Chrisha that are the subject of this dispute; TL Toys' work or policies in connection to its account with Chrisha and any problems with the subject products. There is likely to be numerous mentions of Chrisha in TL Toys' corporate records, as Chrisha was a major, if not the largest, account for TL Toys. Indeed, the corporate and financial information may disclose information regarding whether TL Toys was equipped to handle the Chrisha account.

"Corporate-wide information about the formation and setting of policy is generally relevant." *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996).

19. TL Toys is also incorrect that Chrisha is not entitled to TL Toys' corporate and financial information until after Chrisha obtains a judgment against TL Toys. The corporate and financial information of TL Toys is relevant to whether TL Toys is still a financially viable entity. Furthermore, if TL Toys has been dissolved and/or has transferred all of its assets to another company, then Chrisha needs to immediately amend its Complaint in this action to name the appropriate company as a defendant prior to obtaining a judgment against TL Toys. An acquiring corporation is liable as a successor in interest "if that corporation expressly assumed existing debts, there was a defacto merger, the acquisition involved a transfer of assets in order to defraud creditors, or one corporation is a 'mere continuation' of the other." *Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 276 (D.R.I. 2004). *See also Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F. 3d 252, 266 (1st Cir. 1997) (applying Rhode Island law) (stating the same exceptions that create successor liability for the new company). Likewise, the discovery of financial records has been allowed where the issue of the existence of an alter ego of a company was involved. *See Mikola v. Penn Lyon Homes, Inc.*, 2008 U.S. Dist. LEXIS 39568 at * 5-6 (M.D. Pa. 2008); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991).

20. Furthermore, the production of TL Toys' corporate and financial documents is not an invasion of TL Toys' privacy. The parties have entered into a confidentiality agreement that would allow TL Toys to protect the documents from being shown to anyone except counsel for Chrisha by marking the documents as "attorneys' eyes only".

21. Finally, in its opposition, TL Toys has not responded to Chrisha's motion to compel with respect to TL Toys' insufficient responses to request number 13 of Chrisha's

Second Requests for Production and request number 1 of Chrisha's Third Requests for Production. As such, Chrisha seeks an Order from the Court, with respect to request number 13, requiring TL Toys to specify what production samples TL Toys has in its possession and where the production samples are located. Chrisha also seeks an Order from the Court, with respect to request number 1, requiring TL Toys to identify and produce the specific documents its experts are relying upon with respect to the opinions stated in its expert reports.

## **CONCLUSION**

As set forth above, Chrisha submits that TL Toys' document production and interrogatory responses substantially fail to meet the requirements of Fed. R. Civ. P. 26, 33, and 34. Following good faith efforts to confer with TL Toys' counsel in an effort to resolve these deficiencies, Chrisha now is obliged to bring the instant motion to compel, as set forth above. For the foregoing reasons, it is respectfully submitted that Chrisha's motion should be granted, together with such other and further relief as the Court may deem just, proper, and equitable.

Dated: Uniondale, New York
July 9, 2008

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF
CHRISHA CREATIONS, LTD.

/s/ Celeste M. Butera

Celeste M. Butera
e-mail: celeste.butera@rivkin.com
Jason B. Gurdus
e-mail: jason.gurdus@rivkin.com
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
516-357-3000 - Tel.
516-357-3333 – Fax

_/s/ Thomas C. Plunkett__________
Thomas C. Plunkett #1662
e-mail: tplunkett@kprlaw.com
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900 - Tel.
(401) 331-7123 - Fax

/s/ Thomas C. Plunkett (1662)
__________________________________
KIERNAN PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
Tel (401) 831-2900
Fax (401) 331-7123

/s/ Celeste M. Butera
___________________________________
Celeste M. Butera
RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, NY 11556-0926
Tel (516) 357-3000
Fax (516) 357-3333

I hereby certify that on July 9, 2008, a copy of the foregoing was filed electronically and served electronically upon counsel as listed below.

Celeste M. Butera celeste.butera@rivkin.com
Jason B. Gurdus jason.gurdus@rivkin.com
Stephen J. Smirti, Jr. Stephen.smirti@rivkin.com
Jeffrey S. Mandel jmandel@pinilishalpern.com
Michael G. Sarli mgs@gsm-law.com

2165170 v1